# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| REENA S. MATHEW, | § |
| *Plaintiff,* | § § § |
| VS. | §   CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | § § § |
| *Defendant.* | § § |

# DEFENDANT'S ORIGINAL ANSWER

**TO THE UNITED STATES DISTRICT CHIEF JUDGE DAVID C. GODBEY:**

Defendant Santander Consumer USA Inc. ("Santander") hereby files its Original Answer to Plaintiff Reena Mathew's ("Mathew") Complaint (the "Complaint").

## MATHEW'S COMPLAINT

1. Santander admits that Mathew is a resident of Dallas County, Texas.

2. Santander admits that it is an Illinois corporation with its principal place of business in Dallas, Texas and that Santander may be served with process in this case by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. Santander admits this Court has jurisdiction of the claims asserted by Mathew pursuant to 28 U.S.C. § 1331.

4. Santander admits this Court has personal jurisdiction over Santander.

5. Santander admits that venue is proper in this Court. Santander denies that unlawful employment practices alleged by Mathew occurred at all. Santander denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Santander admits the allegations contained in Paragraph 6 of the Complaint.

7. Santander admits the allegations contained in Paragraph 7 of the Complaint.

8. Santander admits that from October 2012 through August 2015, Mathew's immediate supervisor was Angelina Hullum. Santander admits that it paid for the training required for Mathew to obtain her PHR certification. Santander denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Santander denies the allegations contained in Paragraph 9 of the Complaint. Furthermore, despite there being no requirement to document performance issues and criticisms, Mathew's poor work was communicated to Mathew on many occasions long before her pregnancy.

10. Santander admits that Mathew's 2015 mid-year review included some positive comments regarding Mathew. However, the review also identified multiple areas of needed improvement. For example, the review states, "[w]e have made progress, but have a lot more work to do in this area," and "[w]ould like to see more progress in this area." The review also states Mathew needed to "[a]ttend more internal meetings such as jump starts and side by sides," and needed to "[b]ecome more HR savvy." The allegations contained in Paragraph 10 of the Complaint also ignore Mathew's other reviews and various correspondence and in-person meetings with her discussing her substantial performance deficiencies.

11. Santander admits that Mathew was temporarily assigned to work at Santander's location in Dallas every other Friday, primarily to support the Credit Card Department. Santander denies that Mathew was thus asked or expected to accomplish more work as a result of the temporary assignment. Santander denies that Mathew's workload was substantially heavier, or

even any heavier, than it had been before the temporary assignment. Mathew accomplished much less than any other Human Resources Business Partner ("HRBP"). Santander denies Mathew's remaining allegations in this Paragraph.

12. Santander admits the allegations contained in Paragraph 12 of the Complaint.

13. Santander denies that Mathew had an "increased work load." Santander denies that Mathew was performing well at that time, and certainly denies that she "continued to perform well." Santander admits that Mathew received a few isolated compliments regarding specific work product, but denies that she was performing well overall. Rather, Mathew's overall performance was deficient, as articulated by her supervisor, Yessica Adriano ("Adriano") on numerous instances. Santander denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Santander admits that Mathew was permitted to come in late on October 30, 2015, after a last-minute request for time off on October 29, 2015. However, Mathew's allegations ignore the constant last-minute and same-day requests for time off for which Mathew was repeatedly asked to give proper notice. Santander lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15. Santander denies that Mathew told Adriano on October 30, 2015 that she was pregnant. Mathew told Adriano that she was pregnant on or about December 1, 2015, and only after Mathew had received her 30-day performance improvement plan ("PIP"). Santander denies that Adriano responded to Adriano by asking her what her plans were for after the baby was born, and/or that Mathew told Adriano anyway that she did not know what her plans were for after the baby was born. Adriano responded by congratulating Mathew. Mathew's allegations conveniently ignore that Adriano was at that time a mother of three young children whom she had

delivered while she was working. Santander denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Santander denies the implication that Mathew had a workload that made her success less likely. Again, Mathew accomplished far less than any other HRBP. Santander denies that Mathew was performing well at that time, and certainly denies that she "continued to perform well and exceed expectations." Santander admits it had a points-based rewards program, Mathew received points through this program, and on one occasion, she received 2,500 points in lump sum. However, Mathew solicited many of these points from managers and supervisors, which was inappropriate. On multiple instances, Mathew received points that had been awarded to the entire team, for example, for the team's work at the Six Flags company event. Regardless, isolated awards of points to Mathew are not indicative of her overall poor performance. Santander denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Santander denies the allegations contained in Paragraph 17 of the Complaint.

18. Santander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Santander denies the implication that Mathew was not properly informed about the meeting on December 1, 2015, or that Adriano had done something sneaky by giving her the PIP. Santander admits the allegations contained in Paragraph 19 of the Complaint.

