IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-1494-N |
| SANTANDER CONSUMER USA INC, | § § § | |
| Defendant. | § § | |

## INITIAL DISCOVERY ORDER FOR EMPLOYMENT CASES

The Court has determined that this case is appropriate for application of INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION, initiated by the Advisory Committee on Federal Rules of Civil Procedure (see "Discovery protocol for employment cases," under "Educational programs and materials," at www.fjc.gov).

Parties and counsel in this case are ordered to comply with the Initial Discovery Protocols attached to this Order as Exhibit "A." If any party believes that there is good cause why this case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the Court by motion filed within seven (7) days of the date of this Order.

Within 28 days of the date of this Order, the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time

period. This obligation supersedes the parties' obligations to provide initial disclosures pursuant to F.R.C.P. 26(a)(1).

The parties' responses to the Initial Discovery Protocols shall comply with the F.R.C.P. obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in F.R.C.P. 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of F.R.C.P. 26(b)(5).

In order to avoid delays in complying with this Order due to assertions of confidentiality, the Court is also entering its standard protective order. The parties may request the Court to modify that order for good cause shown or by agreement.

Signed August 14, 2023.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 2

# EXHIBIT "A"

INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT
CASES ALLEGING ADVERSE ACTION

PART 1: INTRODUCTION AND DEFINITIONS.

(1) Statement of purpose.

    a. These Initial Discovery Protocols for Employment Cases Alleging Adverse Action are taken from a proposal designed to be implemented as a pilot project by individual judges throughout the United States District Courts. The project and the product are endorsed by the Civil Rules Advisory Committee.

    b. The Initial Discovery Protocols are designed for all employment cases that challenge one or more actions alleged to be adverse, except:
    i. Class actions;
    ii. Cases in which the allegations involve only the following:
        1. Discrimination in hiring;
        2. Harassment/hostile work environment;
        3. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
        4. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
        5. Violations of the Family Medical Leave Act (FMLA);
        6. Violations of the Employee Retirement Income Security Act (ERISA).

    If any party believes that there is good cause why a particular case should be exempted, in whole or in part, from this pilot program, that party may raise such reason with the Court.

    c. The Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure (F.R.C.P.) and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(1). The purpose of the pilot project is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

    d. The Initial Discovery Protocols were prepared by a group of highly experienced attorneys from across the country who regularly represent plaintiffs and/or defendants in

ORDER – PAGE 3

employment matters. The information and documents identified are those most likely to be requested automatically by experienced counsel in any similar case. They are unlike initial disclosures pursuant to F.R.C.P. 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for employment discrimination cases.

(2) Definitions. The following definitions apply to cases proceeding under the Initial Discovery Protocols.

    a. Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

    b. Document. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

    c. Identify (Documents). When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

    d. Identify (Persons). When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(3) Instructions.

    a. For this Initial Discovery, the relevant time period begins three years before the date of the adverse action, unless otherwise specified.

    b. This Initial Discovery is not subject to objections except upon the grounds set forth in F.R.C.P. 26(b)(2)(B) or on the grounds of privilege or work product. Documents withheld based on a claim of privilege or work product are subject to the provisions of F.R.C.P. 26(b)(5).

    c. If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

    d. This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation and

F.R.C.P. 26(g) regarding certification of responses.

e. This Initial Discovery is subject to F.R.C.P. 34(b)(2)(E) regarding form of production.

PART 2: PRODUCTION BY PLAINTIFF.

(1) Timing.

a. The plaintiff's Initial Discovery shall be provided within 28 days of the date of this Order, unless the court rules otherwise.

(2) Documents that Plaintiff must produce to Defendant.

a. All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant.

b. Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

d. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

e. Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit.

f. The plaintiff's current resume(s).

g. Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.

h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment.  The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena.  If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.

ORDER – PAGE 5

      i. Documents concerning the termination of any subsequent employment.

      j. Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

(3) Information that Plaintiff must produce to Defendant.

      a. Identify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

      b. Describe the categories of damages the plaintiff claims.

      c. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any. Identify any document concerning any such application.

PART 3: PRODUCTION BY DEFENDANT.

(1) Timing.

      a. The defendant's Initial Discovery shall be provided within 28 days of the date of this Order, unless the court rules otherwise.

(2) Documents that Defendant must produce to Plaintiff.

      a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
            i. The plaintiff and the defendant;
            ii. The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).

      b. Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

      c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

      d. The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.

e. The plaintiff's performance evaluations and formal discipline.

f. Documents relied upon to make the employment decision(s) at issue in this lawsuit.

g. Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action. Depending upon the case, those may include policies or guidelines that address:
   i. Discipline;
   ii. Termination of employment;
   iii. Promotion;
   iv. Discrimination;
   v. Performance reviews or evaluations;
   vi. Misconduct;
   vii. Retaliation; and
   viii. Nature of the employment relationship.

h. The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.

i. Job description(s) for the position(s) that the plaintiff held.

j. Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

k. Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.

l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

m. Documents in the possession of the defendant and/or the defendant's agent(s) concerning claims for unemployment benefits unless production is prohibited by applicable law.

n. Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

(3) Information that Defendant must produce to Plaintiff.

ORDER – PAGE 7

      a. Identify the plaintiff's supervisor(s) and/or manager(s).

      b. Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

      c. Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

      d. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

ORDER – PAGE 8