IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | § § § | |
| *Defendant.* | § | |

# JOINT STATUS REPORT

**TO THE HONORABLE U.S. DISTRICT CHIEF JUDGE DAVID C. GODBEY:**

Plaintiff Reena Mathew ("Mathew") and Defendant Santander Consumer USA Inc. ("Santander") hereby file this Joint Status Report.[1]

**1.   Matters Listed in the Order Requiring Attorney Conference and Status Report**

a.   **A brief statement of the nature of the case, including the contentions of the parties**

Mathew

Reena Mathew worked in the Human Resources department of Defendant's Lewisville, Texas office. For her first 4.5 years, Mathew received good reviews, and she had no documented performance issues.

On October 30, 2015, Mathew told her supervisor, Yessica Adriano, she was pregnant. Adriano immediately asked Mathew about her plans for after the baby was born. One month later, Adriano placed Mathew on a 30 day thirty day performance improvement plan (PIP), followed by a 90 day PIP, and then – after Mathew's written complaint of pregnancy discrimination – termination. The basis for the two PIPs were issues so small they had not been mentioned at the time, or documented as a warning. For example, Adriano approved time off for Mathew to go to doctor's appointments without a word said about how much advance notice was provided, and then as support for the PIP Adriano claimed Mathew had not given enough prior notice.

---

[1] Mathew and Santander are collectively referred to herein as the "Parties."

Plaintiff Mathew claims she was subjected to disparate treatment and later terminated because of her pregnancy, and because she opposed Defendant's pregnancy discrimination. Plaintiff is asserting claims for both discrimination and retaliation.

The experiences of other pregnant employees is irrelevant, and courts have repeatedly rejected this "token exception" argument.

Santander

Santander is an equal opportunity employer, committed to providing equal opportunity to all persons regardless of race, color, sex, creed, gender (including identity and expression), religion, national origin or ancestry, ethnicity, age, marital status, registered domestic partner status, sexual orientation, disability, physical or mental disability, medical condition including genetic characteristics, veteran status or any other legally-protected basis. In addition to equal opportunity policies, Santander has an Anti-Harassment and Anti-Discrimination Policy that prohibits unlawful discrimination or harassment of any kind.

As a Human Resources Business Partner ("HRBP"), Mathew was responsible for, among other things, managing employee relations issues, processing employee disciplinary actions, and conducting investigations into employee conduct as necessary.

Mathew exhibited poor performance and received ample warnings of her poor performance. In an effort to make things work and help Mathew improve, Santander provided coaching during one-on-one meetings and placed Mathew on two Performance Improvement Plans ("PIP"). The PIPs provided details regarding various areas of Mathew's performance deficiencies and an action plan to help Mathew improve her poor work. Instead of attempting to improve her performance, Mathew became defensive when provided with coaching and the PIPs and refused to accept responsibility.

As a result of Mathew's ongoing performance issues and her failure to improve her performance despite receiving PIPs and extensive coaching and feedback, Santander decided to terminate Mathew's employment on April 19, 2016.

The evidence clearly demonstrates that Mathew's performance was poor *both before and after* she communicated her pregnancy to Santander. Furthermore, many women in Santander's HR department were pregnant at, or around the time, Mathew was pregnant and/or had young children. This includes both of Mathew's supervisors and Sabrina Boyd, who was pregnant while working at Santander and had a young child at the time she was promoted into Mathew's position.

b. **The status of settlement discussions (excluding any discussion of amounts)**

   The Parties previously participated in EEOC conciliation and mediation, but the matter was not resolved. Settlement negotiations are ongoing and the Parties, which do not share the same appreciation for the merits of this case, intend on remaining receptive to exploring the prospect of settlement.

  c. **Possible joinder of additional parties**

   The Parties do not anticipate joining other parties at this time.

  d. **Any anticipated challenges to jurisdiction or venue**

   The Parties do not challenge jurisdiction or venue at this time and do not anticipate any such challenge in the future.

  e. **Date by which the case will be ready for trial and estimated length of trial.**

   The Parties would request a trial in October 2024. The Parties estimate at this time that the length of a trial of this matter would be three to four days.

  f. **The desirability of ADR, and the timing for ADR.**

   The Parties intend to continue conversations between them regarding the prospect of settlement. If the Parties decide mediation might help to resolve the case, they will notify the Court, but the Parties believe it is premature to require any form of ADR at this time.

  g. **Any objections to disclosure under Rule 26(a)(1).**

   The Parties have no objections to disclosure under Rule 26(a)(1); however, the Parties will comply with this Court's Initial Discovery Order for Employment Cases entered by the Court on August 14, 2023, which requires Initial Discovery Protocols in lieu of the Parties Rule 26(a)(1) Disclosures. The Parties will comply with the Initial Discovery Protocols and make such disclosures by the deadline imposed by the Court's order.

2. **Joint Conference Report as Required by F.R.C.P. Rule 26(f)**

  a. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

   The Parties have no objections to disclosure under Rule 26(a)(1); however, the Parties will comply with this Court's Initial Discovery Order for Employment Cases entered by the Court on August 14, 2023, which requires Initial Discovery Protocols in lieu of the Parties Rule 26(a)(1) Disclosures. The Parties will comply

with the Initial Discovery Protocols and make such disclosures by the deadline imposed by the Court's order.

b. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties contemplate that they will conduct discovery on all issues relevant to liability, defenses asserted, and damages, including, but not limited to, the following subjects:

- Mathew's employment prior to[2] and subsequent to her employment with Santander;
- Mathew's tenure with Santander, including her job duties, her job performance, and personnel materials;
- The observations of other Santander employees including, but not limited to, Mathew's coworkers and supervisors, regarding Mathew's job performance;
- Mathew's compensation and benefits during her tenure with Santander;
- Adverse actions taken against Mathew after she disclosed her pregnancy;
- Mathew's termination from Santander;
- Mathew's allegation that Santander discriminated against her based on her sex and pregnancy;
- Mathew's allegation that Santander retaliated against her;
- Santander's allegation that it terminated Mathew for legitimate and non-discriminatory reasons;
- Mathew's alleged damages;
- Mathew's attempts to procure gainful employment after her employment with Santander;
- Mathew's earnings subsequent to her separation from Santander;
- Mathew's allegations that Santander acted with malice and/or reckless indifference; and
- Santander's affirmative defenses and the factual basis of its defenses.

By including this non-exhaustive list of subjects on which they anticipate conducting discovery, neither Party waives her/its right to object to any discovery request per the Federal Rules of Civil Procedure.

The Parties request a discovery deadline of July 2024 to ensure ample time for the exchange of sets of written discovery requests, depositions of persons with knowledge of relevant facts, designation and depositions of expert witnesses, and the possibility of discovery issues. The proposed deadline for discovery would allow the Parties' counsel to diligently pursue discovery in this matter while tending

---

[2] Plaintiff disagrees with this "prior to" clause.

to their other cases as well, including pursuing discovery and preparing for trial in dozens of other cases.

The Parties do not request that discovery be conducted in phases or be limited to or focused on particular issues.

c. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties do not currently have any issues about preserving discoverable information.

On August 14, 2023, the Court entered a Protective Order to protect certain confidential and/or trade secret information. Additionally, the parties agree to the service of discovery requests and responses by electronic means via e-mail message or other secure file sharing.

The Parties agree that all electronically stored information will initially be produced as text-searchable Portable Document Format ("PDF"), except for Excel files, which shall be produced in native format. The Parties agree that this does not constitute specification, for purposes of a Rule 34(b)(2)(E)(ii), of the form for producing ESI. If a receiving party would like a copy of any ESI in a different format, it can make such a request to the proffering party, and the information will be produced by the proffering party unless such party can show undue burden or cost in producing the information in the requested format.

No other issue related to the disclosure or discovery of electronically stored information presently exists.

d. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties do not currently have any issues regarding privilege or of protection of trial preparation materials and request that Rule 502 of the Federal Rules of Evidence govern disclosure and return of privileged documents in this case.

e. **What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed.**

The Parties wish this discovery in this case be controlled by the Federal Rules of Civil Procedure and the local rules and do not seek any other limitations on discovery.

f. **Any other orders that the court should issue under Rule 26(c) or Under Rule 16(b) and (c).**

The Parties do not seek issuance of any order under Rule 26(c) or Rule 16(b) and (c) other than the Protective Order previously entered by the Court and any scheduling ordered entered by the Court. The Parties further agree that a designation of "Confidential Attorney Eyes Only" subject to the Protective Order entered by the Court means documents with such designation may only be viewed by the attorneys of the non-producing party and not the party themselves.

Respectfully submitted,

*Counsel for Plaintiff Reena Mathew:*

*Donald E. Uloth*
Donald E. Uloth
Texas Bar No. 23074200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
214.725.0260
(f) 866.462.6179
don.uloth@uloth.pro

&

*Counsel for Defendant Santander Consumer USA Inc.:*

*Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

HALLETT & PERRIN, P.C.
1455 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142