IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|    Defendant | § | |

## PLAINTIFF'S MOTION TO COMPEL

                                                      Donald E. Uloth
                                                      Law Office of Donald E. Uloth
                                                     Texas Bar No. 20374200
                                                     18208 Preston Rd. Suite D-9 # 261
                                                     Dallas, Texas 75252
                                                     Phone: (214) 989-4396
                                                     Email: don.uloth@uloth.pro
                                                     Counsel for Plaintiff

**Table of Contents**

I. Background ………………………………………………….……………… 1

II. Legal Standards ………………………………………………………….… 2

III. Interrogatories…………………………………………………………….. 2

     A. Defendant's interrogatory answers are not verified ………………………… 2

     B. Defendant has not fully answered interrogatory no. 3……………………… 3

     C. Defendant has not fully answered interrogatory no. 5……………………… 5

IV. Requests for Production ………………………………………………….. 7

     A. Objections Defendant agreed to withdraw, but did not……………………… 7

     B. Request for Production No. 80…………………………………………..… 7

     C. Documents Defendant agreed to produce, and has not produced…………… 8

     D. Documents Defendant agreed to produce, if any exist……………………… 9

     E. Documents concerning other HRBPs……………………………………….. 10

     F. Request for Production 7……………………………………………………. 10

     G. Other requests for production with the same response as no. 7……………. 11

     H. Documents known to exist that were not produced………………………... 12

**Table of Authorities**

<u>Cases</u>                                                                                                                Page(s)

Alvarado v. Air Sys. Components LP, No. 3:19-CV-2057-N,
    2021 U.S. Dist. LEXIS 121745 (N.D. Tex. June 29, 2021) ................................................2

Atcherley v. Clark, No. 1:12cv00225 LJO DLB (PC), 2014 U.S. Dist. LEXIS,
    131188, 2014 WL 4660842 (E.D. Cal. Sept. 17, 2014)..................................................9, 11

Heller v. City of Dallas,
    303 F.R.D. 466 (N.D. Tex. 2014) ...................................................................................9, 11

McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,
    894 F.2d 1482 (5th Cir. 1990) ...............................................................................................2

Merrill v. Waffle House, Inc.,
    227 F.R.D. 475 (N.D. Tex. Mar. 22, 2005) ...........................................................................2

<u>Rules</u>

Fed. R. Civ. P. 26 ………………………………………………………………................2

Fed. R. Civ. P. 26(b)(3) ……………………………………………………………...2, 4, 6

<u>Statutes</u>

Title VII of the Civil Rights Act of 1964……………………………………………………….1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff moves to compel, seeking interrogatory answers and production of documents.

### I. Background

Reena Mathew worked for Santander as a Human Resources Business Partner ("HRBP") for more than six years. She received good performance reviews, and steady raises.

After Mathew told her supervisor (Yessica Adriano) she was pregnant, Adriano began to micromanage and discriminate against Mathew. Adriano placed Mathew on two Performance Improvement Plans ("PIPs"), and Mathew complained of discrimination. After the second PIP, Mathew was fired for allegedly poor performance.

Mathew has now sued for pregnancy discrimination and retaliation under Title VII of the Civil Rights Act of 1964. On January 31, 2024, Mathew served interrogatories and requests for production. Plaintiff granted an extension of time, and Santander responded to the discovery requests on March 22, 2024 . App. 3-10 (interrogatory answers) and App. 11-45 (response to the request for production).

1

The responses included scores of objections. Counsel for the parties have conferred and resolved many issues. To resolve some of the disputes, Defendant served amended responses on May 10, 2024, deleting several objections. App. 46-52 (amended interrogatory answers) and App. 53-81 (amended response to request for production). However, some disputes remain. Plaintiff therefore seeks the Court's assistance to obtain the information and documents to which she is entitled.

## II.  Legal Standards

This Court has succinctly described the legal standards for a motion to compel as follows:

> Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." Fed. R. Civ. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. Mar. 22, 2005).

*Alvarado v. Air Sys. Components LP*, No. 3:19-CV-2057-N, 2021 U.S. Dist. LEXIS 121745, at *1-2 (N.D. Tex. June 29, 2021).

## III.  Interrogatories

**A.     Defendant's interrogatory answers are not verified**

Rule 26 requires an interrogatory to be answered "fully in writing and under oath." Fed. R. Civ. P. 26(b)(3). Defendant's interrogatory answers were not verified, and during an April

10, 2024 telephone conference between the lawyers, counsel for Defendant agreed to amend and provide sworn answers.

Defendant later served amended interrogatory answers, but once again they were not verified.  App. 46-52.  This led to another conference between the lawyers, and counsel for Defendant once again agreed to provide sworn answers.

Several weeks have now passed, and counsel for Defendant will only say that Santander is "working to obtain a verification."  App. 82.  Defendant has not committed to providing sworn answers by a specific date.

Plaintiff therefore requests an order requiring Defendant to provide sworn interrogatory answers within ten days of the Court's order.

**B.      Defendant has not fully answered interrogatory no. 3**

As an HRBP, Mathew provided HR support to the employees and business units in the company.  When Santander placed Mathew on performance improvement plans, the company alleged that Mathew's business clients had expressed concerns about her.

In interrogatory number 3, Mathew asked for the specifics regarding these concerns. Defendant initially objected and refused to answer the interrogatory.  App. 5-6.  After conferring, Defendant withdrew the objections, but it failed to answer all subparts of the interrogatory:

> **INTERROGATORY NO. 3:**
> For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]
>
> a.      The name of the person who expressed concern;
> b.      The date(s) of the communication(s);

---
[1] *See* SC000085 where it says: "Several business units have brought forth concerns…"

3

  c. Whether the communication was oral, or in writing:
  d. The substance of the communication – describe what the person said;
  e. To whom the communication was made (including each recipient or person who heard it);
  f. Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

**ANSWER:**

Expressed concerns provided by business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult, she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

App. 48-49.

4

Defendant's answer only addresses subpart (d) and ignores the rest of the question. Because Defendant has not answered the interrogatory "fully," as required by Rule 26(b)(3), Plaintiff requests an order requiring Defendant to answer all subparts of the interrogatory within ten days.  If Defendant has made a diligent inquiry and has no information responsive to one or more of the subparts, Defendant should so state, rather than providing no response at all.

### C. Defendant has not fully answered interrogatory no. 5

At the end of the second PIP, Santander gave Mathew a written 90 Day Review.  In it, Santander said it had received negative comments about Mathew's performance.

Interrogatory number 5 asks for the specifics regarding these comments.  Defendant initially objected and refused to answer the interrogatory.  App. 7-8.  After conferring, Defendant withdrew the objections, but it failed to answer all subparts of the interrogatory:

> **INTERROGATORY NO. 5:**
> Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:
>
> a. Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;
> b. Name each person who provided feedback;
> c. State whether the feedback was oral, or in writing;
> d. If it was oral, when was it provided and to whom was it provided;
> e. If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production. Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

5

**ANSWER:**
Comments Santander received from business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult, she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

App. 50.

Defendant's answer only addresses subpart (d) and ignores the rest of the question. Because Defendant has not answered the interrogatory "fully," as required by Rule 26(b)(3), Plaintiff requests an order requiring Defendant to answer all subparts of the interrogatory within ten days. If Defendant has made a diligent inquiry and has no information responsive to one or more of the subparts, Defendant should so state, rather than providing no response at all.

## IV.  Requests for Production

### A.  Objections Defendant agreed to withdraw, but did not

During one of the conferences between counsel concerning discovery disputes, Defendant agreed to withdraw its privacy objection to requests for production 9, 76, and 77. App. 84.  Defendant later served an amended response to the requests for production without removing these objections.

The lawyers conferred again, and Defendant again agreed to serve amended responses removing these objections.  App. 82.  So far Defendant has not done so.  Plaintiff therefore requests an order overruling the objections or ordering Defendant to withdraw the objections as agreed between counsel.

### B.  Request for Production No. 80

In this request, there was a typographical error in the Bates number, and Defendant offered to respond if Plaintiff clarified:

> **REQUEST FOR PRODUCTION NO. 80:**
> The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"
>
> **RESPONSE:**
> Santander objects to this request as "SC00003406" is vague and ambiguous as Santander's production does not include a page bates labeled "SC00003406." Accordingly, Santander cannot ascertain what documents are sought by this Request.
>
> Santander is standing on this objection and not producing documents responsive to this Request. However, upon clarification from counsel regarding the page this Request intends to reference, Santander will conduct a diligent search for responsive documents.

7

App. 36.

A few days after receiving Defendant's response, Plaintiff sent an email clarifying the Bates number: "The page number listed in request for production 80 should have been SC000036." App. 88. Rather than accepting this clarification and searching for responsive documents, Defendant reiterated the same objection weeks later, when it served an amended response to the requests for production. App. 73.

Plaintiff therefore requests an order overruling Defendant's objection to this request, and ordering Defendant to produce documents responsive to the request as clarified.

C.  **Documents Defendant agreed to produce, and has not produced**

In response to requests 9 and 92, Defendant agreed to produce documents. These requests and Defendant's responses were:

> **REQUEST FOR PRODUCTION NO. 9:**
> The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.
>
> **RESPONSE:**
> Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks the complete personnel files for an individual whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to this employee, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition. Additionally, Santander objects to this Request because it seeks to invade the privacy rights of an individual who is not a party to this lawsuit, and without an authorization to do so. Finally, Santander objects to this Request because it is not limited to a reasonable temporal scope.

8

> Santander will produce all documents in Yessica Adriano's personnel file that either; (1) pertain to the reasons for termination of Ms. Mathew; or (2) pertain to allegations of discriminatory acts by Ms. Adriano, if any.

App. 56-57.

> **REQUEST FOR PRODUCTION NO. 92:**
> Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"
>
> **RESPONSE:**
> Santander will produce responsive documents.

App. 92.

Defendant has not produced these document. Plaintiff therefore requests an order directing Defendant to produce them.

**D.    Documents Defendant agreed to produce, if any exist**

Defendant responded to many requests for production with this identical statement: "Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any." *See* App. 63-77, responses to requests 36-60, 64-72, 74, 75, 78, 81, 82, 84, 89, 90, and 96.

It has now been four months since Plaintiff served her requests for production, and Defendant still has not fulfilled its basic discovery obligation: to make a diligent search for documents, to state whether responsive documents exist, and to do so in a way that allows the Court "'to determine whether the party made a reasonable inquiry and exercised due diligence.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014), quoting *Atcherley v. Clark*, No. 1:12cv00225 LJO DLB (PC), 2014 U.S. Dist. LEXIS 131188, 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014). Defendant has had ample time to conduct a diligent search and respond.

9

Furthermore, Santander has so far not produced any documents responsive to these requests. Plaintiff therefore seeks an order requiring Defendant (a) to amend it responses to these requests and clarify if there are any responsive documents, and (b) to produce all responsive documents.

### E. Documents concerning other HRBPs

Plaintiff served several requests asking for documents related to the performance of other HRBS, and after some initial disputes, Defendant agreed to provide all responsive documents. *See* App. 57-63, responses to requests for production number 10-13, 15-17, and 20-35.

So far, however, Defendant has not produced any responsive documents, other than some (but not all) concerning the Plaintiff only. Plaintiff therefore requests an order requiring Defendant to produce all responsive documents.

### F. Request for Production 7

Defendant claims four people decided to terminate Mathew. *See* App. 48 (answer to interrogatory number 1). Request for Production no. 7 asks Defendant to produce communications between these decision-makers that mention Mathew. The request, and Defendant's response, were:

> **REQUEST FOR PRODUCTION NO. 7:**
> For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.
>
> **RESPONSE:**
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right

10

>    to supplement this response and its production should additional responsive documents be identified.

App. 56.

The documents produced initially, as required by the Initial Discovery Protocol, included some communications between the decision-makers, but far fewer than usual for cases such as this where the employee was placed on a performance Improvement Plan and supervisors claimed to be helping her to improve her performance.  Defendant has produced no further responsive documents, nor has Defendant clarified that it has searched for and found no additional documents.

Plaintiff therefore requests an order requiring Defendant to produce all responsive documents, and to confirm in writing that it has done so.

## G.      Other requests for production with the same response as no. 7

Defendant responded to many other requests for production with language identical to its response to request for production number 7, leaving Plaintiff unsure whether all responsive documents have been produced.  *See* App. 55-80, requests 1, 7, 8, 73, 79, 83, 85-89, 91, 94, 97, 99-101, 103-105, and 107.

However, Defendant has produced no further responsive documents, nor has Defendant clarified that it has searched for and found no additional documents.  Plaintiff therefore requests an order requiring Defendant to produce all responsive documents and to confirm in writing that it has done so.

**H.    Documents known to exist that were not produced**

After being placed on the second PIP, Plaintiff complained of discrimination by letter dated January 29, 2016 (App. 85-87, a letter from Plaintiff's attorney). In her letter, Plaintiff accused the company of violating Title VII, and she reminded Santander of its legal duty to preserve all relevant information and documents. App. 85-86.

Defendant's response and amended response to the requests for production fail to mention that documents may have become unavailable over time, or why. Under the federal rules, however, when a party claims that responsive documents are not in its possession, custody, or control: "'the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.'" *Heller*, 303 F.R.D. at 486, quoting *Atcherley*, 2014 U.S. Dist. LEXIS 131188, 2014 WL [*486] 4660842, at *1.

Examples of documents known to exist, documents that should have been produced, and were not include:

- Plaintiff's performance review for 2013;[2]

- Documents related to You Earned It points awarded to Plaintiff and other HRBPs;[3]

- Emails between Mathew and her supervisor concerning their meeting on March 8, 2016 to discuss her progress during the second performance improvement plan;[4]

---

[2] This review is responsive to request for production number 12. App. 58.
[3] This was a rewards program that allowed a Santander employe to award points to another employee. These are responsive to request for production number 10. App. 57.
[4] These are responsive to requests for production 71 and 72. App. 71.

- Five company policies mentioned in Santander's Associate Handbook;[5]

- Plaintiff's job description;[6]

- Documents concerning Defendant's investigation of Plaintiff's January 29, 2016 complaint of pregnancy discrimination.[7]

Based on discussions between counsel, not all relevant documents were retained, and some may no longer be available. This raises potential spoliation concerns.

Defendant has not asserted any objections to producing these documents – it simply has not produced them, or explained why they were not preserved. Plaintiff therefore requests an order requiring Defendant to produce all documents it should have produced pursuant to the Initial Discovery Protocols and/or in response to requests for production. For any documents that are no longer available, Plaintiff asks the Court to order that Defendant explain why they were not preserved.

WHEREFORE, Plaintiff requests an order granting the relief requested in the foregoing motion and all other relief the Court determines to be appropriate.

---

[5] These are responsive to request for production number 36-40, App. 63-64.
[6] The Initial Discovery Protocols adopted by this Court's order required Defendant to produce all relevant policies. These are also responsive to requests for production 36-40 which specifically asked Defendant to produce these policies.
[7] The Initial Discovery Protocols adopted by this Court's order required Defendant to produce documents concerning its investigation of Plaintiff's complaint.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 725-0260
Fax: (866) 462-6179
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF CONFERENCE

I certify that I have conferred several times, by email and by phone, with Clayton Carter, counsel for Defendant, regarding the discovery disputes discussed in the foregoing motion. While many issues were resolved by agreement, the issues addressed herein have not been resolved and now require judicial intervention.

/s/ Donald E. Uloth
Donald E. Uloth

CERTIFICATE OF SERVICE

I certify that on May 31, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth