IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

REENA S. MATHEW,                  §
     Plaintiff          §
                               §
v.                                §          Civil Action No. 3:23-cv-01494-N
                               §
SANTANDER CONSUMER USA INC.,      §
     Defendant          §

**APPENDIX IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL**

<u>Page Nos.</u>    <u>Description</u>

3-10      Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories

11-45     Defendant's Objections and Responses to Plaintiff's First Request for Production of Documents

46-52     Defendant's First Amended Objections and Answers to Plaintiff's First Set of Interrogatories

53-81     Defendant's First Amended Objections and Responses to Plaintiff's First Request for Production of Documents

82-84     Emails between counsel discussing removal of the privacy objections to requests 9, 76, and 77

85-87     1/29/16 letter from Plaintiff's attorney to Santander's attorney

88        3/27/24 email clarifying Bates number of the document mentioned in request for production 80.

1

Respectfully submitted,


/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 725-0260
Fax: (866) 462-6179
Email: don.uloth@uloth.pro
Counsel for Plaintiff


<u>CERTIFICATE OF SERVICE</u>

I certify that on May 31, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth


2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S OBJECTIONS AND ANSWERS TO
# PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Santander Consumer USA Inc. hereby serves its Objections and Answers to

Plaintiff Reena Mathew's First Set of Interrogatories.

-1-

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:    *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst

-2-

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Who made the decision to terminate Reena Mathew?

### ANSWER:

Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer made the decision to place Reena Mathew on a Performance Improvement Plans ("PIP") and, after Reena Mathew's failure to make any improvement, ultimately determined to terminate Reena Mathew.

**INTERROGATORY NO. 2:**

Why did Santander Consumer USA Inc. terminate Reena Mathew?

### ANSWER:

Throughout her employment with Santander, Reena Mathew consistently failed to meet expectations in her job performance. This poor performance led to her supervisors placing her on two PIPs. However, despite receiving extensive coaching and direction at biweekly meetings to discuss her progress during her PIPs, Mathew failed to demonstrate necessary improvement. Accordingly, Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer terminated Mathew's employment due to her habitual poor performance.

**INTERROGATORY NO. 3:**

For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]

- a. The name of the person who expressed concern;
- b. The date(s) of the communication(s);
- c. Whether the communication was oral, or in writing:
- d. The substance of the communication – describe what the person said;
- e. To whom the communication was made (including each recipient or person who heard it);
- f. Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

### ANSWER:

Santander objects to this Interrogatory as it is overbroad and unduly burdensome as it seeks to have Santander provide a compound and narrative response regarding all expressed concerns by any Santander business unit for a three-year period with excruciating detail regarding each individual concern. *See Alcala v. Texas Webb Cnty.,* No. CV L-08-0128,

---

[1] *See* SC000085 where it says: "Several business units have brought forth concerns…"

2009 WL 10694159, at *3 (S.D. Tex. Dec. 7, 2009) (stating interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents.").  Santander will interpret this Interrogatory as seeking concerns expressed by business unit's regarding Mathew's performance that was discussed with Mathew in a meeting that took place on April 15, 2016.

In accordance with the foregoing objections and limitation, expressed concerns provided by business clients regarding Mathew's performance that was discussed with Mathew in a meeting that took place on April 15, 2016 includes:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult, she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.


**INTERROGATORY NO. 4:**

For each business leader "disturbed that Reena had questioned and addressed them for bringing forward their concerns" (see SC000085), provide the following:[2]

- a.    The name of the person who was disturbed;
- b.    The date(s) of the communication(s);
- c.    Whether the communication was oral, or in writing;
- d.    The substance of the communication – describe what the person said;
- e.    To whom the communication was made (including each recipient or person who heard it);
- f.    Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

---

[2] See SC000085 where it says: "Senior business leaders were disturbed …"

**ANSWER:**

Santander objects to this Interrogatory as it is overbroad and unduly burdensome as it seeks to have Santander provide a compound and narrative response regarding every time a business leader was concerned that Mathew questioned their concerns over a three-year period with excruciating detail regarding each individual comment. *See Alcala v. Texas Webb Cnty.,* 2009 WL 10694159, at *3 (stating interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents.").

Santander is standing on its objections.

**INTERROGATORY NO. 5:**

Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:

    a.    Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;

    b.    Name each person who provided feedback;

    c.    State whether the feedback was oral, or in writing;

    d.    If it was oral, when was it provided and to whom was it provided;

    e.    If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production. Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

**ANSWER:**

Santander objects to this Interrogatory as it is overbroad and unduly burdensome as it seeks to have Santander provide a compound and narrative response regarding any comment made by any Santander business client pertaining to any HRBP throughout four offices for a three-year period with excruciating detail regarding each individual comment. *See Alcala v. Texas Webb Cnty.,* 2009 WL 10694159, at *3 (stating interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."). Santander will interpret this Interrogatory as seeking feedback provided by business clients regarding Mathew's performance that was discussed with Mathew in a meeting that took place on April 15, 2016.

In accordance with the foregoing objections and limitation, feedback provided by business clients regarding Mathew's performance that was discussed with Mathew in a meeting that took place on April 15, 2016 includes:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

## INTERROGATORY NO. 6:

Regarding each of the job functions Mathew was handling at the time of her termination, and for the six-month period following her termination, provide the following:

  a.  The name of each person who handled the job functions;
  b.  Which functions each such person handled.

### ANSWER:

Mathew was replaced by Sabrina Boyd who was promoted from Human Resources Generalist to Mathew's former position of Human Resources Business Partner.  At the time Mathew was terminated Boyd took over all of Mathew's job functions.

## INTERROGATORY NO. 7:

State the facts that you contend support your affirmative defense: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."

### ANSWER:

Santander objects to this Interrogatory as an improper request for Santander to marshal all of its evidence, and because it is premature.  As discovery is ongoing in this matter, Santander may uncover additional facts in support of its contention that Mathew failed to

mitigate her damages based on her failure to comply with the policy requiring her to immediately report all instances of discrimination, failure to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise her failure to take reasonable steps to remove herself from the path of the alleged harm.  Santander will interpret this Interrogatory as seeking facts in support of the contention that Mathew failed to mitigate her damages based on her failure to comply with the policy requiring her to immediately report all instances of discrimination, failure to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise her failure to take reasonable steps to remove herself from the path of the alleged harm of which Santander is currently aware.  Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

In accordance with the foregoing objections, limitation, and reservation Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 8:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains."

**ANSWER:**

Santander objects to this Interrogatory as an improper request for Santander to marshal all of its evidence, and because it is premature.  As discovery is ongoing in this matter, Santander may uncover additional facts in support of its contention that Mathew's own negligence proximately caused her alleged injuries by failing to report the alleged misconduct to Santander.  Santander will interpret this Interrogatory as seeking facts in support of the contention that Mathew's own negligence proximately caused her alleged injuries by failing to report timely report the alleged misconduct to Santander of which Santander is currently aware.  Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

In accordance with the foregoing objections, limitation, and reservation Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 9:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."

**ANSWER:**

Santander objects to this Interrogatory as an improper request for Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional facts in support of its contention that Mathew damages are limited due to after-acquired evidence. Santander will interpret this Interrogatory as seeking facts in support of the contention that Mathew's damages are limited by after-acquired evidence of which Santander is currently aware. Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

In accordance with the foregoing objections, limitation, and reservation Santander asserts, none at this time as Mathew's performance deficiencies were known to Santander prior to any adverse employment action against Mathew.

**INTERROGATORY NO. 10:**
State the facts that you contend support your affirmative defense: "Mathew failed to mitigate her alleged damages."

**ANSWER:**

Santander objects to this Interrogatory as an improper request for Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional facts in support of its contention that Mathew failed to mitigate her alleged damages. Santander will interpret this Interrogatory as seeking facts in support of the contention that Mathew failed to mitigate her alleged damages of which Santander is currently aware. Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

In accordance with the foregoing objections, limitation, and reservation Santander asserts that Mathew failed to mitigate her alleged damages because, as shown by Mathew's own interrogatory responses, Mathew has not held any job since her termination from Santander nearly eight years ago. Furthermore, despite being required by the Court's Initial Discovery Protocols to provide evidence of Mathew's attempts to obtain substantially similar employment since her termination, Mathew has not done so.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Santander Consumer USA Inc. hereby serves its Objections and Responses to Plaintiff Reena Mathew's First Request for Production of Documents.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:    _Monte K. Hurst_
        Monte K. Hurst
        State Bar No. 00796802
        Monte.Hurst@hallettperrin.com

        Kristen A. Brumbalow
        State Bar No. 24076499
        KBrumbalow@hallettperrin.com

        Clayton S. Carter
        State Bar No. 24120750
        CCarter@hallettperrin.com

        *Counsel for Defendant*
        *Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


_Monte K. Hurst_
Monte K. Hurst

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 2:**
Documents showing the compensation and bonuses paid to Reena Mathew.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 3:**
Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4:**
Reena Mathew's IRS Form W-2 for 2015 and 2016.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 5:**
Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 6:**
Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**
For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 8:**
Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package. *See* SC001067.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 9:**
The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

App. 14

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks the complete personnel files for an individual whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to this employee, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition.   Additionally, Santander objects to this Request because it seeks to invade the privacy rights of an individual who is not a party to this lawsuit, and without an authorization to do so.  Finally, Santander objects to this Request because it is not limited to a reasonable temporal scope.

Santander is standing on these objections and not producing documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for. This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks You Earned It points and communications pertaining to same for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking You Earned It points and communications pertaining to same for Mathew.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 11:**

The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks the complete personnel files for any HRBP throughout four offices for a three-year period whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to these employees, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition. Additionally, Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not a parties to this lawsuit, and without an authorization to do so. Finally, Santander objects to this Request because it is not limited to a reasonable temporal scope. Santander will interpret this Request as seeking the personnel file of Mathew.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 12:**
The performance reviews of each HRBP.

    **RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks performance reviews for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking performance reviews for Mathew.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 13:**
The Monthly Recaps of each HRBP.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks monthly recaps for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking monthly recaps for Mathew.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 14:**

Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than Mathew's time study previously produced by Santander in response to the Court's Initial Discovery Protocol.


**REQUEST FOR PRODUCTION NO. 15:**

For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks each record of coaching for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking each record of coaching for Mathew.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 16:**

For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

    **RESPONSE:**

    Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks each record of verbal warning for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking each record of verbal warning for Mathew.

    In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 17:**

Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

    **RESPONSE:**

    Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks communications providing performance review feedback for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking communications providing performance review feedback for Mathew.

    In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 18:**

Performance Improvement Plans for each HRBP.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than Mathew's Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 19:**
Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than the reviews of Mathew during her Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 20:**
Action Plans for each HRBP.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks action plans for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking action plans for Mathew.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 21:**
Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks each instance an HRBP asked for a one-time or short-term modification of his or her schedule for all HRBPs, across four offices, for a three-year period, for

individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Additionally, Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not parties to this lawsuit, and without an authorization to do so. Santander will interpret this Request as seeking each instance Mathew asked for a one-time or short-term modification of her schedule.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 22:
Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

### RESPONSE:

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Additionally, Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not parties to this lawsuit, and without an authorization to do so. Santander will interpret this Request as seeking communications from Mathew giving less than 48 hours' notice that she needed to miss part of her regular workday for any reason.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 23:
Communications to each HRBP reminding them to work full shifts.

### RESPONSE:

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks communications to each HRBP reminding them to work full shifts for all HRBPs, across four offices, for a three-year period, for individuals whose job

qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander further objects to the relevance of this Request as whether or not Santander reminded employees to work full shifts has no bearing on an employee's duty to work full shifts.  Santander will interpret this Request as seeking communications to Mathew reminding her to work full shifts.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 24:**
Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking communications to Mathew reminding her to provide sufficient notice when requesting a deviation from her normal work schedule.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 25:**
Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks communications pertaining to late DAs for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking communications to Mathew pertaining to late DAs.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 26:**
Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks communications with an HRBP about completing the investigation checklist for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking communications with Mathew pertaining completing the investigation checklist.

In accordance with the foregoing objections and limitations, see documents previously produced by Santander in response to the Court's Initial Discovery Protocol

**REQUEST FOR PRODUCTION NO. 27:**
Documents showing an HRBP delayed processing a termination.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks documents showing an HRBP delayed processing a termination for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking documents showing Mathew delayed processing a termination.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 28:**
Documents showing an HRBP completed a task late or missed a deadline.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks documents showing an HRBP completed a task late or missed a deadline for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking documents showing Mathew completed a task late or missed a deadline.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 29:**
Documents showing an HRBP sought assistance with a task or duty.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks documents showing an HRBP sought assistance with a task or duty for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking documents showing Mathew sought assistance with a task or duty.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 30:**
Documents showing an HRBP underestimated a concern brought forth from an employee.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks documents showing an HRBP underestimated a concern brought forth from an employee for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will

-13-

interpret this Request as seeking documents showing Mathew underestimated a concern brought forth from an employee.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 31:**
Documents showing an HRBP delayed or failed to follow through on information received from an employee.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks documents showing an HRBP delayed or failed to follow through on information received from an employee for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking documents showing Mathew delayed or failed to follow through on information received from an employee.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 32:**
Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.   Santander will interpret this Request as seeking documents showing a member of a business unit brought forth concerns about Mathew's ability to support her group.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 33:

Documents showing an HRBP questioned a business leader for bringing forward a concern.

### RESPONSE:

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks documents showing an HRBP questioned a business leader for bringing forward a concern for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination.  Santander will interpret this Request as seeking documents showing Mathew questioned a business leader for bringing forward a concern.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 34:

Documents showing an HRBP provided an untimely response to a member of his or her business unit.

### RESPONSE:

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.  Specifically, this Request seeks documents showing an HRBP provided an untimely response to a member of his or her business unit for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking documents showing Mathew provided an untimely response to a member of his or her business unit.

In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

-15-

**REQUEST FOR PRODUCTION NO. 35:**

Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

>   **RESPONSE:**
>
>   Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP for all HRBPs, across four offices, for a three-year period, for individuals whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. Santander will interpret this Request as seeking communications to Mathew that mention a deficiency or omission from an investigation report or term request written by Mathew.
>
>   In accordance with the foregoing objections and limitations, See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 36:**

The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

>   **RESPONSE:**
>
>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 37:**

The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

>   **RESPONSE:**
>
>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 38:**

The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

-16-

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 39:**
The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 40:**
The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 41:**
Policies and procedures concerning Performance Improvement Plans.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 42:**
Policies and procedures about investigating employee complaints of discrimination.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 43:**

Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 44:**

Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 45:**

The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena. *See* SC000945 in the entry for October 29, 2015.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 46:**

The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 47:**

The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

-18-

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 48:**
The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 49:**
The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 50:**
The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 51:**
Communications to and from the HR Generalist calling this person in on their time off. *See* SC000945 in the entry for December 28, 2015.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

-19-

**REQUEST FOR PRODUCTION NO. 52:**
Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

>   **RESPONSE:**

>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 53:**
The "rough timelines and notes" mentioned on page SC000021.

>   **RESPONSE:**

>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 54:**
The communication from Stephanie sending the "Angelina timeline," including the timeline. *See* SC000021.

>   **RESPONSE:**

>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 55:**
The "backup emails Angelina provided." *See* SC000021.

>   **RESPONSE:**

>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 56:**
The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

>   **RESPONSE:**

>   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 57:**
The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 58:**
The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 59:**
The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 60:**
The 12/11/15 email from Reena to Pam mentioned on page SC000022.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 61:**
Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 66:**

Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 67:**

Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 68:**

Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

-23-

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 70:**
Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 71:**
Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 72:**
Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 73:**
The action plan mentioned on page SC001002.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 74:**
The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 75:**
Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 76:**
Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

    **RESPONSE:**

    Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not parties to this lawsuit, and without an authorization to do so.

    Santander is standing on these objections and not producing documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77:**
Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

    **RESPONSE:**

    Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not parties to this lawsuit, and without an authorization to do so.

    Santander is standing on these objections and not producing documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78:**
Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 79:**
The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 80:**
The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

    **RESPONSE:**

    Santander objects to this request as "SC00003406" is vague and ambiguous as Santander's production does not include a page bates labeled "SC00003406." Accordingly, Santander cannot ascertain what documents are sought by this Request.

    Santander is standing on this objection and not producing documents responsive to this Request. However, upon clarification from counsel regarding the page this Request intends to reference, Santander will conduct a diligent search for responsive documents.

**REQUEST FOR PRODUCTION NO. 81:**
The feedback provided to Mathew regarding providing more detail in the work she submits. *See* SC000038.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any

**REQUEST FOR PRODUCTION NO. 82:**
The "two term requests submitted incorrectly." *See* SC000038.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any

**REQUEST FOR PRODUCTION NO. 83:**
Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 84:**
The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie. *See* SC000038.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 85:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 86:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

   **RESPONSE:**

   See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 87:**
Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

   **RESPONSE:**

   See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 88:**
Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

   **RESPONSE:**

   See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 89:**
The email allegedly "misrepresenting the truth" to Stephanie. *See* SC000039.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 90:**

The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:" *See* SC000039.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.


**REQUEST FOR PRODUCTION NO. 91:**

The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 92:**

Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

    **RESPONSE:**

    Santander will produce responsive documents.


**REQUEST FOR PRODUCTION NO. 93:**

Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.


**REQUEST FOR PRODUCTION NO. 94:**

Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

    **RESPONSE:**

    Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically,

this Request seeks all headcount reports of Santander, across all of its offices, with no time limitation and merely constitutes a fishing expedition. Santander will interpret this Request as seeking headcount reports involving Mathew beginning one year prior to her termination through the date of her termination.

In accordance with the foregoing objections and limitations, Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

### REQUEST FOR PRODUCTION NO. 95:

Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

### **RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 96:

Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

### **RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

### REQUEST FOR PRODUCTION NO. 97:

Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

### **RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

### REQUEST FOR PRODUCTION NO. 98:

Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

### **RESPONSE:**

Santander objects to this Request because the phrase "mentioned" is vague and ambiguous. Santander is unable to ascertain what items this Request seeks. Additionally, Santander

-30-

objects to this Request as failing to identify the documents sought with reasonable particularity.  Santander objects to this Request as overbroad, unduly burdensome, and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs.

Santander is standing on these objections and not producing documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 99:

Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation." *See* Defendant's Original Answer, page 10.

### RESPONSE:

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 100:

Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons." *See* Defendant's Original Answer, page 10.

### RESPONSE:

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 101:

Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive." *See* Defendant's Original Answer, page 10.

### RESPONSE:

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

-31-

**REQUEST FOR PRODUCTION NO. 102:**

Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew. *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 103:**

Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm." *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    Santander objects to this Request as it improperly seeks Santander to marshal all of its evidence, and because it is premature.  As discovery is ongoing in this matter, Santander may uncover additional documents in support of its contention that Mathew failed to mitigate her damages based on her failure to comply with the policy requiring her to immediately report all instances of discrimination, failure to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise her failure to take reasonable steps to remove herself from the path of the alleged harm.  Santander will interpret this Request as seeking documents in support of the contention that Mathew failed to mitigate her damages based on her failure to comply with the policy requiring her to immediately report all instances of discrimination, failure to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise her failure to take reasonable steps to remove herself from the path of the alleged harm of which Santander is currently aware.  Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

In accordance with the foregoing objections, limitation, and reservation, see documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 104:**

Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    Santander objects to this Request as it improperly seeks Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional documents in support of its contention that the sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions. Santander will interpret this Request as seeking documents in support of the contention that the sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions of which Santander is currently aware. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

    In accordance with the foregoing objections, limitation, and reservation, see documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 105:**

Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages." *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    Santander objects to this Request as it improperly seeks Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional documents in support of its contention that neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages. Santander will interpret this Request as seeking documents in support of the contention that neither Santander nor its agents, employees and/or managers engaged or were authorized to engage

in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages of which Santander is currently aware. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

In accordance with the foregoing objections, limitation, and reservation, see documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 106:

Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)." *See* Defendant's Original Answer, page 11.

### RESPONSE:

After a diligent search, Santander has no documents responsive to this Request as 42 U.S.C. § 1981a(b)(3) and the United States Constitution are publicly available documents not in the possession, custody, or control of Santander.

## REQUEST FOR PRODUCTION NO. 107:

Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

### RESPONSE:

Santander objects to this Request as it improperly seeks Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional documents in support of its contention that Mathew's own negligence proximately caused her alleged injuries by failing to report timely report the alleged misconduct to Santander. Santander will interpret this Request as seeking documents in support of the contention that Mathew's own negligence proximately caused her alleged injuries by failing to report timely report the alleged misconduct to Santander of which Santander is currently aware. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

-34-

In accordance with the foregoing objections, limitation, and reservation, see documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

**RESPONSE:**

Santander objects to this Request as it improperly seeks Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional documents in support of its contention that Mathew damages are limited due to after-acquired evidence. Santander will interpret this Request as seeking documents in support of the contention that Mathew's damages are limited by after-acquired evidence of which Santander is currently aware. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

In accordance with the foregoing objections, limitation, and reservation, none at this time.

**REQUEST FOR PRODUCTION NO. 109:**

Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

**RESPONSE:**

Santander objects to this Request as it improperly seeks Santander to marshal all of its evidence, and because it is premature. As discovery is ongoing in this matter, Santander may uncover additional documents in support of its contention that Mathew failed to mitigate her alleged damages. Santander will interpret this Interrogatory as seeking documents in support of the contention that Mathew failed to mitigate her alleged damages of which Santander is currently aware. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

In accordance with the foregoing objections, limitation, and reservation, Mathew's Interrogatory responses with state Mathew has not held any job since her termination from Santander nearly eight years ago.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant*. | § | |

# DEFENDANT'S FIRST AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Santander Consumer USA Inc. hereby serves its First Amended Objections and Answers to Plaintiff Reena Mathew's First Set of Interrogatories.

-1-

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:    *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Kristen A. Brumbalow
       State Bar No. 24076499
       KBrumbalow@hallettperrin.com

       Clayton S. Carter
       State Bar No. 24120750
       CCarter@hallettperrin.com

       *Counsel for Defendant*
       *Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


*Monte K. Hurst*
Monte K. Hurst

## INTERROGATORIES

### INTERROGATORY NO. 1:
Who made the decision to terminate Reena Mathew?

### ANSWER:

Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer made the decision to place Reena Mathew on a Performance Improvement Plans ("PIP") and, after Reena Mathew's failure to make any improvement, ultimately determined to terminate Reena Mathew.

### INTERROGATORY NO. 2:
Why did Santander Consumer USA Inc. terminate Reena Mathew?

### ANSWER:

Throughout her employment with Santander, Reena Mathew consistently failed to meet expectations in her job performance.  This poor performance led to her supervisors placing her on two PIPs.  However, despite receiving extensive coaching and direction at biweekly meetings to discuss her progress during her PIPs, Mathew failed to demonstrate necessary improvement.   Accordingly, Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer terminated Mathew's employment due to her habitual poor performance.

### INTERROGATORY NO. 3:
For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]

- a.    The name of the person who expressed concern;
- b.    The date(s) of the communication(s);
- c.    Whether the communication was oral, or in writing:
- d.    The substance of the communication – describe what the person said;
- e.    To whom the communication was made (including each recipient or person who heard it);
- f.    Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

---

[1] *See* SC000085 where it says: "Several business units have brought forth concerns…"

**ANSWER:**

Expressed concerns provided by business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult, she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.


**INTERROGATORY NO. 4:**

For each business leader "disturbed that Reena had questioned and addressed them for bringing forward their concerns" (see SC000085), provide the following:[2]

- a.  The name of the person who was disturbed;
- b.  The date(s) of the communication(s);
- c.  Whether the communication was oral, or in writing;
- d.  The substance of the communication – describe what the person said;
- e.  To whom the communication was made (including each recipient or person who heard it);
- f.  Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.


**ANSWER:**

None known at this time. Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

---

[2] See SC000085 where it says: "Senior business leaders were disturbed …"

**INTERROGATORY NO. 5:**

Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:

      a.     Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;

      b.     Name each person who provided feedback;

      c.     State whether the feedback was oral, or in writing;

      d.     If it was oral, when was it provided and to whom was it provided;

      e.     If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production. Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

**ANSWER:**

Comments Santander received from business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

**INTERROGATORY NO. 6:**
Regarding each of the job functions Mathew was handling at the time of her termination, and for the six-month period following her termination, provide the following:

      a.      The name of each person who handled the job functions;
      b.      Which functions each such person handled.

      **ANSWER:**

      Mathew was replaced by Sabrina Boyd who was promoted from Human Resources Generalist to Mathew's former position of Human Resources Business Partner.  At the time Mathew was terminated Boyd took over all of Mathew's job functions and Boyd performed all of Mathew's job functions for the six-month period following Mathew's termination.

**INTERROGATORY NO. 7:**
State the facts that you contend support your affirmative defense: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."

      **ANSWER:**

      Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 8:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains."

      **ANSWER:**

      Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 9:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."

    **ANSWER:**

    Santander asserts, none at this time as Mathew's performance deficiencies were known to Santander prior to any adverse employment action against Mathew.

**INTERROGATORY NO. 10:**
State the facts that you contend support your affirmative defense: "Mathew failed to mitigate her alleged damages."

    **ANSWER:**

    Santander asserts that Mathew failed to mitigate her alleged damages because, as shown by Mathew's own interrogatory responses, Mathew has not held any job since her termination from Santander nearly eight years ago. Furthermore, despite being required by the Court's Initial Discovery Protocols to provide evidence of Mathew's attempts to obtain substantially similar employment since her termination, Mathew has not done so.

App. 52

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Santander Consumer USA Inc. hereby serves its First Amended Objections and Responses to Plaintiff Reena Mathew's First Request for Production of Documents.

App. 53

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:   *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


*Monte K. Hurst*
Monte K. Hurst

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 2:**
Documents showing the compensation and bonuses paid to Reena Mathew.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 3:**
Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4:**
Reena Mathew's IRS Form W-2 for 2015 and 2016.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 5:**
Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 6:**

Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 7:**

For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 8:**

Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package. *See* SC001067.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.


**REQUEST FOR PRODUCTION NO. 9:**

The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

-4-

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks the complete personnel files for an individual whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to this employee, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition. Additionally, Santander objects to this Request because it seeks to invade the privacy rights of an individual who is not a party to this lawsuit, and without an authorization to do so. Finally, Santander objects to this Request because it is not limited to a reasonable temporal scope.

Santander will produce all documents in Yessica Adriano's personnel file that either; (1) pertain to the reasons for termination of Ms. Mathew; or (2) pertain to allegations of discriminatory acts by Ms. Adriano, if any.

**REQUEST FOR PRODUCTION NO. 10:**
Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for. This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 11:**
The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 12:**
The performance reviews of each HRBP.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 13:**
The Monthly Recaps of each HRBP.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 14:**
Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

    **RESPONSE:**

    After a diligent search, Santander has no documents responsive to this Request other than Mathew's time study previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 15:**
For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 16:**
For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

-6-

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 17:**
Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 18:**
Performance Improvement Plans for each HRBP.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than Mathew's Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 19:**
Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than the reviews of Mathew during her Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 20:**
Action Plans for each HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 21:**

Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 22:**

Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 23:**

Communications to each HRBP reminding them to work full shifts.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 24:**

Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 25:**
Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 26:**
Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 27:**
Documents showing an HRBP delayed processing a termination.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 28:**
Documents showing an HRBP completed a task late or missed a deadline.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 29:**
Documents showing an HRBP sought assistance with a task or duty.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 30:**
Documents showing an HRBP underestimated a concern brought forth from an employee.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 31:**
Documents showing an HRBP delayed or failed to follow through on information received from an employee.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 32:**
Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 33:**
Documents showing an HRBP questioned a business leader for bringing forward a concern.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 34:**
Documents showing an HRBP provided an untimely response to a member of his or her business unit.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 35:**
Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 36:**
The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 37:**
The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 38:**
The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 39:**
The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 40:**
The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 41:**
Policies and procedures concerning Performance Improvement Plans.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

-12-

**REQUEST FOR PRODUCTION NO. 42:**

Policies and procedures about investigating employee complaints of discrimination.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 43:**

Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 44:**

Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 45:**

The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena. *See* SC000945 in the entry for October 29, 2015.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 46:**

The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

-13-

**RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 47:**

The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 48:**

The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 49:**

The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 50:**

The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 51:**

Communications to and from the HR Generalist calling this person in on their time off. *See* SC000945 in the entry for December 28, 2015.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 52:**

Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 53:**

The "rough timelines and notes" mentioned on page SC000021.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 54:**

The communication from Stephanie sending the "Angelina timeline," including the timeline. *See* SC000021.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 55:**

The "backup emails Angelina provided." *See* SC000021.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 56:**

The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

       **RESPONSE:**

       Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 57:**

The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

       **RESPONSE:**

       Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 58:**

The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

       **RESPONSE:**

       Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 59:**

The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

       **RESPONSE:**

       Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 60:**

The 12/11/15 email from Reena to Pam mentioned on page SC000022.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 66:**

Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 67:**

Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 68:**

Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 69:**
Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 70:**
Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 71:**
Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 72:**
Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 73:**
The action plan mentioned on page SC001002.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 74:**
The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 75:**
Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 76:**
Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

    **RESPONSE:**

    Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not parties to this lawsuit, and without an authorization to do so.

    Santander is standing on these objections and not producing documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77:**
Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

**RESPONSE:**

Santander objects to this Request because it seeks to invade the privacy rights of individuals who are not parties to this lawsuit, and without an authorization to do so.

Santander is standing on these objections and not producing documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 79:**

The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 80:**

The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

**RESPONSE:**

Santander objects to this request as "SC00003406" is vague and ambiguous as Santander's production does not include a page bates labeled "SC00003406." Accordingly, Santander cannot ascertain what documents are sought by this Request.

Santander is standing on this objection and not producing documents responsive to this Request. However, upon clarification from counsel regarding the page this Request intends to reference, Santander will conduct a diligent search for responsive documents.

**REQUEST FOR PRODUCTION NO. 81:**

The feedback provided to Mathew regarding providing more detail in the work she submits. *See* SC000038.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any

**REQUEST FOR PRODUCTION NO. 82:**

The "two term requests submitted incorrectly." *See* SC000038.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any

**REQUEST FOR PRODUCTION NO. 83:**

Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 84:**

The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie. *See* SC000038.

> **RESPONSE:**
>
> Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 85:**

Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 86:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 87:**
Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 88:**
Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 89:**
The email allegedly "misrepresenting the truth" to Stephanie. *See* SC000039.

-23-

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 90:**
The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:" *See* SC000039.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 91:**
The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 92:**
Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

**RESPONSE:**

Santander will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 93:**
Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 94:**

Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 95:**

Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 96:**

Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 97:**

Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 98:**

Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:**

Santander has produced responsive documents.

-25-

**REQUEST FOR PRODUCTION NO. 99:**

Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 100:**

Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 101:**

Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 102:**

Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew. *See* Defendant's Original Answer, page 11.

-26-

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 103:**

Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

See documents previously produced by Santander. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 104:**

Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

See documents previously produced by Santander. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 105:**

Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 106:**

Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)." *See* Defendant's Original Answer, page 11.

      **RESPONSE:**

      After a diligent search, Santander has no documents responsive to this Request as 42 U.S.C. § 1981a(b)(3) and the United States Constitution are publicly available documents not in the possession, custody, or control of Santander.

**REQUEST FOR PRODUCTION NO. 107:**

Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

      **RESPONSE:**

      See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

      **RESPONSE:**

      None at this time.  Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified

**REQUEST FOR PRODUCTION NO. 109:**

Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

**<u>RESPONSE</u>:**

Mathew's Interrogatory responses with state Mathew has not held any job since her termination from Santander eight years ago. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

-29-

**don.uloth@uloth.pro**

| | |
|---|---|
| **From:** | don.uloth@uloth.pro |
| **Sent:** | Wednesday, May 29, 2024 1:12 PM |
| **To:** | 'Clayton S. Carter' |
| **Cc:** | 'Monte K. Hurst'; 'Ceicili S. Morales' |
| **Subject:** | RE: Mathew v. Santander - discovery issues |

Clayton:

I won't hold off on a motion to compel based on further assurances that Santander is working on it.

Another issue we need to discuss concerns the investigation of Mathew's complaints of discrimination.  The initial discovery protocols required Santander to produce documents concerning investigations of complaints made by the plaintiff, if not otherwise privileged.  Monte Hurst wrote a letter to Mathew's lawyer stating that an investigation was taking place.  Does Santander contend that its investigation was privileged, and there are no documents concerning the investigation that are not privileged?

Please let me know the answer regarding the investigation, and please feel free to let me know if you have any questions.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

---

**From:** Clayton S. Carter <ccarter@hallettperrin.com>
**Sent:** Thursday, May 23, 2024 6:47 PM
**To:** 'don.uloth@uloth.pro' <don.uloth@uloth.pro>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>
**Subject:** RE: Mathew v. Santander - discovery issues

Don, my responses are below. We have been working diligently to reach agreements with you on discovery issues and believe based on the responses below that a motion to compel is unwarranted.

- We have been working to obtain a verification and will continue to do so.
- There is no known additional information at this time responsive to Interrogatories 3 and 5. Accordingly, there is nothing to complete. As with all discovery requests, should additional information become available, we will supplement.
- I intended to remove the privacy objection to request for production 9 in our last supplement, and agree to do so. Additionally, Santander will remove its privacy objections to RFPs 76 and 77, although, there are no responsive documents at this time pertaining to RFPs 76 and 77 other than what was previously produced by Santander in response to the Initial Discovery Protocols.

- Santander intends to make an additional production next week of the remaining responsive documents that have been identified to date.

I will be out of the office tomorrow traveling to a wedding, but we be back on Monday if you would like to discuss anything above.

Best,
Clayton

---

CLAYTON S. CARTER
Associate

HALLETT&PERRIN
D 214.922.4116 | F 214.922.4142 | ccarter@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Thursday, May 23, 2024 10:26 AM
**To:** Clayton S. Carter <ccarter@hallettperrin.com>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Subject:** FW: Mathew v. Santander - discovery issues

Clayton:

Although we resolved many of our discovery disputes, some remain that we have not resolved despite my best efforts and multiple conferences by phone and via email. I therefore plan to file a motion to compel asking the court to order:

- Verified interrogatory answers
- Complete answers to interrogatories 3 and 5
- Overrule the objections to requests for production 9, 76, and 77
- Production of all documents that have not yet been produced.

Please let me know if you have any questions.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

---

**From:** Don Uloth <don.uloth@uloth.pro>
**Sent:** Monday, May 13, 2024 10:22 AM
**To:** 'Clayton S. Carter' <ccarter@hallettperrin.com>
**Cc:** 'Monte K. Hurst' <Monte.Hurst@hallettperrin.com>
**Subject:** Mathew v. Santander - discovery issues

App. 83

Clayton:

I have reviewed Defendant's amended discovery responses, and I have some comments and questions.

Defendant has not fully answered Monte.Hurst@hallettperrin.com, and the interrogatory answers are not verified.  Please provide complete answers, verified, no later than Friday of this week.

Regarding the requests for production, it was my understanding that Defendant would remove the privacy objections to 9, 76, and 77.  Please let me know if Defendant will do so.

Thanks.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
(214) 989-4396
don.uloth@uloth.pro



## SPIELBERGER
### L A W   G R O U P

ATTORNEYS AT LAW

James Spielberger ‡†
Gary Martoccio ❋ ❋
Gabrielle Klepper ❋†ø ★❖
Alicia D. Massidas Y ◊❋
Jason Allan Watson ❋✦❖
Jeffrey Del Rio ❋❖‡
Jordan C. Sullivan ‡ ❋
Philip Kegler ❋ ▶
Thomas Daugustinis ❋
Trescot Gear ❋

January 29, 2016

OFFICES

Charleston
Tampa
Chicago ◦
Atlanta ◦
Charlotte ◦
Raleigh ◦
Orlando ◦
Jacksonville ◦
Ft. Lauderdale ◦
Austin ◦
Houston ◦
Dallas ◦
Buffalo ◦
New York ◦
Philadelphia ◦
Pittsburgh ◦
◦ by apt. only

Santander Consumer USA
c/o Hermes Sargent Bates, LLP
Attention: Monte Hurst
901 Main St., Suite 5200
Dallas, TX 75202

### RE: Your employee Reena Mathew

Dear Mr. Hurst:

Reena Mathew has retained this law firm to represent her in regards to her separation from Santander Consumer USA (hereinafter referred to as "Santander"). Please direct all future correspondence, communications, and documents regarding this matter to our firm. The purpose of this letter is to summarize briefly my understanding of what transpired and to determine your interest in engaging in a good faith effort to resolve this matter.

As you know, Ms. Mathew began working for Santander in January 2011. Throughout her tenure with Santander, Ms. Mathew has been a hard working employee who diligently performs her duties on a regular basis. Our investigation indicates that Santander's treatment of Ms. Mathew violates federal law.

In October 2015, Ms. Mathew informed Santander's Human Resource Manager that he was pregnant. Soon after informing Santander about her pregnancy, Santander placed Ms. Mathew on a performance plan without notice or warning. Ms. Mathew reported the retaliatory action to management; however, no action has been taken to address the hostile work environment.

Our investigation suggests Santander has discriminated against Ms. Mathew due to her pregnancy. Santander's recent conduct is in direct violation of Title VII of the Civil Rights Act of 1964 (Title VII), public policy, and company policy.

The applicable portions of the Title VII and Eleventh Circuit holdings read in pertinent part:

> *"It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge an individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment*

OF COUNSEL:
♦

ONLY LICENSED IN:
Y NY
◊ NJ
✦ SC
‡ GA
✦ NC
❋ IL
ø TX
❋ FL
★ AZ
❖ PA
◊ CO
▶ AL

SC000282



*because of such individual's race, color, religion, sex, or national origin."[1]*

*"The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave and health insurance, and any other term or condition of employment."[2]*

*[W]hen defining the level of substantiality required for a Title VII discrimination claim, we required an employee to demonstrate she suffered "a serious and material change in the terms, conditions, or privileges of employment" to show an adverse employment action.[3]*

*[C]onduct falling short of an ultimate employment decision must, in some substantial way, "alter[ ] the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect [ ] his or her status as an employee."[4]*

As with other sex-based stereotypes, Title VII prohibits an employer from basing an adverse employment decision on stereotypical assumptions about the effect of pregnancy on an employee's job performance, regardless of whether the employer is acting out of hostility or a belief that it is acting in the employee's best interest.

Ms. Mathew takes great pride in her work and has enjoyed her employment with Santander. At this time we will continue to closely monitor the situation on an ongoing basis and expect that Santander will conduct its operations professionally. This is a demand for Santander to: (1) investigate Ms. Mathew's claims, (2) prevent future instances of discrimination in the workplace, and (3) contact this office to discuss a fair and reasonable resolution to this matter.

This letter serves as formal notice of your ongoing legal duty to preserve any and all information relevant to the facts surrounding this claim. Your duty to preserve evidence extends to the following: 1) business records, 2) paper, digital, or electronic files, 3) data generated by and/or stored on you or your client's computers and storage media (e.g., hard disks, floppy disks, backup tapes), 4) any other electronic data, such as: voice mails, text messages, emails, digital/analog audio recordings, 5) any related physical evidence, and 6) any form of video recordings (please prevent the automatic deletion of video footage by preprogrammed deletion cycles). Violations of the legal duty described in this notice can result in severe sanctions being imposed by the Court for spoliation of actual evidence or potential evidence.

---

[1] Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 § 703 (a).

[2] *EEOC Compliance Manual 2011.*

[3] *Crawford v. Carroll,* 529 F.3d 961 (11th Cir.2008).

[4] *Id.,* (quoting *Gupta v. Florida Board of Regents,* 212 F.3d 571 (11th Cir.2000)).



Please note that our investigation of Ms. Mathew's claims is ongoing. So that I can document our file, please send me a written response to this letter within five days. Also, please call me at your earliest convenience to discuss your interest in resolving these issues. You can contact me directly at (800) 965-1570 ext. 128.

Best regards,

Gabrielle Klepper
gabrielle.klepper@spielbergerlawgroup.com

cc: Thomas Daugustinis, Esq.
    Reena Mathew

SC000284

**don.uloth@uloth.pro**

| | |
|---|---|
| **From:** | Don Uloth <don.uloth@uloth.pro> |
| **Sent:** | Wednesday, March 27, 2024 11:41 AM |
| **To:** | 'Monte K. Hurst'; 'Clayton S. Carter' |
| **Subject:** | Clarification regarding requests for production 79 and 80 |

Gentlemen:

     I am writing to clarify the pages I intended to refer to in requests for production 79 and 80 (in the requests for production I served on January 1, 2024).

     The page number listed in request for production 79 should have been SC000035.

     The page number listed in request for production 80 should have been SC000036.

     Please let me know if you will amend the response and provide the documents.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
(214) 989-4396
don.uloth@uloth.pro