IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL & BRIEF IN SUPPORT

**TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:**

Defendant Santander Consumer USA, Inc. ("Santander") hereby files its Response and Brief in Support to Plaintiff's Motion to Compel (the "Motion").

## I.
### SUMMARY

Plaintiff Reena Mathew ("Mathew") alleges in this case that Santander's termination of her employment over eight years ago was because of her pregnancy and in retaliation for her engaging in protected activity. Santander would show that its decision to terminate Mathew's employment was due to her repeatedly deficient job performance and her unwillingness to accept responsibility when her supervisor discussed her shortcomings with her. Santander intends to file a motion for summary judgment, supported by the declarations of many, to demonstrate, among other things, that its termination decision was legitimate and nondiscriminatory and Mathew cannot show pretext.[1]

---

[1] Mathew's assertion that her former supervisor, Yessica Adriano, picked on her because of her pregnancy is especially ridiculous in light of all of the other evidence. Yessica herself was a working mother with young children. Yessica

The parties continue to diligently pursue discovery and to work together to resolve disputes. The parties have just agreed to extend the discovery deadline to August 30, 2024, and the motions deadline to August 8, 2024. As Santander understands, the parties have resolved all issues raised in Mathew's Motion but for her request that the Court impose a deadline by which Santander must serve its final supplementations to its responses to her 109 requests for production and produce all responsive documents. But, Santander believes that this issue should be resolved as well. Santander's counsel has proposed to Mathew's counsel that the parties agree to a deadline of July 5, 2024, by which the parties must serve their final supplementations to their respective discovery responses and produce all responsive documents. Such an agreement between the parties would effectively alleviate the need for a hearing on Mathew's Motion.

An agreement between the parties to serve their final supplementations to their respective discovery responses and produce all responsive documents by July 5, 2024, is reasonable under these circumstances. With their recent agreement to extend the discovery deadline to August 30, 2024, the parties' self-imposed deadline would be nearly two months before the discovery completion deadline. Additionally, Santander has been diligently responding to Mathew's discovery requests despite inherent challenges. This case pertains to a termination decision of over eight years ago and documents sought by Mathew in her 109 requests are over 8-11 years old. Many of the Santander employees with knowledge of relevant facts are no longer employed with Santander. Notably, Santander has had to repeatedly seek information from Mathew's former supervisor, now the Vice President of Human Resources at a popular restaurant chain, who has

---

had communicated to Mathew issues in Mathew's job performance well before Mathew had told anyone she was pregnant. Mathew just could not accept that her work performance was anything less than perfect and refused to listen to her supervisor's guidance. After she was terminated, Mathew was replaced by a woman who had been pregnant while working for Santander and who had a young child at the time of her promotion into Mathew's former position.

voluntarily provided assistance. There have been changes in Santander's information technology systems during this large time span as well.

Despite all of these challenges, Santander timely responded to Mathew's written discovery requests in March 2024, and has twice supplemented those responses. Santander only has one remaining objection out of all 109 requests for production served by Mathew. Santander has already produced 1,682 pages of documents. The parties' counsel have engaged in many conferences to reach agreements on discovery issues. Santander has also made rolling productions as additional responsive documents have been identified.

Based on the foregoing, Santander would respectfully request that Mathew's Motion be denied.

## II.
## BACKGROUND FACTS

Mathew filed this lawsuit on July 6, 2023. *See generally* Plaintiff's Complaint. Following Santander's production pursuant to this Court's Initial Discovery Protocols, on January 31, 2024, Mathew served 109 requests for production on Santander seeking documents from during Mathew's employment with Santander, all predating April 19, 2016 as well as interrogatories seeking information from the same time period. APP001–APP014. Santander responded to Mathew's discovery on March 22, 2024, and supplemented its responses twice on May 10, 2024, and June 13, 2024. APP015–APP051.

Mathew's counsel and Santander's counsel have engaged in many conferences to reach agreements on discovery issues. Pl.'s App. 82–88; APP052–APP056. Santander has made rolling productions as additional responsive documents have been identified. However, due to the documents requested being more than 8-11 years old, and changes in Santander's information

technology systems during that large time span, locating and producing all responsive documents has been a substantial and burdensome task as to time and expense.

For example, Santander was initially unable to recover Mathew's .pst e-mail file from the time of her employment. Santander has been continually attempting to obtain the file, and learned only on June 12, 2024, that it could be recovered. This file consists of over 21,000 documents which need to be culled and reviewed, a process that cannot happen overnight. Santander has additionally learned that the .pst e-mail of Yessica Adriano—Mathew's former supervisor and the person who Mathew targets as the primary discriminator—may be able to be recovered, which Santander will know next week.

The parties have agreed to extend the discovery deadline to August 30, 2024, and the motions deadline to August 8, 2024. APP052–APP056. Based on the recent discovery of such important documents and the volume of these documents, and in an effort to resolve discovery issues without court intervention, Santander's counsel proposed to Mathew's counsel that the parties agree to a deadline of July 5, 2024, by which the parties must serve their final supplementations to their respective discovery responses and produce all responsive documents. *Id.* Mathew's counsel rejected the proposal and opted to proceed with the hearing on the Motion. *Id.*

### III.
### ARGUMENTS & AUTHORITIES

**A.      Legal Standard**

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). A court may decline to compel, and, at its option or on motion, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1)(D); *see also* Fed. R. Civ. P. 37(a)(5)(B).

**B.    Mathew's Motion in Sections IV.D, and F–H should be denied, as, due to the time period for relevant documents, Santander needs sufficient time to complete its production and clarify whether responsive documents exist for each request.**

In her Motion Sections IV.D, and F–H, Mathew essentially seeks an order requiring Santander to complete its production and have served a final supplementation to its discovery responses months in advance of the discovery deadline. Santander understands that Mathew is entitled to obtain responsive documents and wants this case to proceed forward at a rapid pace (Santander desires the responsive documents even more than Mathew, because it believes such documents will further evidence the true reason for Mathew's termination). However, Santander is proceeding with diligence, which is what the law requires. Santander is not trying to impede the discovery process or refusing to produce responsive documents. In fact, Santander proposed a deadline of July 5, 2024, to complete its production (a date nearly two months before the end of discovery period). But, Mathew must believe she is entitled to an earlier date than that. This is especially unreasonable because over 21,000 potentially responsive documents were just recovered and potentially many more documents may be recovered next week. Review and production of such documents cannot occur overnight.

The same is true as to Mathew's desire for Santander to confirm presently whether responsive documents exist for each request for production. Santander is continuing to learn of new potentially responsive documents, and cannot, before review of such documents, confirm

whether responsive documents exist for each particular category. An agreement between the parties to serve their final supplementations to their respective discovery responses and produce all responsive documents by July 5, 2024, is reasonable because Santander cannot definitively state documents do or do not exist, before reviewing newly identified documents.

Mathew further argues that Santander has failed to produce documents "known to exist" based on her assumption that documents that existed more than eight years ago must still be in existence today. While, due to learning of new documents being recovered, Santander cannot confirm whether such documents still exist. Nevertheless, Mathew's Motion is misguided in that it: (1) presumes a document that once existed must still exist nearly a decade (or more than a decade) later; and (2) again seeks to have Santander complete its production well before the close of discovery, ignoring Santander's diligence in reviewing and producing documents on a rolling basis.

As Santander is working diligently to complete its production, Mathew's Motion should be denied.

C.  **Mathew's Motion in Sections III.A-C and Sections IV.A–C, and E should be denied as it is mooted due to Santander's supplements to its discovery responses and production.**

The remaining items complained of in Mathew's Motion have been addressed by supplements to Santander's discovery and production. Specifically, on June 13, 2024, Santander served Mathew with its Second Amended Objections and Responses to Plaintiff's First Request for Production of Documents ("Second Amended RFP Responses") and Second Amended Objections and Answers to Plaintiff's Frist Set of Interrogatories ("Second Amended Interrogatory Responses") (collectively "Second Amended Discovery Responses"), which directly addresses many of the complaints contained in Mathew's Motion. Additionally, on June 5, 2024, and June

13, 2024, Santander made supplemental productions that resolve other complaints contained in Mathew's Motion. Specifically, Santander's Second Amended Discovery Responses and supplemental productions moot the following sections of Mathew's Motion:

- **Section III.A** – Santander's Second Amended Interrogatory Responses are verified by Yessica Perez, Mathew's former supervisor and the person who Mathew primarily accuses of discriminating against her;

- **Section III.B** – Santander's Second Amended Interrogatory Responses confirm that Santander presently has no additional information in response to Interrogatory number 3, and this, Santander has responded as fully as it can;

- **Section III.C** - Santander's Second Amended Interrogatory Responses confirm that Santander presently has no additional information in response to Interrogatory number 5, and this, Santander has responded as fully as it can;

- **Section IV.A** – Santander's Second Amended RFP Responses remove the privacy objections Santander agreed to remove in response to Requests for Production 9, 76, and 77;

- **Section IV.B** - Santander's Second Amended RFP Responses removes the vague and ambiguous objection now that Mathew has clarified the typographical error;

- **Section IV.C** – Santander's supplemental production from June 5, 2024, included the personnel files of Yessica Adriano (Perez) that have been located at this time responsive to Request for Production No. 9. Similarly, Santander's supplemental production from June 5, 2024, includes the document requested in Request for Production No. 92; and

- **Section IV.E** - Santander's supplemental production from June 5, 2024, also includes all of the performance reviews and separation documents of other Human Resource Business Partners from the relevant time period that have been located at this time.

As Santander's Second Amended Discovery Responses and supplemental productions address many of the issues contained in Mathew's Motion, these portions of Mathew's Motion are moot and her Motion should be denied.

## **P**RAYER

For all the foregoing reasons, Santander respectfully request that the Court deny Mathew's Motion to Compel Discovery in its entirety and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

On June 14, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst