**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant*. | § | |

# DEFENDANT'S APPENDIX IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT

# <u>TABLE OF CONTENTS</u>

| Document | Page(s) |
|---|---|
| Plaintiff's First Set of Interrogatories to Defendant | APP001–APP003 |
| Plaintiff's First Request for Production of Documents to Defendant | APP004–APP014 |
| Defendant's Second Amended Objections and Answers to Plaintiff's First Set of Interrogatories | APP015–APP022 |
| Defendant's Second Amended Objections and Responses to Plaintiff's First Request for Production of Documents | APP023–APP051 |
| E-mail message exchange between C. Carter and D. Uloth | APP052–APP056 |

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:    *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


*Monte K. Hurst*
Monte K. Hurst

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REENA S. MATHEW,           §
    Plaintiff           §
               §
v.           §          Civil Action No. 3:23-cv-01494-N
               §
SANTANDER CONSUMER USA INC.,           §
    Defendant           §

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

TO:    Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew ("Mathew" or "Plaintiff") submits the following interrogatories to Santander Consumer USA Inc.  Except for Interrogatory No. 6, these interrogatories are limited in time to the period from April 19, 2013 through April 19, 2016.

**Definitions**

1.    "HRBP" refers to (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the downtown Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016.

**Interrogatories**

1.    Who made the decision to terminate Reena Mathew?

2.    Why did Santander Consumer USA Inc. terminate Reena Mathew?

APP001

3.    For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]

    a.    The name of the person who expressed concern;

    b.    The date(s) of the communication(s);

    c.    Whether the communication was oral, or in writing:

    d.    The substance of the communication – describe what the person said;

    e.    To whom the communication was made (including each recipient or person who heard it);

    f.    Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

4.    For each business leader "disturbed that Reena had questioned and addressed them for bringing forward their concerns" (see SC000085), provide the following:[2]

    a.    The name of the person who was disturbed;

    b.    The date(s) of the communication(s);

    c.    Whether the communication was oral, or in writing;

    d.    The substance of the communication – describe what the person said;

    e.    To whom the communication was made (including each recipient or person who heard it);

    f.    Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

5.    Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:

    a.    Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;

    b.    Name each person who provided feedback;

    c.    State whether the feedback was oral, or in writing;

    d.    If it was oral, when was it provided and to whom was it provided;

    e.    If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production.  Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

6.    Regarding each of the job functions Mathew was handling at the time of her termination, and for the six-month period following her termination, provide the following:

---

[1] See SC000085 where it says: "Several business units have brought forth concerns…"
[2] See SC000085 where it says: "Senior business leaders were disturbed …"

      a.      The name of each person who handled the job functions;

      b.      Which functions each such person handled.

7.     State the facts that you contend support your affirmative defense: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."

8.     State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains."

9.     State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."

10.     State the facts that you contend support your affirmative defense: "Mathew failed to mitigate her alleged damages."

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on January 31, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

3

APP003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

TO:    Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew ("Mathew" or "Plaintiff") submits the following requests for production to Santander Consumer USA Inc.

**Definitions**

1.     "Document," as used herein, has the same meaning as the term is used in Rule 34 of the Federal Rules of Civil Procedure, and the term includes electronically stored information and tangible things. A draft or nonidentical copy is a separate document within the meaning of this term.

2.     "Communication" refers to any document containing or describing an exchange of information between persons (such as letters, faxes, memos, emails, <u>and notes of oral conversations</u>), and includes any documents that were enclosed with or which accompanied the communication (such as email attachments, and enclosures sent with letters). For emails, the term communication includes all prior and subsequent emails in a chain, even if those independently are not precisely responsive to one of the following requests.

APP004

3.     "HRBP" refers to (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the downtown Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016.

**Instructions**

Defendant may serve copies of the requested documents along with the response. Alternatively, if copies are not received along with your written response to this request, counsel for Plaintiff will contact counsel for Defendant to arrange a reasonable time and place to inspect the documents. As previously agreed, all electronically stored information must initially be produced as text searchable Portable Document Format ("PDF"), except Excel files, which must be produced in native format. *See* Joint Status Report, Doc. 12.

**Requests for Production**

1.     The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

2.     Documents showing the compensation and bonuses paid to Reena Mathew.

3.     Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

4.     Reena Mathew's IRS Form W-2 for 2015 and 2016.

5.     Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

6.     Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

APP005

7.      For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

8.      Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package.  *See* SC001067.

9.      The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.[1]

**Note: Requests 10 - 42 are limited to the period from April 19, 2013 through April 19, 2016.**

10.      Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for.  This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

11.      The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.[2]

12.      The performance reviews of each HRBP.

13.      The Monthly Recaps of each HRBP.

14.      Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

15.      For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

16.      For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

---

[1] This request tracks the language used by the Court in its Initial Discovery Order for Employment Cases (Doc. 10). See Exhibit A, Part 3 section (2) d.
[2] This request tracks the language used by the Court in its Initial Discovery Order for Employment Cases (Doc. 10). See Exhibit A, Part 3 section (2) d.

3

17.     Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

18.     Performance Improvement Plans for each HRBP.

19.     Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

20.     Action Plans for each HRBP.

21.     Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

22.     Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

23.     Communications to each HRBP reminding them to work full shifts.

24.     Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

25.     Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

26.     Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

27.     Documents showing an HRBP delayed processing a termination.

28.     Documents showing an HRBP completed a task late or missed a deadline.

29.     Documents showing an HRBP sought assistance with a task or duty.

30.     Documents showing an HRBP underestimated a concern brought forth from an employee.

31.     Documents showing an HRBP delayed or failed to follow through on information received from an employee.

32.     Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

4

33.     Documents showing an HRBP questioned a business leader for bringing forward a concern.

34.     Documents showing an HRBP provided an untimely response to a member of his or her business unit.

35.     Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

36.     The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

37.     The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

38.     The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

39.     The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

40.     The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

41.     Policies and procedures concerning Performance Improvement Plans.

42.     Policies and procedures about investigating employee complaints of discrimination.

43.     Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

44.     Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

45.     The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena.  *See* SC000945 in the entry for October 29, 2015.

46.     The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

APP008

47.     The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

48.     The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

49.     The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

50.     The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

51.     Communications to and from the HR Generalist calling this person in on their time off.  *See* SC000945 in the entry for December 28, 2015.

52.     Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

53.     The "rough timelines and notes" mentioned on page SC000021.

54.     The communication from Stephanie sending the "Angelina timeline," including the timeline.  *See* SC000021.

55.     The "backup emails Angelina provided."  *See* SC000021.

56.     The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

57.     The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

58.     The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

59.     The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

60.     The 12/11/15 email from Reena to Pam mentioned on page SC000022.

APP009

61.     Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

62.     Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

63.     Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

64.     Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

65.     Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

66.     Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

67.     Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

68.     Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

69.     Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

70.     Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

71.     Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

72.     Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

73.     The action plan mentioned on page SC001002.

74.     The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

75.     Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

76.     Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

77.     Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

78.     Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

79.     The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

80.     The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

81.     The feedback provided to Mathew regarding providing more detail in the work she submits.  *See* SC000038.

82.     The "two term requests submitted incorrectly."  *See* SC000038.

83.     Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

84.     The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie.  *See* SC000038.

85.     Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

APP011

86.     Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

87.     Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

88.     Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

89.     The email allegedly "misrepresenting the truth" to Stephanie.  *See* SC000039.

90.     The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:"  *See* SC000039.

91.     The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

92.     Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

93.     Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

94.     Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

95.     Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

96.     Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

97.     Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

98.     Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

99.     Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation."  *See* Defendant's Original Answer, page 10.

9

100.    Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons." *See* Defendant's Original Answer, page 10.

101.    Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive." *See* Defendant's Original Answer, page 10.

102.    Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew. *See* Defendant's Original Answer, page 11.

103.    Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm." *See* Defendant's Original Answer, page 11.

104.    Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

105.    Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages." *See* Defendant's Original Answer, page 11.

106.    Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)." *See* Defendant's Original Answer, page 11.

APP013

107.    Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

108.    Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

109.    Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 31, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

11

APP014

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S SECOND AMENDED OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Santander Consumer USA Inc. hereby serves its Second Amended Objections and Answers to Plaintiff Reena Mathew's First Set of Interrogatories.

-1-

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:    *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Kristen A. Brumbalow
       State Bar No. 24076499
       KBrumbalow@hallettperrin.com

       Clayton S. Carter
       State Bar No. 24120750
       CCarter@hallettperrin.com

       *Counsel for Defendant*
       *Santander Consumer USA Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 13, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

       *Monte K. Hurst*
       Monte K. Hurst

APP016

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Who made the decision to terminate Reena Mathew?

**ANSWER:**

Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer made the decision to place Reena Mathew on a Performance Improvement Plans ("PIP") and, after Reena Mathew's failure to make any improvement, ultimately determined to terminate Reena Mathew.

**INTERROGATORY NO. 2:**

Why did Santander Consumer USA Inc. terminate Reena Mathew?

**ANSWER:**

Throughout her employment with Santander, Reena Mathew consistently failed to meet expectations in her job performance. This poor performance led to her supervisors placing her on two PIPs. However, despite receiving extensive coaching and direction at biweekly meetings to discuss her progress during her PIPs, Mathew failed to demonstrate necessary improvement. Accordingly, Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer terminated Mathew's employment due to her habitual poor performance.

**INTERROGATORY NO. 3:**

For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]

a.  The name of the person who expressed concern;
b.  The date(s) of the communication(s);
c.  Whether the communication was oral, or in writing:
d.  The substance of the communication – describe what the person said;
e.  To whom the communication was made (including each recipient or person who heard it);
f.  Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

---

[1] *See* SC000085 where it says: "Several business units have brought forth concerns…"

APP017

**ANSWER:**

Expressed concerns provided by business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult, she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

Santander presently has not identified any additional information responsive to this Interrogatory, including the information sought in subparts a-f.  As discovery and Santander's investigation is ongoing, Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

**INTERROGATORY NO. 4:**

For each business leader "disturbed that Reena had questioned and addressed them for bringing forward their concerns" (see SC000085), provide the following:[2]

- a.    The name of the person who was disturbed;
- b.    The date(s) of the communication(s);
- c.    Whether the communication was oral, or in writing;
- d.    The substance of the communication – describe what the person said;
- e.    To whom the communication was made (including each recipient or person who heard it);
- f.    Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

---

[2] See SC000085 where it says: "Senior business leaders were disturbed …"

**<u>ANSWER</u>:**

None known at this time. Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

**<u>INTERROGATORY NO. 5</u>:**

Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:

a.  Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;
b.  Name each person who provided feedback;
c.  State whether the feedback was oral, or in writing;
d.  If it was oral, when was it provided and to whom was it provided;
e.  If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production. Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

**<u>ANSWER</u>:**

Comments Santander received from business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

Santander presently has not identified any additional information responsive to this Interrogatory, including the information sought in subparts a-e. As discovery and Santander's investigation is ongoing, Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

## INTERROGATORY NO. 6:

Regarding each of the job functions Mathew was handling at the time of her termination, and for the six-month period following her termination, provide the following:

      a.     The name of each person who handled the job functions;
      b.     Which functions each such person handled.

### ANSWER:

Mathew was replaced by Sabrina Boyd who was promoted from Human Resources Generalist to Mathew's former position of Human Resources Business Partner. At the time Mathew was terminated Boyd took over all of Mathew's job functions and Boyd performed all of Mathew's job functions for the six-month period following Mathew's termination.

## INTERROGATORY NO. 7:

State the facts that you contend support your affirmative defense: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."

### ANSWER:

Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

## INTERROGATORY NO. 8:

State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains."

**ANSWER:**

Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 9:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."

**ANSWER:**

Santander asserts, none at this time as Mathew's performance deficiencies were known to Santander prior to any adverse employment action against Mathew.

**INTERROGATORY NO. 10:**
State the facts that you contend support your affirmative defense: "Mathew failed to mitigate her alleged damages."

**ANSWER:**

Santander asserts that Mathew failed to mitigate her alleged damages because, as shown by Mathew's own interrogatory responses, Mathew has not held any job since her termination from Santander nearly eight years ago.  Furthermore, despite being required by the Court's Initial Discovery Protocols to provide evidence of Mathew's attempts to obtain substantially similar employment since her termination, Mathew has not done so.

## <u>VERIFICATION</u>

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF** Collin _____ | § |

     I, Yessica Perez, a duly authorized representative of Santander Consumer, USA Inc. do hereby declare and verify that I have read *Defendant's Second Amended Objections and Answers to Plaintiff's First Set of Interrogatories*; that the answers to such Interrogatories were prepared with the advice and assistance of counsel and from information obtained from other persons and documents; and that the factual answers set forth therein, are true and correct.

     I declare under the penalty of perjury under the laws of the United Stated of America that the foregoing is true and correct, and that this declaration was executed on June 12 , 2024, in Collin _____ County, Texas.

DocuSigned by:

*Yessica Perez*
C6D64CC0CF9F480...
**YESSICA PEREZ**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S SECOND AMENDED OBJECTIONS
# AND RESPONSES TO PLAINTIFF'S FIRST
# REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Santander Consumer USA Inc. hereby serves its Second Amended Objections

and Responses to Plaintiff Reena Mathew's First Request for Production of Documents.

APP023

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:  *Monte K. Hurst*
      Monte K. Hurst
      State Bar No. 00796802
      Monte.Hurst@hallettperrin.com

      Kristen A. Brumbalow
      State Bar No. 24076499
      KBrumbalow@hallettperrin.com

      Clayton S. Carter
      State Bar No. 24120750
      CCarter@hallettperrin.com

      *Counsel for Defendant*
      *Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on June 13, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


      *Monte K. Hurst*
      Monte K. Hurst

APP024

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

>**RESPONSE:**
>
>See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 2:**
Documents showing the compensation and bonuses paid to Reena Mathew.

>**RESPONSE:**
>
>See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 3:**
Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

>**RESPONSE:**
>
>Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4:**
Reena Mathew's IRS Form W-2 for 2015 and 2016.

>**RESPONSE:**
>
>Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 5:**
Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

APP025

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 6:**
Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**
For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 8:**
Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package. *See* SC001067.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 9:**
The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

APP026

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks the complete personnel files for an individual whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to this employee, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition.

Santander will produce all documents in Yessica Adriano's personnel file that either; (1) pertain to the reasons for termination of Ms. Mathew; or (2) pertain to allegations of discriminatory acts by Ms. Adriano, if any.

Santander has produced responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for. This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 11:**

The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

APP027

**REQUEST FOR PRODUCTION NO. 12:**
The performance reviews of each HRBP.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 13:**
The Monthly Recaps of each HRBP.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 14:**
Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

    **RESPONSE:**

    After a diligent search, Santander has no documents responsive to this Request other than Mathew's time study previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 15:**
For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 16:**
For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

APP028

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 17:**
Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 18:**
Performance Improvement Plans for each HRBP.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than Mathew's Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 19:**
Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than the reviews of Mathew during her Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 20:**
Action Plans for each HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

APP029

**REQUEST FOR PRODUCTION NO. 21:**

Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 22:**

Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 23:**

Communications to each HRBP reminding them to work full shifts.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 24:**

Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

APP030

**REQUEST FOR PRODUCTION NO. 25:**
Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 26:**
Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 27:**
Documents showing an HRBP delayed processing a termination.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 28:**
Documents showing an HRBP completed a task late or missed a deadline.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 29:**
Documents showing an HRBP sought assistance with a task or duty.

APP031

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 30:**
Documents showing an HRBP underestimated a concern brought forth from an employee.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 31:**
Documents showing an HRBP delayed or failed to follow through on information received from an employee.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 32:**
Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 33:**
Documents showing an HRBP questioned a business leader for bringing forward a concern.

APP032

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 34:**
Documents showing an HRBP provided an untimely response to a member of his or her business unit.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 35:**
Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 36:**
The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 37:**
The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

APP033

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 38:**
The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 39:**
The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 40:**
The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 41:**
Policies and procedures concerning Performance Improvement Plans.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

APP034

**REQUEST FOR PRODUCTION NO. 42:**

Policies and procedures about investigating employee complaints of discrimination.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 43:**

Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 44:**

Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 45:**

The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena. *See* SC000945 in the entry for October 29, 2015.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 46:**

The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

APP035

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 47:**
The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 48:**
The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 49:**
The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 50:**
The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

APP036

**REQUEST FOR PRODUCTION NO. 51:**

Communications to and from the HR Generalist calling this person in on their time off. *See* SC000945 in the entry for December 28, 2015.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 52:**

Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 53:**

The "rough timelines and notes" mentioned on page SC000021.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 54:**

The communication from Stephanie sending the "Angelina timeline," including the timeline. *See* SC000021.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 55:**

The "backup emails Angelina provided." *See* SC000021.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

APP037

**REQUEST FOR PRODUCTION NO. 56:**
The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 57:**
The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 58:**
The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 59:**
The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 60:**
The 12/11/15 email from Reena to Pam mentioned on page SC000022.

APP038

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

APP039

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 65:**
Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 66:**
Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 67:**
Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 68:**
Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

APP040

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 69:**
Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 70:**
Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 71:**
Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 72:**
Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

APP041

**REQUEST FOR PRODUCTION NO. 73:**
The action plan mentioned on page SC001002.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 74:**
The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 75:**
Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 76:**
Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 77:**
Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

APP042

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 78:**
Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 79:**
The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 80:**
The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 81:**
The feedback provided to Mathew regarding providing more detail in the work she submits. *See* SC000038.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

APP043

**REQUEST FOR PRODUCTION NO. 82:**
The "two term requests submitted incorrectly." *See* SC000038.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any

**REQUEST FOR PRODUCTION NO. 83:**
Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 84:**
The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie. *See* SC000038.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 85:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 86:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 87:**
Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 88:**
Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 89:**
The email allegedly "misrepresenting the truth" to Stephanie. *See* SC000039.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 90:**
The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:" *See* SC000039.

APP045

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 91:**
The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 92:**
Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

**RESPONSE:**

Responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 93:**
Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 94:**
Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

APP046

**REQUEST FOR PRODUCTION NO. 95:**
Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

    **RESPONSE:**

    After a diligent search, Santander has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 96:**
Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 97:**
Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 98:**
Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

    **RESPONSE:**

    Santander has produced responsive documents.

**REQUEST FOR PRODUCTION NO. 99:**
Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation." *See* Defendant's Original Answer, page 10.

APP047

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 100:**
Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 101:**
Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 102:**
Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew. *See* Defendant's Original Answer, page 11.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

-26-

**REQUEST FOR PRODUCTION NO. 103:**

Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm." *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    See documents previously produced by Santander.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 104:**

Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    See documents previously produced by Santander.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 105:**

Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages." *See* Defendant's Original Answer, page 11.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

APP049

**REQUEST FOR PRODUCTION NO. 106:**
Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request as 42 U.S.C. § 1981a(b)(3) and the United States Constitution are publicly available documents not in the possession, custody, or control of Santander.

**REQUEST FOR PRODUCTION NO. 107:**
Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 108:**
Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

**RESPONSE:**

None at this time. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified

**REQUEST FOR PRODUCTION NO. 109:**
Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

APP050

**<u>RESPONSE</u>:**

Mathew's Interrogatory responses with state Mathew has not held any job since her termination from Santander eight years ago. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

| From: | Clayton S. Carter |
|---|---|
| Sent: | Thursday, June 13, 2024 5:05 PM |
| To: | 'don.uloth@uloth.pro' |
| Cc: | Monte K. Hurst; Ceicili S. Morales |
| Subject: | RE: Mathew v. Santander -- Deposition |

Thanks Don, we confirm we are in agreement to: (1) a 30 day extension to the motions deadline, making the new motions deadline August 8; and (2) a 30 day extension to the discovery deadline, making the new discovery deadline August 30.

Best,
Clayton

---

CLAYTON S. CARTER
Associate

HALLETT&PERRIN
D 214.922.4116| F 214.922.4142 | ccarter@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Thursday, June 13, 2024 4:16 PM
**To:** Clayton S. Carter <ccarter@hallettperrin.com>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>
**Subject:** RE: Mathew v. Santander -- Deposition

Clayton:

I can agree to a 30 day extension of the motions deadline, extending it from July 9 to August 8.

I thought you also wanted a 30 day extension of the discovery deadline, which I can also agree to. This would extend the discovery deadline from July 31 to August 30. Please let me know if you want to agree to this extension.

Neither of these extensions requires a court order

I can't agree to pass on the motion to compel, but I will let you know if that changes after I see your response tomorrow.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396

1

APP052

Email: don.uloth@uloth.pro
www.uloth.pro

**From:** Clayton S. Carter <ccarter@hallettperrin.com>
**Sent:** Thursday, June 13, 2024 12:08 PM
**To:** 'don.uloth@uloth.pro' <don.uloth@uloth.pro>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>
**Subject:** RE: Mathew v. Santander -- Deposition

Don, attached please find Santander's Second Amended Responses and Answers to Plaintiff's Request for Production and Interrogatories. The small production we discussed will be coming later today.

As we discussed on the phone, Santander has been working diligently to identify potentially responsive documents, which has been difficult due to the substantial amount of time that has passed and changes in Santander's IT systems in the 8+ years since Ms. Mathew was last working for Santander. In light of the substantial number of newly discovered documents, we suggest agreeing to a date to complete production. We would suggest 21 days (which falls on July 4) so we propose agreeing to July 5, 2024, as the date for Santander to complete its production and provide amended responses to Plaintiff's request for production to confirm whether documents exist for each request. Please let us know if you agree, and if so, whether you will be passing on your motion.

Additionally, while you mentioned you are unopposed to extending the discovery deadline by 30 days, you stated you are presently opposed to extending the motion deadline by 30 days. Please confirm if that is your position. If so, we intend to file a motion to seek to extend the motion deadline by 30 days.

Lastly, as we discussed, please confirm what availability Ms. Mathew has for her deposition during the last week of June and July 2 and 3. While I mentioned we would be open to potentially setting Ms. Mathew's depositions further out, in light of the July 9 motions deadline, we will need to depose Ms. Mathew on one of those dates. If you have changed your position regarding extension of the motion deadline, we can certainly look at some other further out dates for Ms. Mathew's deposition.

Please let me know if you would like to discuss any of the above. I will be out most of the afternoon for a hearing in Fort Worth, but will return your call after. Alternatively, you can try to reach Monte if you would like to discuss.

Best,
Clayton


CLAYTON S. CARTER
Associate

HALLETT&PERRIN
D 214.922.4116| F 214.922.4142 | ccarter@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

**From:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Sent:** Tuesday, June 11, 2024 4:04 PM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>
**Subject:** Mathew v. Santander -- Deposition
**Importance:** High

APP053

Don, in addition to those two possible dates in early July, please let us know your availability that last week of June.  Thanks again.

Monte

---

MONTE K. HURST
Shareholder

HALLETT&PERRIN
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---



| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |
|---|---|

**From:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Sent:** Tuesday, June 11, 2024 3:56 PM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>
**Subject:** Mathew v. Santander -- Deposition

Sure.  We have been doing the best we can with our client to either obtain existing documents that had not been sent to us or confirm that no such documents exist.  I do not mean to beat a dead horse; but, the period of time we are taking about was 8-12 years ago, and prior to system changes.  We will have a production for you on Thursday, that will consist of anything else responsive that Santander has in its possession, custody or control.  We will also be producing to you later this week amended discovery responses and the verification page.  We believe that what you receive tomorrow and/or Thursday will resolve everything included in your motion.  Of course, if, after receiving what we send to you, you believe issues remain, then we would be happy to visit.

Thanks for checking on those two dates in early July.

Thanks,
Monte

---

MONTE K. HURST
Shareholder

HALLETT&PERRIN
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202

---

APP054

Disclaimer





| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |
| --- | --- |

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Tuesday, June 11, 2024 3:44 PM
**To:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>
**Subject:** RE: Mathew v. Santander -- Deposition

Monte:

        Before I talk to her about this, can you tell me where we are on the discovery I am trying to get from Santander?

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Sent:** Tuesday, June 11, 2024 3:32 PM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>
**Subject:** Mathew v. Santander -- Deposition

Hi Don.  Would Reena Mathew and you be available for her in-person deposition on July 2 or 3?

Thanks,
Monte

MONTE K. HURST
Shareholder

HALLETT&PERRIN

D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

APP055



| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |
| --- | --- |

APP056