IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S EMERGENCY MOTION FOR CONTINUANCE

**TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:**

Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Emergency Motion for Continuance (the "Motion"), pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and LR 40.1 of the Local Civil Rules for the Northern District of Texas.

## I.
### SUMMARY

Plaintiff Reena Mathew ("Mathew") alleges that Santander terminated her employment because of her pregnancy and in retaliation for her engaging in protected activity. Santander would show that its decision to terminate Mathew's employment was due to her repeatedly deficient job performance and her unwillingness to accept responsibility when her supervisor discussed her shortcomings with her. Mathew's termination was for legitimate and nondiscriminatory reasons and Mathew cannot show pretext.

In her deposition last week, Mathew identified for the first time two doctors whom she saw for treatment of the mental anguish she claims to have suffered at the hands of Santander. Mathew's failure to disclose these doctors until now, so close to trial and the corresponding pretrial

deadlines, would significantly hamper Santander's defense of this matter if the trial of this matter were not continued.

There is no doubt that the identification of these two doctors as well as Mathew's medical records from these doctors during relevant times are imperative to the disposition of this case. As Mathew had previously withdrawn her claims for back pay and front pay (due to her not working for at least seven years following her separation from Santander), the only damages she alleges in this lawsuit are for her purported mental anguish caused by Santander, which is exactly what Mathew says these two doctors treated her for.

There is also no doubt that Mathew should have, well before last week, disclosed both disclosed these two doctors and provided her medical records from these two doctors (or provided authorizations with which Santander could have subpoenaed her medical records for the relevant times). Mathew did not disclose these doctors in her initial protocols, as ordered by the Court. Nor did she disclose these doctors in response to Santander's multiple written discovery requests or supplements thereto.

Now, on the eve of discovery, dispositive motion, and pre-trial deadlines, Santander has no choice but to seek a continuance of the October 7, 2024, trial setting in order to obtain relevant discovery that should have been disclosed to Santander at the outset of this case. Additionally, attorney Clayton S. Carter is expecting a child in early September and his paternity leave conflicts with the pre-trial filing deadlines and trial. Mr. Carter has been thoroughly involved in this case, and he would be involved in the preparation of pretrial materials and for trial and in the presentation of Santander's case at trial.

Based on the foregoing, for good cause, Santander would respectfully request the Court grant Santander's Motion for Continuance, continuing trial in this case by 90 days and extending the below deadlines by the same time period.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2023, Mathew filed this lawsuit in the U.S. District Court for the Northern District of Texas—Dallas Division, in which she asserts claims of sex (pregnancy) discrimination and retaliation [Doc. 1].

On September 18, 2023, the Court executed a Scheduling Order [Doc. 13], wherein it sets the trial of this matter for the one-week docket commencing on October 7, 2024, and set deadlines, including the following:

- Parties' deadline to complete discovery: July 31, 2024[1];

- Parties' deadline to file all motions: 90 days before trial (July 9, 2014)[2];

- Parties' deadline to file all pretrial materials: 30 days before trial (September 7, 2024); and

- Parties' deadline to file objections to proposed jury charge: 14 days after pretrial filings (September 21, 2024).

On August 14, 2023, this Court ordered the parties to submit Initial Discovery Protocols for Employment Cases ("Initial Protocols") by September 11, 2024, which included a requirement for Mathew to produce any documents "upon which the plaintiff relies to support the plaintiff's claims" and to "[i]dentify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit." [Doc. 10]. In her Response to the Initial Protocols, Mathew failed to identify Julie Parekh, M.D. or Kristen Carmichael, M.D and failed to produce any records from either physician. APP001–APP007.

Thereafter, on December 29, 2024, Santander served its First Set of Interrogatories and First Request for Production on Mathew which included the following:

---

[1] This deadline was previously extended to August 30, 2024, pursuant to agreement by the Parties.
[2] This deadline was previously extended to August 22, 2024, pursuant to agreement by the Parties.

**INTERROGATORY NO. 5:**
Please state the name, address and telephone number of all doctors, psychologists, psychiatrists, counselors, therapists, and any and all medical care professionals that you have seen within the last 10 years.

**REQUEST NO. 34:**
Please produce all documents supporting your claim for the following damages: suffering, mental anguish, inconvenience, loss of personal status and dignity, and loss of enjoyment of life, as alleged in the Complaint.

**REQUEST NO. 46:**
Please complete, sign and return the attached Authorization to Disclose Protected Health Information.

APP009–APP010, APP024–APP026.

In response to Interrogatory No. 5 and Request for Production No. 46, Mathew only identified Dr. Radha Kambhampati, and objecting stating identification of, or production of any records from, and doctors other than Dr. Kambhampati was irrelevant and overbroad. APP009–APP010, APP026. In response to Request for Production No. 34, Mathew asserted no objections and agreed to produce responsive documents. APP024.

On August 8, 2024, Santander deposed Mathew. APP028–APP032. To Santander's surprise, Mathew testified that she sought counseling following her termination from Dr. Parekh for the mental anguish Mathew claims she suffered following her termination from Santander. APP033–APP039. When Mathew was asked if she saw any other medical providers as a result of her alleged mental anguish, Mathew disclosed Dr. Carmichael for the first time in this case. APP033–APP039.

On August 9, 2024, the day after Mathew's deposition, counsel for Santander raised the issue of the newly disclosed medical providers with Mathew's counsel, Mr. Donald E. Uloth. APP042–APP044. Mr. Uloth stated that he had previously learned of Drs. Parekh and Carmichael's treatment of Mathew, and intended to supplement discovery, but mistakenly did not. APP042–APP044. Furthermore, while Mr. Uloth agreed to provide authorizations for Santander

to obtain the medical records, the authorizations provided only extend through December 31, 2017, as Mathew alleged her treatment for mental anguish stopped in 2017. Of course, her treatment with these providers following 2017 is certainly critical as it may shed light as to whether Mathew was truly being treated for mental anguish, or if her medical treatment was unrelated to Santander. Santander will be filing a motion to compel should the parties fail to reach an agreement regarding the scope of the authorizations. However, at the time of filing this Motion, Santander only has overly limited authorizations for medical providers disclosed for the first time last week.[3]

### III.
### ARGUMENTS & AUTHORITIES

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a schedule may be modified "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The trial court's "judgment range is exceedingly wide" in considering a motion for continuance, to be reviewed under an abuse of discretion standard. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986). Additionally, Rule 6(b) of the Federal Rules of Civil Procedure provides Courts authority to extend time upon showing of good cause. FED. R. CIV. P. 6(b); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).

Here, good cause exists for Santander's request for a continuance. Santander had been diligent in conducting discovery. However, based upon Mathew's failure to disclose relevant medical providers despite being required to disclose such providers at the outset of this case in response to the Initial Protocols, and again in response to Santander's discovery requests, Santander cannot adequately prepare for trial or complete the necessary discovery under the current Scheduling Order. Santander needs adequate time to obtain medical records from the

---

[3] Only today, August 14, 2024, Mathew amended her Answers to Santander's First Set of Interrogatories to disclose the previously undisclosed doctors.

providers whom Santander only learned last week treated Mathew for her purported mental anguish in this case. Additionally, Santander should be provided the opportunity to resume Mathew's deposition once it receives all documents it is entitled to in discovery. Despite seeking such authorizations the day after learning about the undisclosed medical providers, Santander has still only received limited authorizations that inhibits its ability to obtain documents Santander is entitled to.

Additionally, attorney Clayton S. Carter is expecting a child in early September and his paternity leave conflicts with the pre-trial filing deadlines and trial.

Accordingly, for good cause, Santander requests that the Court set a new trial date of no earlier than 90 days after the current October 7, 2024, trial setting, and that the deadlines to complete discovery, file motions, and submit and object all pretrial filings be extended to coordinate with the new trial date.

## PRAYER

For all the foregoing reasons, Santander respectfully request that the Court grant Santander's Motion for Continuance, continuing trial in this case by 90 days and extending the below deadlines by the same time period, and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant
Santander Consumer USA Inc.*

## CONTINUANCE APPROVAL

Pursuant to Local Rule 40.1, Defendant Santander Consumer USA, Inc. approves of the request in this motion to continue the trial date and to extend the deadlines to correspond with the continued trial date.

By: _____

Title: __Deputy GC__

Date: __8/14/24__

## CERTIFICATE OF CONFERENCE

On August 13, 2024, Donald E. Uloth, Plaintiff's counsel, exchanged e-mail messages discussing the matters on which this Motion is based. I explained to Mr. Uloth that I would have to file a motion for continuance based on the reasons stated in this Motion. Mr. Uloth advised me that he opposes Santander's request for a continuance.

*Monte K. Hurst*
Monte K. Hurst

## **CERTIFICATE OF SERVICE**

On August 14, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst