IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR CONTINUANCE**

Plaintiff opposes the motion for continuance for the reasons stated herein.

**Summary of the Response**

The undersigned attorney made a mistake by not disclosing the names of two doctors sooner. It is a curable error. There is no emergency here, and Defendant has failed to show a continuance is urgently needed.

**Additional Relevant Facts**

**A.   Mental anguish damages are not the only damages sought in this case**

Plaintiff is not only seeking damages for mental anguish, she is also seeking damages for inconvenience, loss of personal status and dignity, loss of enjoyment of life, and other damages compensable under 42 U.S.C. § 1981a, including punitive damages. *See* Doc. 1, Complaint, page 10, ¶ 49. Discovery concerning mental anguish is but one of many relevant issues in this case.

1

### B.        The medical records being sought

On September 11, 2023, Plaintiff served written discovery providing information required by the Initial Discovery Protocols.  This document disclosed the name and contact information of a psychiatrist who treated Plaintiff for depression.  *See* Defendant's Appendix, Doc. 22, page 5 (Def's App. 5).

On January 29, 2024, Plaintiff answered an interrogatory disclosing that a psychiatrist, Dr. Radha Kambhampati, treated her for the depression she began to experience while still employed by Santander.  *See* Doc. 27, the appendix supporting this response, page (App. 04).  On February 6, 2024, Plaintiff provided Defendant with some authorization forms it had requested, which included a signed form authorizing Defendant to obtain Dr. Kambhampati's records.  App. 13-17 (the form for Dr. Kambhampati is App. 16-17).  Defendant never requested his records.

The undersigned counsel later learned that Plaintiff may have also talked to her primary care doctor and her OB-GYN about her job, and the adverse effects it was having on her health.  On May 23, 2024, the undersigned counsel requested records from all three doctors through the third-party vendor they all used to handle records requests.  The requests asked for records from January 1, 2015 through December 31, 2017.  App. 19.

In response to the requests, the undersigned counsel received three faxes from the vendor: one on June 17, 2024, and two on June 21, 2024.  App. 18-31.  Two of the faxes stated: "There are No Records for the Date of Service you have requested."  App. 18, 28.  The second fax said

the authorization submitted with the request had expired, which is not correct – it was signed just one day before the request went out. App. 24.

The undersigned attorney nevertheless intended to supplement Plaintiff's discovery responses to disclose the two additional doctors and their contact information. He failed to do so. He realized this during Plaintiff's deposition on August 8, 2024.

In the days following Plaintiff's deposition, the attorneys exchanged several emails discussing this issue. The emails show:

- Plaintiff's counsel offered to provide authorization forms so Defendant could request records from the two newly-disclosed doctors. App. 36-37

- Plaintiff offered to extend the discovery deadline for purposes of discovery relating to these doctors. App. 36.

- Counsel for Defendant said yes, please send the authorization forms. App. 35.

- Counsel for Plaintiff sent the signed authorization forms for the two additional doctors. App. 33, 39-42.

- Counsel for Plaintiff offered to provide a second authorization form to Plaintiff's psychiatrist, tailored to obtain his psychotherapy notes. App. 35. Counsel for Defendant declined because he said the authorization that had already been provided was sufficient. App. 34.

On August 16, 2024, counsel for Plaintiff received an email indicating Defendant was using a third-party vendor to subpoena the two additional doctors to provide records and to answer depositions on written questions. App. 43-74. Within an hour, counsel for Plaintiff

3

agreed to waive the 14-day notice period for objections, and he urged the vendor to expedite things. App. 75-77.

Defendants' subpoenas and depositions on written questions specified a deadline of September 2, 2024 to respond. If the doctors have any records to produce, which seems unlikely, Defendant should receive them in the next ten days, 35 days before trial.

**Argument**

Defendant's motion mentions the good cause standard a party must meet to justify modification of a scheduling order. However, Defendant's motion does not state the legal standard defining good cause, and it fails to present any facts proving the present situation meets this legal standard.

To show good cause, the party seeking modification of the scheduling order must show the existing deadlines cannot reasonably be met. *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). Defendant's motion does not address the possibility of meeting the deadlines in the current scheduling order. For this reason alone, the motion can and should be denied.

However, should the Court choose to pursue its own inquiry regarding Defendant's ability to proceed under the existing scheduling order, the facts show there is no need for a continuance. Defendant has now served discovery requests seeking the documents Defendant claims to need, and the documents requested are due to be provided on September 2, 2024. It is unlikely that any documents will be produced. If they are, the parties can discuss whether

Plaintiff's deposition needs to continue. Plaintiff would rather answer additional questions than delay her trial setting.

Another factor in the good cause analysis is whether Defendant has shown diligence in seeking the relevant information. Two facts suggest they have not.

First, Defendant chose not to request records from Plaintiff's psychiatrist. While the records from Plaintiff's OB-GYN and primary care doctor may show Plaintiff mentioned relevant facts to them, it is far more likely that the psychiatrist's records (especially his psychotherapy notes) would include relevant information. Defendant's decision to ignore the psychiatrist's records suggests far more than a lack of diligence – it suggests indifference to obtaining evidence concerning Plaintiff's compensable mental anguish.

Second, during the deposition of Plaintiff, counsel for Defendant did not ask Plaintiff any questions about the nature of her mental anguish. Defendant's lawyer asked which doctors she talked to and what medications she was prescribed, but he asked no questions about what caused the mental anguish, and no questions asking her to describe her experiences. Def's App. 39-45 (pages 231-237 of Plaintiff's deposition) and App. 78-82 (pages 238-242, submitted separately for filing under seal).[1] Again, this suggests a lack of diligence and indifference to the relevant facts. Defendant has shown no prior interest in getting the information that it now claims to need so urgently.

---

[1] These are the only pages in Plaintiff's deposition where Plaintiff was asked about mental anguish.

<u>Clayton Carter</u>

Regarding Clayton Carter, Defendant has not given the court enough information to determine whether this issue supports a continuance.  There are no facts showing what efforts Defendant made to prepare for trial, knowing that Mr. Carter would also have other matters to attend to in September.  Defendant's motion does not say what tasks Mr. Carter is expected to perform, whether he could have already completed some or all of these tasks, or whether another attorney is equally capable of getting these things done in time for a trial that is still 45 days away.

WHEREFORE, because Defendant has not shown good cause for a continuance and modification of the scheduling order, Plaintiff requests an order denying the motion for continuance, and granting Plaintiff all relief the Court determines to be appropriate.

                                        Respectfully submitted,

                                        <u>/s/ Donald E. Uloth</u>
                                        Donald E. Uloth
                                        Texas Bar No. 20374200
                                        Donald E. Uloth, P.C.
                                        18208 Preston Road, Suite D-9 # 261
                                        Dallas, Texas 75252
                                        Phone: (214) 725-0260
                                        Fax: (866) 462-6179
                                        Email: don.uloth@uloth.pro
                                        Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

   I certify that on August 23, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                <u>/s/ Donald E. Uloth   </u>
                Donald E. Uloth