IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| Defendant | § | |

**APPENDIX IN SUPPORT OF
PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR CONTINUANCE**

<u>Page Nos.</u>                              <u>Description</u>

3 - 12          Plaintiff's interrogatory answers.

13              Email sending signed authorization forms to counsel for Defendant.

14 – 17         Email attachment: the signed authorization forms.

18 - 31         Redacted faxes from HealthMark.

32 - 38         Emails between the attorneys.

39 - 42         Authorization forms for the two doctors that were sent to counsel for Defendant.

43              Cover email serving subpoenas and DWQs seeking medical records and information from two of Plaintiff's doctors.

44 - 74         Email attachment: the subpoenas and DWQs to two of Plaintiff's doctors.

75 - 76         Email sending the signed waiver form to Defendant's vendor.

77              Email attachment: the signed waiver form.

78 - 82         Pages 239 – 242 of Plaintiff's deposition (submitted for filing under seal).

Respectfully submitted,


/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 725-0260
Fax: (866) 462-6179
Email:  don.uloth@uloth.pro
Counsel for Plaintiff


<u>CERTIFICATE OF SERVICE</u>

I certify that on August 23, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
DALLAS DIVISION

REENA S. MATHEW,                    §
     Plaintiff                    §
                    §
v.                                  §        Civil Action No. 3:23-cv-01494-N
                    §
SANTANDER CONSUMER USA INC.,        §
     Defendant                    §

**PLAINTIFF'S ANSWERS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

TO:    Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett
       & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

       Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew answers

Defendant's First Set of Interrogatories as follows.

**INTERROGATORY NO. 1:**
Please state the following for each person or company by whom you have been employed over the
last 10 years:

      (a)     Dates of employment;
      (b)     Name, address and telephone number of employer;
      (c)     Position(s) held;
      (d)     Rate(s) of pay;
      (e)     Supervisor(s); and
      (f)     Reason(s) you separated from that employment.

      **ANSWER:**

      (a)     Dates of employment:  2/1/11 – 4/19/16
      (b)     Name, address and telephone number of employer: Santander Consumer USA Inc.,
               Lewisville, TX
      (c)     Position(s) held: Senior HR Generalist, HR Business Partner
      (d)     Rate(s) of pay: Started at $56,000 annual salary.  Annual salary at the time of
               termination was approximately $74,000.00.
      (e)     Supervisors: Dana Cooper, Jason Tomancak, Angelina Hullum, Yessica Adriano.
      (f)     Reason(s) you separated from that employment.  Wrongful termination.

1

**INTERROGATORY NO. 2:**

Please state the following for each instance or stint you provided services for renumeration over the last 10 years (including, but not limited to, as a sole proprietor or independent contractor):

(a)     Date(s) you provided the services;
(b)     Name, address and telephone number of person/company you provided services on behalf of;
(c)     Position(s) held;
(d)     Description of services you provided;
(e)     Rate(s) of pay;
(f)     Amount of money you were paid;
(g)     Supervisor(s);
(h)     Reason(s) you ceased performing services.

**ANSWER:** None other than Santander.


**INTERROGATORY NO. 3:**

Please provide the following for each source of money or financial support you have received since January 1, 2016:

(a)     Date(s) you received the money/financial support;
(b)     Amount of money/financial support;
(c)     Person or entity that paid the money; and
(d)     Reason the money was paid to you.

**ANSWER:**     Other than small cash gifts from relatives and ongoing spousal support such as access to joint accounts, none.


**INTERROGATORY NO. 4:**

Please state your gross and net income for every year from 2015 to present and identify the source(s) of same.

**ANSWER:** Plaintiff's only income for this period was from Santander.


**INTERROGATORY NO. 5:**

Please state the name, address and telephone number of all doctors, psychologists, psychiatrists, counselors, therapists, and any and all medical care professionals that you have seen within the last 10 years.

**ANSWER:** Plaintiff saw a psychiatrist, Dr. Radha Kambhampati, for depression she began to experience while still employed by Santander and she will provide the information requested for this provider only.  His address and telephone number are 1901 N. MacArthur Blvd, Irving, TX 75061, (972) 579-8100.

2

Beyond that, Plaintiff objects to this interrogatory because it is overly broad, it seeks information that is not relevant and not proportional to this case, and it seeks information that is protected by the doctor-patient privilege.


**INTERROGATORY NO. 6:**
Please describe in detail each communication that you have had with anyone other than your attorney relating to the subject matter of this Lawsuit (e.g., in person; over the telephone; by e-mail/text/instant messages; by another form of electronic communication; etc.). Your answer shall include, but not be limited to, the following with regard to each such communication:

(a)     Date;
(b)     Persons involved;
(c)     Method of communication; and
(d)     Description of conversation.

**ANSWER:**     Plaintiff objects to this interrogatory.  It is overly broad, and it seeks to invade Plaintiff's right to protect her work product communications.


**INTERROGATORY NO. 7:**
Please describe in detail all efforts you made after your separation from Santander, to obtain gainful employment or attain any other type of arrangement through which you could earn money.  Your answer shall include, but not be limited to, the following with regard to each such effort:

(a)     Person/company at which you sought employment or other arrangement;
(b)     Date(s) you sought to obtain employment or other arrangement;
(c)     Person(s) with whom you communicated in your effort;
(d)     Descriptions of communications pertaining to your effort;
(e)     Responses pertaining to any efforts;
(f)     Descriptions of all documents pertaining to your effort; and
(g)     Date ranges between the time of your separation from Santander up to today when you would not have been able to work (e.g., medical reasons).

**ANSWER:**     Plaintiff will supplement to provide an answer to this interrogatory.


**INTERROGATORY NO. 8:**
Please identify each job search engine/website at which you have, since your separation from Santander (a) created an account, (b) searched for employment/work, or (c) posted a résumé or otherwise submitted information about yourself.

**ANSWER:** LinkedIn.

**INTERROGATORY NO. 9:**

Please state with particularity each fact that you would contend supports your allegation that "Santander company policies required supervisors to document performance deficiencies and criticisms," as alleged in Plaintiff's Original Complaint. Your answer shall include, but not be limited to, identification of the subject company policy(ies).

     **ANSWER:** Section 5.1 of Santander's Associate Handbook refers to the company's Progressive Discipline Policy.  This policy requires Santander to keep a record of any coaching, whether formal or informal.  It also requires Santander to keep a record of verbal warnings in each associate's personnel file.  Other documents include comments made by Santander employees about the need for documentation before placing an employee on a Performance Improvement Plan.  *See* SC 000663; Mathew 034.

**INTERROGATORY NO. 10:**

Please describe in detail the communication you allege in Plaintiff's Original Complaint to have had with Yessica Adriano in which you told her you were pregnant. Your answer shall include, but not be limited to, the following:

    (a)    Date;
    (b)    Location;
    (c)    Persons present;
    (d)    Description of conversation; and
    (e)    Identity of any written communication/documentation pertaining to the conversation.

    **ANSWER:**

    (a)    Date:  October 30, 2015
    (b)    Location:  Yessica Adriano's office
    (c)    Persons present:  Reena Mathew and Yessica Adriano
    (d)    Description of conversation:  Mathew told Adriano that she was pregnant.  Adriano said she was happy for Mathew.  Adriano asked when the baby was due, and asked Mathew what her plans were for after the baby was born.  Mathew answered that she did not know.
    (e)    Identity of any written communication/documentation pertaining to the conversation: Mathew is not aware of anything in writing about this conversation.

**INTERROGATORY NO. 11:**

Please state with particularity each fact that you would contend supports your allegation in Plaintiff's Original Complaint that your workload increased after Yessica Adriano became your supervisor in September 2015.

    **ANSWER:**    Plaintiff objects to this interrogatory because it mischaracterizes the Complaint.  Defendant is therefore asking Plaintiff to explain an allegation she did not make.

**INTERROGATORY NO. 12:**

Please state with particularity each fact that you would contend supports your allegation that Santander discriminated against you because of your sex/pregnancy. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, the identity of the individual(s) engaged in the conduct, the identity of each other individual present during such an occurrence, and the substance of any conversations before, during or after any such occurrence.

**ANSWER:** Plaintiff objects to the part of this request asking for "the substance of any conversations before, during or after any such occurrence." This expands the scope of the answer requested beyond a description of the facts supporting Plaintiff's contention and thus seeks irrelevant information. Plaintiff will provide the information necessary to identify the facts supporting her contention.

Reena Mathew was an experienced HR professional. She did her job well, and she consistently received favorable performance reviews. Before December 1, 2015, there were no documented criticisms of Mathew's performance, attendance, or other work-related issues.

On October 30, 2015, Mathew told Yessica Adriano she was pregnant. In this same conversation, Adriano asked Mathew what her plans were for after the baby was born. Mathew replied that she would not know until closer to the due date.

Adriano then began assembling information to try and justify disciplinary action against Mathew. Adriano contacted Mathew's previous supervisor, Angelina Hullum, and obtained a list of things that were all so minor, Hullum had not even mentioned them to Mathew at the time, and none of them resulted in a coaching or verbal warning. Mathew's performance had not suddenly changed when she became pregnant, the only thing that had changed was the fact Adriano now knew Mathew was pregnant. If Adriano legitimately believed Mathew was having performance and attendance problems, then logically Adriano would have said something to Mathew. Instead, Adriano covertly began documenting minor issues and non-issues without raising them with Mathew as they arose.

For example, on one or more occasions Mathew asked to modify her work hours to attend a doctor's appointment or to leave early, and Adriano approved without any comment or criticism concerning the amount of prior notice given. Later, Adriano used Mathew's request as a basis for placing Mathews on a performance improvement plan, falsely claiming that Mathew failed to give adequate prior notice and that she "continually asks to leave early and struggles to adhere to her work schedule."

On December 1, 2015, Adriano placed Mathew on a performance improvement plan (PIP). At the time, there was no documentation in Mathew's file of any prior coachings or verbal warnings. The PIP cited no specifics to justify the disciplinary action, just vague generalizations followed by a parenthetical stating: "See Addendum for specifics." However, there was no Addendum attached to the PIP.

It appears that Santander rescinded the PIP because Adriano's superiors recognized it was unjustified, but Adriano was undeterred. She took the list of the trivial matters reported by Hullum, added her own input regarding Mathew's alleged deficiencies (*i.e.* the things she had been noting for her files rather than addressing with Mathew so she could improve) and created an Addendum – Timeline of Events. Adriano prepared a second PIP, and this time she attached the Addendum. On

January 15, 2016, Adriano placed Mathew on a second PIP that was primarily based on things that Santander had already deemed to be insufficient to justify the first PIP.  The Addendum included 32 points, and only three of these were things that happened after December 1, 2015 (the day the first PIP was issued).  Like the first PIP, this second PIP was unjustified and motivated by Adriano's dissatisfaction with Mathew's pregnancy.

Mathew resolved to meet the expectation in the PIP and the 90 Day Action Plan that was presented along with it, and she met the only objective criteria stated in the PIP (give 48 hours' notice when requesting time off, and to submit a weekly time study).  Santander faulted Mathew for failing to meet expectations that it had not set or communicated.  For example, Adriano commented on the number of disciplinary actions she entered into WorkDay indicating it was too low, without having said how many would be enough.  If she had communicated an expectation, Mathew would have met it just as she met the expectation to give 48 hours' for future schedule changes.  Santander did not use the PIP as a tool to improve performance.  Santander used the PIP as a pretext for discrimination and retaliation, ultimately terminating her for failing to meet expectations that were never spelled out.


**INTERROGATORY NO. 13:**
Please state with particularity each fact that you would contend supports your allegation that Santander retaliated against you for engaging in protected activity. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, the identity of the individual(s) engaged in the conduct, the identity of each other individual present during such an occurrence, and the substance of any conversations before, during or after any such occurrence.

**ANSWER:** Plaintiff objects to the part of this request asking for "the substance of any conversations before, during or after any such occurrence."  This expands the scope of the answer requested beyond a description of the facts supporting Plaintiff's contention and thus seeks irrelevant information.  Plaintiff will provide the information necessary to identify the facts supporting her contention.

After being put on a PIP, Mathew engaged in protected activity by complaining that the PIP was because of her pregnancy.  This was on more than one occasion, starting in December 2015.  Her complaints were reiterated in a January 29, 2016 letter from Mathew's attorney to Santander.

The facts indicating a retaliatory motive overlap with those indicating pregnancy discrimination, described above.  In addition, rather than conducting an objective investigation, Santander began posturing to defend against future litigation.  In an email dated December 31, 2015, Stephanie Elad talked about a strategy that would "stack up in our favor in Arbitration or open hearing."  *See* SC000014.  After getting the January 29, 2016 letter from Mathew's attorney, Santander referred the matter to its outside trial attorneys for handling rather than conducting an objective investigation.

Santander also retaliated by holding Mathew to a higher standard and excessively criticizing her.  For example, Adriano and Shaffer deemed meeting recaps deficient even though they had not previously said they wanted an extremely detailed recap as opposed to a concise summary.  *See* SC000279 and SC001005.  Mathew's supervisors criticized for failing to use available resources to get things done, while simultaneously criticizing her for using those resources (such as using Sabrina Boyd to enter disciplinary actions into WorkDay).

6

Compared to the way she had been treated before her pregnancy and complaints of pregnancy discrimination, and compared to the way she saw other HRBPs being treated, Santander's treatment of Mathew changed.  Mathew worked at the same location as Adriano and Stephanie Elad, and their demeanors changed.  Before the first PIP both were pleasant, supportive, and helpful.  After, both were standoffish and avoided interaction, and instead of offering help they criticized Mathew for asking or needing help.

**INTERROGATORY NO. 14:**
Please identify each internet-based social networking site that you have used during the past 10 years (e.g., Facebook; YouTube; Instagram; Tik Tok; Snapchat; X/Twitter; Pinterest; LinkedIn; Tinder; Hinge; Bumble; eharmony; etc.). For each such site identified, please provide the name and address of the account holder, your user name or avatar, the URL where the account was/is available, and the dates during which you used the account.

> **ANSWER:** Mathew has a Facebook account, the URL is
> https://www.facebook.com/reena.mathew.77?mibextid=LQQJ4d
> June 2007 to the present.
>
> Mathew also has a LinkedIn account, and the URL is https://www.linkedin.com/in/
> reena-mathew-phr-8994993/

**INTERROGATORY NO. 15:**
Please describe in detail and itemize all damages you are seeking to recover in this Lawsuit.

> **ANSWER:** Plaintiff is seeking all damages and remedies available for her Title VII claims.  The damages recoverable are listed in 42 U.S.C. § 2000e-5(g)(injunction, back pay, reinstatement), 42 U.S.C. § 2000e-5(k) (attorney fees), and 42 U.S.C. § 1981a (compensatory and punitive damages).
>
> For compensatory and punitive damages, precise dollar amounts cannot be calculated. Plaintiff therefore intends to present her evidence to a jury and let the jury decide the amounts to be awarded.
>
> Plaintiff seeks to recover her lost income and lost benefits of employment. Plaintiff's lost income can be determined by calculating the compensation she would have received from Defendant if she had not been terminated.  Plaintiff's starting base salary in 2011 was $56,000 annually.  She was eligible for an annual bonus of up to ten percent of the base salary, and Santander matched her 401k contributions.
>
> At the time of her termination in 2016 her base salary had increased to approximately $74,000.  Her annual bonus averaged about ten percent each year.
>
> For the period from April 19, 2016 to the present, Plaintiff estimates her base salary would have increased four percent each year.  Her estimated lost base income and bonuses for this period are therefore:

|  | Base | Bonus | Total |
|---|---|---|---|
| 4/19/16 – 4/18/17 | 74,000 | 7,400.00 | |
| 4/19/17 – 4/18/18 | 76,920 | 7,692.00 | |
| 4/19/18 – 4/18/19 | 79,996.80 | 7,999.68 | |
| 4/19/19 – 4/18/20 | 83,196.67 | 8,319.66 | |
| 4/19/20 – 4/18/21 | 86,524.54 | 8,652.45 | |
| 4/19/21 – 4/18/22 | 89,985.52 | 8,998.55 | |
| 4/19/22 – 4/18/23 | 93,584.94 | 9,358.49 | |
| 4/19/23 – 1/29/24 | 75,916.09 | 7,591.60 | |
| | $660,124.56 | $66,012.43 | $726,136.99 |

Plaintiff will supplement this answer to address the 401k contributions after getting the pay records from Santander, and will also supplement regarding lost benefits.

**INTERROGATORY NO. 16:**
Please describe by category and location all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**     Plaintiff objects to this interrogatory as an improper request under the Federal Rules.  The request is overly broad because, rather than asking for specific relevant and nonprivileged information, Defendant seeks to flip the burden to Plaintiff to identify the relevant categories of information.

**INTERROGATORY NO. 17:**
Please list all steps which have been taken to identify and preserve any electronically-stored information relating to your allegations in this Lawsuit (e.g., documents stored on any type of computer, e-mail messages; text messages; instant messages; magnetic storage; solid state device; remote/cloud storage—including all social media and other information stored on the internet or accessible from websites, etc.).

**ANSWER:** Plaintiff objects to this as an improper interrogatory that does not seek to discover relevant and nonprivileged information.

**INTERROGATORY NO. 18:**
Please state the date on which you first hired an attorney to represent you in this matter, and identify each attorney who has represented you in this matter.

**ANSWER:**     December 8, 2015.  Spielberger Law Group, and Donald E. Uloth.

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on January 29, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

9

<u>VERIFICATION</u>

1.      My name is Reena S. Mathew.  I am over twenty-one (21) years of age, and I am competent to make this sworn Verification.  I have personal knowledge of the facts set forth herein, and they are all true and correct.

2.      I declare under penalty of perjury that the foregoing interrogatory answers are all true and correct.

Executed on January 29th, 2024.

_____
Reena S. Mathew

10

don.uloth@uloth.pro

From:              Don Uloth <don.uloth@uloth.pro>
Sent:              Tuesday, February 6, 2024 9:47 AM
To:                'Monte K. Hurst'
Subject:           Mathew v Santander
Attachments:       AUTHORIZATION TO RELEASE.pdf


Monte:

    Attached are the authorization forms Ms. Mathew agreed to sign.

    Please let me know if you have any questions.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
(214) 989-4396
don.uloth@uloth.pro

1

## AUTHORIZATION TO RELEASE
## CONFIDENTIAL UNEMPLOYMENT INSURANCE
## RECORDS

I Reena Mathew, Social Security Number: ████████████, authorize the Texas Workforce Commission to release the following records (please check applicable items):

_X_ Unemployment Insurance claims records
_____ Wage Record
_____ Other (please list)_____
_____

to the following person/entity:
HALLETT & PERRIN, P.C., 1445 Ross Avenue, Suite 2400, Dallas, Texas 75201_____

I understand that these are the records of a state agency, and I expressly authorize that agency to release these records to the above person/entity for the following purpose:
Lawsuit_____
_____

I authorize the release of records for use only for the purpose listed above. Any person(s) obtaining records pursuant to this Authorization shall be solely responsible for the payment of all costs assessed by the Texas Workforce Commission for providing such records. A legible photocopy or telecopy transmission facsimile of this Authorization shall be deemed equivalent to the original. This Authorization shall be valid for a period of six months from the date of execution set forth below, or until my written revocation is received by TWC, whichever occurs earlier.

This release shall apply to all time periods of records held or maintained by TWC unless specifically limited herein.

Date: _____2/2/24_____

Signature: _____[signature]_____

Printed Name: Reena S. Mathew_____

Address: 1355 Valley Vista Dr._____

City, State, Zip: Irving, TX 75063_____

Mail to TWC Open Records 101 East 15th Street, Room 266, Austin, Texas 78778-0001

## AUTHORIZATION FOR RELEASE OF PERSONNEL AND PAYROLL RECORDS

**TO:** **CUSTODIAN OF RECORDS FOR EMPLOYERS OF REENA MATHEW FROM 2013 TO THE PRESENT.**

You are hereby authorized and directed by the undersigned to release and provide to **HALLETT & PERRIN, P.C., 1445 Ross Avenue, Suite 2400, Dallas, Texas 75202**, its agents, representatives or employees, all information in your records relative to personnel and payroll records you may have including but not limited to applications for employment, notes from interviews, pre-employment screening tests, employment related physicals, reference checks, hiring records, personnel information forms, job descriptions, employees handbook and/or policies and procedures, drug test results, safety instructions, reports relating to on-the-job injuries, medical records, workers compensation records, disciplinary records, absenteeism records, termination records, attendance records, performance evaluations, salary reviews, wage information, W-2's, W-4's, correspondence, DOT qualification file documents, and any other document in your possession, custody and control pertaining to **REENA MATHEW**.

This will further authorize any employer, or their representatives, to deliver to the above-named attorneys, or their agents, representatives or employees, any written data pertaining to my employment that is requested by said attorneys.

This Authorization is for use in the investigation, evaluation and defense of a pending civil action in which the undersigned, **REENA MATHEW** is a party.

DATED this _2nd_ day of _February_ , 2024.

_[signature]_

**REENA MATHEW**

Social Security No.: XXX-XX-9437

Date of Birth: ███████

## AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION (IN COMPLIANCE WITH ALL CORE ELEMENTS AND REQUIRED STATEMENTS PURSUANT TO 45 CFR §164.508)

Directed To: Dr. Radha Kambhampati

Patient: Reena Mathew _____ Date of Birth: ██████████

Re: Reena Mathew vs. Santander Consumer USA Inc.

I, Reena Mathew hereby authorize and request, you furnish to HALLETT & PERRIN, P.C. and/or its authorized representative or agent the following:

X  History/Physical

X  Doctor's Notes/Office Notes

X  Admissions/Initial Visit

X  Consultations

X  Discharge Summaries

X  Copy of Entire Health Record OR from 2013 to present

X  Itemized Billing Statements/Billing Records

X  Records from other health care providers which are maintained as part of your file

o  Other:

Each of the foregoing entities will be responsible for paying any reasonable copying costs incurred in connection with records being forward to the respective entity.

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immune deficiency syndrome (AIDS) or human immune deficiency virus (HIV). It may also include information about behavioral or mental health services, information concerning alcohol or drug abuse and social and family matters

A photostatic copy of this authorization is considered as effective as the original and will expire 180 days from date signed *or* at the conclusion of this litigation.

This release of the aforementioned records is only for evaluation and use in connection with civil litigation or other cause as referenced above.

I understand I have the right to revoke this authorization at any time, provided the revocation is in writing to Written Deposition Service and/or the firm listed above and the above listed Health Provider. Revocation of this Authorization will not affect information released prior to the notification of cancellation.

I understand that authorizing the disclosure of this health information is voluntary. I understand that I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand that any disclosure of information, carries with it the potential for an unauthorized re-disclosure and the information may not be protected by Federal confidentiality rules.

I understand that my refusal to sign this form does not affect my health care treatment or the payment of my health care treatment. Medical providers may not condition treatment or payment on execution of this authorization.

Signature of Patient or Patient Representative

(If not the patient, please state your relationship to the patient)

Date:



**Fax Cover Sheet**

P.O. Box 735443
DALLAS, TX 75373-5443
800.659.4035
800.833.5935 (fax)

## To

| Name | Company/Firm | Phone | Ext. | Fax |
|------|-------------|-------|------|-----|
| MEDICAL RECORDS | DONALD E ULOTH | 2149894396 | | 9727776951 |

## From

| Name | Extension | | Email |
|------|-----------|--|-------|
| | | | |

| Records From | Reference | Subject | Date | Pages (Including Cover Sheet) |
|--------------|-----------|---------|------|-------------------------------|
| BSW MENTAL HEALTH CLINIC - TEMPLE | REENA MATH EW | Mathew, Reena | 06/17/24 | 6 |

## Message

To Whom It May Concern:

There are No Records for the Date of Service you have requested.

HealthMark Group is contracted by the medical facility to fulfill all medical record requests. As a contracted business associate, we are obligated to follow HIPAA regulations which protects the confidentiality of a patient's Protected Health Information (PHI).

If you have any questions, please contact our customer support number at 800-659-4035 or by email at status@healthmark-group.com.

Please call us immediately if the fax you receive is incomplete or illegible.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone toll free at 1 800.659.4035 and return the original message to us at the above address via the US Postal Service.  Thank You.  HealthMark Group, LLC.

## LAW OFFICE OF DONALD E. ULOTH

18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252

DONALD E. ULOTH
Attorney

Phone: (214) 989-4396
Email: don.uloth@uloth.pro

May 23, 2024

*Sent through HealthMark's Request Manager,*
*https://requestmanager.healthmark-group.com*:
Baylor Scott & White Health
c/o HealthMark Group
325 N St Paul St, Ste 1650
Dallas, TX 75201

Re:  Request for medical records for Reena S. Mathew, including psychotherapy
records

Dear Sir/Madam:

I represent Reena S. Mathew in a lawsuit against her former employer.  The case is
*Mathew v. Santander Consumer USA Inc.*, case no. 3:23-cv-01494, now pending in the United
States District Court, Northern District of Texas.

I am writing to request medical records from three of her health-care providers: Julie
Sharad Parekh, MD, Kristen Richeson Carmichael, MD, and Radha Kambhampati, MD.  Along
with this letter, I am submitting a signed Authorization form directed to each doctor, <u>plus an
additional form directed to Dr.  Kambhampati asking for psychotherapy records</u>.

The time period for the request is July 1, 2015 through June 30, 2017, so I understand
records for this period may not have been retained for this long.

If there are records to produce, I would like to get a Medical Records Affidavit signed.
Getting the affidavit for each set of records could eliminate the need for me to subpoena Baylor
Scott & White for a deposition or to trial to prove up the records, so the affidavit is an important
part of this request.  I am submitting a blank affidavit that I have used before, but let me know if
you think anything needs to be changed.

Very truly yours,

*/s/ Donald E. Uloth*

Donald E. Uloth



**Baylor Scott & White**
H E A L T H

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I hereby authorize Baylor Scott & White Health to disclose my individually identifiable health information as described below. I understand that this authorization is voluntary and I may refuse to sign this authorization. I further understand that my health care and the payment of my health care will not be affected if I do not sign this form.

I understand that if the recipient authorized to receive the information is not a covered entity, e.g. insurance company or non-health care provider, the released information may no longer be protected by federal and state privacy regulations.

I understand that this authorization will expire 180 days from the date of signature or at the date or event specified here _____ (Expiration date/event).

I further understand that I may revoke this authorization at any time by notifying, in writing, the Baylor Scott & White Health facility where this authorization is being signed. I also understand the revocation must be signed and dated with a date that is later than the date on this authorization. The revocation will not affect any releases made prior to the receipt of the written revocation.

I understand there is a charge for photocopies and records provided on electronic media, as permitted by Texas law, unless copies are sent directly to another health care provider. ☐ I would like to review my record

| Patient Name | Last 4 of Social Security Number | Date of Birth | Acct # | MRN |
|---|---|---|---|---|
| Reena Sara Mathew | ▓▓▓▓ | | | |
| Street Address | City, State, | Zip | Telephone Number | |
| 1355 Valley Vista Dr. | Irving, TX | 75063 | (214) 417-0821 | |

Please release information from these BSWH facilities: Baylor Scott & White Obstetrics & Gynecology - Frisco

Please release the following information for these treatment dates: 07/01/2015 – 06/30/2016

The information will be released to: ☐ Patient/Designee ☐ Health Care Entity ☐ Insurance Company ☒ Attorney ☐ Other

| Individual/Organization Name | Telephone Number |
|---|---|
| Donald E. Uloth/Law Office of Donald E. Uloth | (214) 989-4396 |
| Street Address | City, State, Zip | Fax Number |
| 18208 Preston Rd. Suite D-9 #261 | | (972) 777-6951 |

Purpose of the use and/or disclosure: ☐ Continued Care ☒ Legal ☐ Insurance ☐ Personal Use ☐ Other _____

Record copy format: ☐ Paper ☒ CD ☐ _____   Record copy delivery: ☐ Pick-up ☐ Mail ☐ Fax to healthcare office
☒ MyBSWHealth ☐ Email _____

### Information to be released:
Include this information if applicable: _____ Alcohol/Drug _____ Genetics _____ HIV/AIDS  Mental Health
_PT INITIALS_ _PT INITIALS_ _PT INITIALS_ _PT INITIALS_

☒ Summary Abstract only (clinic notes, history/physical, procedure reports, pathology, consultations, test results, discharge summary)
☒ Emergency Department      ☒ Discharge Summary      ☒ Medication            ☒ Provider Orders
☒ Billing Record            ☒ History/Physical       ☒ Nurses' Notes         ☐ Radiology Film
☒ Complete Chart (Fee)      ☒ Immunization           ☒ Operative Reports     ☐ Radiology Reports
☒ Consultations             ☒ Laboratory             ☒ Progress Notes
☒ Other: _____ All medical records and mental health records. _RSM_

I understand the record might not be complete, if it is a recent visit, and additional documentation could be added after submitting this request.

By typing my name below, I certify that this information can be used for the purpose of processing my Authorization for Release of Information request. I consider this as my electronic signature for this request.

_Signature of Patient or Legal Representative_      Date  5/22/24

_Reena Mathew_
_Printed Name of Patient or Legal Representative_      Relationship to Patient

Representative's Authority to Act for Patient
(attach supporting documentation)
BSWH-49262 (11/20)



**BaylorScott&White**
H E A L T H

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I hereby authorize Baylor Scott & White Health to disclose my individually identifiable health information as described below. I understand that this authorization is voluntary and I may refuse to sign this authorization. I further understand that my health care and the payment of my health care will not be affected if I do not sign this form.

I understand that if the recipient authorized to receive the information is not a covered entity, e.g. insurance company or non-health care provider, the released information may no longer be protected by federal and state privacy regulations.

I understand that this authorization will expire 180 days from the date of signature or at the date or event specified here _____ (Expiration date/event).

I further understand that I may revoke this authorization at any time by notifying, in writing, the Baylor Scott & White Health facility where this authorization is being signed. I also understand the revocation must be signed and dated with a date that is later than the date on this authorization. The revocation will not affect any releases made prior to the receipt of the written revocation.

I understand there is a charge for photocopies and records provided on electronic media, as permitted by Texas law, unless copies are sent directly to another health care provider. ☐ I would like to review my record

| Patient Name | Last 4 of Social Security Number | Date of Birth | Acct # | MRN |
|---|---|---|---|---|
| Reena S. Mathew | ▮▮▮ | ▮▮▮ | | |
| Street Address | City, State, | Zip | Telephone Number | |
| 1355 Valley Vista Dr. | Irving, TX | 75063 | (214) 417-0821 | |

Please release information from these BSWH facilities: Any facility where Dr. Radha Kambhampati treated me

Please release the following information for these treatment dates: 07/01/2015 - 06/30/2017

The information will be released to: ☐ Patient/Designee ☐ Health Care Entity ☐ Insurance Company ☒ Attorney ☐ Other

| Individual/Organization Name | Telephone Number |
|---|---|
| Donald E. Uloth / Law Office of Donald E. Uloth | (214) 725-0260 |
| Street Address | City, State, Zip | Fax Number |
| 18208 Preston Rd. Suite D-9 #261 | Dallas, TX 75252 | (972) 777-6951 |

Purpose of the use and/or disclosure: ☐ Continued Care ☒ Legal ☐ Insurance ☐ Personal Use ☐ Other _____

Record copy format: ☐ Paper ☒ CD ☐ _____     Record copy delivery: ☐ Pick-up ☐ Mail ☐ Fax to healthcare office ☒ MyBSWHealth ☐ Email _____

## Information to be released:

Include this information if applicable: _____ Alcohol/Drug _____ Genetics _____ HIV/AIDS _____ Mental Health
PT INITIALS    PT INITIALS    PT INITIALS    PT INITIALS

☐ Summary Abstract only (clinic notes, history/physical, procedure reports, pathology, consultations, test results, discharge summary)

| | | | |
|---|---|---|---|
| ☒ Emergency Department | ☒ Discharge Summary | ☒ Medication | ☒ Provider Orders |
| ☒ Billing Record | ☒ History/Physical | ☒ Nurses' Notes | ☒ Radiology Film |
| ☒ Complete Chart (Fee) | ☒ Immunization | ☒ Operative Reports | ☒ Radiology Reports |
| ☒ Consultations | ☒ Laboratory | ☒ Progress Notes | |

☒ Other: ALL MEDICAL RECORDS AND MENTAL HEALTH RECORDS

I understand the record might not be complete, if it is a recent visit, and additional documentation could be added after submitting this request.

By typing my name below, I certify that this information can be used for the purpose of processing my Authorization for Release of Information request. I consider this as my electronic signature for this request.

_____     5/22/24
Signature of Patient or Legal Representative     Date

Reena Mathew
_____     _____
Printed Name of Patient or Legal Representative     Relationship to Patient

_____
Representative's Authority to Act for Patient
(attach supporting documentation)
BSWH-49262 (11/20)





## BaylorScott&White
### H E A L T H

# AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I hereby authorize Baylor Scott & White Health to disclose my individually identifiable health information as described below. I understand that this authorization is voluntary and I may refuse to sign this authorization. I further understand that my health care and the payment of my health care will not be affected if I do not sign this form.

I understand that if the recipient authorized to receive the information is not a covered entity, e.g. insurance company or non-health care provider, the released information may no longer be protected by federal and state privacy regulations.

I understand that this authorization will expire 180 days from the date of signature or at the date or event specified here _____ (Expiration date/event).

I further understand that I may revoke this authorization at any time by notifying, in writing, the Baylor Scott & White Health facility where this authorization is being signed. I also understand the revocation must be signed and dated with a date that is later than the date on this authorization. The revocation will not affect any releases made prior to the receipt of the written revocation.

I understand there is a charge for photocopies and records provided on electronic media, as permitted by Texas law, unless copies are sent directly to another health care provider. ☐ I would like to review my record

| Patient Name | Last 4 of Social Security Number | Date of Birth | Acct # | MRN |
|---|---|---|---|---|
| Reena Sara Mathew | ▓▓▓▓ | ▓▓▓▓ | | |
| Street Address | City, State, | Zip | Telephone Number | |
| 1355 Valley Vista Dr. | Irving, TX | 75063 | (214) 417-0821 | |

Please release information from these BSWH facilities: __Baylor Scott & White Dallas Diagnostic Association - Plano__

Please release the following information for these treatment dates: __07/01/2015 – 06/30/2016__

The information will be released to: ☐ Patient/Designee ☐ Health Care Entity ☐ Insurance Company ☒ Attorney ☐ Other

| Individual/Organization Name | Telephone Number |
|---|---|
| Donald E. Uloth/Law Office of Donald E. Uloth | (214) 989-4396 |
| Street Address | City, State, Zip | Fax Number |
| 18208 Preston Rd. Suite D-9 #261 | Dallas, TX 75252 | (972) 777-6951 |

Purpose of the use and/or disclosure: ☐ Continued Care ☒ Legal ☐ Insurance ☐ Personal Use ☐ Other _____

Record copy format: ☐ Paper ☒ CD ☐ _____   Record copy delivery: ☐ Pick-up ☐ Mail ☐ Fax to healthcare office
☒ MyBSWHealth ☐ Email _____

## Information to be released:
Include this information if applicable: _____ Alcohol/Drug _____ Genetics _____ HIV/AIDS _____ Mental Health
PT INITIALS        PT INITIALS        PT INITIALS

☐ Summary Abstract only (clinic notes, history/physical, procedure reports, pathology, consultations, test results, discharge summary)
☒ Emergency Department          ☒ Discharge Summary          ☒ Medication          ☒ Provider Orders
☒ Billing Record                ☒ History/Physical           ☒ Nurses' Notes       ☐ Radiology Film
☒ Complete Chart (Fee)          ☒ Immunization               ☒ Operative Reports   ☐ Radiology Reports
☒ Consultations                 ☒ Laboratory                 ☒ Progress Notes
☒ Other: __All medical records and mental health records.__

I understand the record might not be complete, if it is a recent visit, and additional documentation could be added after submitting this request.

By typing my name below, I certify that this information can be used for the purpose of processing my Authorization for Release of Information request. I consider this as my electronic signature for this request.

Signature of Patient or Legal Representative _____   Date __5/22/24__

Printed Name of Patient or Legal Representative __Reena Mathew__

Representative's Authority to Act for Patient _____   Relationship to Patient _____

Representative's Authority to Act for Patient
(attach supporting documentation)
BSWH-49262 (11/20)

DEPARTMENT OF HEALTH AND HUMAN SERVICES
Indian Health Service

FORM APPROVED, OMB NO. 0917-0030
Expiration Date: 4/30/2012
See 0-HB Statement on Reverse

## AUTHORIZATION FOR USE OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

**COMPLETE ALL SECTIONS, DATE, AND SIGN**

I. I, Reena S. Mathew _____ , hereby voluntarily authorize the disclosure of information from my health record.   *(Name of Patient)*

II. The information is to be disclosed by:

| NAME OF FACILITY | NAME OF PERSON/ORGANIZATION/FACILITY |
|---|---|
| Baylor Scott and White Medical Center | Donald E. Uloth/Law Office of Donald E. Uloth |
| ADDRESS | ADDRESS |
| 1901 N. MacArthur Blvd. | 18208 Preston Rd. Suite D-9 #261 |
| CITY/STATE | CITY/STATE |
| Irving, TX 75039 | Dallas, TX 75252 |

III. The purpose or need for this disclosure is:

- [ ] Further Medical Care
- [x] Attorney
- [ ] School
- [ ] Research
- [ ] Personal Use
- [ ] Insurance
- [ ] Disability
- [ ] Other (Specify)

IV. The information to be disclosed from my health record: *(check appropriate box(es))*

- [ ] Only information related to *(specify)* _____
- [ ] Only the period of events from _____ to _____
- [ ] Other *(specify) (CHS, Billing, etc.)* _____
- [x] Entire Record

**If you would like any of the following sensitive information disclosed, check the applicable box(es) below:**

- [ ] Alcohol/Drug Abuse Treatment/Referral
- [ ] HIV/AIDS-related Treatment
- [ ] Sexually Transmitted Diseases
- [ ] Mental Health *(Other than Psychotherapy Notes)*
- [x] Psychotherapy Notes ONLY (by checking this box, I am waiving any psychotherapist-patient privilege)

V. I understand that I may revoke this authorization in writing submitted at any time to the Health Information Management Department, except to the extent that action has been taken in reliance on this authorization. If this authorization was obtained as a condition of obtaining insurance coverage or a policy of insurance, other law may provide the insurer with the right to contest a claim under the policy. If this authorization has not been revoked, it will terminate one year from the date of my signature unless a different expiration date or *expiration event* is stated.

_____ *(Specify new date)*

I understand that IHS will not condition treatment or eligibility for care on my providing this authorization except if such care is:
(1) research related or (2) provided solely for the purpose of creating Protected Health Information for disclosure to a third party.

I understand that information disclosed by this authorization, except for Alcohol and Drug Abuse as defined in 42 CFR Part 2, may be subject to redisclosure by the recipient and may no longer be protected by the Health Insurance Portability and Accountability Act Privacy Rule [45 CFR Part 164] , and the Privacy Act of 1974 [5 USC 552a].

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE *(State relationship to patient)* | DATE |
|---|---|
| *Rmathew* | 5/22/24 |
| SIGNATURE OF WITNESS *(If signature of patient is a thumbprint or mark)* | DATE |

This information is to be released for the purpose stated above and may not be used by the recipient for any other purpose. Any person who knowingly and willfully requests or obtains any record concerning an individual from a Federal agency under false pretenses shall be guilty of a misdemeanor [5 USC 552a(i)(3)].

| PATIENT IDENTIFICATION | NAME *(Last, First, MI)* Mathew, Reena S. | RECORD NUMBER |
|---|---|---|
| | ADDRESS 1355 Valley Vista Dr. | |
| | CITY/STATE Irving, TX 75063 | DATE OF BIRTH ▮▮▮▮ |

IHS-810 (4/09) FRONT



# Fax Cover Sheet

P.O. Box 735443
DALLAS, TX 75373-5443
800.659.4035
800.833.5935 (fax)

## To

| Name | Company/Firm | Phone | Ext. | Fax |
|------|--------------|-------|------|-----|
| MEDICAL RECORDS | DONALD E ULOTH | 2149894396 | | 9727776951 |

## From

| Name | Extension | | Email |
|------|-----------|--|-------|
| Amanda Carson | | | |

| Records From | Reference | Subject | Date | Pages (Including Cover Sheet) |
|--------------|-----------|---------|------|-------------------------------|
| BSW OBSTETRICS & GYNECOLOGY - FRISCO | REENA MATH EW | Mathew, Reena | 06/21/24 | 4 |

## Message

To Whom It May Concern:

HealthMark Group is contracted by the medical facility to fulfill all medical record requests. As a contracted business associate, we are obligated to follow HIPAA regulations which protects the confidentiality of a patient's Protected Health Information (PHI).

Therefore, HealthMark Group will not be able to fulfill requests for medical records without the proper authorization and/or necessary supporting documentation. After reviewing the submitted request and the patient's health record, we regret to inform you that we cannot respond to your request for records at this time for the following reason(s):

The authorization submitted with the request has Expired. We must receive an updated HIPAA compliant authorization before records can be released.  Please send the current HIPAA Compliant Authorization by fax to 800-833-5935 or by email to status@healthmark-group.com.

Please call us immediately if the fax you receive is incomplete or illegible.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone toll free at 1 800.659.4035 and return the original message to us at the above address via the US Postal Service.  Thank You.  HealthMark Group, LLC.

App.24

# LAW OFFICE OF DONALD E. ULOTH

18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252

DONALD E. ULOTH
Attorney

Phone: (214) 989-4396
Email: don.uloth@uloth.pro

May 23, 2024

*Sent through HealthMark's Request Manager,*
*https://requestmanager.healthmark-group.com*:
Baylor Scott & White Health
c/o HealthMark Group
325 N St Paul St, Ste 1650
Dallas, TX 75201

Re:   Request for medical records for Reena S. Mathew, including psychotherapy
records

Dear Sir/Madam:

I represent Reena S. Mathew in a lawsuit against her former employer.  The case is
*Mathew v. Santander Consumer USA Inc.*, case no. 3:23-cv-01494, now pending in the United
States District Court, Northern District of Texas.

I am writing to request medical records from three of her health-care providers: Julie
Sharad Parekh, MD, Kristen Richeson Carmichael, MD, and Radha Kambhampati, MD.  Along
with this letter, I am submitting a signed Authorization form directed to each doctor, plus an
additional form directed to Dr.  Kambhampati asking for psychotherapy records.

The time period for the request is July 1, 2015 through June 30, 2017, so I understand
records for this period may not have been retained for this long.

If there are records to produce, I would like to get a Medical Records Affidavit signed.
Getting the affidavit for each set of records could eliminate the need for me to subpoena Baylor
Scott & White for a deposition or to trial to prove up the records, so the affidavit is an important
part of this request.  I am submitting a blank affidavit that I have used before, but let me know if
you think anything needs to be changed.

Very truly yours,

*/s/ Donald E. Uloth*

Donald E. Uloth



# BaylorScott&White
### HEALTH

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I hereby authorize Baylor Scott & White Health to disclose my individually identifiable health information as described below. I understand that this authorization is voluntary and I may refuse to sign this authorization. I further understand that my health care and the payment of my health care will not be affected if I do not sign this form.

I understand that if the recipient authorized to receive the information is not a covered entity, e.g. insurance company or non-health care provider, the released information may no longer be protected by federal and state privacy regulations.

I understand that this authorization will expire 180 days from the date of signature or at the date or event specified here _____ (Expiration date/event).

I further understand that I may revoke this authorization at any time by notifying, in writing, the Baylor Scott & White Health facility where this authorization is being signed. I also understand the revocation must be signed and dated with a date that is later than the date on this authorization. The revocation will not affect any releases made prior to the receipt of the written revocation.

I understand there is a charge for photocopies and records provided on electronic media, as permitted by Texas law, unless copies are sent directly to another health care provider. ☐ I would like to review my record

| Patient Name | Last 4 of Social Security Number | Date of Birth | Acct # | MRN |
|---|---|---|---|---|
| Reena Sara Mathew | ███ | | | |

| Street Address | City, State, | Zip | Telephone Number |
|---|---|---|---|
| 1355 Valley Vista Dr. | Irving, TX | 75063 | (214) 417-0821 |

Please release information from these BSWH facilities: Baylor Scott & White Obstetrics & Gynecology - Frisco

Please release the following information for these treatment dates: 07/01/2015 – 06/30/2016

The information will be released to: ☐ Patient/Designee  ☐ Health Care Entity  ☐ Insurance Company  ☒ Attorney  ☐ Other

| Individual/Organization Name | Telephone Number |
|---|---|
| Donald E. Uloth/Law Office of Donald E. Uloth | (214) 989-4396 |

| Street Address | City, State, Zip | Fax Number |
|---|---|---|
| 18208 Preston Rd. Suite D-9 #261 | | (972) 777-6951 |

Purpose of the use and/or disclosure: ☐ Continued Care  ☒ Legal  ☐ Insurance  ☐ Personal Use  ☐ Other _____

Record copy format: ☐ Paper  ☒ CD  ☐ _____       Record copy delivery: ☐ Pick-up  ☐ Mail  ☐ Fax to healthcare office
☒ MyBSWHealth  ☐ Email _____

## Information to be released:
Include this information if applicable: _____ Alcohol/Drug   _____ Genetics   _____ HIV/AIDS   [signature] Mental Health
                                       PT INITIALS              PT INITIALS            PT INITIALS            PT INITIALS

☒ Summary Abstract only (clinic notes, history/physical, procedure reports, pathology, consultations, test results, discharge summary)

| | | |
|---|---|---|
| ☒ Emergency Department | ☒ Discharge Summary | ☒ Medication | ☒ Provider Orders |
| ☒ Billing Record | ☒ History/Physical | ☒ Nurses' Notes | ☐ Radiology Film |
| ☒ Complete Chart (Fee) | ☒ Immunization | ☒ Operative Reports | ☐ Radiology Reports |
| ☒ Consultations | ☒ Laboratory | ☒ Progress Notes | |

☒ Other: ___All medical records and mental health records.___ [initials]

I understand the record might not be complete, if it is a recent visit, and additional documentation could be added after submitting this request.

By typing my name below, I certify that this information can be used for the purpose of processing my Authorization for Release of Information request. I consider this as my electronic signature for this request.

_[signature]_____          __5/22/24__
Signature of Patient or Legal Representative          Date

_Reena Mathew_____          _____
Printed Name of Patient or Legal Representative          Relationship to Patient

Representative's Authority to Act for Patient
(attach supporting documentation)
BSWH-49262 (11/20)



DEPARTMENT OF HEALTH AND HUMAN SERVICES
Indian Health Service

FORM APPROVED, OMB NO. 0917-0030
Expiration Date: 4/30/2012
See IHM Exemptual on Reverse

## AUTHORIZATION FOR USE OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

COMPLETE ALL SECTIONS, DATE, AND SIGN

I.  I, Reena S. Mathew                              , hereby voluntarily authorize the disclosure of information from my
    health record.    *(Name of Patient)*

II. The information is to be disclosed by:                    And is to be provided to:

| NAME OF FACILITY | NAME OF PERSON/ORGANIZATION/FACILITY |
|---|---|
| Baylor Scott and White Medical Center | Donald E. Uloth/Law Office of Donald E. Uloth |
| ADDRESS | ADDRESS |
| 1901 N. MacArthur Blvd. | 18208 Preston Rd. Suite D-9 #261 |
| CITY/STATE | CITY/STATE |
| Irving, TX 75039 | Dallas, TX 75252 |

III. The purpose or need for this disclosure is:

[ ] Further Medical Care  [x] Attorney  [ ] School  [ ] Research
[ ] Personal Use  [ ] Insurance  [ ] Disability  [ ] Other (Specify)

IV. The information to be disclosed from my health record: *(check appropriate box(es))*

[ ] Only information related to *(specify)* _____

[ ] Only the period of events from _____ to _____
[ ] Other *(specify) (CHS, Billing, etc.)* _____
[x] Entire Record

**If you would like any of the following sensitive information disclosed, check the applicable box(es) below:**

[ ] Alcohol/Drug Abuse Treatment/Referral      [ ] HIV/AIDS-related Treatment
[ ] Sexually Transmitted Diseases              [ ] Mental Health *(Other than Psychotherapy Notes)*
[x] Psychotherapy Notes ONLY (by checking this box, I am waiving any psychotherapist-patient privilege)

V.  I understand that I may revoke this authorization in writing submitted at any time to the Health Information Management Department, except to the extent that action has been taken in reliance on this authorization. If this authorization was obtained as a condition of obtaining insurance coverage or a policy of insurance, other law may provide the insurer with the right to contest a claim under the policy. If this authorization has not been revoked, it will terminate one year from the date of my signature unless a different expiration date or *expiration event* is stated.

_____
*(Specify new date)*

I understand that IHS will not condition treatment or eligibility for care on my providing this authorization except if such care is:
(1) research related or (2) provided solely for the purpose of creating Protected Health Information for disclosure to a third party.

I understand that information disclosed by this authorization, except for Alcohol and Drug Abuse as defined in 42 CFR Part 2, may be subject to redisclosure by the recipient and may no longer be protected by the Health Insurance Portability and Accountability Act Privacy Rule [45 CFR Part 164] , and the Privacy Act of 1974 [5 USC 552a].

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE *(State relationship to patient)* | DATE |
|---|---|
| *Rmathew* | 5/22/24 |
| SIGNATURE OF WITNESS *(if signature of patient is a thumbprint or mark)* | DATE |

This information is to be released for the purpose stated above and may not be used by the recipient for any other purpose. Any person who knowingly and willfully requests or obtains any record concerning an individual from a Federal agency under false pretenses shall be guilty of a misdemeanor (5 USC 552a(i)(3))

| PATIENT IDENTIFICATION | NAME (Last, First, MI) | RECORD NUMBER |
|---|---|---|
| | Mathew, Reena S. | |
| | ADDRESS | |
| | 1355 Valley Vista Dr. | |
| | CITY/STATE | DATE OF BIRTH |
| | Irving, TX 75063 | ▇▇▇▇ |

IHS-810 (4/09) FRONT



**Fax Cover Sheet**

P.O. Box 735443

DALLAS, TX 75373-5443

800.659.4035

800.833.5935 (fax)

## To

| Name | Company/Firm | Phone | Ext. | Fax |
| --- | --- | --- | --- | --- |
| MEDICAL RECORDS | DONALD E ULOTH | 2149894396 | | 9727776951 |

## From

| Name | Extension | | Email | |
| --- | --- | --- | --- | --- |
| Amanda Carson | | | | |

| Records From | Reference | Subject | Date | Pages (Including Cover Sheet) |
| --- | --- | --- | --- | --- |
| BSW DALLAS DIAGNOSTIC ASSOCIATION AT PLANO- IM | REENA MATH EW | Mathew, Re ena | 06/21/24 | 4 |

## Message

To Whom It May Concern:

There are No Records for the Date of Service you have requested.

HealthMark Group is contracted by the medical facility to fulfill all medical record requests. As a contracted business associate, we are obligated to follow HIPAA regulations which protects the confidentiality of a patient's Protected Health Information (PHI).

If you have any questions, please contact our customer support number at 800-659-4035 or by email at status@healthmark-group.com.

Please call us immediately if the fax you receive is incomplete or illegible.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone toll free at 1 800.659.4035 and return the original message to us at the above address via the US Postal Service.  Thank You.  HealthMark Group, LLC.

# LAW OFFICE OF DONALD E. ULOTH

18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252

DONALD E. ULOTH
Attorney

Phone: (214) 989-4396
Email: don.uloth@uloth.pro

May 23, 2024

*Sent through HealthMark's Request Manager,*
*https://requestmanager.healthmark-group.com*:
Baylor Scott & White Health
c/o HealthMark Group
325 N St Paul St, Ste 1650
Dallas, TX 75201

Re:    Request for medical records for Reena S. Mathew, including psychotherapy
records

Dear Sir/Madam:

I represent Reena S. Mathew in a lawsuit against her former employer.  The case is
*Mathew v. Santander Consumer USA Inc.*, case no. 3:23-cv-01494, now pending in the United
States District Court, Northern District of Texas.

I am writing to request medical records from three of her health-care providers: Julie
Sharad Parekh, MD, Kristen Richeson Carmichael, MD, and Radha Kambhampati, MD.  Along
with this letter, I am submitting a signed Authorization form directed to each doctor, plus an
additional form directed to Dr.  Kambhampati asking for psychotherapy records.

The time period for the request is July 1, 2015 through June 30, 2017, so I understand
records for this period may not have been retained for this long.

If there are records to produce, I would like to get a Medical Records Affidavit signed.
Getting the affidavit for each set of records could eliminate the need for me to subpoena Baylor
Scott & White for a deposition or to trial to prove up the records, so the affidavit is an important
part of this request.  I am submitting a blank affidavit that I have used before, but let me know if
you think anything needs to be changed.

Very truly yours,

*/s/ Donald E. Uloth*

Donald E. Uloth



**Baylor Scott & White**
H E A L T H

## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

I hereby authorize Baylor Scott & White Health to disclose my individually identifiable health information as described below. I understand that this authorization is voluntary and I may refuse to sign this authorization. I further understand that my health care and the payment of my health care will not be affected if I do not sign this form.

I understand that if the recipient authorized to receive the information is not a covered entity, e.g. insurance company or non-health care provider, the released information may no longer be protected by federal and state privacy regulations.

I understand that this authorization will expire 180 days from the date of signature or at the date or event specified here _____ (Expiration date/event).

I further understand that I may revoke this authorization at any time by notifying, in writing, the Baylor Scott & White Health facility where this authorization is being signed. I also understand the revocation must be signed and dated with a date that is later than the date on this authorization. The revocation will not affect any releases made prior to the receipt of the written revocation.

I understand there is a charge for photocopies and records provided on electronic media, as permitted by Texas law, unless copies are sent directly to another health care provider. ☐ I would like to review my record

| Patient Name | Last 4 of Social Security Number | Date of Birth | Acct # | MRN |
|---|---|---|---|---|
| Reena Sara Mathew | ▇▇▇▇ | ▇▇▇▇ | | |
| Street Address | City, State | Zip | Telephone Number | |
| 1355 Valley Vista Dr. | Irving, TX | 75063 | (214) 417-0821 | |

Please release information from these BSWH facilities: __Baylor Scott & White Dallas Diagnostic Association - Plano__

Please release the following information for these treatment dates: __07/01/2015 – 06/30/2016__

The information will be released to: ☐ Patient/Designee ☐ Health Care Entity ☐ Insurance Company ☒ Attorney ☐ Other

| Individual/Organization Name | Telephone Number |
|---|---|
| Donald E. Uloth/Law Office of Donald E. Uloth | (214) 989-4396 |
| Street Address | City, State, Zip | Fax Number |
| 18208 Preston Rd. Suite D-9 #261 | Dallas, TX 75252 | (972) 777-6951 |

Purpose of the use and/or disclosure: ☐ Continued Care ☒ Legal ☐ Insurance ☐ Personal Use ☐ Other _____

Record copy format: ☐ Paper ☒ CD ☐ _____   Record copy delivery: ☐ Pick-up ☐ Mail ☐ Fax to healthcare office
☒ MyBSWHealth ☐ Email _____

## Information to be released:

Include this information if applicable:   Alcohol/Drug _PT INITIALS_   Genetics _PT INITIALS_   HIV/AIDS _PT INITIALS_   _[initials]_ Mental Health

☐ Summary Abstract only (clinic notes, history/physical, procedure reports, pathology, consultations, test results, discharge summary)
☒ Emergency Department   ☒ Discharge Summary   ☒ Medication   ☒ Provider Orders
☒ Billing Record   ☒ History/Physical   ☒ Nurses' Notes   ☐ Radiology Film
☒ Complete Chart (Fee)   ☒ Immunization   ☒ Operative Reports   ☐ Radiology Reports
☒ Consultations   ☒ Laboratory   ☒ Progress Notes
☒ Other: __All medical records and mental health records.__ _[initials]_

I understand the record might not be complete, if it is a recent visit, and additional documentation could be added after submitting this request.

By typing my name below, I certify that this information can be used for the purpose of processing my Authorization for Release of information request. I consider this as my electronic signature for this request.

_[signature]_ _____     _5/22/24_
Signature of Patient or Legal Representative                Date

_Reena Mathew_ _____     _____
Printed Name of Patient or Legal Representative             Relationship to Patient

Representative's Authority to Act for Patient
(attach supporting documentation)
BSWH-48262 (11/20)



DEPARTMENT OF HEALTH AND HUMAN SERVICES
Indian Health Service

FORM APPROVED, OMB NO. 0917-0030
Expiration Date: 4/30/2015
See IHH Statement on Reverse

# AUTHORIZATION FOR USE OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

COMPLETE ALL SECTIONS, DATE, AND SIGN

I. I, Reena S. Mathew _____, hereby voluntarily authorize the disclosure of information from my health record. *(Name of Patient)*

II. The information is to be disclosed by:

| NAME OF FACILITY | NAME OF PERSON/ORGANIZATION/FACILITY |
|---|---|
| Baylor Scott and White Medical Center | Donald E. Uloth/Law Office of Donald E. Uloth |
| ADDRESS | ADDRESS |
| 1901 N. MacArthur Blvd. | 18208 Preston Rd. Suite D-9 #261 |
| CITY/STATE | CITY/STATE |
| Irving, TX 75039 | Dallas, TX 75252 |

III. The purpose or need for this disclosure is:

[ ] Further Medical Care  [x] Attorney  [ ] School  [ ] Research
[ ] Personal Use  [ ] Insurance  [ ] Disability  [ ] Other (Specify)

IV. The information to be disclosed from my health record: *(check appropriate box(es))*

[ ] Only information related to *(specify)* _____

[ ] Only the period of events from _____ to _____

[ ] Other *(specify) (CHS, Billing, etc.)* _____

[x] Entire Record

**If you would like any of the following sensitive information disclosed, check the applicable box(es) below:**

[ ] Alcohol/Drug Abuse Treatment/Referral  [ ] HIV/AIDS-related Treatment
[ ] Sexually Transmitted Diseases  [ ] Mental Health *(Other than Psychotherapy Notes)*
[x] Psychotherapy Notes ONLY (by checking this box, I am waiving any psychotherapist-patient privilege)

V. I understand that I may revoke this authorization in writing submitted at any time to the Health Information Management Department, except to the extent that action has been taken in reliance on this authorization. If this authorization was obtained as a condition of obtaining insurance coverage or a policy of insurance, other law may provide the insurer with the right to contest a claim under the policy. If this authorization has not been revoked, it will terminate one year from the date of my signature unless a different expiration date or *expiration event* is stated.

_____
*(Specify new date)*

I understand that IHS will not condition treatment or eligibility for care on my providing this authorization except if such care is:
(1) research related or (2) provided solely for the purpose of creating Protected Health Information for disclosure to a third party.

I understand that information disclosed by this authorization, except for Alcohol and Drug Abuse as defined in 42 CFR Part 2, may be subject to redisclosure by the recipient and may no longer be protected by the Health Insurance Portability and Accountability Act Privacy Rule [45 CFR Part 164], and the Privacy Act of 1974 [5 USC 552a].

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE *(State relationship to patient)* | DATE |
|---|---|
| *R Mathew* | 5/22/24 |
| SIGNATURE OF WITNESS *(if signature of patient is a thumbprint or mark)* | DATE |

This information is to be released for the purpose stated above and may not be used by the recipient for any other purpose. Any person who knowingly and willfully requests or obtains any record concerning an individual from a Federal agency under false pretenses shall be guilty of a misdemeanor [5 USC 552a(i)(3)].

| PATIENT IDENTIFICATION | NAME (Last, First, MI) | RECORD NUMBER |
|---|---|---|
| | Mathew, Reena S. | |
| | ADDRESS | |
| | 1355 Valley Vista Dr. | |
| | CITY/STATE | DATE OF BIRTH |
| | Irving, TX 75063 | ▉ |

IHS-810 (4/09) FRONT

App.31

**don.uloth@uloth.pro**

| | |
|---|---|
| **From:** | don.uloth@uloth.pro |
| **Sent:** | Wednesday, August 14, 2024 10:04 AM |
| **To:** | 'Monte K. Hurst' |
| **Cc:** | 'Ceicili S. Morales'; 'Clayton S. Carter'; 'Emma N. Sanchez' |
| **Subject:** | RE: Mathew vs. Santander |
| **Attachments:** | WITH ALL CORE ELEMENTS AND REQUIRED STATEMENTS PURSUANT TO 45 CFR § 164.508).pdf |

Ms. Mathew testified that she was feeling better by February 2017, so the time frame in these authorizations is more than adequate.

I sent you the authorizations yesterday, and they are attached once again.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

---

**From:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Sent:** Wednesday, August 14, 2024 9:40 AM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew vs. Santander
**Importance:** High

Don, we need Ms. Mathew's records from January 1, 2015 through December 31, 2020.  Ms. Mathew did not recall exactly when she was no longer suffering from mental anguish she claims to have suffered as a result of Santander's actions.  Please send us authorizations at once.  We are preparing the motion for continuance now.  We would like to know whether we are at least on the same page regarding the authorizations that you are going to provide us.

---

MONTE K. HURST
Shareholder

HALLETT&PERRIN
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer



| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |

**MONTE K. HURST**
Shareholder

**HALLETT&PERRIN**
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer



| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Tuesday, August 13, 2024 2:14 PM
**To:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew vs. Santander

Monte:

On February 6, 2024, I sent you an authorization form for the psychiatrist.  I used the form you sent me when you served your first request for production.  You say the form is adequate to include psychotherapy notes, so there is nothing further you need from us for the psychiatrist.  You'll need to subpoena him ASAP to get his records before the discovery deadline.

I have attached the two additional forms I sent to Ms. Mathew for her to sign.  These are also your forms that you sent along with the RFPs.  I am expressing no opinion whether your forms are adequate to reach psychotherapy notes, that's up to you.  I included a reasonable date restriction.  If you see anything else that you think needs to be changed, please let me know ASAP.

There is plenty of time left for you to get these records, if there are any.  After 7 years, doctors are not required to keep such records, and I have been told in writing there are no records – I sent you those faxes from Healthmark.

This case needs to get to trial.  Plaintiff was terminated over 8 years ago, on April 19, 2016, and she deserves her day in court.  Plaintiff therefore opposes your motion.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

---

**From:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Sent:** Tuesday, August 13, 2024 11:56 AM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew vs. Santander
**Importance:** High

Don, I believe we need to subpoena these doctors, to ensure that they comply, especially this late.  Please get to me as soon as possible Ms. Mathew's authorizations that will allow us to subpoena her medical records (including psychotherapy) from these two doctors.  The form we included with our requests for production would do just fine, I believe.

We are going to request a three-month continuance—trial setting; pre-trial deadlines; motions deadline; and discovery deadline.  We will be basing the request on this most recent development.  We will also let the Court know that Clayton will soon be out of the office for many weeks because his wife is due next month.  Please advise of whether you are opposed to our requested relief.

---

MONTE K. HURST
Shareholder

HALLETT&PERRIN
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---



BOARD
CERTIFI
Texas Board of Legal Special
LABOR AND EMPLOYMENT LAW

| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |
| --- | --- |

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Tuesday, August 13, 2024 10:46 AM
**To:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew vs. Santander

Monte:

I have sent authorizations for Reena to sign for the release of records from Carmichael and Parekh.  I hope to get those signed and back to you today.

The authorization Reena signed for Dr. Khambhampati's records may not suffice to obtain psychotherapy notes.  I'm attaching a form that I used to request these from him, which I modified to list Hallett & Perrin as the party to release the records to.

If you want Reena to sign something authorizing you to get psychotherapy notes from the psychiatrist, please let me know what you want me to send her.  The attached form is directed to the facility at the location where he worked at the time of the treatment, which is how Healthmark wanted me to do it.  If you want to direct your subpoena to the doctor himself, we may need to change the authorization form or use a different form.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Sent:** Monday, August 12, 2024 4:34 PM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew vs. Santander

Don, had you timely and properly identified these two doctors as ones who Ms. Mathew had seen for treatment of mental anguish, we would have insisted that we be provided with the records (or an authorization for us to order the records directly).  Not only are you incorrect in your statement that "[I]t seems unlikely Santander would have done any different" with respect to these doctors, it is not for you to dismiss our ability to obtain clearly relevant records and to depose Ms. Mathew thereafter.  You have put us in a bad position in this case (perhaps not intentionally), and one that we will need to seek the Court's intervention to undo.  We are likely going to have to seek a continuance of the trial date and the corresponding pretrial deadlines because you sat on this information and impeded our opportunity to do discovery on the single category of damages being sought in this case.  Had we not asked the question we did in deposition, we would never have even known about these important doctors.  Yes, please send to us at once authorizations allowing us to get these records from these two doctors for

4

the last 10 years.  We will get subpoenas out immediately after we receive the authorizations.  Please also do whatever you can to ensure that we get these records as soon as possible.  We will need to depose Ms. Mathew on these records once we receive them.

For purposes of our certificate of conference, we will put you down as opposed to our motion for continuance.

---

**MONTE K. HURST**
Shareholder

**HALLETT&PERRIN**
D 214.922.4111 | F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---



| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |
|---|---|

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Monday, August 12, 2024 4:01 PM
**To:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew vs. Santander

Monte:

When I learned Reena may have talked to her GP and ObGyn about facts relevant to compensatory damages, I decided to ask for their records and supplement the interrogatory answers with their names and contact information.  I thought I had supplemented the interrogatories.  During Reena's deposition I checked and realized I had not, which was my mistake.

Plaintiff has no documents from the doctors' records that might relate to compensatory damages, so she has nothing to produce.  We provided an authorization so Santander could seek records from her psychiatrist, and as far as I know, they never did.  It seems unlikely Santander would have done any different with respect to Carmichael and Parekh if these had been disclosed sooner.

If you want to ask them for medical records now, I can ask Reena to sign two more authorizations.  I have no objection to extending the discovery deadline as far out as necessary for purposes of these records only.  For all other matters, the deadline would remain August 30, 2024.  The full names and contact information for these doctors is:

Julie Sharad Parekh, MD
Baylor Scott & White Dallas Diagnostic Association - Plano
4716 Alliance Blvd , Plano, TX, 75093
(469) 800-6000

Kristen Richeson Carmichael, MD
Baylor Scott & White Obstetrics & Gynecology - Frisco
4461 Coit Rd Suite 205, Frisco, TX 75035
(972) 817-1249

That said, I don't think there are any records out there to be had.  I requested the records through a third-party service that Baylor Scott & White uses to respond to records requests, and in response I got faxes back saying there are no records responsive to my request.  The faxes are attached to this email.

I'll supplement the interrogatory answers with the names and contact information.  Please let me know if you'd like me to get authorization forms for Carmichael and Parekh.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

---

**From:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Sent:** Friday, August 9, 2024 6:12 PM
**To:** don.uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew vs. Santander
**Importance:** High

Don, we are still reviewing and processing Reena Mathew's deposition testimony yesterday.  Of an urgent nature, I am writing to discuss Ms. Mathew's testimony regarding her healthcare providers.  We were disappointed to learn from her sworn testimony that she had seen two doctors—Julie Parekh, M.D. and Kristen Carmichael, M.D.—for her purported mental anguish caused by Santander, who had not been disclosed in discovery.  These two doctors should have been disclosed at the outset of this case under the Court's Initial Discovery Protocols.  Ms. Mathew should have identified these two doctors in her answer to Santander's Interrogatory No. 5, requesting her to identify all medical care professionals that she had seen in the last 10 years.  She should have produced these doctors' medical records in response to Santander's Request for Production No. 34, seeking production of documents supporting her claim for suffering, mental anguish, inconvenience, loss of personal status and dignity, and loss of enjoyment of life (as alleged in her complaint).  And Ms. Mathew should have included these two doctors in her authorization to obtain her medical records, in response to Santander's Request No. 46.

App. 37

Ms. Mathew objected to Santander's Interrogatory No. 5 and its Request for Production No. 46, asserting that identification of doctors, and production of records for doctors other than Dr. Radha Kambhampati, was irrelevant and overbroad. Ms. Mathew's testimony clearly contradicts these objections. Regardless, Ms. Mathew did not even assert an objection in response to Santander's Request for Production No. 34.

We need these doctors' records at once, so that we can better evaluate Ms. Mathew's claim for mental anguish damages. Please amend your responses to the foregoing discovery requests and produce responsive documents immediately. While obtaining these records is our top priority at this moment, we are also considering what Santander must do to preserve its rights, including seeking a continuance of our current trial setting and demanding that we continue Ms. Mathew's deposition after we have obtained the records.

Please let me hear from you.

Thanks,
Monte

---

MONTE K. HURST
Shareholder

HALLETT&PERRIN
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---



LABOR AND EMPLOYMENT LAW

Client Advisory    Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link.

AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION (IN COMPLIANCE WITH ALL CORE ELEMENTS AND REQUIRED STATEMENTS PURSUANT TO 45 CFR §164.508)

Directed To: ___ Kristen Richeson Carmichael, MD _____

Patient: Reena Mathew _____ Date of Birth: 10/27/1976 _____

Re: Reena Mathew vs. Santander Consumer USA Inc. _____

      I, Reena Mathew hereby authorize and request, you furnish to HALLETT & PERRIN, P.C. and/or its authorized representative or agent the following for the period from January 1, 2015 through December 31, 2017:

    X   History/Physical
    X   Doctor's Notes/Office Notes
    X   Admissions/Initial Visit
    X   Consultations
    X   Discharge Summaries
    X   Copy of Entire Health Record ___ _____
    X   Itemized Billing Statements/Billing Records
    X   Records from other health care providers which are maintained as part of your file
    o   Other:

Each of the foregoing entities will be responsible for paying any reasonable copying costs incurred in connection with records being forward to the respective entity.

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immune deficiency syndrome (AIDS) or human immune deficiency virus (HIV). It may also include information about behavioral or mental health services, information concerning alcohol or drug abuse and social and family matters

A photostatic copy of this authorization is considered as effective as the original and will expire 180 days from date signed or at the conclusion of this litigation.

This release of the aforementioned records is only for evaluation and use in connection with civil litigation or other cause as referenced above.

I understand I have the right to revoke this authorization at any time, provided the revocation is in writing to Written Deposition Service and/or the firm listed above and the above listed Health Provider. Revocation of this Authorization will not affect information released prior to the notification of cancellation.

I understand that authorizing the disclosure of this health information is voluntary. I understand that I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand that any disclosure of information, carries with it the potential for an unauthorized re-disclosure and the information may not be protected by Federal confidentiality rules.

I understand that my refusal to sign this form does not affect my health care treatment or the payment of my health care treatment. Medical providers may not condition treatment or payment on execution of this authorization.

Signature of Patient or Patient Representative

(If not the patient, please state your relationship to the patient)

Date: _____

AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION (IN COMPLIANCE WITH ALL CORE ELEMENTS AND REQUIRED STATEMENTS PURSUANT TO 45 CFR §164.508)

Directed To:   Julie Sharad Parekh, MD

Patient: Reena Mathew                                    Date of Birth:   10/27/1976

Re: Reena Mathew vs. Santander Consumer USA Inc.

     I, Reena Mathew hereby authorize and request, you furnish to HALLETT & PERRIN, P.C. and/or its authorized representative or agent the following, for the period from January 1, 2015 through December 31, 2017:

- X   History/Physical
- X   Doctor's Notes/Office Notes
- X   Admissions/Initial Visit
- X   Consultations
- X   Discharge Summaries
- X   Copy of Entire Health Record ___   _____
- X   Itemized Billing Statements/Billing Records
- X   Records from other health care providers which are maintained as part of your file
- o   Other:

Each of the foregoing entities will be responsible for paying any reasonable copying costs incurred in connection with records being forward to the respective entity.

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immune deficiency syndrome (AIDS) or human immune deficiency virus (HIV). It may also include information about behavioral or mental health services, information concerning alcohol or drug abuse and social and family matters

A photostatic copy of this authorization is considered as effective as the original and will expire 180 days from date signed or at the conclusion of this litigation.

This release of the aforementioned records is only for evaluation and use in connection with civil litigation or other cause as referenced above.

I understand I have the right to revoke this authorization at any time, provided the revocation is in writing to Written Deposition Service and/or the firm listed above and the above listed Health Provider. Revocation of this Authorization will not affect information released prior to the notification of cancellation.

I understand that authorizing the disclosure of this health information is voluntary. I understand that I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand that any disclosure of information, carries with it the potential for an unauthorized re-disclosure and the information may not be protected by Federal confidentiality rules.

I understand that my refusal to sign this form does not affect my health care treatment or the payment of my health care treatment. Medical providers may not condition treatment or payment on execution of this authorization.

_____
Signature of Patient or Patient Representative

_____
(If not the patient, please state your relationship to the patient)

Date: _____

don.uloth@uloth.pro

| | |
|---|---|
| From: | Azura Martinez <azura.martinez@tlc-texas.com> |
| Sent: | Friday, August 16, 2024 2:34 PM |
| To: | don.uloth@uloth.pro |
| Cc: | Haley Knapp |
| Subject: | REENA S. MATHEW V. SANTANDER CONSUMER USA INC., 3:23-CV-01494-N, TLC# 65215 WAIVER P1-4 |
| Attachments: | 65215 WAIVER PKG P1-4.pdf |
| | |
| Importance: | High |

Dear Counsel,

Attached you will find a Notice of intention to take Deposition by Written Questions regarding the above referenced case. Also attached you will find a Waiver should you choose to waive the Objection period and/or request copies of the records we obtain.

Please contact our office if you have any questions.

**Please call or email Haley Knapp (737.802.3551 or [Haley.Knapp@tlc-texas.com](mailto:Haley.Knapp@tlc-texas.com))**
if you have any questions or do not understand the request.





**Our services include: Court Reporting/Oral Depositions (Online & In-Person),**
**Depositions Upon Written Questions, Electronic Data Software & Computer Forensics,**
**Legal Research & Briefing Tool, Mobile and Online Remote Notary Public Services,**
**Process Service, Record Retrieval, Transcriptions, and Videography/Video Editing.**

NOTICE: The information contained in this electronic mail message is confidential and intended only for certain recipients. If you are not an intended recipient, you are hereby notified that any disclosure, reproduction, distribution or other use of this communication and any attachments is strictly prohibited. If you have received this communication in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

App.43

TO:   **Donald E. 'Don' Uloth**
FROM:   The Legal Connection, Inc.
Re:   **3:23-CV-01494-N; REENA S. MATHEW v. SANTANDER CONSUMER USA INC.**

## WAIVER OF NOTICE AND REQUEST FOR COPIES OF RECORDS

Our client, **Monte Hurst** of **HALLETT & PERRIN PC** has/have commissioned **THE LEGAL CONNECTION, INC.** (**"TLC"**) to obtain records on **REENA MATHEW** from the following custodian(s) for use in the above referenced case. You will find a copy of the Notice of Intention to Take Deposition Upon Written Questions and said Questions attached thereto.

_____ **I DO AGREE TO WAIVE THE NOTICE PERIOD.**   _____ I DO NOT AGREE TO WAIVE THE NOTICE PERIOD.

TLC would like to offer you this opportunity to obtain a copy of the documents received from the Custodian(s) of Record listed below. If you choose to obtain copies (whether in paper or digital format), the cost will involve a $65 base fee, $20 delivery fee, and $.55/page for exhibits/scans. Photographs, videotapes, audiotapes, medical imaging exhibits and CD duplications will be provided and will incur additional charges. If the Custodian(s) of Record produces supplemental records after the initial production, your order below will stand.

Please indicate what type of copies (Paper or Digital or Both) you would like BY MARKING "Y" for "YES" OR "N" for "NO" beside each location below:

**PAPER**        **DIGITAL**
_____   _____   **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**
**(MEDICAL)**
_____   _____   **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO (BILLING)**
_____   _____   **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (MEDICAL)**
_____   _____   **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (BILLING)**

Digital records will be provided in PDF format. If you checked "digital" above, please indicate how you want them provided to your office:

[   ] **Email RECORDS** to this address: _____

Unless otherwise indicated, photographs, videotapes, audiotapes, medical imaging exhibits and CD duplications will be provided in the same format provided by the Custodian of Record and will incur additional charges.

**THE LEGAL CONNECTION, INC.** also offers direct billing to most insurance companies.

I agree that I and/or my firm will be responsible for payment of any copies of records ordered on this waiver. I acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in Travis County, Texas. **Email INVOICE** to this address: _____

RETURN TO:                                    AGREED BY:
**THE LEGAL CONNECTION**
**ATTN: Madison Carter**                      _____
**8656 W Hwy 71, Bldg F, Suite 200**          Date: _____
**Austin, TX  78735**
**Phone:  512.892.5700**                      **Donald E. 'Don' Uloth**
**Fax:  512.892.5703**                        **LAW OFFICE OF DONALD E. ULOTH**
**Email: orders@tlc-texas.com**               **18208 Preston Rd. Suite D-9 #261**
                                              **Dallas, TX 75252**
                                              **214.989.4396  Fax 866.462.6179**
                                              Attorney(s) for Plaintiff(s)

**NOTE:   RETURN OF THIS FORM IS REQUIRED WITHIN FOURTEEN (14) DAYS  TO PROCESS YOUR REQUEST.  ANY CANCELLATION OF THE ABOVE MUST BE IN WRITING.  IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.**

Order No.  **65215**                                                          App.44

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW                                    :
                                                   :
                                                   :
VS.                                                :         CIVIL ACTION NO. **3:23-CV-01494-N**
                                                   :
                                                   :
SANTANDER CONSUMER USA INC.                        :

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To the parties by and through their attorney(s) of record: **Donald E. 'Don' Uloth (LAW OFFICE OF DONALD E. ULOTH)**, , and to the non-party witness(es) listed below.

You will please take notice that pursuant to Rule 31, Federal Rules of Civil Procedure, fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for

**BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO (MEDICAL)**
**Including but not limited to records of: JULIE SHARAD PAREKH, M.D.**
**4716 Alliance Blvd**
**Ste 600**
**Plano, TX 75093**

**BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO (BILLING)**
**Including but not limited to records of: JULIE SHARAD PAREKH, M.D.**
**4716 Alliance Blvd**
**Ste 600**
**Plano, TX 75093**

**BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (MEDICAL)**
**Including but not limited to records of: KRISTEN RICHESON CARMICHAEL, M.D.**
**4461 Coit Road, Suite 301**
**Frisco, TX 75035**

**BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (BILLING)**
**Including but not limited to records of: KRISTEN RICHESON CARMICHAEL, M.D.**
**4461 Coit Road, Suite 301**
**Frisco, TX 75035**

before a Notary Public for        **THE LEGAL CONNECTION**
                                  **8656 W Hwy 71, Bldg F, Suite 200**
                                  **Austin, TX 78735**
                                  **512.892.5700   Fax 512.892.5703**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court.  Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

### REENA MATHEW; DATE OF BIRTH: 10/27/1976;

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

**/s/ Monte K. Hurst**
**Monte K. Hurst**
SBN: 00796802
**Clayton S. Carter**
SBN: 24120750
**HALLETT & PERRIN PC**
**1445 Ross Ave., Suite 2400**
**Dallas, TX 75202**
**214.953.0053   Fax 214.922.4142**
**monte.hurst@hallettperrin.com**
**CCarter@hallettperrin.com**
Attorney for **Defendant(s), SANTANDER CONSUMER USA INC.**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, e-mail, e-service, and/or certified mail, return receipt requested, on this day.

Dated:  8 / 10 /2024                    by **/s/ Monte K. Hurst**

# United States District Court

## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

**REENA S. MATHEW**

**SUBPOENA IN A CIVIL CASE**

**VS.**

**CASE NUMBER:** **3:23-CV-01494-N**
**(ON FILE IN THE NORTHERN DISTRICT OF**
**, DALLAS DIVISION)**

**SANTANDER CONSUMER USA INC.**

TO:   Custodian of Records for:   **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**
**4716 Alliance Blvd**
**Ste 600**
**Plano, TX 75093**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time  specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian:  **4716 Alliance Blvd**<br>**Ste 600, Plano TX  75093** | 9 / 2 /2024 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all MEDICAL RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records of: JULIE SHARAD PAREKH, M.D.) including but not limited to, inpatient, outpatient and emergency room treatment, all clinical charts, reports, notes, tests, test results, diagnoses, prognoses, office records, therapy records, order sheets, progress notes, nurse's notes, clinic records, evaluations, treatment plans, admission records, discharge summaries, requests for and report of consultations, documents, prescriptions or medication records, photographs (color photographs should be reproduced in color), notes regarding prescriptions or medications, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, records received by other physicians, or any other medical records in the custody or control of said custodian, whether in electronic or written form.  (IF RECORDS ARE MAINTAINED DIGITALLY AND/OR ELECTRONICALLY, PLEASE PRODUCE IN ELECTRONIC FORMAT.)

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian:  **4716 Alliance Blvd**<br>**Ste 600,Plano,  TX  75093** | 9 / 2 /2024 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (Attorney For Defendant(s)) | DATE |
|---|---|
| /s/ Monte K. Hurst<br>**Attorney for SANTANDER CONSUMER USA INC.** | 8 /14 /2024 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Monte Hurst , Attorney at Law**
HALLETT & PERRIN PC
1445 Ross Ave., Suite 2400
Dallas, TX  75202
Phone: 214.953.0053; Fax: 214.922.4142

App.47

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | ℬ / 1⁶ /2024 | **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**<br>**4716 Alliance Blvd**<br>**Ste 600**<br>**Plano, TX 75093** |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| **Custodian of Record for BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** | *FAX* |

| SERVED BY (PRINT NAME)<br>**Miranda Leal, The Legal Connection, Inc.** | TITLE<br>**Firm Representative** |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_ℬ / 1⁶ /2024_
DATE

_Miranda Leal_
Signature of Server

8656 W Hwy 71, Bldg F, Suite 200
ADDRESS OF SERVER

Austin, TX  78735

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW                                  :
                                                 :
                                                 :
VS.                                              :          Civil Action No.: 3:23-CV-01494-N
                                                 :
                                                 :
SANTANDER CONSUMER USA INC.                      :

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**
Records Pertaining To: **REENA MATHEW**
Type of Records: **Any and all MEDICAL RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records of: JULIE SHARAD PAREKH, M.D.) including but not limited to, inpatient, outpatient and emergency room treatment, all clinical charts, reports, notes, tests, test results, diagnoses, prognoses, office records, therapy records, order sheets, progress notes, nurse's notes, clinic records, evaluations, treatment plans, admission records, discharge summaries, requests for and report of consultations, documents, prescriptions or medication records, photographs (color photographs should be reproduced in color), notes regarding prescriptions or medications, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, records received by other physicians, or any other medical records in the custody or control of said custodian, whether in electronic or written form. (IF RECORDS ARE MAINTAINED DIGITALLY AND/OR ELECTRONICALLY, PLEASE PRODUCE IN ELECTRONIC FORMAT.)**

1.  What is your full name, official title, address, and telephone number?

Answer: _____

2.  Did you receive a **DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS** for the production of **MEDICAL RECORDS** and other tangible documents pertaining to **REENA MATHEW**? *(Note: Please look at all the documents received in the package sent.)*

Answer: _____

3.  Has **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** made or caused to be made any memorandum, reports, records, notes, photographs, or data compilations, in any form, regarding **REENA MATHEW**?

Answer: _____

4.  Were the entries made on these memorandum, reports, records, notes, photographs, or data compilations made at the time or shortly after the time of the transaction recorded by these entries? *(Note: "Entries" as used here is defined as notes, documents, written items or anything printed or inputted into standard system of your business, regardless of who entered or created the entry.)*

Answer: _____

5.  Were these memoranda, reports, records, notes, photographs, or data compilations under your care, supervision, direction, custody, and./or control?

Answer: _____

6.  Was it in the regular course of business of **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** for an employee, representative, or person with knowledge of the acts or events recorded to make or create the record or transmit information thereof to be included in such record?

Answer: _____

7.  Do you understand the subpoena requests all the records and documents pertaining to **REENA MATHEW**, and is limited in scope or time or as to the type of record or document?

Answer: _____

8.  Are the records being produced kept in the regular course of business? *(Meaning: Are the records created by your staff as part of their daily duties?)*

Answer: _____

9.  Are the records provided the original records or exact duplicates of the original records?

Answer: _____

10. Has **REENA MATHEW** been treated, examined by, or received services from **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**?

Answer: _____

11. Have you provided all the records and documents requested, including those that may be on microfilm, in any other departments, kept by other employees, or in any other storage medium?

Answer: _____

12. If you answered "no" to Question Number 11, what records and documents did you not include, and why did you not produce those records?

Answer: _____

13. Who has the records you did not produce and listed in Question Number 12 (list name, business name, and telephone number, if available)?

Answer: _____

14. Are the records attached clear, legible, and the best possible copies available? If any copies of the attached records are of poor quality, please explain why.

Answer: _____

15. Was a Medical Narrative Report created at the request of the patient or patient's attorney? *(Note: "Medical Narrative Report" is defined as any report which sets forth in story form the doctor's assessment of the patient's history, diagnosis, and treatment.)*

Answer: _____

16. If you answered "yes" to Question Number 15, the following must be answered:

    a.   What was the date of the Medical Narrative Report written?

        Answer: _____

    b.   Who requested a copy of the Medical Narrative Report? Please include a copy of all written requests. if not requested in writing, who requested? (include name, firm name, and telephone number, if available.)

        Answer: _____

17. In the event no records can be found, or a portion of the records cannot be found, are there document archives (i.e., microfiche), document retention or destruction policies which explain their absence? *(Note: if all records have been provided, "N/A" is acceptable.)*

    Answer: _____

18. What is the retention policy for **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**?

Answer: _____


_____
WITNESS (Custodian of Records)

      Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

      SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

# United States District Court

## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW

**SUBPOENA IN A CIVIL CASE**

VS.

**CASE NUMBER:** **3:23-CV-01494-N**
**(ON FILE IN THE NORTHERN DISTRICT OF
, DALLAS DIVISION)**

SANTANDER CONSUMER USA INC.

TO:   Custodian of Records for:   **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION -
PLANO
4716 Alliance Blvd
Ste 600
Plano, TX 75093**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time  specified below to testify at the taking of deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian:  4716 Alliance Blvd<br>Ste 600, Plano TX  75093 | 9 / 2 /2024 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):
Any and all BILLING RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW
(DOB: 10/27/1976) (Including but not limited to records of: JULIE SHARAD PAREKH, M.D.) Including but not limited to:  insurance
records, itemized statements, payments, adjustments, write offs, billing journals, any type of correspondence, whether in electronic form
or reduced to writing, including, but not limited to, records contained in your files from other sources.

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian:  4716 Alliance Blvd<br>Ste 600,Plano,  TX  75093 | 9 / 2 /2024 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or
more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth,
for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (Attorney For Defendant(s)) | DATE |
|---|---|
| /s/ Monte K. Hurst<br>**Attorney for SANTANDER CONSUMER USA INC.** | 8 / 16 /2024 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Monte Hurst , Attorney at Law**
HALLETT & PERRIN PC
1445 Ross Ave., Suite 2400
Dallas, TX  75202
Phone: 214.953.0053; Fax: 214.922.4142

Order No.  65215.002

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE<br><br>8 / 16 /2024 | PLACE<br>**BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC**<br>**ASSOCIATION - PLANO**<br>**4716 Alliance Blvd**<br>**Ste 600**<br>**Plano, TX 75093** |
|---|---|---|
| SERVED ON (PRINT NAME)<br>**Custodian of Record for BAYLOR SCOTT & WHITE DALLAS**<br>**DIAGNOSTIC ASSOCIATION - PLANO** | | MANNER OF SERVICE<br>FAX |
| SERVED BY (PRINT NAME)<br>**Miranda Leal, The Legal Connection, Inc.** | | TITLE<br>**Firm Representative** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

___8 / 16 /2024___
DATE

_[signature]_
Signature of Server

8656 W Hwy 71, Bldg F, Suite 200
ADDRESS OF SERVER

Austin, TX  78735

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# DALLAS DIVISION

REENA S. MATHEW          :

         :

         :

VS.          :     CIVIL ACTION NO. **3:23-CV-01494-N**

         :

         :

SANTANDER CONSUMER USA INC.     :

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**
Records Pertaining To: **REENA MATHEW**
Type of Records: **Any and all BILLING RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records of: JULIE SHARAD PAREKH, M.D.) including but not limited to: insurance records, itemized statements, payments, adjustments, write offs, billing journals, any type of correspondence, whether in electronic form or reduced to writing, including, but not limited to, records contained in your files from other sources.**

1. What is your full name, official title, address and telephone number?

   Answer: _____

2. Did you receive a **DEPOSITION SUBPOENA TO TESTIFY TO PRODUCE DOCUMENTS OR THINGS** for the production of BILLING **RECORDS** and other documents pertaining to **REENA MATHEW**? (Note: Please look at all the documents received in the package sent.)

   Answer: _____

3. Has **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** made or caused to be made any memorandum, reports, records, notes, photographs, or data compilations, in any form, regarding **REENA MATHEW**?

   Answer: _____

4. Were the entries made on these memorandum, reports, records, notes, photographs or data compilations made at the time or shortly after the time of the transaction recorded by these entries? (Note: "Entries" as used here is defined as notes, documents, written items, or anything printed or inputted into standard system of your business, regardless of who entered or created the entry)

   Answer: _____

5. Were these memoranda, reports, records, notes, photographs, or data compilations under your care, supervision, direction, custody, and/or control?

   Answer: _____

6. Please state whether or not it was in the regular course of business of **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** for an employee, representative, or person with knowledge of the acts or events recorded to make the record or transmit information thereof to be included in such record.

   Answer: _____

7. Do you understand the subpoena requests all the records and documents pertaining to **REENA MATHEW**, and is not limited in scope or time or as to the type of record or document?

   Answer: _____

8. Are the records being produced kept in the regular course of business? (Meaning: Are these records created by your staff as part of their daily duties?)

   Answer: _____

9. Are the records provided the original records or exact duplicate of the original records?

   Answer: _____

10. Has **REENA MATHEW** been treated, examined by, or received services from **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO**?

    Answer: _____

11. Have you provided all the records and documents requested, including those that may be on microfilm, in any other departments, kept by other employees, or in any other storage medium?

    Answer: _____

12. If you answered "no" to Question Number 11, what kind of records did you not include, and why did you not produce those records?

    Answer: _____

13. Who has the records you did not produce and listed on Question Number 12? (List name, business name, and telephone number, if available)

    Answer: _____

14. Are the records attached clear, legible and the best possible copies available? If any of the copies of the attached records are of poor quality, please explain why.

    Answer: _____

15. Has **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** made or caused to be made any billing and accounting records for services rendered to **REENA MATHEW** which set out the complete billing history including, but not limited to, the amount that **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** has adjusted, discounted, and/or written off, any third party adjustments, and any payments made by **REENA MATHEW**?

Answer: _____

16. What is the total dollar amount of the charges for the services rendered to **REENA MATHEW** for the dates of service listed in the scope of the subpoena ONLY requested as reflected in the billing and accounting records? **(Note: This amount should <u>not</u> include the fees for any BILLING RECORDS or reports and should be in $0.00 format.)**

Answer: _____

17. What is the total dollar amount of the charges for the services rendered for the period indicated, as reflected in the **BILLING RECORDS,** which have been paid by **REENA MATHEW** and not by a private insurance company or some other person or entity? **(Note: This amount will only include patient payments and should be in $0.00 format)**

Answer: _____

18. Has any amount of the charges for services rendered to **REENA MATHEW** during the dates of service listed in the scope of the subpoena ONLY indicated herein been paid by private insurance company or by any person or entity other than **REENA MATHEW**?

Answer: _____

19. If your answer to the preceding question was "YES", please write the name of the private insurer, person or entity, and the total amount paid by each for services rendered to **REENA MATHEW** during the time period indicated.

Answer: _____

20. If you provided a name or names and the amount(s) in response to the preceding questions, please state whether **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** has a managed or contractual agreement with any private insurance, person, and/or entity listed in said responses.

Answer: _____

21. If the answer to the preceding question was "Yes" as to any private insurer, person , or entity listed, please state the total amount of the charge from services rendered to **REENA MATHEW** during the time period indicated, as reflected in the billing and accounting records, which have been adjusted, discounted, written off by **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** as a result of the managed care or contractual arrangement which each private insurer, person or entity listed. **(Note: this amount should be in $0.00 format)**

Answer: _____

22. For each entity listed in the preceding three questions, please state whether **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** has managed care or contractual arrangement with the listed private insurer, person or entity which prohibits **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** from seeking reimbursement from **REENA MATHEW** for any of the amounts which have been adjusted, discounted, or written off, as a result of that managed care or contractual arrangement?

    Answer: _____

23. Does **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** accept Medicare and/or Medicaid?

    Answer: _____

24. If the answer to the previous questions is "Yes", is it true that **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO's** contract with Medicare and/or Medicaid requires that a patient not be held legally responsible for the payment of any portion of the charges for treatment of services not covered by Medicare and/or Medicaid?

    Answer: _____

25. If the answer to the preceding questions is "NO", state all the terms of insurance coverage or the healthcare expenses reflected on **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO's BILLING RECORDS** which allows **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** to bill **REENA MATHEW** for amounts not covered by Medicare/Medicaid.

    Answer: _____

26. What is the amount of charges for treatment or services rendered for **REENA MATHEW** as reflected in the billing and accounting records, which have been paid by Medicare and/or Medicaid. **(Note: This amount should be in $0.00 format.)**

    Answer: _____

27. What is the current balance, if any, owed on **REENA MATHEW's** bill for the dates of service listed in the scope of the subpoena? **(Note: This amount should be in $0.00 format.)**

    Answer: _____

28. What amount, if any, of the said current balance does **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** continue to seek as payment from **REENA MATHEW** as the patients legal obligation to pay beyond what Medicare/Medicaid, private insurance or other person or entity has already paid? **(Note: This amount should be in $0.00 format.)**

    Answer: _____

29. Please fill in the following blanks with the requested information concerning medical treatment provided to **REENA MATHEW**: **(Note: This amount should be in $0.00 format.)**

    1. Total amount charged by **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** **(Note: Reference Response from Question # 16):**

    Answer: _____

2.   Total amount paid by private insurance **(Note: Reference Response from Question # 18):**

Answer: _____

3.   Total amount paid by Medicare/Medicaid **(Note: Reference Response from Question # 26):**

Answer: _____

4.   Total amount paid by **REENA MATHEW (Note: Reference Response from Question # 17):**

Answer: _____

5.   Total amount written off or adjusted off **(Note: Reference Response from Question # 21):**

Answer: _____

6.   Total amount still owed and by whom **(Note: Reference Response from Question # 27):**

Answer: _____

7.   If there is an amount owed on the account, who is responsible for that amount?

Answer: _____

30.  In the event no records can be found, or a portion of the records cannot be found, are there document archives (i.e., microfiche), document retention or destruction policies which explain their absence? **(Note: if all records have been provided "N/A" is acceptable.)**

Answer: _____

31.  What is the retention policy for **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO?**

Answer: _____


_____
WITNESS (Custodian of Records)

  Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

  SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

# United States District Court
## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW

**SUBPOENA IN A CIVIL CASE**

VS.

**CASE NUMBER:** 3:23-CV-01494-N
**(ON FILE IN THE NORTHERN DISTRICT OF**
**, DALLAS DIVISION)**

**SANTANDER CONSUMER USA INC.**

TO:    Custodian of Records for:    **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**
**4461 Coit Road, Suite 301**
**Frisco, TX 75035**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time  specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| The office of the custodian:  4461 Coit Road, Suite 301, Frisco TX  75035 | 9 / 2 /2024 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all MEDICAL RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records of: KRISTEN RICHESON CARMICHAEL, M.D.) including but not limited to, inpatient, outpatient and emergency room treatment, all clinical charts, reports, notes, tests, test results, diagnoses, prognoses, office records, therapy records, order sheets, progress notes, nurse's notes, clinic records, evaluations, treatment plans, admission records, discharge summaries, requests for and report of consultations, documents, prescriptions or medication records, photographs (color photographs should be reproduced in color), notes regarding prescriptions or medications, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, records received by other physicians, or any other medical records in the custody or control of said custodian, whether in electronic or written form.  (IF RECORDS ARE MAINTAINED DIGITALLY AND/OR ELECTRONICALLY, PLEASE PRODUCE IN ELECTRONIC FORMAT.)

| PLACE | DATE AND TIME |
| --- | --- |
| The office of the custodian:  4461 Coit Road, Suite 301,Frisco, TX  75035 | 9 / 2 /2024 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (Attorney For Defendant(s)) | DATE |
| --- | --- |
| /s/ Monte K. Hurst<br>**Attorney for SANTANDER CONSUMER USA INC.** | 8 / 16 /2024 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Monte Hurst , Attorney at Law**
HALLETT & PERRIN PC
1445 Ross Ave., Suite 2400
Dallas, TX  75202
Phone: 214.953.0053; Fax: 214.922.4142

Order No.  65215.003

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 02/14) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE<br>8/16/2024 | PLACE<br>**BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**<br>**4461 Coit Road, Suite 301**<br>**Frisco, TX 75035** |
|---|---|---|
| SERVED ON (PRINT NAME)<br>**Custodian of Record for BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** | | MANNER OF SERVICE<br>MAIL |
| SERVED BY (PRINT NAME)<br>**Miranda Leal, The Legal Connection, Inc.** | | TITLE<br>**Firm Representative** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____8 / 16 /2024_____
                     DATE

_____
Signature of Server

8656 W Hwy 71, Bldg F, Suite 200
ADDRESS OF SERVER

Austin, TX  78735

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW                               :
                                              :
                                              :
VS.                                           :          Civil Action No.: 3:23-CV-01494-N
                                              :
                                              :
SANTANDER CONSUMER USA INC.                   :

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**
Records Pertaining To: **REENA MATHEW**
Type of Records: **Any and all MEDICAL RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017,
              PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records
              of: KRISTEN RICHESON CARMICHAEL, M.D.) including but not limited to, inpatient,
              outpatient and emergency room treatment, all clinical charts, reports, notes, tests, test results,
              diagnoses, prognoses, office records, therapy records, order sheets, progress notes, nurse's notes,
              clinic records, evaluations, treatment plans, admission records, discharge summaries, requests for
              and report of consultations, documents, prescriptions or medication records, photographs (color
              photographs should be reproduced in color), notes regarding prescriptions or medications,
              correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten
              notes, records received by other physicians, or any other medical records in the custody or control
              of said custodian, whether in electronic or written form.  (IF RECORDS ARE MAINTAINED
              DIGITALLY AND/OR ELECTRONICALLY, PLEASE PRODUCE IN ELECTRONIC
              FORMAT.)**

1.   What is your full name, official title, address, and telephone number?

Answer: _____

2.   Did you receive a **DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS** for the
     production of **MEDICAL RECORDS** and other tangible documents pertaining to **REENA MATHEW**? *(Note: Please
     look at all the documents received in the package sent.)*

Answer: _____

3.   Has **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** made or caused to be made any
     memorandum, reports, records, notes, photographs, or data compilations, in any form, regarding **REENA MATHEW**?

Answer: _____

4. Were the entries made on these memorandum, reports, records, notes, photographs, or data compilations made at the time or shortly after the time of the transaction recorded by these entries? *(Note: "Entries" as used here is defined as notes, documents, written items or anything printed or inputted into standard system of your business, regardless of who entered or created the entry.)*

Answer: _____

5. Were these memoranda, reports, records, notes, photographs, or data compilations under your care, supervision, direction, custody, and./or control?

Answer: _____

6. Was it in the regular course of business of **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** for an employee, representative, or person with knowledge of the acts or events recorded to make or create the record or transmit information thereof to be included in such record?

Answer: _____

7. Do you understand the subpoena requests all the records and documents pertaining to **REENA MATHEW**, and is limited in scope or time or as to the type of record or document?

Answer: _____

8. Are the records being produced kept in the regular course of business? *(Meaning: Are the records created by your staff as part of their daily duties?)*

Answer: _____

9. Are the records provided the original records or exact duplicates of the original records?

Answer: _____

10. Has **REENA MATHEW** been treated, examined by, or received services from **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**?

Answer: _____

11. Have you provided all the records and documents requested, including those that may be on microfilm, in any other departments, kept by other employees, or in any other storage medium?

Answer: _____

12. If you answered "no" to Question Number 11, what records and documents did you not include, and why did you not produce those records?

Answer: _____

13. Who has the records you did not produce and listed in Question Number 12 (list name, business name, and telephone number, if available)?

Answer: _____

14. Are the records attached clear, legible, and the best possible copies available? If any copies of the attached records are of poor quality, please explain why.

Answer: _____

15. Was a Medical Narrative Report created at the request of the patient or patient's attorney? *(Note: "Medical Narrative Report" is defined as any report which sets forth in story form the doctor's assessment of the patient's history, diagnosis, and treatment.)*

Answer: _____

16. If you answered "yes" to Question Number 15, the following must be answered:

a. What was the date of the Medical Narrative Report written?

Answer: _____

b. Who requested a copy of the Medical Narrative Report? Please include a copy of all written requests. if not requested in writing, who requested? (include name, firm name, and telephone number, if available.)

Answer: _____

17. In the event no records can be found, or a portion of the records cannot be found, are there document archives (i.e., microfiche), document retention or destruction policies which explain their absence? *(Note: if all records have been provided, "N/A" is acceptable.)*

Answer: _____

18. What is the retention policy for **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**?

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

# United States District Court

## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW

**SUBPOENA IN A CIVIL CASE**

VS.

**CASE NUMBER:** **3:23-CV-01494-N**
(ON FILE IN THE NORTHERN DISTRICT OF
, DALLAS DIVISION)

**SANTANDER CONSUMER USA INC.**

TO:  Custodian of Records for:  **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**
**4461 Coit Road, Suite 301**
**Frisco, TX 75035**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time  specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian:  4461 Coit Road, Suite 301, Frisco TX  75035 | 9 / 2 /2024 |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all BILLING RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records of: KRISTEN RICHESON CARMICHAEL, M.D.) including but not limited to: insurance records, itemized statements, payments, adjustments, write offs, billing journals, any type of correspondence, whether in electronic form or reduced to writing, including, but not limited to, records contained in your files from other sources.

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian:  4461 Coit Road, Suite 301,Frisco, TX  75035 | 9 / 2 /2024 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (Attorney For Defendant(s)) | DATE |
|---|---|
| /s/ Monte K. Hurst<br>**Attorney for SANTANDER CONSUMER USA INC.** | 8 / 16 /2024 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Monte Hurst , Attorney at Law**
HALLETT & PERRIN PC
1445 Ross Ave., Suite 2400
Dallas, TX  75202
Phone: 214.953.0053; Fax: 214.922.4142

Order No.  65215.004

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE<br>8 / 16 /2024 | PLACE<br>**BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**<br>**4461 Coit Road, Suite 301**<br>**Frisco, TX 75035** |
|---|---|---|

| SERVED ON (PRINT NAME)<br>**Custodian of Record for BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** | MANNER OF SERVICE<br>*MAIL* |
|---|---|

| SERVED BY (PRINT NAME)<br>**Miranda Leal, The Legal Connection, Inc.** | TITLE<br>**Firm Representative** |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
_____ 8 / 16 /2024 _____
DATE

_Miranda Leal_
Signature of Server

8656 W Hwy 71, Bldg F, Suite 200
ADDRESS OF SERVER

Austin, TX  78735

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## DALLAS DIVISION

REENA S. MATHEW            :
                                     :
                                     :

VS.                                  :          CIVIL ACTION NO. **3:23-CV-01494-N**
                                     :
                                     :

SANTANDER CONSUMER USA INC.       :

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**
Records Pertaining To: **REENA MATHEW**
Type of Records:  **Any and all BILLING RECORDS, FROM JANUARY 1, 2015 TO DECEMBER 30, 2017, PERTAINING TO: REENA MATHEW (DOB: 10/27/1976) (Including but not limited to records of: KRISTEN RICHESON CARMICHAEL, M.D.) including but not limited to:  insurance records, itemized statements, payments, adjustments, write offs, billing journals, any type of correspondence, whether in electronic form or reduced to writing, including, but not limited to, records contained in your files from other sources.**

1.  What is your full name, official title, address and telephone number?

    Answer: _____

2.  Did you receive a **DEPOSITION SUBPOENA TO TESTIFY TO PRODUCE DOCUMENTS OR THINGS**  for the production of BILLING **RECORDS** and other documents pertaining to **REENA MATHEW**? (Note: Please look at all the documents received in the package sent.)

    Answer: _____

3.  Has **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** made or caused to be made any memorandum, reports, records, notes, photographs, or data compilations, in any form, regarding **REENA MATHEW**?

    Answer: _____

4.  Were the entries made on these memorandum, reports, records, notes, photographs or data compilations made at the time or shortly after the time of the transaction recorded by these entries? (Note: "Entries" as used here is defined as notes, documents, written items, or anything printed or inputted into standard system of your business, regardless of who entered or created the entry)

    Answer: _____

5.  Were these memoranda, reports, records, notes, photographs, or data compilations under your care, supervision, direction, custody, and/or control?

    Answer: _____

6.  Please state whether or not it was in the regular course of business of **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** for an employee, representative, or person with knowledge of the acts or events recorded to make the record or transmit information thereof to be included in such record.

    Answer: _____

7.  Do you understand the subpoena requests all the records and documents pertaining to **REENA MATHEW**, and is not limited in scope or time or as to the type of record or document?

    Answer: _____

8.  Are the records being produced kept in the regular course of business? (Meaning: Are these records created by your staff as part of their daily duties?)

    Answer: _____

9.  Are the records provided the original records or exact duplicate of the original records?

    Answer: _____

10. Has **REENA MATHEW** been treated, examined by, or received services from **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO**?

    Answer: _____

11. Have you provided all the records and documents requested, including those that may be on microfilm, in any other departments, kept by other employees, or in any other storage medium?

    Answer: _____

12. If you answered "no" to Question Number 11, what kind of records did you not include, and why did you not produce those records?

    Answer: _____

13. Who has the records you did not produce and listed on Question Number 12? (List name, business name, and telephone number, if available)

    Answer: _____

14. Are the records attached clear, legible and the best possible copies available? If any of the copies of the attached records are of poor quality, please explain why.

    Answer: _____

15. Has **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** made or caused to be made any billing and accounting records for services rendered to **REENA MATHEW** which set out the complete billing history including, but not limited to, the amount that **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** has adjusted, discounted, and/or written off, any third party adjustments, and any payments made by **REENA MATHEW?**

     Answer: _____

16. What is the total dollar amount of the charges for the services rendered to **REENA MATHEW** for the dates of service listed in the scope of the subpoena ONLY requested as reflected in the billing and accounting records? **(Note: This amount should <u>not</u> include the fees for any BILLING RECORDS or reports and should be in $0.00 format.)**

     Answer: _____

17. What is the total dollar amount of the charges for the services rendered for the period indicated, as reflected in the **BILLING RECORDS,** which have been paid by **REENA MATHEW** and not by a private insurance company or some other person or entity? **(Note: This amount will only include patient payments and should be in $0.00 format)**

     Answer: _____

18. Has any amount of the charges for services rendered to **REENA MATHEW** during the dates of service listed in the scope of the subpoena ONLY indicated herein been paid by private insurance company or by any person or entity other than **REENA MATHEW?**

     Answer: _____

19. If your answer to the preceding question was "YES", please write the name of the private insurer, person or entity, and the total amount paid by each for services rendered to **REENA MATHEW** during the time period indicated.

     Answer: _____

20. If you provided a name or names and the amount(s) in response to the preceding questions, please state whether **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** has a managed or contractual agreement with any private insurance, person, and/or entity listed in said responses.

     Answer: _____

21. If the answer to the preceding question was "Yes" as to any private insurer, person , or entity listed, please state the total amount of the charge from services rendered to **REENA MATHEW** during the time period indicated, as reflected in the billing and accounting records, which have been adjusted, discounted, written off by **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** as a result of the managed care or contractual arrangement which each private insurer, person or entity listed. **(Note: this amount should be in $0.00 format)**

     Answer: _____

22. For each entity listed in the preceding three questions, please state whether **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** has managed care or contractual arrangement with the listed private insurer, person or entity which prohibits **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** from seeking reimbursement from **REENA MATHEW** for any of the amounts which have been adjusted, discounted, or written off, as a result of that managed care or contractual arrangement?

   Answer: _____

23. Does **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** accept Medicare and/or Medicaid?

   Answer: _____

24. If the answer to the previous questions is "Yes", is it true that **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO's** contract with Medicare and/or Medicaid requires that a patient not be held legally responsible for the payment of any portion of the charges for treatment of services not covered by Medicare and/or Medicaid?

   Answer: _____

25. If the answer to the preceding questions is "NO", state all the terms of insurance coverage or the healthcare expenses reflected on **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO's BILLING RECORDS** which allows **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** to bill **REENA MATHEW** for amounts not covered by Medicare/Medicaid.

   Answer: _____

26. What is the amount of charges for treatment or services rendered for **REENA MATHEW** as reflected in the billing and accounting records, which have been paid by Medicare and/or Medicaid. **(Note: This amount should be in $0.00 format.)**

   Answer: _____

27. What is the current balance, if any, owed on **REENA MATHEW's** bill for the dates of service listed in the scope of the subpoena? **(Note: This amount should be in $0.00 format.)**

   Answer: _____

28. What amount, if any, of the said current balance does **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO** continue to seek as payment from **REENA MATHEW** as the patients legal obligation to pay beyond what Medicare/Medicaid, private insurance or other person or entity has already paid? **(Note: This amount should be in $0.00 format.)**

   Answer: _____

29. Please fill in the following blanks with the requested information concerning medical treatment provided to **REENA MATHEW**: **(Note: This amount should be in $0.00 format.)**

   1. Total amount charged by **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (Note: Reference Response from Question # 16):**

   Answer: _____

2.   Total amount paid by private insurance **(Note: Reference Response from Question # 18):**

Answer: _____

3.   Total amount paid by Medicare/Medicaid **(Note: Reference Response from Question # 26):**

Answer: _____

4.   Total amount paid by **REENA MATHEW (Note: Reference Response from Question # 17):**

Answer: _____

5.   Total amount written off or adjusted off **(Note: Reference Response from Question # 21):**

Answer: _____

6.   Total amount still owed and by whom **(Note: Reference Response from Question # 27):**

Answer: _____

7.   If there is an amount owed on the account, who is responsible for that amount?

Answer: _____

30. In the event no records can be found, or a portion of the records cannot be found, are there document archives (i.e., microfiche), document retention or destruction policies which explain their absence? **(Note: if all records have been provided "N/A" is acceptable.)**

Answer: _____

31. What is the retention policy for **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO?**

Answer: _____


_____
WITNESS (Custodian of Records)

  Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

  SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

don.uloth@uloth.pro

| | |
|---|---|
| From: | don.uloth@uloth.pro |
| Sent: | Friday, August 16, 2024 3:03 PM |
| To: | 'Haley Knapp'; 'azura.martinez@tlc-texas.com' |
| Cc: | 'Monte K. Hurst'; 'Clayton S. Carter' |
| Subject: | RE: REENA S. MATHEW V. SANTANDER CONSUMER USA INC., 3:23-CV-01494-N, TLC# 65215 WAIVER P1-4 |
| Attachments: | Waiver form.pdf |

Hi:

Thanks for the email. I agree to waive the notice period, and I don't have any objections to the documents. Attached is the signed waiver form.

Please proceed, I know we are pressed for time here.

I noticed that the date for production of the records is September 2, which is Labor Day. Feel free to ask them to produce them sooner if you wish.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

---

**From:** Azura Martinez <azura.martinez@tlc-texas.com>
**Sent:** Friday, August 16, 2024 2:34 PM
**To:** don.uloth@uloth.pro
**Cc:** Haley Knapp <Haley.Knapp@tlc-texas.com>
**Subject:** REENA S. MATHEW V. SANTANDER CONSUMER USA INC., 3:23-CV-01494-N, TLC#65215 WAIVER P1-4
**Importance:** High

Dear Counsel,

Attached you will find a Notice of intention to take Deposition by Written Questions regarding the above referenced case. Also attached you will find a Waiver should you choose to waive the Objection period and/or request copies of the records we obtain.

Please contact our office if you have any questions.

**Please call or email Haley Knapp (737.802.3551 or Haley.Knapp@tlc-texas.com)**
if you have any questions or do not understand the request.

1





**Our services include:  Court Reporting/Oral Depositions (Online & In-Person),
Depositions Upon Written Questions, Electronic Data Software & Computer Forensics,
Legal Research & Briefing Tool, Mobile and Online Remote Notary Public Services,
Process Service, Record Retrieval, Transcriptions, and Videography/Video Editing.**

NOTICE: The information contained in this electronic mail message is confidential and intended only for certain recipients.  If you are not an intended recipient, you are hereby notified that any disclosure, reproduction, distribution or other use of this communication and any attachments is strictly prohibited.  If you have received this communication in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

2

TO:   **Donald E. 'Don' Uloth**
FROM:   The Legal Connection, Inc.
Re:   **3:23-CV-01494-N; REENA S. MATHEW v. SANTANDER CONSUMER USA INC.**

## WAIVER OF NOTICE AND REQUEST FOR COPIES OF RECORDS

Our client, **Monte Hurst** of HALLETT & PERRIN PC has/have commissioned **THE LEGAL CONNECTION, INC.** ("TLC") to obtain records on **REENA MATHEW** from the following custodian(s) for use in the above referenced case. You will find a copy of the Notice of Intention to Take Deposition Upon Written Questions and said Questions attached thereto.

___X___ **I DO AGREE TO WAIVE THE NOTICE PERIOD.** _____ I DO NOT AGREE TO WAIVE THE NOTICE PERIOD.

TLC would like to offer you this opportunity to obtain a copy of the documents received from the Custodian(s) of Record listed below. If you choose to obtain copies (whether in paper or digital format), the cost will involve a $65 base fee, $20 delivery fee, and $.55/page for exhibits/scans. Photographs, videotapes, audiotapes, medical imaging exhibits and CD duplications will be provided and will incur additional charges. If the Custodian(s) of Record produces supplemental records after the initial production, your order below will stand.

Please indicate what type of copies (Paper or Digital or Both) you would like BY MARKING "Y" for "YES" OR "N" for "NO" beside each location below:

| PAPER | DIGITAL | |
|---|---|---|
| _____ | N | **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO** |
| **(MEDICAL)** | | |
| _____ | N | **BAYLOR SCOTT & WHITE DALLAS DIAGNOSTIC ASSOCIATION - PLANO (BILLING)** |
| _____ | N | **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (MEDICAL)** |
| _____ | N | **BAYLOR SCOTT & WHITE OBSTETRICS & GYNECOLOGY - FRISCO (BILLING)** |

Digital records will be provided in PDF format. If you checked "digital" above, please indicate how you want them provided to your office:

[ ] **Email RECORDS** to this address: ___not applicable, no records are being requested___

Unless otherwise indicated, photographs, videotapes, audiotapes, medical imaging exhibits and CD duplications will be provided in the same format provided by the Custodian of Record and will incur additional charges.

**THE LEGAL CONNECTION, INC.** also offers direct billing to most insurance companies.

I agree that I and/or my firm will be responsible for payment of any copies of records ordered on this waiver. I acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in Travis County, Texas. **Email INVOICE** to this address: ___not applicable___

RETURN TO:                                         AGREED BY:
**THE LEGAL CONNECTION**
**ATTN: Madison Carter**                           /s/ Donald E. Uloth
**8656 W Hwy 71, Bldg F, Suite 200**               Date: ___August 16, 2024___
**Austin, TX 78735**
**Phone: 512.892.5700**                            **Donald E. 'Don' Uloth**
**Fax: 512.892.5703**                              **LAW OFFICE OF DONALD E. ULOTH**
**Email: orders@tlc-texas.com**                    **18208 Preston Rd. Suite D-9 #261**
                                                   **Dallas, TX 75252**
                                                   **214.989.4396 Fax 866.462.6179**
                                                   Attorney(s) for Plaintiff(s)

**NOTE: RETURN OF THIS FORM IS REQUIRED WITHIN FOURTEEN (14) DAYS TO PROCESS YOUR REQUEST. ANY CANCELLATION OF THE ABOVE MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.**

Order No. **65215**                                                          App.77