IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REENA S. MATHEW,<br><br>　Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>　Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:23-CV-01494-N<br>§<br>§<br>§<br>§ |

# **ORDER**

This Order addresses Defendant Santander Consumer USA, Inc.'s ("Santander") emergency motion for continuance [21]. Specifically, Santander requests that the Court extend the trial date by at least 90 days and adjust the deadlines to complete discovery, file motions, and submit and object to pretrial materials to correspond with the new trial date. Because Santander showed good cause, the Court grants the motion and reopens discovery as to the newly disclosed doctors only.

"District courts have 'broad discretion' in deciding motions for continuances." *Myers v. CitiMortgage, Inc.*, 557 F. App'x 296, 298 (5th Cir. 2014) (citations omitted); *see also HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000) (noting that district courts' discretion in making scheduling decisions is "exceedingly wide"). "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing

ORDER – PAGE 1

the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted).  "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice*.*"  *Cartier v. Egana of Switzerland (Am.) Corp.*, 2009 WL 614820, at *3 (N.D. Tex. 2009) (citing *S&W Enters., L.L.C.*, 315 F.3d at 536).

The Court concludes there is good cause to partially reopen discovery, revise the pretrial schedule, and set a new trial date.  Santander requests a continuance because Mathew did not disclose that she had received treatment from Dr. Parekh and Dr. Carmichael for her alleged mental anguish until her deposition on August 8, 2024.  *See* Def.'s Mot. Continuance 4.  Santander requested this information in the discovery requests on December 29, 2023.  *Id.* at 3.  Santander believes it needs additional time to obtain documents from the newly disclosed doctors and resume Mathew's deposition once it receives the documents.  *Id.* at 5–6.  The Court finds Mathew will not be prejudiced by the continuance because Mathew has been on notice since December 29, 2023, of the documents and information Santander requires.  *See Cartier*, 2009 WL 614820, at *6 ("But there is no suggestion that allowing Cartier to conduct such discovery during the four-month extension period will cause Egana to incur any greater expenses than it would have expended had Cartier completed this discovery before the current deadline.").

Accordingly, the Court vacates the current trial setting and will reset the trial setting and pretrial materials deadlines in a separate scheduling order.  Further, the Court reopens

ORDER – PAGE 2

discovery as to Dr. Parekh and Dr. Carmichael only and will close this discovery 60 days before the forthcoming trial setting.

Signed August 30, 2024.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 3