IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| Defendant | § | |

**APPENDIX IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL**

<u>Page Nos.</u>      <u>Description</u>

3-5          1/29/16 letter from Plaintiff's attorney to Monte K. Hurst

6-7          2/16/16 Santander Litigation Hold Directive

8-18        Plaintiff's First Request for Production of Documents to Defendant

19-21      Plaintiff's First Set of Interrogatories to Defendant

22-50      Defendant's Second Amended Objections and Responses to Plaintiff's First
             Request for Production of Documents

51-58      Defendant's Second Amended Objections and Answers to Plaintiff's First Set of
             Interrogatories

59-83      Defendant's Third Amended Objections and Responses to Plaintiff's First Request
             for Production of Documents

84-85      Plaintiff's Second Set of Interrogatories to Defendant

86-91      Defendant's Objections and Answers to Plaintiff's Second Set of Interrogatories

92-93      6/17/24 Electronic Minute Entry granting [14] Plaintiff's Motion to Compel

94-96      7/23/24 email to counsel for Defendant sending a proposed list of topics for a
             30(b)(6) deposition of Defendant

| | |
|---|---|
| 97-108 | Emails between counsel regarding 30(b)(6) deposition of Defendant |
| 109-111 | 30(b)(6) deposition notice |
| 112-124 | Excerpts from the 8/21/24 transcript of the 30(b)(6) deposition of Defendant (Yessica Perez) |
| 125-156 | 8/29/24 transcript of the 30(b)(6) deposition of Defendant (Sabrina Boyd) |
| 157-160 | Emails between counsel regarding Plaintiff's plan to file a motion to compel discovery |

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 725-0260
Fax: (866) 462-6179
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on September 27, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth



## SPIELBERGER
### L A W   G R O U P

ATTORNEYS AT LAW

James Spielberger ‡†
Gary Martoccio ✳ ✱
Gabrielle Klepper ✳† ø ★❖
Alicia D. Massidas Y ◊✳
Jason Allan Watson ✳✦❖
Jeffrey Del Rio ✳❖‡
Jordan C. Sullivan ‡ ✳
Philip Kegler ✳ ❧
Thomas Daugustinis ✳
Trescot Gear ✳

OFFICES

Charleston
Tampa
Chicago ·
Atlanta ·
Charlotte ·
Raleigh ·
Orlando ·
Jacksonville ·
Ft. Lauderdale ·
Austin ·
Houston ·
Dallas ·
Buffalo ·
New York ·
Philadelphia ·
Pittsburgh ·
· by apt. only

January 29, 2016

Santander Consumer USA
c/o Hermes Sargent Bates, LLP
Attention: Monte Hurst
901 Main St., Suite 5200
Dallas, TX 75202

### RE: Your employee Reena Mathew

Dear Mr. Hurst:

Reena Mathew has retained this law firm to represent her in regards to her separation from Santander Consumer USA (hereinafter referred to as "Santander"). Please direct all future correspondence, communications, and documents regarding this matter to our firm. The purpose of this letter is to summarize briefly my understanding of what transpired and to determine your interest in engaging in a good faith effort to resolve this matter.

As you know, Ms. Mathew began working for Santander in January 2011. Throughout her tenure with Santander, Ms. Mathew has been a hard working employee who diligently performs her duties on a regular basis. Our investigation indicates that Santander's treatment of Ms. Mathew violates federal law.

In October 2015, Ms. Mathew informed Santander's Human Resource Manager that he was pregnant. Soon after informing Santander about her pregnancy, Santander placed Ms. Mathew on a performance plan without notice or warning. Ms. Mathew reported the retaliatory action to management; however, no action has been taken to address the hostile work environment.

Our investigation suggests Santander has discriminated against Ms. Mathew due to her pregnancy. Santander's recent conduct is in direct violation of Title VII of the Civil Rights Act of 1964 (Title VII), public policy, and company policy.

The applicable portions of the Title VII and Eleventh Circuit holdings read in pertinent part:

*"It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge an individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment*

OF COUNSEL:
♦

ONLY LICENSED IN:
Y NY
◊ NJ
† SC
‡ GA
✦ NC
✳ IL
ø TX
✱ FL
★ AZ
❖ PA
❧ CO
❧ AL

Mathew 081

Administrative Office: 202 S. Hoover Blvd · Tampa, Florida 33609 · Phone: (800) 965.1570 · Fax: (866) 580.7499



*because of such individual's race, color, religion, sex, or national origin."[1]*

*"The law forbids discrimination when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave and health insurance, and any other term or condition of employment."[2]*

*[W]hen defining the level of substantiality required for a Title VII discrimination claim, we required an employee to demonstrate she suffered "a serious and material change in the terms, conditions, or privileges of employment" to show an adverse employment action.[3]*

*[C]onduct falling short of an ultimate employment decision must, in some substantial way, "alter[ ] the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect [ ] his or her status as an employee."[4]*

As with other sex-based stereotypes, Title VII prohibits an employer from basing an adverse employment decision on stereotypical assumptions about the effect of pregnancy on an employee's job performance, regardless of whether the employer is acting out of hostility or a belief that it is acting in the employee's best interest.

Ms. Mathew takes great pride in her work and has enjoyed her employment with Santander. At this time we will continue to closely monitor the situation on an ongoing basis and expect that Santander will conduct its operations professionally. This is a demand for Santander to: (1) investigate Ms. Mathew's claims, (2) prevent future instances of discrimination in the workplace, and (3) contact this office to discuss a fair and reasonable resolution to this matter.

This letter serves as formal notice of your ongoing legal duty to preserve any and all information relevant to the facts surrounding this claim. Your duty to preserve evidence extends to the following: 1) business records, 2) paper, digital, or electronic files, 3) data generated by and/or stored on you or your client's computers and storage media (e.g., hard disks, floppy disks, backup tapes), 4) any other electronic data, such as: voice mails, text messages, emails, digital/analog audio recordings, 5) any related physical evidence, and 6) any form of video recordings (please prevent the automatic deletion of video footage by preprogrammed deletion cycles). Violations of the legal duty described in this notice can result in severe sanctions being imposed by the Court for spoliation of actual evidence or potential evidence.

---

[1] Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 § 703 (a).
[2] *EEOC Compliance Manual 2011.*
[3] *Crawford v. Carroll,* 529 F.3d 961 (11th Cir.2008).
[4] *Id.,* (quoting *Gupta v. Florida Board of Regents,* 212 F.3d 571 (11th Cir.2000)).

Mathew 082

Administrative Office: 202 S. Hoover Blvd • Tampa, Florida 33609 • Phone: (800) 965.1570 • Fax: (866) 580.7499



Please note that our investigation of Ms. Mathew's claims is ongoing.  So that I can document our file, please send me a written response to this letter within five days.  Also, please call me at your earliest convenience to discuss your interest in resolving these issues.  You can contact me directly at (800) 965-1570 ext. 128.

Best regards,

Gabrielle Klepper
gabrielle.klepper@spielbergerlawgroup.com

cc: Thomas Daugustinis, Esq.
    Reena Mathew

Mathew 083

Administrative Office: 202 S. Hoover Blvd  •  Tampa, Florida 33609  •  Phone: (800) 965.1570  •  Fax: (866) 580.7499



**Santander**
CONSUMER USA

**Litigation Hold Directive**

To:         Stephen Shaffer

From:       Catessa Malone

Date:       February 16, 2016

Re:         Preservation of Paper and Electronic Records Regarding Reena Mathew

Please read this **entire** Litigation Hold Directive.  If you have any questions about it, please contact me.

SCUSA is currently involved in a dispute involving current employee Reena Mathew.  Ms. Mathew alleges that SCUSA unlawfully discriminated against her after she announced that she was pregnant.

In connection with its defense, SCUSA **must** preserve all documents, electronically-stored information, and any other evidence that relate to Ms. Mathew's allegations.  This evidence may be critical to the company's defense, and the company has a legal obligation to preserve documents related to Ms. Mathew's claims.   You may have documents that are relevant to the claims. For this reason, it is mandatory that you cooperate with our efforts to meet our legal obligations to preserve potential evidence.

Until further notice from the legal department, **you must not delete, destroy, re-save, modify, or otherwise take any action regarding any electronic or hard-copy documents (including e-mail messages, spreadsheets, and Word documents) that relate to Ms. Mathew or her alleged discrimination.**  In particular, you must preserve all documents and information related to these topics:

- Ms. Mathew's employment with SCUSA, including her hiring, training, pay, and benefits;
- Any document or correspondence authored by or sent to Ms. Mathew;
- SCUSA's decision to place Ms. Mathew on a performance improvement plan; and
- Ms. Mathew's job performance, including her performance reviews.

Please preserve any documents or information you think might be potentially related to Ms. Mathew's discrimination claims, even if they are not on the list above.  This directive applies not only to current documents in your immediate possession, custody, or control,



SC010472


CONSUMER USA

but also to documents in the possession of people you supervise as well as to any documents that may be created in the future.

**If you presently have in your possession any emails or electronic or paper documents that could be relevant to this case, please immediately notify me at cnmalone@santanderconsumerusa.com, and I will make arrangements to obtain these from you.**

**<u>This Litigation Hold Directive supersedes all existing instructions with respect to SCUSA's records retention policies and will remain in force until further notice.</u>**

Please understand that we are, at this time, only preserving evidence for possible use in defending this matter. We are not presently disclosing the electronic or paper data to anyone other than our retained outside counsel. If you become aware of anyone who fails to comply with this directive, please advise the legal department.

If your position changes or you leave the company, please let me know of your planned change of position or departure.

Please treat this request as a confidential, privileged communication and only discuss it with the Legal department or external counsel.

After reviewing this memorandum, please sign the certification below and return it to me at cnmalone@santanderconsumerusa.com.

Thank you for your attention to this matter.

Sincerely,

/s/ Catessa Malone

CC via email:
Jason Clark, Senior Vice President, Associate General Counsel
Monte Hurst and Kristen Brumbalow, Hallett & Perrin (outside counsel)

*I certify that I reviewed the above litigation hold memorandum and agree to comply with it.*

_____
[Employee]

SC010473

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REENA S. MATHEW,              §
     Plaintiff              §
                            §
v.                            §              Civil Action No. 3:23-cv-01494-N
                            §
SANTANDER CONSUMER USA INC.,  §
     Defendant              §

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

TO:    Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

      Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew ("Mathew" or "Plaintiff") submits the following requests for production to Santander Consumer USA Inc.

**Definitions**

     1.    "Document," as used herein, has the same meaning as the term is used in Rule 34 of the Federal Rules of Civil Procedure, and the term includes electronically stored information and tangible things.  A draft or nonidentical copy is a separate document within the meaning of this term.

     2.    "Communication" refers to any document containing or describing an exchange of information between persons (such as letters, faxes, memos, emails, <u>and notes of oral conversations</u>), and includes any documents that were enclosed with or which accompanied the communication (such as email attachments, and enclosures sent with letters).  For emails, the term communication includes all prior and subsequent emails in a chain, even if those independently are not precisely responsive to one of the following requests.

1

3. "HRBP" refers to (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the downtown Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016.

## Instructions

Defendant may serve copies of the requested documents along with the response. Alternatively, if copies are not received along with your written response to this request, counsel for Plaintiff will contact counsel for Defendant to arrange a reasonable time and place to inspect the documents. As previously agreed, all electronically stored information must initially be produced as text searchable Portable Document Format ("PDF"), except Excel files, which must be produced in native format. *See* Joint Status Report, Doc. 12.

## Requests for Production

1. The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

2. Documents showing the compensation and bonuses paid to Reena Mathew.

3. Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

4. Reena Mathew's IRS Form W-2 for 2015 and 2016.

5. Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

6. Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

2

7.      For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

8.      Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package.  *See* SC001067.

9.      The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.[1]

   **Note: Requests 10 - 42 are limited to the period from April 19, 2013 through April 19, 2016.**

10.     Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for.  This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

11.     The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.[2]

12.     The performance reviews of each HRBP.

13.     The Monthly Recaps of each HRBP.

14.     Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

15.     For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

16.     For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

---

[1] This request tracks the language used by the Court in its Initial Discovery Order for Employment Cases (Doc. 10). See Exhibit A, Part 3 section (2) d.
[2] This request tracks the language used by the Court in its Initial Discovery Order for Employment Cases (Doc. 10). See Exhibit A, Part 3 section (2) d.

17.     Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

18.     Performance Improvement Plans for each HRBP.

19.     Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

20.     Action Plans for each HRBP.

21.     Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

22.     Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

23.     Communications to each HRBP reminding them to work full shifts.

24.     Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

25.     Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

26.     Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

27.     Documents showing an HRBP delayed processing a termination.

28.     Documents showing an HRBP completed a task late or missed a deadline.

29.     Documents showing an HRBP sought assistance with a task or duty.

30.     Documents showing an HRBP underestimated a concern brought forth from an employee.

31.     Documents showing an HRBP delayed or failed to follow through on information received from an employee.

32.     Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

4

33.     Documents showing an HRBP questioned a business leader for bringing forward a concern.

34.     Documents showing an HRBP provided an untimely response to a member of his or her business unit.

35.     Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

36.     The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

37.     The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

38.     The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

39.     The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

40.     The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

41.     Policies and procedures concerning Performance Improvement Plans.

42.     Policies and procedures about investigating employee complaints of discrimination.

43.     Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

44.     Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

45.     The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena.  *See* SC000945 in the entry for October 29, 2015.

46.     The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

5

47.     The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

48.     The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

49.     The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

50.     The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

51.     Communications to and from the HR Generalist calling this person in on their time off.  *See* SC000945 in the entry for December 28, 2015.

52.     Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

53.     The "rough timelines and notes" mentioned on page SC000021.

54.     The communication from Stephanie sending the "Angelina timeline," including the timeline.  *See* SC000021.

55.     The "backup emails Angelina provided."  *See* SC000021.

56.     The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

57.     The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

58.     The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

59.     The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

60.     The 12/11/15 email from Reena to Pam mentioned on page SC000022.

61.     Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

62.     Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

63.     Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

64.     Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

65.     Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

66.     Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

67.     Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

68.     Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

69.     Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

70.     Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

71.     Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

72.     Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

73.     The action plan mentioned on page SC001002.

74.     The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

75.     Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

76.     Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

77.     Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

78.     Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

79.     The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

80.     The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

81.     The feedback provided to Mathew regarding providing more detail in the work she submits.  *See* SC000038.

82.     The "two term requests submitted incorrectly."  *See* SC000038.

83.     Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

84.     The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie.  *See* SC000038.

85.     Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

86.     Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

87.     Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

88.     Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

89.     The email allegedly "misrepresenting the truth" to Stephanie.  *See* SC000039.

90.     The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:"  *See* SC000039.

91.     The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

92.     Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

93.     Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

94.     Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

95.     Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

96.     Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

97.     Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

98.     Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

99.     Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation."  *See* Defendant's Original Answer, page 10.

9

100.    Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons."  *See* Defendant's Original Answer, page 10.

101.    Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive."  *See* Defendant's Original Answer, page 10.

102.    Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew.  *See* Defendant's Original Answer, page 11.

103.    Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."  *See* Defendant's Original Answer, page 11.

104.    Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

105.    Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages."  *See* Defendant's Original Answer, page 11.

106.    Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)."  *See* Defendant's Original Answer, page 11.

107.    Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

108.    Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

109.    Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 31, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

TO:    Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew ("Mathew" or "Plaintiff") submits the following interrogatories to Santander Consumer USA Inc.  Except for Interrogatory No. 6, these interrogatories are limited in time to the period from April 19, 2013 through April 19, 2016.

**Definitions**

1.    "HRBP" refers to (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the downtown Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016.

**Interrogatories**

1.    Who made the decision to terminate Reena Mathew?

2.    Why did Santander Consumer USA Inc. terminate Reena Mathew?

1

3.      For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]

      a.      The name of the person who expressed concern;
      b.      The date(s) of the communication(s);
      c.      Whether the communication was oral, or in writing:
      d.      The substance of the communication – describe what the person said;
      e.      To whom the communication was made (including each recipient or person who heard it);
      f.      Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

4.      For each business leader "disturbed that Reena had questioned and addressed them for bringing forward their concerns" (see SC000085), provide the following:[2]

      a.      The name of the person who was disturbed;
      b.      The date(s) of the communication(s);
      c.      Whether the communication was oral, or in writing;
      d.      The substance of the communication – describe what the person said;
      e.      To whom the communication was made (including each recipient or person who heard it);
      f.      Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

5.      Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:

      a.      Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;
      b.      Name each person who provided feedback;
      c.      State whether the feedback was oral, or in writing;
      d.      If it was oral, when was it provided and to whom was it provided;
      e.      If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production.  Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

6.      Regarding each of the job functions Mathew was handling at the time of her termination, and for the six-month period following her termination, provide the following:

---

[1] See SC000085 where it says: "Several business units have brought forth concerns…"
[2] See SC000085 where it says: "Senior business leaders were disturbed …"

a.    The name of each person who handled the job functions;

b.    Which functions each such person handled.

7.    State the facts that you contend support your affirmative defense: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."

8.    State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains."

9.    State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."

10.    State the facts that you contend support your affirmative defense: "Mathew failed to mitigate her alleged damages."

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on January 31, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S SECOND AMENDED OBJECTIONS
## AND RESPONSES TO PLAINTIFF'S FIRST
## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Defendant Santander Consumer USA Inc. hereby serves its Second Amended Objections

and Responses to Plaintiff Reena Mathew's First Request for Production of Documents.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:    *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Kristen A. Brumbalow
       State Bar No. 24076499
       KBrumbalow@hallettperrin.com

       Clayton S. Carter
       State Bar No. 24120750
       CCarter@hallettperrin.com

       *Counsel for Defendant*
       *Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that, on June 13, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


*Monte K. Hurst*
Monte K. Hurst

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 2:**
Documents showing the compensation and bonuses paid to Reena Mathew.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 3:**
Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4:**
Reena Mathew's IRS Form W-2 for 2015 and 2016.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 5:**
Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 6:**

Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 8:**

Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package. *See* SC001067.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 9:**

The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

**RESPONSE:**

Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks the complete personnel files for an individual whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to this employee, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition.

Santander will produce all documents in Yessica Adriano's personnel file that either; (1) pertain to the reasons for termination of Ms. Mathew; or (2) pertain to allegations of discriminatory acts by Ms. Adriano, if any.

Santander has produced responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**
Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for. This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 11:**
The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 12:**
The performance reviews of each HRBP.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 13:**
The Monthly Recaps of each HRBP.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 14:**
Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

    **RESPONSE:**

    After a diligent search, Santander has no documents responsive to this Request other than Mathew's time study previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 15:**
For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 16:**
For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 17:**
Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

      **RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 18:**
Performance Improvement Plans for each HRBP.

      **RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than Mathew's Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 19:**
Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

      **RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request other than the reviews of Mathew during her Performance Improvement Plans previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 20:**
Action Plans for each HRBP.

      **RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 21:**

Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 22:**

Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 23:**

Communications to each HRBP reminding them to work full shifts.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 24:**

Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

App. 029

**REQUEST FOR PRODUCTION NO. 25:**
Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 26:**
Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 27:**
Documents showing an HRBP delayed processing a termination.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 28:**
Documents showing an HRBP completed a task late or missed a deadline.

> **RESPONSE:**
>
> See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 29:**
Documents showing an HRBP sought assistance with a task or duty.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 30:**
Documents showing an HRBP underestimated a concern brought forth from an employee.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 31:**
Documents showing an HRBP delayed or failed to follow through on information received from an employee.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 32:**
Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 33:**
Documents showing an HRBP questioned a business leader for bringing forward a concern.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 34:**

Documents showing an HRBP provided an untimely response to a member of his or her business unit.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 35:**

Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 36:**

The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 37:**

The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 38:**
The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 39:**
The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 40:**
The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 41:**
Policies and procedures concerning Performance Improvement Plans.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

App. 033

**REQUEST FOR PRODUCTION NO. 42:**
Policies and procedures about investigating employee complaints of discrimination.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 43:**
Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 44:**
Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 45:**
The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena. *See* SC000945 in the entry for October 29, 2015.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 46:**
The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 47:**
The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 48:**
The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 49:**
The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 50:**
The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 51:**

Communications to and from the HR Generalist calling this person in on their time off. *See* SC000945 in the entry for December 28, 2015.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 52:**

Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 53:**

The "rough timelines and notes" mentioned on page SC000021.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 54:**

The communication from Stephanie sending the "Angelina timeline," including the timeline. *See* SC000021.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 55:**

The "backup emails Angelina provided." *See* SC000021.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 56:**

The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 57:**

The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 58:**

The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 59:**

The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 60:**

The 12/11/15 email from Reena to Pam mentioned on page SC000022.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 61:**

Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 66:**

Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 67:**

Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 68:**

Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

-18-

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 69:**
Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 70:**
Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 71:**
Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 72:**
Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 73:**
The action plan mentioned on page SC001002.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 74:**
The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 75:**
Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 76:**
Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 77:**
Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 78:**

Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 79:**

The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 80:**

The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 81:**

The feedback provided to Mathew regarding providing more detail in the work she submits. *See* SC000038.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 82:**

The "two term requests submitted incorrectly." *See* SC000038.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any

**REQUEST FOR PRODUCTION NO. 83:**

Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

   **RESPONSE:**

   See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 84:**

The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie. *See* SC000038.

   **RESPONSE:**

   Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 85:**

Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

   **RESPONSE:**

   See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 86:**

Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 87:**

Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 88:**

Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 89:**

The email allegedly "misrepresenting the truth" to Stephanie. *See* SC000039.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 90:**

The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:" *See* SC000039.

**RESPONSE:**

Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 91:**

The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 92:**

Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

**RESPONSE:**

Responsive documents have been produced.

**REQUEST FOR PRODUCTION NO. 93:**

Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.

**REQUEST FOR PRODUCTION NO. 94:**

Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 95:**

Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

    **RESPONSE:**

    After a diligent search, Santander has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 96:**

Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

    **RESPONSE:**

    Santander is conducting a diligent search of its files and will produce documents responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 97:**

Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

    **RESPONSE:**

    See documents previously produced by Santander in response to the Court's Initial Discovery Protocol. As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 98:**

Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

    **RESPONSE:**

    Santander has produced responsive documents.

**REQUEST FOR PRODUCTION NO. 99:**

Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 100:**
Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 101:**
Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 102:**
Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew. *See* Defendant's Original Answer, page 11.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 103:**

Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm." *See* Defendant's Original Answer, page 11.

      **RESPONSE:**

      See documents previously produced by Santander.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 104:**

Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

      **RESPONSE:**

      See documents previously produced by Santander.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 105:**

Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages." *See* Defendant's Original Answer, page 11.

      **RESPONSE:**

      See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 106:**

Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

After a diligent search, Santander has no documents responsive to this Request as 42 U.S.C. § 1981a(b)(3) and the United States Constitution are publicly available documents not in the possession, custody, or control of Santander.

**REQUEST FOR PRODUCTION NO. 107:**

Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

**RESPONSE:**

See documents previously produced by Santander in response to the Court's Initial Discovery Protocol.  As discovery is ongoing, Santander reserves the right to supplement this response and its production should additional responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

**RESPONSE:**

None at this time.  Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified

**REQUEST FOR PRODUCTION NO. 109:**

Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

**<u>RESPONSE</u>:**

Mathew's Interrogatory responses with state Mathew has not held any job since her termination from Santander eight years ago. Santander reserves the right to, and will, supplement this Request and its document production if additional documents are identified.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S SECOND AMENDED OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Santander Consumer USA Inc. hereby serves its Second Amended Objections

and Answers to Plaintiff Reena Mathew's First Set of Interrogatories.

-1-

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:    *Monte K. Hurst*
      Monte K. Hurst
      State Bar No. 00796802
      Monte.Hurst@hallettperrin.com

      Kristen A. Brumbalow
      State Bar No. 24076499
      KBrumbalow@hallettperrin.com

      Clayton S. Carter
      State Bar No. 24120750
      CCarter@hallettperrin.com

      *Counsel for Defendant*
      *Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 13, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst

-2-

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Who made the decision to terminate Reena Mathew?

**ANSWER:**

Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer made the decision to place Reena Mathew on a Performance Improvement Plans ("PIP") and, after Reena Mathew's failure to make any improvement, ultimately determined to terminate Reena Mathew.

**INTERROGATORY NO. 2:**

Why did Santander Consumer USA Inc. terminate Reena Mathew?

**ANSWER:**

Throughout her employment with Santander, Reena Mathew consistently failed to meet expectations in her job performance. This poor performance led to her supervisors placing her on two PIPs. However, despite receiving extensive coaching and direction at biweekly meetings to discuss her progress during her PIPs, Mathew failed to demonstrate necessary improvement. Accordingly, Yessica Perez, Stephanie Elad, Pamela Blackburn and Stephen Shaffer terminated Mathew's employment due to her habitual poor performance.

**INTERROGATORY NO. 3:**

For each time a person in one of the business units supported by Reena Mathew expressed a concern about Mathew's ability or performance, provide the following:[1]

a.  The name of the person who expressed concern;
b.  The date(s) of the communication(s);
c.  Whether the communication was oral, or in writing:
d.  The substance of the communication – describe what the person said;
e.  To whom the communication was made (including each recipient or person who heard it);
f.  Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

---

[1] *See* SC000085 where it says: "Several business units have brought forth concerns…"

**ANSWER:**

Expressed concerns provided by business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult, she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

Santander presently has not identified any additional information responsive to this Interrogatory, including the information sought in subparts a-f.   As discovery and Santander's investigation is ongoing, Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

**INTERROGATORY NO. 4:**

For each business leader "disturbed that Reena had questioned and addressed them for bringing forward their concerns" (see SC000085), provide the following:[2]

- a.     The name of the person who was disturbed;
- b.     The date(s) of the communication(s);
- c.     Whether the communication was oral, or in writing;
- d.     The substance of the communication – describe what the person said;
- e.     To whom the communication was made (including each recipient or person who heard it);
- f.     Whether the recipient of the communication took notes or followed up with an email describing the concerns to a third person.

---

[2] See SC000085 where it says: "Senior business leaders were disturbed …"

**ANSWER:**

None known at this time. Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

**INTERROGATORY NO. 5:**

Regarding the "comments we received" from business clients referenced on page SC000039, provide the following information for all of the comments received, for Reena Mathew and all other HRBPs, and not just the eight points summarized on pages SC000039-40:

    a.    Describe the circumstances leading to the receipt of the feedback – whether someone actively solicited feedback, or did these business clients each provide unsolicited feedback;

    b.    Name each person who provided feedback;

    c.    State whether the feedback was oral, or in writing;

    d.    If it was oral, when was it provided and to whom was it provided;

    e.    If it was written, provide a Bates number or describe the document with enough detail to permit the drafting of a reasonably specific request for production. Note that these are already the subject of request number 91 in Plaintiff's First Request for Production of Documents to Defendant.

**ANSWER:**

Comments Santander received from business clients regarding Mathew's performance that were discussed with Mathew in a meeting that took place on April 15, 2016 include:

- Limited interactions, but it has been better since January. I'd rather just go to someone else on the HR team to get it done right. They are always helpful and on point.
- I am getting [disciplinary actions] within 2 days. I never get it within 24 hours though, which is what I thought the expectation was.
- I enjoy working with her but notice that with difficult conversations she is timid and struggles. She asked me to sit in on a conversation and when it got difficult she said that I would take over. This wasn't my Associate and I was unprepared.
- She doesn't like making decisions without checking with her manager. She isn't confident when dealing with issues. She is scared to make decisions.
- I had to sit in on a term that [Mathew] was supposed to handle. [Mathew] got flustered and turned it back to me to handle. It's obvious that she can't handle conflict.
- She has had to ask for an extension (beyond 2 days) for a [disciplinary action].
- I'm much more comfortable and confident working with others on the HR team because they respond timely and are confident in their decision-making process.
- She is very nice. Just don't ask her for anything.

Santander presently has not identified any additional information responsive to this Interrogatory, including the information sought in subparts a-e.  As discovery and Santander's investigation is ongoing, Santander reserves the right to, and will, supplement this Interrogatory response as new information is discovered.

**INTERROGATORY NO. 6:**
Regarding each of the job functions Mathew was handling at the time of her termination, and for the six-month period following her termination, provide the following:

        a.      The name of each person who handled the job functions;
        b.      Which functions each such person handled.

        **ANSWER:**

Mathew was replaced by Sabrina Boyd who was promoted from Human Resources Generalist to Mathew's former position of Human Resources Business Partner.  At the time Mathew was terminated Boyd took over all of Mathew's job functions and Boyd performed all of Mathew's job functions for the six-month period following Mathew's termination.

**INTERROGATORY NO. 7:**
State the facts that you contend support your affirmative defense: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm."

        **ANSWER:**

Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 8:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains."

**ANSWER:**

Santander asserts that when placed on two PIPs, while Mathew denied her performance issues and deflected blame, she did not claim either PIP was given due to alleged discrimination, nor did she follow the procedures for reporting alleged discrimination set forth in Santander's Associate Handbook Revised 2013, Bates-labeled SC000860–000906.

**INTERROGATORY NO. 9:**
State the facts that you contend support your affirmative defense: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."

**ANSWER:**

Santander asserts, none at this time as Mathew's performance deficiencies were known to Santander prior to any adverse employment action against Mathew.

**INTERROGATORY NO. 10:**
State the facts that you contend support your affirmative defense: "Mathew failed to mitigate her alleged damages."

**ANSWER:**

Santander asserts that Mathew failed to mitigate her alleged damages because, as shown by Mathew's own interrogatory responses, Mathew has not held any job since her termination from Santander nearly eight years ago.  Furthermore, despite being required by the Court's Initial Discovery Protocols to provide evidence of Mathew's attempts to obtain substantially similar employment since her termination, Mathew has not done so.

## <u>VERIFICATION</u>

**THE STATE OF TEXAS**      §

                            §

**COUNTY OF** Collin _____  §

    I, Yessica Perez, a duly authorized representative of Santander Consumer, USA Inc. do hereby declare and verify that I have read *Defendant's Second Amended Objections and Answers to Plaintiff's First Set of Interrogatories*; that the answers to such Interrogatories were prepared with the advice and assistance of counsel and from information obtained from other persons and documents; and that the factual answers set forth therein, are true and correct.

    I declare under the penalty of perjury under the laws of the United Stated of America that the foregoing is true and correct, and that this declaration was executed on June 12 , 2024, in Collin _____ County, Texas.

DocuSigned by:

*Yessica Perez*

C6DC64C88CF9F488...

**YESSICA PEREZ**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S THIRD AMENDED OBJECTIONS
## AND RESPONSES TO PLAINTIFF'S FIRST
## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Defendant Santander Consumer USA Inc. hereby serves its Third Amended Objections

and Responses to Plaintiff Reena Mathew's First Request for Production of Documents.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:    *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
The contents of all files and electronic records you kept specific to Reena Mathew, such as personnel, compensation, benefits, attendance, discipline, and medical.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**
Documents showing the compensation and bonuses paid to Reena Mathew.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**
Documents showing the 401k contributions paid from withholdings, and from the company's matching contributions.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**
Reena Mathew's IRS Form W-2 for 2015 and 2016.

**RESPONSE:**

After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**
Documents describing the benefits of employment Mathew was eligible for at the time of her termination.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**
Documents that state a monetary value for any of the benefits that Mathew was eligible for at the time of her termination.

    **RESPONSE:**

    After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**
For the period from September 1, 2015 through April 19, 2016, each communication sent *by* one of the following persons *to* any one or more of the following persons that mention Reena Mathew: Yessica Adriano, Stephanie Elad, Pamela Blackburn, Stephen Shaffer.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**
Communications about offering a severance package to Reena Mathew, including any follow up discussions to Stephanie Elad's November 24, 2015 email mentioning a severance package. *See* SC001067.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**
The personnel file of Yessica Adriano, including files concerning Adriano maintained by her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

    **RESPONSE:**

    Santander objects to this Request as overbroad and not limited to seeking items that are relevant to a party's claim or defense and proportional to the case's needs. Specifically, this Request seeks the complete personnel files for an individual whose job qualifications and performance are not at issue in this lawsuit or in any way related to Mathew's own performance or reason for termination. As written, this Request seeks the job applications, offer letters, resumes, performance evaluations, write-ups, warnings, complaints and reprimands issued to this employee, regardless of their relevance to Mathew's claims in this lawsuit, and constitutes nothing more than a fishing expedition.

Santander will produce all documents in Yessica Adriano's personnel file that either; (1) pertain to the reasons for termination of Ms. Mathew; or (2) pertain to allegations of discriminatory acts by Ms. Adriano, if any.

After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**
Documents concerning You Earned It points awarded to HRBPs, including recognitions, communications stating the HRBP should be awarded points, compilations of data showing the points awarded, who awarded the points, and what each award was for. This includes, but is not limited to, documents like SC000852 and SC000853, for each HRBP.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**
The personnel file of each HRBP, including files concerning each respective HRBP maintained by his or her supervisor(s), manager(s), or your human resources representative(s), irrespective of the relevant time period.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**
The performance reviews of each HRBP.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**
The Monthly Recaps of each HRBP.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

Time studies submitted by each HRBP (*i.e.* documents such as the time studies mentioned in SC000725).

> **RESPONSE:**
>
> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

For each HRBP, produce each "Record of Coaching" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.1.

> **RESPONSE:**
>
> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

For each HRBP, produce each "Record of Verbal Warning" as this term is used in your Progressive Discipline Procedure (Mathew 45-46), section 4.4.2.

> **RESPONSE:**
>
> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

Communications providing performance review feedback about each HRBP, documents like SC000044 – SC000046.

> **RESPONSE:**
>
> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

Performance Improvement Plans for each HRBP.

> **RESPONSE:**
>
> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

Reviews of HRBPs conducted during PIPs (documents like SC000999 – SC001000).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**
Action Plans for each HRBP.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**
Regarding each instance an HRBP asked for a one-time or short-term modification of his or her schedule (to be absent for all or part of their normal shift for doctor appointments or personal reasons), produce the request, and any subsequent communications concerning the request.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**
Communications from an HRBP giving less than 48 hours' notice that he or she needed to miss part of their regular workday for any reason.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**
Communications to each HRBP reminding them to work full shifts.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**
Communications to each HRBP reminding them to provide sufficient notice when requesting a deviation from their normal work schedule.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**
Communications to each HRBP about one or more DA's (disciplinary actions) submitted late.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**
Communications with an HRBP about completing the investigation checklist ("investigation checklist" is mentioned in the October 29, 2015 entry on page SC000945).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27:**
Documents showing an HRBP delayed processing a termination.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28:**
Documents showing an HRBP completed a task late or missed a deadline.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**
Documents showing an HRBP sought assistance with a task or duty.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

-8-

**REQUEST FOR PRODUCTION NO. 30:**

Documents showing an HRBP underestimated a concern brought forth from an employee.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31:**

Documents showing an HRBP delayed or failed to follow through on information received from an employee.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

Documents showing a member of a business unit brought forth concerns about an HRBP's ability to support his or her group.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

Documents showing an HRBP questioned a business leader for bringing forward a concern.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 34:**

Documents showing an HRBP provided an untimely response to a member of his or her business unit.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**
Communications to HRBPs that mention a deficiency or omission from an investigation report or term request written by the HRBP.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**
The "Assigned Working Hours Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**
The "Operational Attendance Policy" mentioned on page 15 of your Associate Handbook (which is Bates numbered SC000874).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**
The "Progressive Disciplinary Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39:**
The "Performance Appraisal Policy" mentioned on page 29 of your Associate Handbook (which is Bates numbered SC000888).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**
The "Work From Home" mentioned on page 33 of your Associate Handbook (which is Bates numbered SC000892).

 **RESPONSE:**

 Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41:**
Policies and procedures concerning Performance Improvement Plans.

 **RESPONSE:**

 Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 42:**
Policies and procedures about investigating employee complaints of discrimination.

 **RESPONSE:**

 Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**
Communications in 2016 about having another employee or employees cover Mathew's duties during her upcoming FMLA leave.

 **RESPONSE:**

 After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**
Communications in 2016 reassigning Mathew's duties to other employees for them to perform after Mathew was terminated.

 **RESPONSE:**

 After a diligent search, Santander has not identified any documents responsive to this Request.

-11-

**REQUEST FOR PRODUCTION NO. 45:**
The notification from Brad, site director, to HRM stating that they have 10 DA's pending from Reena. *See* SC000945 in the entry for October 29, 2015.

    **RESPONSE:**

    After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**
The specific instruction given to Reena Mathew about a bereavement request. *See* SC000945 in the entry for November 6, 2015.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47:**
The feedback provided on time management mentioned in the November 9, 2015 entry on page SC000945.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48:**
The term recommendation mentioned in the second November 23, 2015 entry on page SC000946, and each subsequent communication to or from Reena Mathew about this term recommendation.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49:**
The concerns received from the VP and SVP for the credit cards group mentioned in the December 8, 2015 entry on page SC000946, and each subsequent communication to or from these persons (the VP and SVP) about this matter.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50:**

The communications from senior leadership members mentioned in the December 22, 2015 entry on page SC000946.

    **RESPONSE:**

    After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Communications to and from the HR Generalist calling this person in on their time off. *See* SC000945 in the entry for December 28, 2015.

    **RESPONSE:**

    After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Communications sending the "Final Report for HR – Reena Mathew" (SC000021-000026) as an attachment.

    **RESPONSE:**

    After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

The "rough timelines and notes" mentioned on page SC000021.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 54:**

The communication from Stephanie sending the "Angelina timeline," including the timeline. *See* SC000021.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 55:**
The "backup emails Angelina provided." *See* SC000021.

    **RESPONSE:**

    After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 56:**
The 12/10/15 communication from Stephanie providing her notes, plus the notes (mentioned on page SC000022).

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 57:**
The "some documentation" Yessica Adriano provided to Reena Mathew (mentioned on the third line of page SC000023).

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58:**
The emails and communications mentioned in the document Bates numbered SC000021 – SC000026 (Final Report for HR – Reena Mathew).

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 59:**
The emails and communications mentioned in the document Bates numbered SC000026 – SC000027.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60:**
The 12/11/15 email from Reena to Pam mentioned on page SC000022.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 61:**
Produce all documents that you would contend support your contention that "Reena continually asks to leave early and struggles to adhere to her work schedule." *See* SC00034 and SC001155.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62:**
Produce all documents that you would contend support your contention that "In many instances she provides only same day notice." *See* SC00034 and SC001155.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 63:**
Produce all documents that you would contend support your contention that "Reena has had difficulty completing objectives on a timely basis." *See* SC00034 and SC001155.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 64:**
Produce all documents that you would contend support your contention that "when projects/tasks arise, she relies on the assistance of other people for completion." *See* SC00034 and SC001155.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 65:**

Produce all documents that you would contend support your contention that "Reena has not been proactive in using resources and contacting other HR leaders to find responses or handle escalated situations." *See* SC00034.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 66:**

Produce the communications concerning the issue mentioned on page SC000034 where Mathews allegedly "had the business wait on resolution when HRM was on vacation."

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 67:**

Produce all documents that you would contend support your contention that "Reena underestimated a concern brought forth from an employee, did not follow through, and when notified of her decision delayed appropriate actions including processing the termination." *See* SC00034 and SC001155.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 68:**

Produce all documents that you would contend support your contention that "in a couple situations she did not secure the objectivity of the room when questioning associates." *See* SC00034 and SC001155.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 69:**

Produce all documents that you would contend support your contention that "Several business units have brought forth concerns on Reena's ability to support their groups efficiently due to untimely responses, vague and inaccurate information." *See* SC00034.

-16-

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 70:**
Produce all documents that you would contend support your contention that "Senior business leaders were disturbed that Reena had questioned and addressed them for bringing forward their concerns." *See* SC00034.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 71:**
Produce each recap of the biweekly meetings between Mathew and Adriano (the every-other-Friday meetings mentioned on page SC001001), and all subsequent emails in these email chains, including forwards and the rest of those chains.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 72:**
Produce Adriano's responses to Mathew's recaps of the biweekly meetings.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 73:**
The action plan mentioned on page SC001002.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 74:**
The weekly communications from Mathew sending the number of DA's handled and investigations led (as requested by Adriano, *see* SC00999 and SC001004).

-17-

**RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 75:**

Communications to Mathew informing her what was expected of her with respect to the number of DA's to enter (which she requested in her email on page SC001004).

**RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 76:**

Documents concerning the four investigations mentioned on page SC000999 (near the bottom of the page under "Consulting").

**RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 77:**

Document concerning the investigation of Monisha mentioned in SC001000, including the initial summary and the summary allegedly submitted late.

**RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 78:**

Produce any communications about the third biweekly discussion between Reena Mathews and Yessica Adriano that took place on or about March 8, 2016.

**RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 79:**

The communications mentioned on page SC003405 in Adriano's outline of the sequence of events concerning the Perfect Attendance Proposal.

-18-

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 80:**

The communications mentioned on page SC00003406 in the paragraph that begins: "Since our discussion,…"

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 81:**

The feedback provided to Mathew regarding providing more detail in the work she submits. *See* SC000038.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 82:**

The "two term requests submitted incorrectly." *See* SC000038.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 83:**

Produce all documents that you would contend support your contention that Reena Mathews missed deadlines (including but not limited to those specified in SC000038).

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 84:**

The 03/28 email from Stephanie assigning a deadline of 04/01 for the attendance talking points, and subsequent emails and communications on this matter including Mathew's 7:17 pm submission of the documents, the communication where "the document was sent back," the edits that had to be made, and the finished product delivered to Stephanie. *See* SC000038.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 85:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning [t]imely follow up, as stated in SC000038.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 86:**
Documents that you would contend support your contention that Mathew needed or received feedback concerning "Thoroughness and Quality of Work" as stated in SC000038-39.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 87:**
Documents that you would contend support your contention that Mathew needed or was provided feedback concerning the importance of teamwork in completing administrative tasks, as stated in SC000039.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 88:**
Regarding administrative tasks, communications to Mathew explaining "the expectation to do your share of the work to support the team" as mentioned on page SC000039.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 89:**
The email allegedly "misrepresenting the truth" to Stephanie. *See* SC000039.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 90:**
The feedback provided on the matters listed in the three bullet points under "During this 90 day period, we have provided you with feedback regarding:" *See* SC000039.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 91:**
The "comments we received" mentioned on page SC000039-40, plus all other comments received from the business clients concerning Reena Mathew and any other HRBP. That is, produce all the comments, and not just the eight mentioned here.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 92:**
Regarding SC000947, the email attachment named "15min_assignment_7-2015.xlsx"

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 93:**
Regarding SC001065, the email attachment named "Time_Line_of_Events.docx"

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 94:**
Regarding SC000011 which uses the term "Headcount report," produce each Headcount report.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 95:**
Produce all documents you obtained pursuant to a subpoena or a deposition by written questions in this lawsuit.

> **RESPONSE:**

> After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 96:**
Produce all documents exchanged between you and the Texas Workforce Commission relating to Reena Mathew.

> **RESPONSE:**

> After a diligent search, Santander has not identified any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 97:**
Produce all documents exchanged between you and the U.S. Equal Employment Opportunity Commission relating to Reena Mathew.

> **RESPONSE:**

> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 98:**
Produce all documents mentioned in your answers to Plaintiff's First Set of Interrogatories.

> **RESPONSE:**

> Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 99:**
Produce all documents that you would contend support your contention that "[t]he employment decisions that Mathew challenges were based on reasonable business factors other than Mathew's pregnancy or retaliation." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 100:**

Produce all documents that you would contend support your contention that "any employment action taken by Santander with regard to Mathew was for legitimate and nondiscriminatory reasons." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 101:**

Produce all documents that you would contend support your contention that "Santander … would have terminated Mathew's employment regardless of any improper motive." *See* Defendant's Original Answer, page 10.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 102:**

Produce all documents that you would contend support your contentions that: "At all relevant times, Santander had in place a written policy known to Mathew and other employees prohibiting discrimination. This policy requires employees to report all discrimination immediately and provides effective means by which any aggrieved employee may report any such conduct and by which employee complaints may be investigated. Like all employees of Santander, Mathew received and was required to read the anti-discrimination policy. The policy unequivocally does not tolerate discrimination, and the fact was and is well known to the employees of Santander, including Mathew. *See* Defendant's Original Answer, page 11.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 103:**

Produce all documents that you would contend support your contentions that: "Mathew failed to act as a person of ordinary prudence would have done under the same or similar circumstances, to mitigate her alleged damages. Specifically, Mathew failed to comply with the policy requiring her to immediately report all instances of discrimination, failed to reasonably notify anyone of the

-23-

alleged discrimination of which she complains, and otherwise failed to take reasonable steps to remove herself from the path of the alleged harm." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 104:**

Produce all documents that you would contend support your contention that "[t]he sole proximate cause of Mathew's injuries and damages, if any, are her own acts or omissions." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 105:**

Produce all documents that you would contend support your contention that "neither Santander nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Mathew's statutorily-protected rights that would warrant exemplary or punitive damages." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 106:**

Produce all documents that you would contend support your contention that "Mathew's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mathew's claims for compensatory and punitive damages are further limited under 42 U.S.C. § 1981a(b)(3)." *See* Defendant's Original Answer, page 11.

**RESPONSE:**

After a diligent search, Santander has not identified any documents responsive to this Request as 42 U.S.C. § 1981a(b)(3) and the United States Constitution are publicly available documents not in the possession, custody, or control of Santander.

**REQUEST FOR PRODUCTION NO. 107:**

Produce all documents that you would contend support your contentions that: "Mathew's recovery of damages, if any, is barred, in whole or in part, because Mathew's own negligence proximately caused her alleged injuries. Mathew failed to take advantage of numerous opportunities to report alleged misconduct of Santander. It was foreseeable to Mathew that negligent conduct would result in the injuries of which she complains." *See* Defendant's Original Answer, page 12.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 108:**

Produce all documents that you would contend support your contention that: "Mathew's recovery of damages, if any, are limited by after-acquired evidence." *See* Defendant's Original Answer, page 12.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 109:**

Produce all documents that you would contend support your contention that: "Mathew failed to mitigate her alleged damages." *See* Defendant's Original Answer, page 12.

    **RESPONSE:**

    Santander has produced all responsive documents in its possession, custody, or control.

    Additionally, Mathew's Interrogatory responses with state Mathew has not held any job since her termination from Santander eight years ago.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| Defendant | § | |

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT**

TO: Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew ("Mathew" or "Plaintiff") submits the following interrogatories to Santander Consumer USA Inc.

**Definitions**

1.     "HRBP" refers to (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016.

**Interrogatories**

1.     What is the present net worth of Santander Consumer USA Inc.?

2.     Please provide the name, address, and telephone number of each HRBP, and list the dates during which they worked as an HRBP.

1

3.      For each HRBP, state the total number of You Earned It points that each received:

    a.  For the calendar year 2013;
    b.  For the calendar year 2014;
    c.  For the calendar year 2015; and
    d.  For the period from January 1, 2016 through April 19, 2016.

4.      What are the Bates numbers of Plaintiff's personnel file?  For purposes of this interrogatory, the term "personnel file" has the same meaning as used by Santander in its Progressive Discipline Procedure.

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on July 23, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S OBJECTIONS AND ANSWERS TO
# PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Santander Consumer USA Inc. hereby serves its Objections and Answers to

Plaintiff Reena Mathew's Second Set of Interrogatories.

-1-

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:   *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 22, 2024, I served the foregoing document on Plaintiff's counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst

## INTERROGATORIES

### INTERROGATORY NO. 11:

What is the present net worth of Santander Consumer USA Inc.?

#### ANSWER:

This information can be derived by Plaintiff at no greater burden from documents entitled "Securities and Exchange Commission Form 10-K" and "Securities and Exchange Commission Form 8-K", previously produced by Santander and Bates numbered SC010474 and SC011442 respectively. *See* Fed. R. Civ. P. 33(d).

### INTERROGATORY NO. 12:

Please provide the name, address, and telephone number of each HRBP, and list the dates during which they worked as an HRBP.

#### ANSWER:

Peggy Rolston
Address Unknown
Telephone Number Unknown
October 1998–March 2015

Hortensia Perez
Address Unknown
469.826.0079
July 2013–August 2017

Reena Mathew
c/o Donald E. Uloth
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
214.989.4396
January 2011–April 2016

Whitney Andres
154 Oak Grove Drive
Rhome, Texas 76078
214.460.0839
May 2013–present

Karen McDonald
Address Unknown
Telephone Number Unknown

May 2013–November 2014
Katherine Atwell
Address Unknown
Telephone Number Unknown
June 2013–May 2014

Tina Mohan
7010 Statford Drive
Rowlett, Texas 75089
214.499.0933
June 2013–July 2016

Courtney Nowlin
Address Unknown
Telephone Number Unknown
July 2013-August 2013

Agustin Pastrana
Address Unknown
Telephone Number Unknown
July 2013–September 2015

Glenna McDonnell
Address Unknown
Telephone Number Unknown
December 2014–June 2015

Dean Holt
Address Unknown
Telephone Number Unknown
January 2015–July 2015

Misty Donnell
Address Unknown
Telephone Number Unknown
August 2015–November 2015

Brandon Webb
Address Unknown
Telephone Number Unknown
November 2015–April 2017

An Vo
Address Unknown
Telephone Number Unknown
February 2015–August 2015

Sabrina Boyd
3125 Dawn Oaks Drive
Denton, Texas 76208
214.557.0084
May 2016–present

Jonathan Morse
Address Unknown
Telephone Number Unknown
July 2013–February 2017

Susan Haynes
Address Unknown
Telephone Number Unknown
September 2015–May 2016

Kina Chase
Address Unknown
Telephone Number Unknown
October 2013–March 2014

Bo Bottger
Address Unknown
Telephone Number Unknown
May 2014–January 2015

Julie Dolan
Address Unknown
Telephone Number Unknown
May 2014–January 2015

Kristen Lagunes
Address Unknown
Telephone Number Unknown
May 2015–present

Russell Tookes
Address Unknown
Telephone Number Unknown
October 2015–January 2016

Taylor Palace
Address Unknown
Telephone Number Unknown
October 2015–present

Amanda Glazer
Address Unknown
Telephone Number Unknown
November 2015–present

Dawn Chism
Address Unknown
Telephone Number Unknown
March 2016–March 2017

**INTERROGATORY NO. 13:**

For each HRBP, state the total number of You Earned It points that each received:

      a. For the calendar year 2013;
      b. For the calendar year 2014;
      c. For the calendar year 2015; and
      d. For the period from January 1, 2016 through April 19, 2016.

      **ANSWER:**

      For February 17, 2015, through July 1, 2016, this information can be derived by Plaintiff at no greater burden from document entitled "Tenure_Audit", previously produced by Santander and Bates-labeled SC010411.  *See* Fed. R. Civ. P. 33(d).

      Santander presently has not identified any additional information responsive to this Interrogatory, including the information sought in subparts a-b.  As discovery and Santander's investigation is ongoing, Santander reserves the right to, and will, supplement this Interrogatory response if new information is discovered.

**INTERROGATORY NO. 14:**

What are the Bates numbers of Plaintiff's personnel file?  For purposes of this interrogatory, the term "personnel file" has the same meaning as used by Santander in its Progressive Discipline Procedure.

      **ANSWER:**

      The previously produced documents Bates-labeled SC00760–SC00791, SC00971–SC00993 are entitled to personnel file.  However, other documents, including Plaintiff's performance reviews and PIPs also make up Plaintiff's personnel file.

**don.uloth@uloth.pro**

| | |
|---|---|
| **From:** | ecf_txnd@txnd.uscourts.gov |
| **Sent:** | Monday, June 17, 2024 3:29 PM |
| **To:** | Courtmail@txnd.uscourts.gov |
| **Subject:** | Activity in Case 3:23-cv-01494-N Mathew v. Santander Consumer USA Inc Order on Motion to Compel |

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Northern District of Texas

## Notice of Electronic Filing

The following transaction was entered on 6/17/2024 at 3:29 PM CDT and filed on 6/17/2024

**Case Name:** Mathew v. Santander Consumer USA Inc

**Case Number:** 3:23-cv-01494-N

**Filer:**

**Document Number:** 20(No document attached)

**Docket Text:**
<span style="color:blue">**ELECTRONIC Minute Entry for proceedings held before Chief District Judge David C Godbey: granting <mark>[14] Motion to Compel</mark>; Motion Hearing held on 6/17/2024 re [14] Motion to Compel filed by Reena S Mathew. re: [14] First MOTION to Compel *Discovery from Defendant* Attorney Appearances: Plaintiff - Donald E. Uloth; Defense - Clayton Carter. (Court Reporter: Jeff Foster) (No exhibits) Time in Court - :15. (chmb)**</span>

**3:23-cv-01494-N Notice has been electronically mailed to:**

Donald E Uloth    don.uloth@uloth.pro, don.uloth@att.net, donuloth@recap.email

Monte K Hurst    Monte.Hurst@hallettperrin.com, cdimarco@hallettperrin.com, temp2@hallettperrin.com

Kristen Ann Laster    kbrumbalow@hallettperrin.com, cdimarco@hallettperrin.com

1

Clayton Scott Carter    ccarter@hallettperrin.com, isweeney@hallettperrin.com

**3:23-cv-01494-N Notice required by federal rule will be delivered by other means (as detailed in the Clerk's records for orders/judgments) to:**

App. 093

App. 094

# don.uloth@uloth.pro

**From:** don.uloth@uloth.pro
**Sent:** Tuesday, July 23, 2024 4:29 PM
**To:** 'Monte K. Hurst'; 'Clayton S. Carter'
**Subject:** My list of topics for the 30(b)(6) deposition of Santander
**Attachments:** Santander deposition topics.docx

Monte and Clayton:

Attached is my list of topics for the deposition. We are supposed to confer in good faith about the matters for examination, so please let me know your thoughts or just give me a call to discuss. That said, I am tied up until 4 pm each day for the rest of the week, but I email or talk by phone after if needed.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

1

*Draft as of 7/23/24*

## Topics for the 30(b)(6) Deposition of Defendant

1.      The reasons for Plaintiff's termination, and the facts that you contend support the decision.

2.      For 2015 and the first four months of April 2016, how Santander handled employee complaints of discrimination.

3.      How Santander responded to Reena Mathew's complaint of pregnancy discrimination, including:

   a.   the names of the persons who responded or investigated;

   b.   what actions each took;

   c.   what documents were reviewed in connection with the response or investigation;

   d.   witnesses interviewed as part of the response or investigation; and

   e.   what documents were created (like emails sent, investigation reports, witness interview notes) during the response or investigation, and the Bates numbers of these documents.

4.      Regarding your contention that Reena Mathew "had one of the lightest, if not the lightest, workload of any of Santander's HR Business Partners" [SC000595], how Santander quantified the workload of each HR Business Partner, and what documents (including the Bates numbers if applicable) would show each HR Business Partner's workload for the period from January 1, 2015 through April 19, 2016.

5.      For (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016, the employee's performance review scores and comments for 2013, 2014, and 2015, and the Bates numbers of their performance reviews.

6.      The facts supporting affirmative defenses 5, 9, and 10 on pages 11-12 of Defendant's Original Answer.

7.      Defendant's efforts to preserve relevant evidence, from 1/29/16 to the present.

1

8.    Regarding the documents Santander has produced in this case, how the documents were kept in the usual course of Santander's business.

**don.uloth@uloth.pro**

| | |
|---|---|
| **From:** | don.uloth@uloth.pro |
| **Sent:** | Friday, August 30, 2024 11:22 AM |
| **To:** | 'Monte K. Hurst' |
| **Cc:** | 'Clayton S. Carter'; 'Ceicili S. Morales'; 'Emma N. Sanchez' |
| **Subject:** | RE: Mathew v. Santander |

Monte:

Asking again (though I meant to say 2013, not 2012).

If Santander has this information, it was required to disclose it in response to the questions I asked during the 30(b)(6) deposition. The witness was clearly not prepared to testify on this topic.

Likewise, Sabrina Boyd was unprepared on the two topics she addressed in her deposition yesterday.

As we discussed by phone, I will be filing a motion to compel and seeking sanctions, and asking the court to expedite consideration of the motion. You told me that you are opposed.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Thursday, August 22, 2024 5:41 PM
**To:** 'Monte K. Hurst' <Monte.Hurst@hallettperrin.com>
**Cc:** 'Clayton S. Carter' <ccarter@hallettperrin.com>; 'Ceicili S. Morales' <cmorales@hallettperrin.com>; 'Emma N. Sanchez' <esanchez@hallettperrin.com>
**Subject:** RE: Mathew v. Santander

1

Monte:

A little candor would be helpful here. Can Santander say what each HRBP's annual review score was for 2012, 2014, and 2015?

Santander has not produced all performance reviews responsive to the requests for production. If the documents are no longer available, and Santander has no other record of the review scores, all of this is moot.

If you would please answer the question above, I would appreciate it.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

From: Monte K. Hurst <Monte.Hurst@hallettperrin.com>
Sent: Thursday, August 22, 2024 5:23 PM
To: don.uloth@uloth.pro
Cc: Clayton S. Carter <ccarter@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sánchez <esanchez@hallettperrin.com>
Subject: Mathew v. Santander

Don, thank you for your e-mail message. I think your descriptions of those topics are helpful. I look forward to your additional guidance with what you are looking to visit with Ms. Boyd about.

As I am sure you expected, I completely disagree with you on Ms. Perez's preparation. I suspect you are referring to your topic involving the performance reviews of other HRBPs. Ms. Perez testified that she had reviewed the performance reviews, and she explained to you, multiple times, that she was ready to discuss any/all of the performance reviews you put in front of her. You chose not to put any of those reviews in front of her; that was your right as it was your deposition. But, Ms. Perez was certainly prepared. She was not obligated to memorize information that she had reviewed. Nor was she required to make some sort of an outline for you, which would presume she knew what you were looking for anyway. Again, we have produced over 10,000 pages of documents. Clayton had been communicating with you beforehand to communicate exactly that. The case law you are citing is inapplicable here, to say the least. You are confusing cases in which a deposition topic was more specific that someone would either know, or not know, as opposed to the broad, general topics that you included on your notice.

2

I am happy to visit about any of this as well, which was the purpose of my initial e-mail message this morning.

Thanks,
Monte



MONTE K. HURST
Shareholder

HALLETT&PERRIN

D 214.922.4111 | F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

LABOR AND EMPLOYMENT LAW

Texas Board of Legal Special...

Client
Advisory

Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link.

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Thursday, August 22, 2024 4:58 PM
**To:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Subject:** RE: Mathew v. Santander

Monte:

On the date, can we do the afternoon of August 29?

On the rest, I'm happy to discuss. Let me give it some thought and maybe even share some of the questions so we can get on the same page. But off the top of my head, I can say this.

For topic 7, I'd like to know if there was a litigation hold, and who it was sent to. Santander should know what it did, and Santander has an obligation to present a witness who has all information on this matter that is known to the corporation. If she has a great memory

3

App. 099

and doesn't need notes, fine, or she can have notes. But she has to have the information at hand so she can answer the questions, and sanctions maybe imposed if Santander fails to present a knowledgeable witness. *Robinson v. Nexion Health at Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014). Ms. Perez was clearly not prepared on some topics, and I'm sure I'll be in touch with you later about that.

For topic 9, I suspect the deposition will be a lot like conversations you and I have had with hundreds of clients, so we can decide whether to produce documents (a) as they are kept in the usual course of business, or (b) according to categories responsive to the RFPs. I'll ask how Santander's Outlook files were organized, where and how did they keep personnel files, company policies, performance reviews, records of coachings and warnings, etc.

I'll try to get back to you with additional thoughts later. If you don't hear from me by the end of the day Monday feel free to send me a reminder, and if any of the above triggers additional thoughts or questions, let me know.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don_uloth@uloth.pro
www.uloth.pro

**From:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>
**Sent:** Thursday, August 22, 2024 1:36 PM
**To:** 'don.uloth@uloth.pro' <don.uloth@uloth.pro>
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>
**Subject:** Mathew v. Santander

Don, as you know, we have designated Sabrina Boyd as Santander's corporate representative as to your topics nos. 7 and 8 (Santander's efforts to preserve relevant evidence, from 1/29/16 to the present, and regarding the documents Santander has produced in this case, how the documents were kept in the usual course of Santander's business). Let's please try to get on the same page on what you are asking of the witness with regard to the "documents Santander has produced in this case," so that we can avoid the type of disconnect that occurred yesterday. With over 10,000 pages of documents produced in this case, we are not asking Ms. Boyd to have memorized all of the documents, or even all of the categories of documents, produced. What is it you are seeking to depose Santander on, through Ms. Boyd, with regard to the discovery documents. If you do not want to divulge anything, then Ms. Boyd will do the best she can based on your description.

4

We can present Ms. Boyd for deposition at this office in the afternoon of Thursday, August 29, 2024, or the afternoon of Wednesday, September 4, 2024.  Please let us know which of these times works for you, or if we should try to get another date.

Thanks,
Monte



**MONTE K. HURST**
Shareholder

**HALLETT&PERRIN**
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

**BOARD CERTIFIED**
Texas Board of Legal Special
LABOR AND EMPLOYMENT LAW

| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |

**From:** Clayton S. Carter <ccarter@hallettperrin.com>
**Sent:** Wednesday, August 21, 2024 8:23 AM
**To:** 'don.uloth@uloth.pro' <don.uloth@uloth.pro>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew v. Santander

Don, we have fully complied with our discovery obligations.  You made an extensive number of requests for production.  We have produced over 10,000 pages of documents to you.  We produced the documents in compliance with the rules.  No witness could memorize bates-labels to this many documents.  The performance evaluations that we produced are included in the 10,000 pages of documents we produced to you.  Your motion to compel would be a waste of time.

Best,
Clayton

5

CLAYTON S. CARTER
Associate

HALLETT&PERRIN
D 214.922.4116 | F 214.922.4142 | carter@hallettperrin.com
1445 Ross Ave, Suite 2400 | Dallas, Texas 75202
Disclaimer

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Tuesday, August 20, 2024 12:01 PM
**To:** Clayton S. Carter <ccarter@hallettperrin.com>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew v. Santander

Clayton:

Thanks for providing the designations.

Regarding the Bates numbers, what is the basis for your objection?  In lieu of asking the corporate representative, can you tell me what the Bates numbers are?

I am asking because the documents Santander produced do not appear to include mid-year or annual performance reviews for any HRBP other than the plaintiff.  Plaintiff's annual performance review for 2014 was not produced, but not her mid-year review.  It also appears Santander failed to produce any 2015 reviews for one or more HPBP.  I just want to make sure I am not missing something.

In the absence of answers about the Bates numbers, I'll probably just renew my previously filed motion to compel, and Santander can explain to the court why it is not producing these documents.

Thanks.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252

6

Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** Clayton S. Carter <scarter@hallettperrin.com>
**Sent:** Tuesday, August 20, 2024 10:11 AM
**To:** 'don.uloth@uloth.pro' <don.uloth@uloth.pro>
**Cc:** Monte K. Hurst <Monte.Hurst@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew v. Santander

Don, the following are Santander's corporate representative designations regarding the 30(b)(6) topics you provided:

1.  The reasons for Plaintiff's termination, and the facts that you contend support the decision. <mark>Yessica Perez</mark>
2.  For 2015 and the first four months of April 2016, how Santander handled employee complaints of discrimination. <mark>Yessica Perez</mark>
3.  How Santander responded to Reena Mathew's complaint of pregnancy discrimination, including: <mark>Yessica Perez</mark>
    a.  the names of the persons who responded or investigated;
    b.  what actions each took;
    c.  what documents were reviewed in connection with the response or investigation;
    d.  witnesses interviewed as part of the response or investigation; and
    e.  what documents were created (like emails sent, investigation reports, witness interview notes) during the response or investigation.
4.  Regarding your contention that Reena Mathew "had one of the lightest, if not the lightest, workload of any of Santander's HR Business Partners" [SC000595], how Santander quantified the workload of each HR Business Partner, and what documents would show each HR Business Partner's workload for the period from January 1, 2015 through April 19, 2016. <mark>Yessica Perez</mark>
5.  For (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016, the employee's performance review scores and comments for 2013, 2014, and 2015. <mark>Yessica Perez</mark>
6.  The facts supporting affirmative defenses 5, 9, and 10 on pages 11-12 of Defendant's Original Answer. <mark>Yessica Perez</mark>
7.  Defendant's efforts to preserve relevant evidence, from 1/29/16 to the present. <mark>Sabrina Boyd</mark>
8.  Regarding the documents Santander has produced in this case, how the documents were kept in the usual course of Santander's business. <mark>Sabrina Boyd</mark>

As we previously discussed, we object to, and will not present a witness for, the part of topics 3, 4, and 5, that ask a corporate representative to recite to you specific bates numbers for documents that support their points. You are more than welcome to present relevant documents to them during the deposition. With exception to that point, we are okay with your proposed deposition topics.

Best,
Clayton

7

CLAYTON S. CARTER

Associate

HALLETT&PERRIN

D 214.922.4116 | F 214.922.4142 | ccarter@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

**From:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Sent:** Wednesday, July 31, 2024 2:58 PM
**To:** Don.Uloth@uloth.pro
**Cc:** Ceicili S. Morales <cmorales@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew v. Santander

Yes, I can accept service on behalf of Yessica Perez.

Thanks,
Monte

MONTE K. HURST

Shareholder

HALLETT&PERRIN

D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer



BOARD
CERTIFI
Texas Board of Legal Special
LABOR AND EMPLOYMENT LAW

8

> | Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Wednesday, July 31, 2024 1:50 PM
**To:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Cc:** Clayton S. Carter <ccarter@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** RE: Mathew v. Santander

Monte:

Attached is the 30(b)(6) deposition notice to Defendant.

Can you accept service of the subpoena to Ms. Perez in her individual capacity?

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Sent:** Wednesday, July 31, 2024 1:28 PM
**To:** don.uloth@uloth.pro
**Cc:** Clayton S. Carter <ccarter@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew v. Santander

Don, I just spoke with Yessica Perez as well. She said she could be available for her deposition (fact and, to the extent it applies, corporate representative topics) on Wednesday, August 21, 2024. We will follow up with you on who is going to testify regarding which corporate representative topics. We will be objecting to your asking a corporate representative to recite to you specific bates numbers for documents that support their points. You are more than welcome to present relevant documents to them during the deposition. With exception to that point, we are okay with your proposed deposition topics.

9

We are going to proceed with Reena Mathew's deposition on Thursday, August 8, 2024. We will serve a notice shortly.

Please let me know your thoughts about an agreement to further extend the MSJ deadline, perhaps to August 22, 2024.

Thanks,
Monte

**MONTE K. HURST**
Shareholder

**HALLETT&PERRIN**
D 214.922.4111 | F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer



**BOARD
CERTIFI**
Texas Board of Legal Special

LABOR AND EMPLOYMENT LAW

**Client
Advisory**

Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link.

**From:** don.uloth.pro <don.uloth@uloth.pro>
**Sent:** Wednesday, July 31, 2024 12:59 PM
**To:** Monte K. Hurst <monte.hurst@hallettperrin.com>; Clayton S. Carter <carter@hallettperrin.com>
**Subject:** FW: Yessica Adriano (Perez)
**Importance:** High

Hi:

I just spoke to Ms. Perez, and she said she was going to call you to confirm that I am who I say I am. She told me that if I check out, she will call back to talk about dates for her deposition.

10

Monte and I previously discussed scheduling her deposition the week of August 19, so I will try to schedule it during that week (except for the 19th). If she is not available that week, I will set it up for another date in August if at all possible. I want to schedule this for a date when you are available, so please let me know of any dates in August when you have a conflict that can't be moved.

Please let me know about your schedules as soon as possible. If Ms. Perez calls me back today, I'd like to get the deposition notice and subpoena prepared this afternoon.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Tuesday, July 30, 2024 11:12 AM
**To:** 'Monte K. Hurst' <monte.hurst@hallettperrin.com>; 'Clayton S. Carter' <ccarter@hallettperrin.com>
**Subject:** Yessica Adriano (Perez)

Monte and Clayton:

I plan to contact Ms. Perez tomorrow about scheduling her deposition in her individual capacity. As far as I know, she is not represented by counsel, so there is no ethical reason why I cannot contact her.

I know we previously discussed scheduling a 30(b)(6) the week of August 19, and y'all have said Adriano might be the representative, but unless you are representing her personally, and agree to accept a subpoena for her, it's still my burden to schedule her individual deposition and get her served.

You should also know that I now have a scheduling conflict on August 19.

I look forward to hearing from you soon.

Donald E. Uloth
Law Office of Donald E. Uloth

11

12

18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| Defendant | § | |

### PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL DEPOSITION OF SANTANDER CONSUMER USA INC.

TO:   Defendant Santander Consumer USA Inc., through its attorney, Monte K. Hurst, Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Reena S. Mathew notifies you that she intends to take the oral deposition of Defendant, Santander Consumer USA Inc.

1.      Date and Time:  August 21, 2024 at 9:30 a.m.

2.      Place: The deposition will take place at Hallett & Perrin, P.C., 1445 Ross Ave., Suite 2400, Dallas, TX 75202.

3.      Method of recording: A certified court reporter will record the deposition by stenographic means, and counsel for Plaintiff will record the audio and video using a digital audio and video recording device.

<u>Matters for Examination</u>

1.      The reasons for Plaintiff's termination, and the facts that you contend support the decision.

2.      For 2015 and the first four months of April 2016, how Santander handled employee complaints of discrimination.

3.      How Santander responded to Reena Mathew's complaint of pregnancy discrimination, including:

a.   the names of the persons who responded or investigated;

1



b. what actions each took;

c. what documents were reviewed in connection with the response or investigation;

d. witnesses interviewed as part of the response or investigation; and

e. what documents were created (like emails sent, investigation reports, witness interview notes) during the response or investigation, and the Bates numbers of these documents.

4.    Regarding your contention that Reena Mathew "had one of the lightest, if not the lightest, workload of any of Santander's HR Business Partners" [SC000595], how Santander quantified the workload of each HR Business Partner, and what documents (including the Bates numbers if applicable) would show each HR Business Partner's workload for the period from January 1, 2015 through April 19, 2016.

5.    For (a) each employee in the same job as Plaintiff who reported, directly or indirectly, to Yessica Adriano, Stephanie Elad, Pamela Blackburn, or Stephen Shaffer, plus (b) each Human Resources Business Partner who worked at the company's Lewisville location, the North Richland Hills location, the Colorado location, or the Dallas location referred to as 8585, and (c) limited to the period from April 19, 2013 through April 19, 2016, the employee's performance review scores and comments for 2013, 2014, and 2015, and the Bates numbers of their performance reviews.

6.    The facts supporting affirmative defenses 5, 9, and 10 on pages 11-12 of Defendant's Original Answer.

7.    Defendant's efforts to preserve relevant evidence, from 1/29/16 to the present.

8.    Regarding the documents Santander has produced in this case, how the documents were kept in the usual course of Santander's business.

/s/ Donald E. Uloth
Donald E. Uloth
Law Office of Donald E. Uloth
Texas Bar No. 20374200
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

2

CERTIFICATE OF SERVICE

I certify that on July 31, 2024, I served the foregoing document to Monte K. Hurst by email to Monte.Hurst@hallettperrin.com.

/s/ Donald E. Uloth
Donald E. Uloth

3

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

REENA S. MATHEW,                    )
     Plaintiff                     )
                                )    Civil Action No.
vs.                                 )    3:23-cv-01494-N
                                )
SANTANDER CONSUMER USA INC.,   )
     Defendant                     )

* * * * * * * * * * *

ORAL DEPOSITION OF YESSICA PEREZ,

INDIVIDUALLY AND AS THE

CORPORATE REPRESENTATIVE OF

SANTANDER CONSUMER USA INC.

AUGUST 21, 2024

* * * * * * * * * * *

ORAL DEPOSITION OF YESSICA PEREZ, produced as a
witness at the instance of the Plaintiff and duly sworn,
was taken in the above-styled and numbered cause on
August 21, 2024, from 9:38 a.m. to 3:41 p.m., before
Christy Fagan, CSR, CRR, RMR, TMR, RPR in and for the
State of Texas, reported by a Texas certified machine
shorthand reporter at the offices of Hallett & Perrin,
P.C., 1445 Ross Avenue, Suite 2400, Dallas, Texas,
pursuant to the Federal Rules of Civil Procedure.

Yessica Perez
8/21/2024

Page 2

```
 1                   APPEARANCES
 2   FOR THE PLAINTIFF:
 3           Mr. Donald E. Uloth
             Donald E. Uloth, P.C.
 4           18208 Preston Road
             Suite D-9 #261
 5           Dallas, Texas 75252
             (214) 989-4396
 6           (866) 462-6179 Fax
             don.uloth@uloth.pro
 7
     FOR THE DEFENDANT:
 8
             Mr. Monte Hurst
 9           Hallett & Perrin, P.C.
             1445 Ross Avenue
10           Suite 2400
             Dallas, Texas 75202
11           (214) 922-4111
             (214) 922-4142 Fax
12           monte.hurst@hallettperrin.com
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Yessica Perez
8/21/2024

Page 3

```
 1                     I N D E X

 2                                                PAGE

 3   APPEARANCES . . . . . . . . . . . . . . . . . 2

 4   YESSICA PEREZ

 5   Examination by Mr. Uloth  . . . . . . . . . . . 11

 6   Signature Page  . . . . . . . . . . . . . . .176

 7   Court Reporter's Certificate  . . . . . . . . .178

 8                         * * *

 9                     E X H I B I T S

10   NO.   DESCRIPTION                             PAGE

11   1     Plaintiff's Notice of Intent to Take the   5
           Oral Deposition of Santander Consumer USA
12         Inc.

13   2     email dated August 20, 2024                5

14   3     Santander Consumer USA Inc. Progressive   17
           Discipline Policy 2013 Bates stamped
15         SC010464-470

16   4     emails Bates stamped SC005910-13          45

17   5     emails Bates stamped SC009897-99          52

18   6     email Bates stamped SC001690             66

19   7     email Bates stamped SC001066             67

20   8     Reena Mathew PIP Bates stamped SC005409-12  83

21   9     2015 Mid-Year Review Bates stamped       90
           SC001484-95
22
     10    Final Report for HR - Reena Mathew Bates  93
23         stamped SC000021-30

24   11    Reena Mathew PIP Bates stamped Mathew 049-55  99

25
```

Yessica Perez
8/21/2024

Page 4

1                       EXHIBITS (cont.)

2     NO.   DESCRIPTION                                    PAGE

3     12    emails Bates stamped SC004058-60               100

4     13    90 Day Action Plan Bates stamped Mathew        116
            047-48

5

      14    30 Day Review Bates stamped SC006924-32        122

6

      15    emails Bates stamped SC005740-41               127

7

      16    March 23, 2016 Meeting Recap: Reena Mathew     134
            (HRBP), Yessica Adriano (HRM), Stephanie

8           Elad (HRD) Bates stamped SC002422-27

9

      17    Letter dated January 19, 2016, to Santander    165
            Consumer USA from Spielberger Law Group

10          Bates stamped Mathew 081-83

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Yessica Perez
8/21/2024

Page 5

1                P R O C E E D I N G S

2                (Exhibit Nos. 1 & 2 marked.)

3                THE REPORTER:  Today is August 21, 2024.

4     The time is approximately 9:38 a.m.  We are located in

5     Dallas, Texas.

6                    This is the deposition of Yessica Perez,

7     individually and as the corporate representative of

8     Santander Consumer USA Inc. in the matter of Reena

9     Mathew v. Santander Consumer USA Inc. and in the United

10    States District Court for the Northern District of

11    Texas, Dallas Division, Civil Action No.

12    3:23-cv-01494-N.

13                   My name is Christy Fagan, certified

14    shorthand reporter, representing Legal Solutions Court

15    Reporting.

16                   Will all counsel please state their

17    appearances and whom they represent and then I will

18    swear in the witness.

19                   MR. ULOTH:  Donald Uloth for Reena S.

20    Mathew, the plaintiff.

21                   MR. HURST:  Monte Hurst for Santander

22    Consumer USA.

23                       (Witness sworn.)

24                   MR. ULOTH:  Ms. Perez, bear with me for

25    one moment.

Yessica Perez
8/21/2024

Page 154

1    A    Workload was quantified in a variety of
2 factors.  One is, obviously, the number of employees
3 we're supporting at the site, but every HR partner,
4 every manager, we all had projects.  So in regards to
5 other comparisons, she only had that, which I had shared
6 with.

7    Q    And did anyone ever put this kind of analysis
8 down, pen to paper, to compare side by side the workload
9 of each HR business partner?

10   A    It was in discussions with HR managers and HR
11 directors.  So HR managers and directors, we would meet,
12 and I don't remember the frequency.  I want to say it
13 was on a quarterly basis, it might have been monthly,
14 where we talk about our employees and who's working on
15 what.

16   Q    But you don't remember a document or one of
17 these Excel spreadsheets -- and I think there were a lot
18 of Excel spreadsheets -- where there were ten categories
19 or metrics, if you will, and then a, you know,
20 calculation is done and each person's workload is
21 represented by a number?  You never saw anything like
22 that?

23   A    I do not recall that.

24   Q    Okay.  Let me ask you about number 5, the
25 topic number 5 on Deposition Exhibit 1.  So it's asking

Yessica Perez
8/21/2024

Page 155

1   for a defined set of HRBPs, the witness is supposed to

2   be able to say what each one's performance review scores

3   were and what the comments were for these three years.

4              So let me start off with the first piece.

5   Can you tell me the names of all of the HRBPs that are

6   called for in number 5?

7              MR. HURST:  Objection, form.  Do the best

8   you can.

9        A    If I could get a copy of their -- if I could

10   get a copy of what is mentioned in here of the

11   performance reviews, I can read the names or do need me

12   just to go off of memory?

13        Q    Well, it's my understanding that you were

14   designated as the spokesperson for Santander on this

15   topic.

16        A    Uh-huh.

17        Q    And were you asked to prepare so that you

18   could provide the information?

19        A    I reviewed -- I reviewed the performance

20   reviews that were given in discovery, so I can give you

21   the best assessment I can.

22        Q    Okay.  Well, give me -- you know, give me

23   these numbers for each one that you reviewed.

24              MR. HURST:  Objection, form.

25        A    It's many.  I will not be able -- I don't have

Yessica Perez
8/21/2024

Page 156

1    those numbers memorized.  It'd be something that I'd

2    have to refer to --

3         Q    You didn't think to maybe write it down so you

4    could answer this topic?

5                   MR. HURST:  Objection, form.

6         A    No.  I was expecting for it to be provided and

7    I could explain it, just like all these documents that

8    you kindly gave to me.

9         Q    Let me ask you this:  Do you think you saw

10   performance reviews for every HRBP who got a 2015 annual

11   performance review?

12        A    I believe so, yes.

13        Q    You saw a performance review for somebody

14   named April?

15        A    I do not recall with certainty.  April, at the

16   time, might have been termed because I know she left

17   early.  So that might have been a possibility as well.

18        Q    What was Reena's performance review score for

19   2013?

20                   MR. HURST:  Objection, form.

21        A    I do not know her performance review for 2013.

22   I know we had a transition phase where we changed HRIS

23   systems.  So we had a previous system and then we

24   transitioned to Workday.

25                   MR. ULOTH:  I'll object to everything

Page 157

1   after "2013" as not responsive.

2        Q     What was Reena's performance review score for
3   2014?

4        A     Same response.  We were transitioning into
5   HRIS systems.  For 2014, I'd have to -- I do not recall.

6        Q     Do you know the Bates number of Reena Mathew's
7   2013 performance review?

8        A     Oh, sir, there's thousands of documents.  I
9   did not have these memorized, but if I can have them, I
10  can reference them and explain them.

11       Q     Was it your understanding that you could only
12  go from what you memorized?

13                MR. HURST:  Objection, form.

14       A     Ask that again, please.

15       Q     Was it your understanding that you could only
16  go from what you were able to memorize?

17       A     I don't know, sir.  I did expect for these to
18  be presented to me because once you read the documents,
19  it triggers the memories.

20       Q     Do you know if Whitney Andres received a 2014
21  annual performance review?

22       A     Yes.

23       Q     Do you know what her performance review score
24  was for 2014?

25       A     I don't remember the exact score, sir.

Yessica Perez
8/21/2024

Page 158

1      Q    Do you remember seeing a performance review

2   for Whitney Andres for 2014 when you reviewed documents?

3      A    I remember seeing several.  Because also keep

4   in mind, with Santander, it's not just an annual; you've

5   got a midyear.  So I couldn't be specific without having

6   that in front of me.  Because normally you have an

7   annual review, you think it's one or two.  With

8   Santander, it's midyear review and another review.  So I

9   reviewed several for Whitney; I just can't recall the

10   exact dates.

11      Q    Okay.  I understand.  You're unable to provide

12   that piece of information for me, right?

13             MR. HURST:  Objection, form.

14      A    On your last question, correct.

15      Q    The only midyear reviews I've seen, and I may

16   not have seen them all and I may not remember correctly,

17   I don't remember scores on the midyear reviews.  Am I

18   incorrect or are there -- were there usually scores?

19      A    There was categories.  I remember the

20   categories.

21      Q    But did they -- the annuals had a scale of one

22   to five, right?

23      A    They had a scale for sure, yes.  Because on

24   the scale, you -- at the end of everything, everything

25   gets accumulated if it's, like, consistent and meets.

Yessica Perez
8/21/2024

Page 159

1    But on the annual, on the review itself, I didn't see

2    numbers, but I do remember we have consistently meets,

3    meets, and exceed, your standard categories.

4         Q    Do you know if those things are said in any of

5    the midyear reviews or are they just comments?

6         A    Our focus is always on the comments because --

7    the focus on the -- is on the comments of -- this is a

8    midyear review.

9         Q    And, please understand, that wasn't quite the

10   question I was asking you.  I'm just --

11        A    Okay.  Then can you repeat the question?

12        Q    Sure.

13             Did the midyear reviews have numerical

14   scores on them?  Maybe Exhibit 9 would help.  That's the

15   Reena Mathew.

16        A    Based on reviewing Exhibit 9, there -- based

17   on Exhibit 9, there isn't a tally of numerical scores,

18   but that also doesn't mean that that didn't occur.  But

19   based on the exhibits here, we were just focused on this

20   is where you stand, what's your viewpoint, what's your

21   manager's viewpoint.

22        Q    When you were preparing to testify for this

23   deposition, did you see any midyear reviews that had

24   numerical scores on them?

25        A    Not that I could recall.  I was focused on the

Page 160

1    content.

2        Q    Do you know if Tina Mohan got an annual review

3    for 2014?

4        A    Yes.

5        Q    What was her score for 2014 on her annual

6    review?

7        A    I do not remember her score.

8        Q    Hortensia Perez, do you know if she got a 2014

9    annual review?

10       A    Yes.

11       Q    What did she score on her 2014 annual review?

12       A    2014?  I do not recall.

13       Q    But you remember seeing it when you were

14   preparing for this deposition?

15            MR. HURST:  Objection, form.

16       A    I cannot respond with certainty because as I

17   was reviewing them, sir, they had 2015, 2015 midyear,

18   final, so I was focused on evaluations from the manager

19   and the employee in that content.  So I would need to

20   have that in front of me as well.  It's several

21   documents to peruse to be able to confidently answer

22   that for you.

23       Q    That would be helpful.

24            All right.  So let me just make sure I've

25   touched each part of this.  For the HRBPs that are

Yessica Perez
8/21/2024

Page 161

1   described in topic 5, isn't it correct that you're not

2   able to tell me what any one person's annual performance

3   review score was in 2013?

4        A     That is correct.

5        Q     For the HRBPs listed in topic 5, you're not

6   able to tell me what any HRBP scored on their annual

7   2014 review, correct?

8        A     Correct.

9        Q     And for 2015, same question, isn't it true

10  that you're not able to tell me the HRBP scores for all

11  those folks in 2015?

12       A     The numerical scores for all those folks, no.

13  I can generally explain general evaluations and

14  categories.

15       Q     Okay.  Let's go to the next topic.

16       A     Okay.

17       Q     Facts supporting affirmative defenses.  So I'm

18  going to -- I'll just read to you affirmative defense 5,

19  and I'll -- then I'll hand you a copy here.  This is my

20  only copy, but I'll let you have it to speak from while

21  answering.

22             "Mathew failed to act as a person of

23  ordinary prudence would have done under the same or

24  similar circumstances to mitigate her alleged damages.

25  Specifically, Mathew failed to comply with the policy

Page 178

1           IN THE UNITED STATES DISTRICT COURT

            FOR THE NORTHERN DISTRICT OF TEXAS

2                       DALLAS DIVISION

3   REENA S. MATHEW,              )

          Plaintiff              )

4                                )      Civil Action No.

    vs.                          )       3:23-cv-01494-N

5                                )

    SANTANDER CONSUMER USA INC., )

6         Defendant              )

7                  REPORTER'S CERTIFICATE

                  ORAL DEPOSITION OF

8            YESSICA PEREZ, INDIVIDUALLY

             AND AS CORPORATE REPRESENTATIVE

9            OF SANTANDER CONSUMER USA INC.

                  AUGUST 21, 2024

10

11       I, Christy Fagan, CSR, CRR, RMR, TMR, RPR,

12   Certified Shorthand Reporter in and for the State of

13   Texas, hereby certify to the following:

14       That the witness, YESSICA PEREZ, was duly sworn and

15   that the transcript of the deposition is a true record

16   of the testimony given by the witness;

17       I further certify that pursuant to FRCP Rule

18   30(f)(1) that the signature of the deponent:

19       __X___ was requested by the deponent or a party

20   before the completion of the deposition and is to be

21   returned within 30 days from date of receipt of the

22   transcript.  If returned, the attached Changes and

23   Signature Pages contain any changes and the reasons

24   therefor;

25       _____ was not requested by the deponent or a party

Yessica Perez
8/21/2024

Page 179

1   before the completion of the deposition.
2        That pursuant to information given to the
3   deposition officer at the time said testimony was taken,
4   the following includes all parties of record and the
5   amount of time used by each party at the time of the
6   deposition:
7   FOR THE PLAINTIFF:
8              Mr. Donald E. Uloth (4 hours 16 minutes)
               Donald E. Uloth, P.C.
9              18208 Preston Road
               Suite D-9 #261
10             Dallas, Texas 75252
               (214) 989-4396
11             (866) 462-6179 Fax
               don.uloth@uloth.pro
12
    FOR THE DEFENDANT:
13
               Mr. Monte Hurst (0 hours 0 minutes)
14             Hallett & Perrin, P.C.
               1445 Ross Avenue
15             Suite 2400
               Dallas, Texas 75202
16             (214) 922-4111
               (214) 922-4142 Fax
17             monte.hurst@hallettperrin.com
18
19       That $_____ is the deposition officer's charges
20   to the Plaintiff for preparing the original deposition
21   and any copies of exhibits.
22        I further certify that I am neither counsel for,
23   related to, nor employed by any of the parties in the
24   action in which this proceeding was taken, and further
25   that I am not financially or otherwise interested in the

Yessica Perez
8/21/2024

Page 180

1   outcome of this action.

2      Certified to by me on this 6th day of September,

3   2024.

4

5

6

7

8   _____

    Christy Fagan, CSR, CRR, RMR, TMR, RPR

9   Texas CSR 5459

    Expiration:  10/31/25

10  Legal Solutions Court Reporting

    Firm Registration No. 424

11  2626 Cole Avenue

    Suite 300

12  Dallas, Texas 75204

    (866) 830-1717

13  www.LegalSolutionsCourtReporting.com

14

15

16

17

18

19

20

21

22

23

24

25

SABRINA BOYD

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF TEXAS
                  DALLAS DIVISION

REENA S. MATHEW,                )
                                )
     Plaintiff,                 )
                                )
VS.                             ) Civil Action No.
                                ) 3:23-cv-01494-N
                                )
SANTANDER CONSUMER USA,         )
INC.,                           )
                                )
     Defendant.                 )



  **************************************************
                 ORAL DEPOSITION OF
                   SABRINA BOYD
                  AUGUST 29, 2024
  **************************************************
```

     ORAL DEPOSITION OF SABRINA BOYD, produced as a

witness at the instance of the Plaintiff, and duly

sworn, was taken in the above-styled and numbered

cause on the 29th of August, 2024, from 1:52 p.m. to

2:26 p.m., before Laurie Purdy, CSR, in and for the

State of Texas, reported by machine shorthand, at the

offices of Hallett & Perrin, PC, 1445 Ross Avenue,

Suite 2400, in the City of Dallas, County of Dallas,

State of Texas, pursuant to the Federal Rules of

Civil Procedure, and the provisions stated on the

record or attached hereto.

Legal Solutions Court Reporting

SABRINA BOYD

```
 1              A P P E A R A N C E S

 2   FOR THE PLAINTIFF:
         MR. DONALD E. ULOTH
 3       Law Office of Donald E. Uloth
         18208 Preston Road, Suite D-9 #261
 4       Dallas, Texas 75252
         T 214-989-4396
 5       don.uloth@uloth.pro

 6
     FOR THE DEFENDANT:
 7       MR. MONTE K. HURST
         Hallett & Perrin, PC
 8       1445 Ross Avenue, Suite 2400
         Dallas, Texas 75202
 9       T 214-922-4111
         monte.hurst@hallettperrin.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Legal Solutions Court Reporting

SABRINA BOYD

```
1                    I N D E X

2                                              PAGE

3  Appearances  . . . . . . . . . . . . . . . .   2
   Stipulations . . . . . . . . . . . . . . .    4
4

5      SABRINA BOYD

6          Examination by Mr. Uloth . . . . . . .   4

7          Examination by Mr. Hurst . . . . . . .  22

8

9  Signature and Changes  . . . . . . . . . . .  25
   Reporter's Certificate . . . . . . . . . . .  27
10

11

12                  EXHIBITS

   NO.                 DESCRIPTION              PAGE
13
   1   Litigation Hold Directive,                 6
14      Bates SC010472 to SC010473

15

16

17              REPORTER'S NOTE
        Quotation marks are used for clarity and do not
18      necessarily reflect a direct quote.

19

20

21

22

23

24

25
```

Legal Solutions Court Reporting

SABRINA BOYD

```
 1                  P R O C E E D I N G S
 2               MR. ULOTH:  Under the Federal Rules.
 3  No stipulations or agreements needed.
 4                  SABRINA BOYD,
 5  having been first duly sworn, testified as follows:
 6                  EXAMINATION
 7  BY MR. ULOTH:
 8       Q.   Hello, Ms. Boyd.  I'm Don Uloth.  Nice to
 9  meet you.
10       A.   Nice to meet you.
11       Q.   I don't think this will be very long.
12       A.   Okay.
13       Q.   So it's my understanding you worked at
14  Santander Consumer USA, Inc., at the same time as the
15  plaintiff in this case, Reena Mathew, right?
16       A.   Sure.  Correct.
17       Q.   And for today, you've been selected to talk
18  about two topics that I wanted to ask the company
19  about.  Do you understand that?
20       A.   I do.
21       Q.   And one of the topics, defendant's efforts
22  to preserve relevant evidence from January 29, 2016,
23  to the present.
24       A.   Okay.
25       Q.   And have you studied up so that you're
```

Legal Solutions Court Reporting

SABRINA BOYD

1    familiar with what the company has done to preserve
2    relevant evidence?
3         A.    Yes.
4         Q.    Okay.   Tell me what that company has done
5    to preserve relevant evidence.
6         A.    Well, it's my understanding that you-all
7    sent out litigation holds to, you know, provide
8    specific documentation in reference to this case.
9         Q.    Something that the plaintiff sent?
10        A.    No, you-all, the -- your company sent
11   litigation holds to --
12        Q.    I'm not with a company, ma'am.   I'm the
13   attorney for the plaintiff.
14        A.    Right.   Your attorney -- your -- your law
15   firm.   Right?   You work for a law firm?   Are you --
16        Q.    No.   I'm a solo attorney.
17        A.    Okay.   Well, whomever.   Outside counsel
18   requested a litigation hold for materials such as --
19   any materials that they may have that could help out
20   in this case.
21        Q.    Okay.   And so what action was taken by the
22   Santander employees to make that happen?
23        A.    Upon request, Santander provided all
24   documentation that they were able to produce and find
25   in our systems, and they provided those

SABRINA BOYD

1  documentations to the plaintiff's attorney.

2      Q.   And when did that occur?

3      A.   I don't know.

4      Q.   Okay.  Are you familiar with a person named

5  Catessa Malone?

6      A.   I know the name.  I don't know her

7  personally, but I've seen the name on documents from

8  our company.

9      Q.   Do you know what Catessa Malone's position

10 was at Santander?

11     A.   I don't.

12              (Exhibit 1 marked.)

13     Q.   (By Mr. Uloth)  I'm handing you some pages

14 that have an exhibit sticker on them marked as

15 Exhibit 1.

16     A.   Okay.

17     Q.   Can you -- are you familiar with this

18 document?

19     A.   I have seen this document.

20     Q.   Okay.  Do you know who Stephen Shaffer is?

21     A.   He was -- yes.

22     Q.   Back then, in February of 2016, do you know

23 what his job was at the company?

24     A.   He was a senior vice president of our

25 department.

Legal Solutions Court Reporting

SABRINA BOYD

1    Q.   Okay.  Do you know of any other people that
2  received this litigation hold directive that I marked
3  as Exhibit 1?
4    A.   I do not.
5    Q.   Do you know if anybody else received it?
6    A.   I do not.  Other than this specific one,
7  no, I do not.
8    Q.   Okay.  Do you know what Stephen Shaffer did
9  when he got this litigation hold directive?
10   A.   I do not.
11   Q.   Okay.  So you can't tell me if he collected
12  and preserved performance reviews; is that correct?
13   A.   I do not -- I don't know what Stephen did
14  once he received this document.
15   Q.   Okay.  Well, other than having Catessa
16  Malone send this memo and the other thing you told me
17  already, that the company provided documents to
18  Reena's attorneys, can you tell me any other measures
19  taken by Santander to preserve relevant evidence?
20   A.   No, other than what I previously mentioned
21  of providing documentation -- requested
22  documentation.
23   Q.   Well, I think your answer has probably
24  foreshadowed the answers I'm going to get to these
25  questions, but I'll ask a few more anyway.

SABRINA BOYD

1   A.   Sure.

2   Q.   What did Mr. Shaffer do to preserve

3   Ms. Mathew's employment-related records related to

4   her hiring, training, pay, and benefits?

5   A.   I do not know.

6   Q.   Do you know if another Santander employee

7   took efforts to preserve documents related to Reena

8   Mathew's hiring, training, pay, and benefits?

9   A.   I do not know.

10   Q.   Did a Santander employee do anything to

11   preserve documents or correspondence authored by or

12   sent to Ms. Mathew?

13   A.   Can you repeat the question?

14   Q.   Did any Santander employee do anything to

15   preserve any document or correspondence authored by

16   or sent to Ms. Mathew?

17   A.   I don't know.

18   Q.   Did a Santander employee do anything to

19   preserve documents related to Santander's decision to

20   place Ms. Mathew on a performance improvement plan?

21   A.   I do not know.

22   Q.   Did any Santander employee do anything to

23   preserve documents related to Ms. Mathew's job

24   performance?

25   A.   I do not know.

Legal Solutions Court Reporting

SABRINA BOYD

1    Q.   Did any Santander employee do anything to

2    preserve Ms. Mathew's performance reviews?

3    A.   I do not know.

4    Q.   In February of 2016, do you know if the

5    performance reviews were solely on paper, or do you

6    know if there was some electronic version of those as

7    well?

8    A.   In 2016, I do not recall.

9    Q.   So they could have only been paper?

10   A.   I don't recall.  It's so long ago, I

11   don't -- no, I don't recall if it was paper or

12   electronic.

13   Q.   Is that something that you looked into to

14   get yourself ready for this deposition today?

15   A.   No.  No, it was not.

16   Q.   Can you tell me why not?

17            MR. HURST:  Objection, form.

18   A.   I don't know.  It wasn't something that I

19   felt necessary for me to review.

20   Q.   (By Mr. Uloth)  Okay.  Well, you understood

21   I was going to be asking you to tell me what

22   Santander did to preserve evidence, right?

23   A.   Uh-huh.

24   Q.   And you feel like you're prepared to fully

25   answer that question and provide all information that

Legal Solutions Court Reporting

SABRINA BOYD

```
 1   is available to the company on that question, right?
 2                MR. HURST:  Objection, form.
 3        A.   To the best of my ability.
 4        Q.   (By Mr. Uloth)  Okay.  Which I appreciate
 5   you answering to the best of your ability.  I'm
 6   finding it unfulfilling, but I appreciate your
 7   efforts.
 8        A.   Thank you.
 9                MR. HURST:  Objection to the sidebar.
10                MR. ULOTH:  I grant your objection.  I
11   understand it.
12                MR. HURST:  Well, thank you, Judge.
13                MR. ULOTH:  Yes, I'm Judge Uloth.
14   Okay.
15        Q.   (By Mr. Uloth)  Let's switch to the next
16   topic, then.  Regarding the documents that Santander
17   produced in this case, how the documents were kept in
18   the usual course of Santander's business, did you
19   prepare yourself to testify today on that topic?
20        A.   Somewhat, yes.
21        Q.   What did you do to prepare yourself?
22        A.   Just reviewed in my head the processes that
23   we take for document preservation.
24        Q.   Tell me what document preservation efforts
25   you take.
```

SABRINA BOYD

1      A.   So what -- I am not in that department, so

2  just what I have experienced on my own when I have

3  been given a lit hold, what I've experienced the

4  process is, is that we hold on any of those documents

5  that we have that could be relevant to the

6  information requested.  Once the lit hold is

7  released, we are able to then, you know, do away,

8  delete emails or whatever we have that could have

9  been helpful to the case or request, whatever was

10  needed.

11           MR. ULOTH:  Can you read that back to

12  me, please, Laurie?

13           THE REPORTER:  Her answer or your

14  question?

15           MR. ULOTH:  You.

16           THE REPORTER:  Her answer?

17           MR. ULOTH:  Yes.

18           THE REPORTER:  Okay.

19           (The requested portion was read.)

20      Q.   (By Mr. Uloth)  The litigation hold

21  directive that is marked as Exhibit 1, has it been

22  released?

23      A.   I don't understand.

24      Q.   I'm asking about the terminology that you

25  used in your answer to my previous question.  You

SABRINA BOYD

1   said once the litigation hold is released, you can

2   delete emails.

3        A.   So I don't have an answer to that.  This

4   litigation hold was not given to me.  I was not given

5   a litigation hold, so I don't know if it's been

6   released or not, so I don't know.

7        Q.   Right.  But you're the spokesperson for the

8   company on this topic.  And let me ask it again.  Can

9   you tell me if the litigation hold regarding possible

10  litigation with Reena Mathew was released at some

11  point?

12       A.   I do not know.

13       Q.   Do you know if emails that were sent to

14  Reena Mathew have been deleted from the systems?

15       A.   I don't know.

16       Q.   Do you know if emails that were sent by

17  Reena Mathew were deleted from the systems?

18       A.   I don't know.

19       Q.   Okay.  Now, let me try to get back to the

20  second topic.  You understand this is -- you know,

21  I'm done asking you about the litigation hold memo

22  and the efforts to preserve the documents.  Okay?

23       A.   Uh-huh.

24       Q.   What I want to talk about now is just how

25  y'all keep stuff at Santander, at least how it was

Legal Solutions Court Reporting

SABRINA BOYD

```
1   done back then.
2         A.   Okay.
3         Q.   Okay.  So one of the things, and I think we
4   already brushed against this, was personnel files.
5   Are you able to tell me how personnel files were kept
6   in the usual course of Santander's business?
7         A.   We have a system -- well, then, we had a
8   system called Optica.  Those documents were scanned
9   into that Optica system, which was the system of
10  record.
11        Q.   Do you know what was used to create the
12  performance reviews?
13             MR. HURST:  Objection, form.
14        A.   I don't think I understand the question.
15        Q.   (By Mr. Uloth)  All right.  You used the
16  term "scanned in."
17        A.   Uh-huh.
18        Q.   Are you saying that a paper copy of a
19  performance review was run through a scanner?  Is
20  that what you mean?
21        A.   I can't speak specific to a performance
22  review.  You asked about personnel filings.  So from
23  what I did in my job -- so, for example, for new hire
24  orientation, any type of new hire documentation,
25  things like that that were presented to us, we would
```

Legal Solutions Court Reporting

SABRINA BOYD

1   scan those items into the system and it would save to

2   Optica, which would go into the associate's personnel

3   file.

4        Q.   And, again, when you use the term

5   "scanned," you're talking about running a piece of

6   paper through a scanner?

7        A.   Correct.

8        Q.   Okay.  Now, I was asking -- I thought I had

9   asked you about performance reviews and how Santander

10  kept performance reviews in the usual course of

11  business.  So you say those were scanned into Optica,

12  correct?

13       A.   So current performance reviews are kept in

14  our system called Workday, Global Workday.

15       Q.   And you understand I'm talking about how

16  they were kept back in the 2015, 2016 time frame?

17       A.   I understand.  And I answered earlier on

18  that I don't recall if the performance review

19  questions were on paper or if they were

20  electronically.  So I don't know if the performance

21  review was actually physically a scanned document or

22  if it was a document that was already in our Global

23  Workday system that can also be printed and then

24  scanned.

25       Q.   At some point, Santander stopped using

SABRINA BOYD

1  Optica; is that correct?

2       A.   Correct.

3       Q.   Did Santander do something to preserve all

4  of the data that it had scanned into Optica?

5       A.   I don't know.

6       Q.   In the 2015, 2016 time frame, how were

7  Outlook emails organized?

8       A.   Can you elaborate a little bit more on that

9  question?  What do you mean how were they organized,

10  how are emails organized?

11       Q.   Okay.  How were they kept in the usual

12  course of Santander's business?

13       A.   I don't know.  I mean -- I don't know.

14       Q.   If your boss contacted you in 2015 and

15  said, Get me every email sent by Reena Mathew to

16  anybody else, do you know how that would have been

17  captured?

18       A.   So that would have to go through additional

19  channels.  A request would have to be made, and our

20  IT department can produce Outlook files, an

21  employee's Outlook file.  And that Outlook file can

22  then be sent over to whomever requested it.

23       Q.   And going back to the preservation

24  question, do you know if an Outlook file was created

25  capturing all of Reena Mathew's Outlook emails?

SABRINA BOYD

1          A.   It's my understanding that it was.

2          Q.   Where is that Outlook file today?

3          A.   I don't know.  It's my understanding that

4    it was provided to -- there were some documents that

5    you guys requested, and those documentations was

6    provided to you-all.

7          Q.   But you're not sure?

8          A.   Correct.

9          Q.   In the 2015, 2016 time frame, how were

10   company policies kept in the usual course of

11   Santander's business?

12         A.   We have a policy -- I guess we call it an

13   intranet where internal policies are kept.

14         Q.   Does Santander still have all of the

15   policies that were in effect back in 2015?

16         A.   I don't know.

17         Q.   Do you know why they would not?

18              MR. HURST:  Objection, form.

19         A.   I don't know.

20         Q.   (By Mr. Uloth)  So it's possible that

21   somebody could have deleted policies that were in

22   effect back in 2015, correct?

23              MR. HURST:  Objection, form.

24         A.   I don't know.

25         Q.   (By Mr. Uloth)  Are you familiar with what

SABRINA BOYD

1  the company called back in 2015 and 2016 disciplinary

2  actions?

3          A.    I am.

4          Q.    What did that term mean to you in that time

5  frame?

6          A.    Disciplinary action is a corrective action

7  that's provided to an employee for doing something --

8  for doing something incorrectly or something that

9  they've been coached on previously.  It's just

10  basically corrective action to resolve whatever

11  action they took that wasn't under company policy or

12  procedure.

13          Q.    When Santander did that and provided a

14  disciplinary action to an employee, was there always

15  a document created?

16          A.    Yes.

17          Q.    Okay.  Those disciplinary action documents,

18  how were those kept in the usual course of

19  Santander's business back in 2015?

20          A.    They were scanned into Optica.

21          Q.    Do you know if all of the DAs from 2015 are

22  still preserved?

23          A.    I don't know.

24          Q.    Do you know if any of the DAs that Reena

25  Mathew worked on in 2015 have been preserved?

Legal Solutions Court Reporting

SABRINA BOYD

1          A.   I don't know.

2          Q.   Do you know if any of the DAs that Reena

3     Mathew worked on in 2016 have been preserved?

4          A.   I don't know.

5               Can I go back to a question that you

6     asked as far as how the disciplinary actions were

7     stored?  So we also entered them into the Global

8     Workday system, and then scanned them to Optica.  So

9     just wanted to make that point.

10         Q.   During what time period are you talking

11    about?

12         A.   The time period that you suggested.  I

13    believe you said 2016, I believe.  I'm not for sure.

14         Q.   Okay.  Workday is like an HR software,

15    isn't it?

16         A.   Uh-huh, yes.

17         Q.   So a DA --

18         A.   It's a system.

19         Q.   -- would be in -- would have been back then

20    in a couple of locations, right?

21         A.   It's possible, yes.

22         Q.   Okay.  Do you know if those DAs that Reena

23    prepared, Reena Mathew, or worked on in 2015 are

24    still preserved in Workday?

25         A.   I don't know.

Page 19

SABRINA BOYD

1      Q.   Do you know if any DAs that Reena Mathew
2  worked on or prepared in 2016 are still preserved in
3  Workday?
4      A.   I don't know.
5      Q.   Do you know if they're preserved anywhere?
6      A.   I do not know.
7      Q.   If you look at Exhibit 1, go to the second
8  page.  Please read that first complete paragraph
9  that's in bold.  Just read that to yourself.
10      A.   Okay.
11      Q.   Do you know if Ms. Malone obtained these
12  emails or paper documents that she was asking about
13  in this sentence?
14      A.   I don't know.
15      Q.   Okay.  Do you know if those are still
16  stored somewhere in the company?
17      A.   I don't -- I do not know.
18      Q.   Going down a couple of paragraphs, there's
19  a paragraph that starts, "If your position changes,"
20  and my question is simply, has Stephen Shaffer left
21  the company?
22      A.   Stephen Shaffer is no longer with the
23  company.
24      Q.   And do you know if he did as requested and
25  let Ms. Malone know that he was planning to leave?

SABRINA BOYD

1      A.   I do not know.

2      Q.   A couple of more paragraphs down, the

3  litigation hold directive asks Mr. Shaffer to sign

4  and return.  Do you know if he signed and returned

5  this document?

6      A.   I do not know.

7              MR. ULOTH:  Let me take a quick

8  break.

9              (Recess taken from 2:14 to 2:19.)

10     Q.   (By Mr. Uloth)  Okay.  Are you familiar

11 with a program or a software called i-Sight?

12     A.   I am.

13     Q.   What was i-Sight?

14     A.   i-Sight was a program that we used to

15 upload case information, case information such as if

16 someone filed a complaint or ethics complaint.

17     Q.   And do you know if any i-Sight files were

18 created in relation to Reena Mathew's allegations of

19 pregnancy discrimination?

20              MR. HURST:  Objection, form.

21     A.   I do not know.

22     Q.   (By Mr. Uloth)  Should Santander still have

23 all of the i-Sight files that existed in 2015?

24     A.   Should they still?  I -- I don't know.

25     Q.   Do they still?

SABRINA BOYD

1        A.    I don't know.

2        Q.    That's more in line with what I meant to

3   ask.

4        A.    Okay.  I don't know.

5        Q.    Do you know if Santander still has all of

6   the i-Sight files that existed in 2016?

7        A.    I do not know.

8        Q.    Back in 2015, 2016, do you know all of the

9   different types of information that Santander kept in

10  a personnel file?

11             MR. HURST:  Objection, form.

12       A.    I mean, as far as dating 2015 or 2016, I

13  can't give specifics to that time frame.  I have a

14  general understanding of what type of documents are

15  uploaded into Optica.

16       Q.    (By Mr. Uloth)  What type of documents are

17  you speaking of?

18       A.    Any type of personnel documents such as new

19  hire documentation, separation of employment

20  documentation, disciplinary actions, any type of

21  benefits, benefit situations, doctor's notes, things

22  like that.  Anything that is a personnel file --

23  anything that belongs in a personnel file would be

24  uploaded into Optica.

25       Q.    Okay.  And for any employee that leaves the

Legal Solutions Court Reporting

SABRINA BOYD

1   company, would there be a separation document in

2   their personnel file?

3        A.   Should be.

4        Q.   What kind of document or documents would

5   those be?  What would those look like?

6        A.   So the separation document, which is --

7   basically have an email that might show -- email that

8   might state we are separating employment with this

9   person.

10       Q.   Do you know if there was a form that was

11  used or a checklist?

12       A.   Back then?  Yes, a checklist.

13       Q.   Do you remember any of the things that were

14  supposed to be done and checked off in the checklist?

15       A.   As far as terminations go, that specific

16  checklist was just a checklist that had the person's

17  name, date, if this was an involuntary or voluntary

18  term, and the leadership's signature and the

19  employee's signature.

20                 MR. ULOTH:  I'll pass the witness.

21                       EXAMINATION

22  BY MR. HURST:

23       Q.   Ms. Boyd, does Santander have document

24  retention policies?

25       A.   We do -- they do.

SABRINA BOYD

1      Q.   Is it your understanding that those
2  document retention policies have been provided to
3  plaintiff's counsel in this litigation?
4      A.   Correct, that is my understanding.  That's
5  what has been shared with me.
6      Q.   Do you have any reason to believe that
7  those document retention policies were not adhered
8  to --
9           MR. ULOTH:  Objection, form; lack of
10  foundation.
11           MR. HURST:  Let me just finish the
12  question before you object.
13           MR. ULOTH:  Well, if you go silent and
14  start mumbling, I might think you're finished, so I
15  thought you were --
16           MR. HURST:  Has someone gone silent or
17  mumbled?
18           MR. ULOTH:  I thought you were
19  finished, Mr. Hurst.
20           MR. HURST:  All right.
21           MR. ULOTH:  Please try again.
22           MR. HURST:  Thank you.
23      Q.   (By Mr. Hurst)  Do you have any reason to
24  believe that Santander did not adhere to its document
25  retention policies with regard to any evidence that

SABRINA BOYD

```
1  was preserved from 2015 or 2016?
2              MR. ULOTH:  Objection, form,
3  especially as to lack of foundation and personal
4  knowledge.
5       A.   Do not.
6       Q.   (By Mr. Hurst)  What's your answer?
7       A.   Oh, I do, yes.  It is my assumption that --
8  I'm sorry.  Can you repeat the question?
9              MR. HURST:  Can you please repeat the
10 question?
11      A.   The back and forth has thrown me off.
12             THE WITNESS:  What was the question?
13             (The requested portion was read.)
14      A.   I do not.
15             MR. HURST:  Pass the witness.
16             MR. ULOTH:  I have no further
17 questions.  Thank you.  Have a nice day, Ms. Boyd.
18             THE WITNESS:  Thank you.  Nice to meet
19 you-all.
20             (Deposition proceedings concluded
21             at 2:26 p.m.)
22
23
24
25
```

SABRINA BOYD

```
 1              CORRECTIONS AND SIGNATURE

 2    PAGE/LINE        CHANGE                    REASON

 3    _____

 4    _____

 5    _____

 6    _____

 7    _____

 8    _____

 9    _____

10    _____

11    _____

12    _____

13    _____

14    _____

15    _____

16    _____

17    _____

18    _____

19    _____

20    _____

21    _____

22    _____

23    _____

24    _____

25    _____
```

Legal Solutions Court Reporting

SABRINA BOYD

```
 1        I, SABRINA BOYD, have read the foregoing
 2   deposition, and hereby affix my signature that same
 3   is true and correct, except as noted above.
 4
 5
 6                              _____
                                SABRINA BOYD
 7
 8   THE STATE OF _____
 9   COUNTY OF _____
10        Before me, _____ on this day
11   personally appeared SABRINA BOYD, known to me (or
12   proved to me under oath or through _____)
13   (description of identity card or other document) to
14   be the person whose name is subscribed to the
15   foregoing instrument and acknowledged to me that they
16   executed the same for the purposes and consideration
17   therein expressed.
18        Given under my hand and seal of office this
19   _____ day of _____, 2024.
20
21
                                _____
22                              NOTARY PUBLIC IN AND FOR
                                THE STATE OF _____
23                              My Commission Expires: _____
24   _____ No Changes Made _____ Amendment Sheet(s) Attached
        REENA S. MATHEW VS. SANTANDER CONSUMER USA, INC.
25
```

Legal Solutions Court Reporting

SABRINA BOYD

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
 2                        DALLAS DIVISION

 3   REENA S. MATHEW,                )
                                     )
 4        Plaintiff,                 )
                                     )
 5   VS.                             )  Civil Action No.
                                     )  3:23-cv-01494-N
 6                                   )
     SANTANDER CONSUMER USA,         )
 7   INC.,                           )
                                     )
 8        Defendant.                 )

 9                   REPORTER'S CERTIFICATION

10                     ORAL DEPOSITION OF

11                        SABRINA BOYD

12                       AUGUST 29, 2024

13

14

15        I, Laurie Purdy, CSR, in and for the State of

16   Texas, hereby certify to the following:

17        That the witness, SABRINA BOYD, was duly sworn

18   by the officer and that the transcript of the oral

19   deposition is a true record of the testimony given by

20   the witness;

21        That the deposition transcript was submitted on

22   _____, 2024, to Monte K. Hurst, Attorney

23   for the Witness, for the review and signature by the

24   witness, to be returned to the reporter within 30

25   days;
```

Legal Solutions Court Reporting

SABRINA BOYD

1        That the amount of time used by each party at

2    the deposition is as follows:

3            Mr. Uloth:  25 minutes

4            Mr. Hurst:  2 minutes

5        That pursuant to information given to the

6    deposition officer at the time said testimony was

7    taken, the following includes counsel for all parties

8    of record:

9

FOR THE PLAINTIFF:
10       MR. DONALD E. ULOTH
         Law Office of Donald E. Uloth
11       18208 Preston Road, Suite D-9 #261
         Dallas, Texas 75252
12       T 214-989-4396
         don.uloth@uloth.pro
13

14   FOR THE DEFENDANT:
         MR. MONTE K. HURST
15       Hallett & Perrin, PC
         1445 Ross Avenue, Suite 2400
16       Dallas, Texas 75202
         T 214-922-4111
17       monte.hurst@hallettperrin.com

18       That $_____ is the deposition officer's

19   charges to the Plaintiff for preparing the original

20   deposition transcript and any copies of exhibits;

21       I further certify that I am neither counsel for,

22   related to, nor employed by any of the parties or

23   attorneys in the action in which proceeding was

24   taken, and further that I am not financially or

25   otherwise interested in the outcome of the action.

Legal Solutions Court Reporting

SABRINA BOYD

```
1        Certified to by me this 29th day of August,

2   2024.

3

4

5

6        _____

7        LAURIE PURDY, CSR 5933
         Legal Solutions Court Reporting & Video
8        2626 Cole Avenue, Suite 300
         Dallas, Texas 75204
9        (866) 830-1717
         www.LegalSolutionsCourtReporting.com
10       Firm ID Number:  424

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



Legal Solutions Court Reporting

**don.uloth@uloth.pro**

| | |
|---|---|
| **From:** | don.uloth@uloth.pro |
| **Sent:** | Tuesday, September 24, 2024 2:30 PM |
| **To:** | 'Clayton S. Carter'; 'Ceicili S. Morales'; 'Emma N. Sanchez' |
| **Cc:** | 'Monte K. Hurst' |
| **Subject:** | RE: Mathew v. Santander / Conference on a motion to compel regarding (1) medical records and (2) performance reviews |

Monte:

Ms. Mathew saw Dr. Kambhampati at the Irving address we provided.

Regarding agreement to allow further deposition questions of Ms. Mathew, I'd rather defer answering that until we see if you obtain any records. If we don't get any records, then I see no need to present her for more questioning.

Regarding performance reviews and scores, we sought this information in discovery. Santander failed to produce most of the performance reviews, and it failed to present prepared witnesses. The questions I'd now like answered, which may or may not resolve this, are: (1) each HRBPs performance review score: name, year of the review, and the score; and (2) what was done to preserve the performance reviews, whether Santander still has them, and if not, why not.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro

**From:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Sent:** Tuesday, September 24, 2024 1:57 PM
**To:** don.uloth@uloth.pro
**Cc:** Clayton S. Carter <ccarter@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Mathew v. Santander / Conference on a motion to compel regarding (1) medical records and (2) performance reviews

Good afternoon, Don. Out of all of Reena Mathew's medical records we have ordered through depositions upon written questions, we have only received the handful of billing records of Baylor Scott & White Medical Center – Irving. They came to this office last week; I am attaching them to this e-mail message as a courtesy. These billing records do not even mention Radha Kambhampati, M.D. If that were not frustrating enough, the records service has just communicated to us that Baylor Scott & White Medical Center – Irving does not have any medical records pertaining to Ms. Mathew, although that is the facility that Ms. Mathew identified for Dr. Kambhampati. Please confirm the location at which Ms. Mathew saw Dr. Kambhampati. We may be following up with you shortly to insist that Ms. Mathew provide an authorization with the correct facility for Dr. Kambhampati.

Our hope is that we will receive in the near future the medical records for Dr. Kambhampati and the medical and billing records for Julie Sharad Parekh, M.D. (Baylor Scott & White Dallas Diagnostic Association – Plano) and for Kristen Richeson Carmichael, M.D. (Baylor Scott & White Obstetrics & Gynecology – Frisco). As a courtesy, we will provide copies of these records upon our receipt of same. Then, we can proceed with Ms. Mathew's deposition limited to topics related to her treatment with the two most recently identified healthcare providers. Perhaps we should earmark a date or two in October for the deposition, in hopes that we will have the records by then.

We still oppose each version of the motion you have been describing pertaining to the corporate representatives' depositions. The witnesses were prepared to testify regarding the agreed-upon topics. Likewise, we would oppose your motion for leave. If you have a question that you would propose be answered by Santander (outside of the discovery period) and Santander's answer to the question would alleviate your constant threats to go court because you did not explore the topic in discovery, just let me know what it is and I will discuss that with my client. And while we are talking about cooperation in discovery, please confirm that you will agree to present Ms. Mathew for deposition to discuss topics related to the records of the healthcare providers she identified for the first time in her deposition, consistent with the Court's order.

Thanks,
Monte

MONTE K. HURST
Shareholder

HALLETT&PERRIN
D 214.922.4111 | F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer


BOARD
CERTIFI
Texas Board of Legal Special
LABOR AND EMPLOYMENT LAW

| Client Advisory | Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link. |

**From:** don.uloth@uloth.pro <don.uloth@uloth.pro>
**Sent:** Monday, September 23, 2024 3:57 PM
**To:** Monte K. Hurst <monte.hurst@hallettperrin.com>; Clayton S. Carter <ccarter@hallettperrin.com>
**Subject:** Conference on a motion to compel regarding (1) medical records and (2) performance reviews

Monte and Clayton:

Plaintiff's request for production 95 (which I copied from Defendant's request no. 19) asked for production of all documents Santander obtained pursuant to a subpoena or a deposition by written questions in this lawsuit. You sent subpoenas and DWQs to three of plaintiff's doctors. On September 10, 2024 I asked if you obtained any documents, and you did not answer.

I therefore plan to file a motion to compel asking the court to order production of any documents you obtained in response to the subpoenas and DWQs. If there are none, please let me know. Otherwise, for conference purposes, tell me if Santander is opposed to the relief I am requesting.

Regarding the performance reviews, we have conferred before about this, but just to be clear I will be asking the court to order Santander to produce a 30(b)(6) witness to explain whether Santander still has the performance reviews that were requested but not produced, and if not, what happened to them. As an alternative I might suggest that the court simply order Santander to provide a written explanation. You previously told me you were opposed to a motion to compel based on the failure to present prepared witnesses, but I wanted to be more specific about the relief being requested in case we need to discuss this further.

Because the motions deadline has passed, I will also file a motion for leave asking the court to take up and consider the motion to compel. Please let me know if you think we need to confer on this, or just let me know your position on this.

Thanks.

Donald E. Uloth
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252

3

App. 160

4

Phone: (214) 989-4396
Email: don.uloth@uloth.pro
www.uloth.pro