**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DECLARATION AND BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE U.S. DISTRICT JUDGE DAVID C. GODBEY:**

Pursuant to Local Rule 7.1, Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Motion to Strike Plaintiff's Declaration and Brief in Support Thereof.

## I.
## INTRODUCTION

Santander objects to and moves to strike portions of the Declaration of Reena S. Mathew ("Declaration")[1] because they are not admissible and should thus not be considered by the Court. In particular, numerous statements made by Plaintiff Reena S. Mathew's ("Mathew") are so blatantly inconsistent with her deposition testimony, that they warrant the Court's application of the sham affidavit doctrine. Additionally, many of Mathew's statements are not based on her personal knowledge. Further, several of the statements are conclusory allegations that lack foundation.

---

[1] Mathew's Declaration comprises pages 2–36 in Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36.

Santander requests that the Court sustain its objections to the subject statements in Mathew's Declaration, strike the objectionable statements, enter an order striking the objectionable statements, and disregard the statements and any references to the statements.

## II.
## ARGUMENT & AUTHORITIES

### A.    Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c).  A motion to strike is appropriate to attack proof lacking the foundation necessary for competent summary judgment evidence.  *See Duplantis v. Shell Offshore, Inc*., 948 F.2d 187, 192 (5th Cir. 1991).

### B.    The "Sham-Affidavit" Doctrine

The Fifth Circuit recognizes the "sham-affidavit doctrine," permitting the court to prohibit a party from defeating a motion for summary judgment by using an affidavit that impeaches, without explanation, prior sworn testimony.  *See S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 495 (5th Cir. 1996).   In other words, a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment.  *See Doe ex rel. Doe v. Dallas Indep. Sch. Dist*., 220 F.3d 380, 386 (5th Cir. 2000).  A district court may refuse to consider such an affidavit if the statements made in the affidavit "are so markedly inconsistent with a prior statement as to constitute an obvious sham." *Winzer v. Kaufman Cnty*., 916 F.3d 464, 472 (5th Cir. 2019); *Clark v. Resistoflex Co., A Div. of Unidynamics Corp*., 854 F.2d 762, 767 (5th Cir. 1988) (characterizing the sham-affidavit doctrine as "denying credence to an affidavit so markedly inconsistent with the affiant's prior deposition as to constitute an obvious sham.").

As illustrated below, numerous statements made by Mathew in her Declaration are so markedly inconsistent with her prior deposition testimony as to constitute an obvious sham:

| Mathew's Declaration Statement | Mathew's Contradictory Testimony |
|---|---|
| "I was the only HRBP that was pregnant during this period."  Declaration of Reena S. Mathew ("Mathew Decl."), ¶ 105, ECF No. 36.[2] | Mathew was asked this very question in her deposition and her testimony contradicts her statement, as follows:<br><br>Q. Okay.  Now, multiple women in the HR department were pregnant at or around the time that you were pregnant, true?<br><br>A. At the time? I mean, I know there were – yeah, I know of like two, yes.<br><br>Excerpts from the Deposition of Reena Mathew (Aug. 8, 2024) ("Mathew Dep.") at 204:25–205:4, Defendant's Appendix in Support of Its Motion to Strike Plaintiff's Declaration ("MTS APP") at 40–41; *see also* Instant Message ("IM") exchange between Mathew and Sabrina Boyd (Mar. 8, 2016), MTS APP053–56 (Mathew reacts to Ms. Boyd's identifying all of the pregnant women in the HR Department). |
| "My relationship with [Perez][3] and Elad changed right after I told [Perez] that I was pregnant.  Before, we would usually say hello in the morning and exchange greetings, but that stopped.  Their attitudes changed from being friendly to being cold and distant."  Mathew Decl., ¶ 16, ECF No. 36. | Mathew testified in her deposition that she did not have a problem with Stephanie Elad until after Yessica Perez gave her the PIP in December 2015.  *See* Mathew Dep. at 109:5–18, MTS APP039.  Mathew also admitted under oath that she does not believe that Ms. Elad actually chose to discriminate against her because of her pregnancy. *See id.* at 222:1–13. |
| "Later that day, in an instant message conversation with [Perez], I updated [Perez] on the status of the DAs.  App. 88.  She did not say that any of the DAs needed to be done ASAP."  Mathew Decl., ¶ 46, ECF No. 36. | This statement is contradicted by the following IM to Mathew from Ms. Perez: "Hi Reena, Brad just came into the office, he said they have like 10 pending DAs . . . He stated he needs them ASAP."  IM from Mathew to Ms. Perez (Oct. 29, 2015), MTS APP044. |

---

[2] Mathew's Declaration does not include appendix page numbers.
[3] Yessica Perez previously went by the name Yessica Adriano.  Throughout this Motion, Santander refers to Ms. Perez by her current last name, Perez, and, to prevent confusion, replaces Mathew's references to "Adriano" with "Perez."

| Mathew's Declaration Statement | Mathew's Contradictory Testimony |
|---|---|
| "[E]ven Elad did not see a problem with the fact that I did it the next day. App. 249." Mathew Decl., ¶ 93, ECF No. 36. | This statement is contradicted by the e-mail exchange to which Mathew cites. In this e-mail exchange, Ms. Perez and Ms. Elad discuss how long it took Mathew to request specific information from the HRIS team after she was tasked with getting the information. Ms. Elad does not come to a conclusion that Mathew's having taken two business days to request the information was not a "problem," as Mathew claims. *See* MTS APP057. |
| "Hullum did not ask me to do the time study a second time, and she never told me the time study I submitted was vague." Mathew Decl., ¶ 16, ECF No. 36. | This statement is contradicted by the e-mail exchange to which Mathew cites in Paragraph 34 of her Declaration. In this e-mail message, Mathew sends to Stephen Shaffer her comments (in red) responding to Santander's timeline of events that led to her PIP. *See* E-mail exchange between Mathew and Mr. Shaffer (Jan. 18, 2016), MTS APP045–52. Under the entry labeled "July-August 2015," Mathew demonstrates that she had been asked to do the time study twice by commenting that she had been given no direction the first time that she was asked to do the time study but was given specific direction "the next time." *See id.* |

Mathew's statements set forth above directly contradict her prior deposition testimony and/or the record she incorporates in her statements. Glaringly, Mathew's statement that she was the only pregnant employee in Santander's HR department at the time of the alleged pregnancy discrimination is not only contradicted by her prior testimony, but also a blatant sham. Accordingly, Santander requests that the Court strike and disregard the statements listed above.

### C.     Conclusory Statements

Rule 56 of the Federal Rules of Civil Procedure requires that all affidavits used to support or oppose a motion for summary judgment be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify regarding the matters in the affidavit. FED. R. CIV. P. 56(c)(4). The contents of summary judgment affidavits or

declarations cannot be conclusory or based upon mere information and belief.  *See Clark v. America's Favorite Chicken Co*., 110 F.3d 295, 297 (5th Cir. 1997); *Duffy v. Leading Edge Prods., Inc*., 44 F.3d 308, 312 (5th Cir. 1995); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).  Statements are conclusory if they fail to provide underlying facts to support their conclusions.  *See Galindo*, 754 F.2d at 1216.

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston, Tex*., 337 F.3d 539, 541 (5th Cir. 2003).  "Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors, and '[d]iscrimination law would be unmanageable if disgruntled employees could defeat summary judgment by ... speculating about the defendant's motives.'"  *Brown v. Extraco Mortg. Co.*, No. W-05-CA-79, 2006 WL 8436286, at *5 (W.D. Tex. Oct. 2, 2006), *aff'd*, 256 F. App'x 713 (5th Cir. 2007) (quoting *Rand v. CF Indus., Inc*., 42 F.3d 1139, 1146 (7th Cir. 1994) (citation omitted)).

Mathew's Declaration contains statements that are conclusory, speculative, and lacking in foundation, which make these statements improper summary judgment evidence and insufficient to create a question of fact.  *See Powell v. The Dallas Morning News L.P*., 776 F. Supp. 2d 240, 246 (N.D. Tex. 2011) (disregarding speculative and conclusory evidence in deciding defendant's motion for summary judgment).  The following speculative and conclusory statements by Mathew are unsupported by specific facts, demonstrating her lack of required personal knowledge:

| Mathew's Declaration Statement | Speculative and Conclusory Explanation |
| --- | --- |
| "[E]ven Elad did not see a problem with the fact that I did it the next day. App. 249." Mathew Decl., ¶ 93, ECF No. 36. | Mathew does not lay foundation that she has personal knowledge that Ms. Elad did not see a problem with the timing. |
| "To go from no coaching or documentation to being on a PIP was unprecedented at Santander." Mathew Decl., ¶ 25, ECF No. 36. | Mathew does not lay foundation that she has personal knowledge of Santander's complete history of events leading up to PIP issuance. |

| Mathew's Declaration Statement | Speculative and Conclusory Explanation |
|---|---|
| "I knew [being placed on another PIP, this one for 90 days] was unwarranted and contrary to company policy."  Mathew Decl., ¶ 31, ECF No. 36. | Mathew does not lay foundation that she has personal knowledge of Santander's complete history of PIP issuance and length. |

Mathew's statements set forth above are speculative, conclusory, and unsupported by specific facts, demonstrating her lack of required personal knowledge.  Accordingly, Santander requests that the Court strike and disregard those statements.

## PRAYER

For all these reasons, Defendant Santander Consumer USA, Inc. respectfully requests that the Court sustain its objections to Mathew's Declaration, enter an order striking the objectionable statements, and disregard the statements and any references to the statements.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:  *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Clayton S. Carter
       State Bar No. 24120750
       CCarter@hallettperrin.com

       *Counsel for Defendant*
       *Santander Consumer USA Inc.*

## CERTIFICATE OF CONFERENCE

On October 11, 2024, Donald E. Uloth, Plaintiff's counsel, and I exchanged e-mail messages discussing the matters on which this Motion is based. Mr. Uloth advised me that he opposes Santander's request for a continuance.

*Monte K. Hurst*
Monte K. Hurst

## CERTIFICATE OF SERVICE

On October 11, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served Plaintiff's counsel as follows electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst