IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**TO THE UNITED STATES DISTRICT CHIEF JUDGE DAVID C. GODBEY:**

Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Motion for Leave to Submit Supplemental Evidence in Support of Its Motion for Summary Judgment. Santander respectfully requests that the Court grant it leave to submit nine additional exhibits and additional excerpts from the deposition of Reena Mathew in a supplemental appendix in Support of Summary Judgment because the additional exhibits are necessary to rebut facts alleged by the Plaintiff in her Response to Santander's Motion for Summary Judgment (the "Response").

### I.
### ARGUMENT & AUTHORITIES

Local Rule 56.7 requires Santander to obtain leave of court before submitting additional summary judgment evidence. *See* LR 56.7. "There may be occasions . . . when additional supporting materials should be presented to the court" in support of a motion for summary judgment. *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (quoting *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, J.). Leave may be granted when "the court can discern no palpable injustice

in considering new supporting materials." *Springs Indus., Inc.*, 137 F.R.D. at 240; *see also Fire King Int'l, L.L.C. v. Tidel Eng'g, L.P.*, 613 F.Supp.2d 836, 838 (N.D. Tex. 2009) (Fish, J.) (leave granted when, "[a]lthough plaintiff has failed to articulate a good reason for allowing this new evidence at the reply stage, no injustice will result if the evidence is considered").

Courts in this district have exercised their discretion in considering evidence in a summary judgment reply appendix even where no leave was sought when the evidence rebuts the response to the motion for summary judgment, bolsters arguments made in the initial motion, and does not raise new issues, legal arguments, or theories. *See Banda v. Owens Corning Corp.*, No. 3:17-CV-1787-B, 2018 WL 6726542, at *4 (N.D. Tex. Dec. 21, 2018) (Boyle, J.*); Lynch v. Union Pac. R.R. Co.*, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (Lindsay, S.); *Lawson v. Parker Hannifin Corp.*, 2014 WL 1158880, at *5–6 (N.D. Tex. Mar. 20, 2014) (O'Connor, R.); *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (Solis, J.). Furthermore, the purpose "of the reply brief . . . is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion" and "to give the movant the final opportunity to be heard." *Springs Indus., Inc.*, 137 F.R.D. at 239–40.

Here, Santander's additional evidence rebuts Plaintiff Reena Mathew's ("Mathew") Response to Defendant's Motion for Summary Judgment, bolsters arguments made in Santander's initial Motion, and does not raise new issues, legal arguments, or theories. In her Response, Mathew: (1) claims that certain documents do not exist that actually do exist and have been produced; (2) includes unsupported allegations that are directly controverted by documents produced in this matter; (3) makes a factual contention based on part of a document or series of documents while preventing the Court from seeing the entire context; and (4) submits a sworn declaration with allegations that are directly contradicted by her prior deposition testimony.

Santander's additional exhibits are necessary to rebut the Response and correct these issues.

For Santander to have the opportunity to fully address Mathew's baseless and incorrect factual contentions, and have the final opportunity to be heard, it should be permitted to submit a supplemental appendix of nine additional exhibits and additional excerpts from Mathew's deposition, all of which comprises Defendant's Supplemental Appendix in Support of Its Motion for Summary Judgment, which is attached hereto as Exhibit A.

## **PRAYER**

For the reasons set forth above, Santander respectfully requests the Court grant it leave to submit Defendant's Supplemental Appendix in Support of Its Motion for Summary Judgment, and grant Santander all other relief to which it may be justly entitled.

Respectfully submitted,

H<small>ALLETT</small> & P<small>ERRIN</small>, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

**CERTIFICATE OF CONFERENCE**

On October 11, 2024, Donald E. Uloth, Plaintiff's counsel, and I exchanged e-mail messages discussing the matters on which this Motion is based. Mr. Uloth advised me that he opposes the relief sought by Santander in this Motion.

*Monte K. Hurst*
Monte K. Hurst

**CERTIFICATE OF SERVICE**

On October 11, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served Plaintiff's counsel as follows electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
D<small>ONALD</small> E. U<small>LOTH</small>, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst