IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | § § § | |
| *Defendant.* | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S
# MOTION TO COMPEL & BRIEF IN SUPPORT

**TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:**

Defendant Santander Consumer USA, Inc. ("Santander") hereby files its Response and Brief in Support to Plaintiff's Motion to Compel (the "Motion").[1]

I.
**SUMMARY**

Plaintiff Reena Mathew ("Mathew") brings this unnecessary Motion to seek to take another deposition of Santander to re-ask questions that Santander does not know, already told Mathew it does not know, and is not required to know because the information sought is not reasonably available to Santander. Specifically, the Motion pertains to testimony regarding performance reviews, from a decade ago, for every Human Resources Business Partner ("HRBP") from four of Santander's offices, that no longer exist, or never existed. Despite Santander producing all of the performance reviews in its possession custody of control, and stating the same in its responses to

---

[1] While the Motion was filed after the motions deadline, and the Court has not granted Plaintiff's Motion to Consider Document Filed out of Time, Santander responds to the Motion within the 21 days prescribed by the local rules out of an abundance of caution. Santander filed a separate response to Plaintiff's Motion to Consider Document Filed out of Time.

Mathew's request for production, Mathew alleges Santander has failed to comply with discovery because it cannot conjure up some of the 10-year old performance reviews that either never existed or no longer exist merely due to the passage of time and changes in information technology systems, and because it cannot testify regarding the documents that are not available to it. In short, Mathew claims Santander should be punished because it cannot testify (and has testified it cannot testify) about specific contents of 10-year old documents that do not exist.

Mathew alleges in this case that Santander's termination of her employment over eight years ago was because of her pregnancy and in retaliation for her engaging in protected activity. As evidenced by Santander's Motion for Summary Judgment, Santander's decision to terminate Mathew's employment was due to her repeatedly deficient job performance and her unwillingness to accept responsibility when her supervisor discussed her shortcomings with her. Without any evidence that challenges Santander's legitimate and nondiscriminatory employment decisions relating to her, Mathew attempts to turn the focus off of her and onto her former coworkers.

Mathew asked Santander to produce all of the performance reviews of over 20 former coworkers of Mathew, and Santander produced all of them in its possession, custody, or control. Santander is not hiding anything. Mathew now criticizes Santander because (a) it could not provide testimony regarding the contents of performance reviews that no longer exist or never existed, and (b) it did not memorize the contents of the performance reviews that were produced in the 10,000-plus pages of documents that Santander produced in response to Mathew's production requests.

Mathew's Motion, which was filed after the close of motion practice in this case, should not even be considered by the Court as shown by this Response and Santander's Response to Plaintiff's Motion to Consider Document Filed Out of Time. However, should the Court consider

Mathew's Motion, based on the foregoing, Santander would respectfully request that Mathew's Motion be denied.

## II.
### BACKGROUND FACTS

Mathew filed this lawsuit on July 6, 2023.  *See generally* Pl.'s Compl.  Following Santander's production pursuant to this Court's Initial Discovery Protocols, on January 31, 2024, Mathew served 109 requests for production on Santander seeking documents from during Mathew's employment with Santander, all predating April 19, 2016, as well as interrogatories seeking information from the same time period.  *See* Pl.'s App.008–021.  Santander responded to Mathew's discovery on March 22, 2024, and supplemented its responses three times—on May 10, 2024, June 13, 2024, and July 5, 2024.  *See* Pl.'s App.022–083.  Mathew then served additional discovery requests on July 23, 2024, to which Santander timely responded.  *See* Pl.'s App.084–091.

Santander maintains **two** total objections to Mathew's well over 100 discovery requests and has produced 10,000-plus pages of documents, a process which has been a substantial and burdensome task as to time and expense.  *See* Pl.'s App.051–083, 086–091.  Despite this undertaking (and Mathew's failure to do the same by not even disclosing relevant medical providers until her deposition), Mathew claims that Santander failed to comply with its discovery obligations because (a) it could not provide testimony regarding the contents of performance reviews that no longer exist or never existed, and (b) it did not memorize the contents of the performance reviews that were produced in the 10,000-plus pages of documents that Santander produced in response to Mathew's production requests.

Mathew's Request for Production No. 12 seeks the performance reviews of each HRBP.  *See* Pl.'s App.063.  Santander diligently searched for, collected and produced, all performance

reviews requested that it could locate and stated in its discovery responses "Santander has produced all responsive documents in its possession, custody, or control," meaning, Santander does not have an additional unproduced performance reviews. *See* Pl.'s App.063. Additionally, Mathew has clearly not even reviewed the documents that she claims are so critical to her case, as she incorrectly claims that the following reviews (previously produced in discovery and now included in the Appendix to this Response) were not produced: (1) Mathew's 2015 Annual Performance Review; (2) Mathew's 2015 Mid-Year Performance Review; and (3) Hortensia Perez's 2015 Mid-Year Performance Review. Regardless, Santander has produced all responsive reviews it has. *See* App.001-020.

Mathew deposed Santander through its former employee Yessica Perez on August 21, 2024. *See* Pl.'s App.112. Prior to the deposition, when Mathew's counsel sent proposed 30(b)(6) topics to Santander's counsel, Santander objected and stated it would not have a representative memorize the contents and bates labels for over 10,000 pages of documents. *See* Pl.'s App.094–108. Mathew's counsel did not respond to Santander's objections.

During the deposition, Mathew's counsel chose to spend his time playing games, asking Ms. Perez to recite from memory bates labels and performance review scores for various HRBPs. *See* Pl.'s App.112–124. Ms. Perez, who was not asked to memorize and did not memorize the specific contents and bates labels of over 10,000 pages of documents, answered to the best of Santander's knowledge and repeatedly asked to see specific documents that she was being questioned about. *See* Pl.'s App.112–124. For example, in just the short section of the deposition included in Mathew's Appendix, Ms. Perez made the following statements:

- "[I]f I could get a copy of what is mentioned here of the performance reviews."
- "I don't have those numbers memorized. It'd be something that I'd have to refer to."

- "I was expecting for it to be provided and I could explain it."

- "I did expect for these to be presented to me because once you read the documents, it triggers the memories."

- "I would need to have that in front of me as well.  It's several documents to peruse to be able to confidently answer that for you."

- "Oh sir, there's thousands of documents.  I did not have these memorized, but if I can have them, I can reference them and explain them."

*See* Pl.'s App.112–124.

Instead of presenting the documents requested by the witness to obtain the answers he was supposedly seeking, Mathew's counsel responded with gamesmanship, accusing the witness of not being prepared and implying she had an obligation to memorize and recite Santander's vast production.  *See* Pl.'s App.112–124.  The questioning revealed that Mathew's counsel did not care about learning more about Santander's assessment of Mathew's comparators; he wanted to play "gotcha."

When questioned about performance reviews that Santander has not been able to locate, Ms. Perez answered that she (Santander) did not know the contents of such reviews.  *See* Pl.'s App.112–124.

### III.
### ARGUMENTS & AUTHORITIES

**A.    Legal Standard**

Rule 30(b)(6) provides that, "[i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person

designated will testify. . . . The persons designated must testify about information **known or reasonably available** to the organization." Fed. R. Civ. P. 30(b)(6) (emphasis added); *see Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.").

B.  **Mathew's Motion should be denied as Santander cannot, and has no duty to, provide information that is not "reasonably available" to Santander.**

The Motion contends, without any support, that "Defendant's 30(b)(6) witnesses should have been able to say whether Santander did performance reviews on the other HRBPs in 2013, 2014, and 2015, and if so, to state what their review scores were." *See* Pl.'s Mot. at 9. This statement attempts to impute a new standard on Santander, not that it must testify about information known or reasonably available, but that it must know everything, including the contents of 10-year old documents that may or may not have existed, and if they did exist, which Santander does not have.

Mathew knows this. After all, the Motion states that Ms. Perez, on behalf of Santander, reviewed the documents that were produced in this case. *See* Pl.'s Mot. at 9. Santander's discovery responses are clear that Santander has produced all performance reviews in its possession, custody, or control. *See* Pl.'s App.063. Those statements together mean that Ms. Perez reviewed (and was prepared to testify) on the topic of performance reviews as to all information available to Santander.

Instead, Mathew appears to demand another deposition, to state what has already been stated—that Santander does not know any information regarding the reviews from 2014 and 2015 that no longer exist, or never existed, as that information is not available to Santander. *See* Pl.'s App.112–124. Demonstrating that the Motion is a waste of the Court's and parties' time and

resources, Mathew admits the legitimacy of Santander's deposition by stating in her Motion: "[a] company can claim that it no longer has information." *See* Pl.'s Mot. at 11 (citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("the corporation may plead lack of memory").

Yet, Mathew then claims, albeit without any citation, that such an admission "has consequences" and the consequence is "[i]f a corporation claims to have no knowledge on a particular topic, the corporation must present a witness who will say so under oath." *See* Pl.'s Mot. at 9. In short, Mathew contends, without support, that Santander must do what it has already done—state it cannot testify regarding 10-year-old performance reviews that no longer exist, and, may never have existed. That Mathew claims this repetition is necessary so that she is not surprised at trial is nothing short of perplexing. Mathew cannot be surprised by something that does not exist and Santander cannot produce or testify regarding.

Mathew's motives are clear from the line of questioning. Instead of presenting the reviews that do exist to Ms. Perez so she could explain Santander's knowledge and opinions regarding the reviews, the deposition instead was focused on making Ms. Perez state she could not recite the contents and bates-labels from memory. This gamesmanship should not be rewarded and another deposition (which would cause the devotion of more time and the incurrence of more fees) would result in the same answers as Santander does not know what is not reasonably available to it and is not required to memorize the entirety of its production.

**C.  Sanctions are improper as not memorizing 10,000 pages of documents and not knowing information not reasonably available to Santander, is not tantamount to a non-appearance.**

Mathew next argues that Santander's witness testimony amounted to essentially a non-appearance warranting sanctions, on the basis that Ms. Perez and Ms. Boyd could not pass Mathew's 10-year-old memorization game. *See* Pl.'s Mot. at 11. However, cases that analyze when a corporate representative deposition equates to a non-appearance, are readily

distinguishable. For example, in *Omega Hosp., LLC v. Cmty. Ins. Co.,* the court determined that a corporate representative deposition amounted to a non-appearance, where, the corporate representative "frequently stated that she did not have personal knowledge of various facts, suggesting that other individuals were better suited to testify on those issues." 310 F.R.D. 319, 323 (E.D. La. 2015) (citing *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Serv., Inc.*, No. 08–3945, 2011 WL 2559821, at *3 (E.D. La. June 28, 2011).

That is certainly not the case here. For example, Ms. Perez testified, "I reviewed the performance reviews that were given in discovery, so I can give you the best assessment I can." *See* Pl.'s App.118. Again, instead of going over the reviews with Ms. Perez, Mathew's counsel used the deposition to attack Ms. Perez for not memorizing the contents of each of the dozens of reviews. "A corporate designee is 'not expected to be a corporate encyclopedia'" *Power Home Solar, LLC v. Sigora Solar, LLC*, 339 F.R.D. 64 (W.D. Va. 2021) (quoting *Runnels v. Norcold, Inc.*, No. 1:16cv713, 2017 WL 3026915, at *1 (E.D. Va. Mar. 30, 2017)). Yet, this Motion attempts to impute such a standard on Santander, punishing it for not being able to memorize and recite the contents and bates labels of over 10,000 pages of documents, and testify regarding information not available to Santander.

That is not the standard. Accordingly, Plaintiff's Motion should be denied.

## PRAYER

For all the foregoing reasons, Santander respectfully request that the Court deny Mathew's Motion to Compel Discovery in its entirety and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: */s/ Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

On October 18, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*/s/ Monte K. Hurst*
Monte K. Hurst