IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW,<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC.,<br>    Defendant | §<br>§<br>§ | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Because Defendant's Response does not show it complied with its 30(b)(6) obligations, the Motion to Compel should be granted.

**30(b)(6) Topic 5: Performance Review Scores**

The purpose of the 30(b)(6) deposition on topic 5 was to find out the performance review scores that were not disclosed in reviews produced by Defendant. Defendant did nothing to prepare a witness on this topic. As the witness testified, she only looked at the documents produced in discovery. Doc. 41, App. 118.

Perez did not testify that Santander did not have the review scores for the HRBP's whose reviews were not produced. If she had, there would have been no reason for Plaintiff's counsel to email opposing counsel on August 22, 2024, asking: "A little candor would be helpful here. Can Santander say what each HRBP's annual review score was for 2012, 2014, and 2015?" Doc. 41, App. 098. If opposing counsel had answered this question, there would have been no need for the follow-up email sent on August 30, 2024 stating: "Asking again (though I meant to say 2013, not 2012)." Doc. 41, App. 097. Defendant's attorney did not respond to either email.

Even now after filing its response to the motion to compel, Defendant has not clearly stated whether it can provide these missing review scores. Rather, Defendant emphasizes that it

1

has produced all performance reviews it can find, but this misses the point.  The question is whether other performance review scores are available somewhere, and if so, what were the scores.  It is possible that review scores are available from sources other than the performance reviews themselves.  Perez testified that the company used two or more computer programs to prepare the performance reviews (WorkDay, and a different system before that).  Doc. 41, App. 119.  Perez did not say whether review scores are still available in these programs.

**30(b)(6) Topic 7: Preservation of Evidence**

By omission, Defendant's Response concedes that Defendant failed to meet its 30(b)(6) obligations on this topic.  The Court is entitled to know whether Defendant failed to preserve relevant evidence so the Court can decide if sanctions are warranted for spoliation, or under Fed. R. Civ. P 37(e).

**Conclusion**

Defendant should be ordered to properly prepare one or more witnesses to clarify these points.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

      I certify that on October 25, 2024, I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                                      /s/ Donald E. Uloth
                                      Donald E. Uloth