20. Santander denies the allegations contained in Paragraph 20 of the Complaint. The PIP specifically highlighted three major categories in which Mathew's performance has been poor with descriptions of her poor performance. The PIP also provided specific steps for Mathew to take to improve in each problematic area. The PIP further contained an addendum with a timeline describing Mathew's substandard performance.

21.     Santander denies that there was no addendum with the PIP. Again, in addition to everything else, the PIP contained an addendum with a timeline describing Mathew's substandard performance. Santander admits that Mathew told Adriano that she disagreed with the PIP, and she questioned Adriano about the specifics. In fact, Mathew became defensive when presented with the PIP. Santander denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Santander admits that one of the three areas of criticism in the PIP was the following: "Reena continually asks to leave early and struggles to adhere to her work schedule." Santander admits that it approved a last-minute day off request before placing Mathew on the PIP. Santander denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Santander denies that Mathew's performance issues were not mentioned to her before putting her on the PIP. Santander denies that the only thing that had changed was Mathew's pregnancy. Mathew was under a new supervisor who did not let Mathew get away with poor performance. Santander again denies that Adriano had a "desire to know what [Mathew's] plans were after the baby was born." Santander denies the implication that it is illegal or immoral to expect a pregnant employee to communicate whether she plans to return to work after her planned maternity leave. Santander admits that Mathew's performance had not suddenly changed, as it had been substandard prior to the PIP. Santander lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 23 of the Complaint as they are allegations regarding Mathew's personal beliefs.

24.     Santander denies that Mathew was discriminated against because of her pregnancy. Santander denies the allegations contained in Paragraph 24 of the Complaint to the extent they imply that there was no prior documentation of Mathew's performance issues. Santander admits that Mathew and Chirstopher Mays corresponded on December 7, 2015, but denies that Mays had

any personal knowledge of Mathew's poor performance or that his statements relate to Mathew or in any way evidence that Mathew's PIP did not have required documentation. Santander lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 24 of the Complaint as they are allegations regarding Mathew's personal beliefs.

25. Santander admits the allegations contained in Paragraph 25 of the Complaint.

26. Santander denies that Mathew did not have any criticisms or performance issues noted by Adriano in December 2015. Santander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint regarding Mathew's belief that she had successfully completed the PIP as they are allegations regarding Mathew's personal beliefs. Santander denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Santander denies the statement "[t]his time the PIP had an Addendum attached" to the extent the allegation implies that the first PIP did not have an addendum attached. Santander admits the remaining allegations contained in Paragraph 27 of the Complaint.

28. Santander denies the allegations contained in Paragraph 28 of the Complaint. In spite of her well-documented poor performance, Mathew received a raise and year-end bonus for 2015.

29. Santander denies that the criticisms in the 90-day PIP had not been previously mentioned to Mathew. Despite the fact that Mathew's poor performance was regularly communicated to Mathew well in advance of her pregnancy and the PIP, Santander denies company policy requires mentioning performance deficiencies to underperforming employees like Mathew. Santander admits the remaining allegations contained in Paragraph 29 of the Complaint.

30. Santander admits that Shaffer reinstated Mathew's raise and bonus. Santander admits that Shaffer requested Mathew to write up details of their discussion and send it to him by the following Monday morning at 8:00 a.m., a deadline that Mathew missed. Santander denies that Adriano failed to follow policy and that Adriano discriminated against Mathew due to her pregnancy. Santander lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 30 of the Complaint as they are allegations regarding Mathew's personal beliefs.

31. Santander admits the allegations contained in Paragraph 31 of the Complaint.

32. Santander admits that Shaffer e-mailed 21 minutes later to criticize Mathew for missing yet another deadline, especially when Mathew came to him telling him how well she does her job. Santander lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32 of the Complaint as they are allegations regarding Mathew's personal beliefs.

33. Santander admits that on January 19, 2016, an attorney representing Mathew sent a letter alleging pregnancy discrimination and demanding that Santander prevent any further instance of discrimination. Santander, of course, denies that it had discriminated against Mathew and/or that it would need to prevent any further instance of discrimination. Santander denies all of the attorney's allegations in the letter.

34. Santander denies that Mathew was performing well at that time, and certainly denies that she "continued to do her job well" over the next few months. Santander denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. Santander admits Mathew was no longer required to provide HR support for a second location, as she proved she was incapable of doing so. Santander admits that Mathew

constantly complained about the amount of work expected of her, as well as the type of work she was expected to do. Mathew would often make comments that certain HR work, like processing disciplinary forms, was beneath her because she had a graduate's degree. Santander denies that Adriano added a new task of having Mathew keep track of her time. It was actually Hullum, Mathew's prior supervisor, who had initially instructed Mathew to keep track of her time due so that they could review and discuss what Mathew was actually doing during the course of the day. This was all in an effort to address Mathew's inability to get near the amount of work done as her colleagues, and her misplaced perception that she was being asked to do things that her colleagues were not asked to do. Santander denies the allegations in Paragraph 35 to the extent they imply that Mathew had a larger workload than other HRBPs. Santander denies that Adriano "piled so many additional assignments that Mathew's overall workload increased." Santander lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 regarding whether other HRBPs were required to conduct time studies. Santander lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 35 of the Complaint as they are allegations regarding Mathew's personal beliefs.

36. Santander denies the allegations contained in Paragraph 36 of the Complaint. Rather, these were tasks performed by all HR employees, including Mathew's supervisors.

37. Santander admits that Mathew had been given two PIPs. Santander denies that the PIPs were based on falsehoods and issues so minor they were not even mentioned at the time. Santander denies that Adriana or Santander committed any discriminatory or retaliatory action, and/or that upper management backed any discriminatory or retaliatory action that never took place. Santander lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations contained in Paragraph 37 of the Complaint as they are allegations regarding Mathew's personal beliefs.

38. Santander admits the allegations contained in Paragraph 38 of the Complaint.

39. Santander admits the allegations contained in Paragraph 39 of the Complaint.

40. Santander admits the allegations contained in Paragraph 40 of the Complaint. Correspondence from the EEOC also articulated that it found no retaliation or any other type of discrimination.

41. Santander admits the allegations contained in Paragraph 41 of the Complaint.

42. Santander admits the allegations contained in Paragraph 42 of the Complaint.

43. Santander admits the allegations contained in Paragraph 43 of the Complaint.

44. Santander admits the allegations contained in Paragraph 44 of the Complaint.

45. Santander denies the allegations contained in Paragraph 45 of the Complaint.

46. Santander denies the allegations contained in Paragraph 46 of the Complaint.

47. Santander denies the allegations contained in Paragraph 47 of the Complaint.

48. Santander admits the allegations contained in Paragraph 48 of the Complaint. Mathew was replaced by Sabrina Boyd ("Boyd"), an HR employee who was promoted into the position. Boyd had previously been pregnant during her employment with Santander and she had a young child at the time of her promotion.

49. Santander denies the allegations contained in Paragraph 49 of the Complaint.

50. Santander denies the allegations contained in Paragraph 50 of the Complaint.

51. Santander denies the allegations contained in Paragraph 51 of the Complaint.

52. Santander denies the allegations contained in Paragraph 52 of the Complaint.

53. Santander denies the allegations contained in Paragraph 53 of the Complaint.

54. Santander denies the allegations contained in Paragraph 54 of the Complaint.

55. Santander denies the allegations contained in Paragraph 55 of the Complaint.

56. Santander denies the allegations contained in Paragraph 56 of the Complaint that Santander intentionally engaged in unlawful employment practices prohibited by Title VII. Mathew's remaining statements in Paragraph 56 of the Complaint do not require a response; however, to the extent they do, Santander denies Mathew's allegations and that Mathew is entitled to recovery, including but not limited to, injunctive relief.

57. Mathew's statements in Paragraph 57 of the Complaint do not require a response; however, to the extent they do, Santander denies Mathew's allegations and that Mathew is entitled to recovery, including but not limited to injunctive relief.

58. Mathew's statements in Paragraph 58 of the Complaint do not require a response; however, to the extent they do, Santander denies Mathew's allegations and that Mathew is entitled to attorneys' fees, expert witness fees, and costs.

59. Mathew's statements in her jury demand including her prayer for relief in subsections a-h of Paragraph 59 of the Complaint do not require a response; however, to the extent they do, Santander denies Mathew's allegations and that Mathew is entitled to recovery in this civil suit.

## SANTANDER'S AFFIRMATIVE DEFENSES

1. The employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation.

2. Pleading further, if the same be necessary, any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons.

3. Pleading further, if same be necessary, Santander would show that it would have terminated Mathew's employment regardless of any improper motive.

4. At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew.

5. Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm.

6. The sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions.

7. Pleading further, if the same be necessary, in the unlikely event there are findings of unlawful discrimination, neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages.

8. Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3).

9. Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains.

10. Mathew's recovery of damages, if any, are limited by after-acquired evidence.

11. Mathew failed to mitigate her alleged damages.

12. Santander reserves the right to amend and/or supplement these defenses as additional facts come to light during the discovery process.

## **PRAYER**

Therefore, Santander prays the following:

(1) Mathew take nothing by way of her claims against Santander;

(2) Santander be awarded its costs and fees expended herein; and

(3) Santander be granted any other and further relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

On August 11, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst