IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|    Defendant | § | |

**RESPONSE TO DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S DECLARATION**

Plaintiff submits the following in response to Doc. 45, Defendant's Motion to Strike Plaintiff's Declaration and Brief in Support Thereof.

**Summary**

Plaintiff concedes that Defendant's first objection has merit. Defendant's other objections should be denied because the facts do not support application of the legal standards cited as support for Defendant's objections.

**Argument and Authorities**

**A.   The Sham Affidavit Doctrine**

As Defendant's cases state, the sham affidavit doctrine applies when an affidavit [or declaration] contradicts prior sworn testimony in a "markedly inconsistent" way. Doc. 45 (Def's Motion) at p. 2. To apply the sham affidavit doctrine and strike evidence, there must be "affidavit testimony that is 'inherently inconsistent' with prior testimony." *Seigler v. Wal-Mart Stores Tex.*, 30 F.4th 472, 477 (5th Cir. 2022), citing *Winzer v. Kaufman Cty.*, 916 F.3d 464, 472 (5th Cir. 2019). Where the statements do not conflict or can be reconciled, the doctrine does not apply. *Id.*

1

Defendant's motion asserts five objections based on the sham affidavit doctrine, but only the first has merit. Plaintiff will address the objections in the same order as presented in Defendant's Motion to Strike.

**B.     Response to Defendant's Sham Affidavit Objections**

1.     *I was the only HRBP that was pregnant during this period.*

Plaintiff concedes that this statement conflicts with her deposition testimony. None of the other statements that Defendant seeks to strike conflict with her deposition.

2.     *My relationship with Adriano and Elad changed right after I told Adriano that I was pregnant.*

This statement does not conflict with Plaintiff's deposition testimony. The Declaration states that Mathew's relationship with Adriano and Elad changed after Plaintiff disclosed her pregnancy; Plaintiff did not say the change posed any problems at first. This does not conflict with the deposition testimony, where Plaintiff testified that her problems with Elad began "after the PIP Yessica gave."

There is no conflict here, both things can be true. Where the statements do not conflict or can be reconciled, the doctrine does not apply. *Seigler*, 30 F.4th at 477. This objection should therefore be overruled.

3.     *Plaintiff did not say that any of the DAs needed to be done ASAP.*

On this objection, Defendant is mistaken about the speaker. Defendant's motion quotes an instant message (IM) about Brad needing some DAs ASAP, and Defendant asserts it was Mathew who wrote the message. Def's Motion, p. 3. However, this is not a message from Mathew to Adriano, it is the other way around:

> Yessica Adriano [11:48 AM]:
> Hi Reena, Brad just came into the office, he said they have like 10 pending DAs, im not sure on the validity, but are you working on them? He stated he needs them asap.

2

*See* the Appendix supporting the motion to strike, Doc. 46 at p. 44.

Because the statement in Plaintiff's Declaration does not contradict her own prior statement, the sham affidavit doctrine does not apply, and this objection should be overruled.

**4.** *Even Elad did not see a problem with the fact that I did it the next day.*

As with the prior objection, the objection to this part of the Declaration is not based on a conflict with Plaintiff's prior statement. Instead, Defendant points to an email exchange that Plaintiff was not even a part of; these are emails between Adriano and Elad. Doc. 46 at 57.

Because the statement Defendant seeks to strike does not conflict with Plaintiff's own prior statement, this objection should be denied.

**5.** *Hullum did not ask me to do the time study a second time, and she never told me the time study I submitted was vague.*

This objection is based on Defendant's interpretation of something Plaintiff said in an email to Stephen Shaffer, not a prior sworn statement. Furthermore, there is not an obvious and inherent contradiction between Plaintiff's email and the statement in her Declaration.

In the email, Mathew responded to the allegation that her manager, Hullum, asked her to do a time study twice because the first time study lacked specifics. Mathew's rebuttal stated: "Did not know what this was for; HRM gave me no direction, just asked me to list what I did on a daily basis *and then gave me specifics (every 15 minutes) the next time* and never followed up on the time study." Doc. 46, pp. 48-49 (emphasis added). Defendant argues the phrase "the next time" proves (a) that she was asked to redo a time study, and (b) because the time study lacked specifics. However, the statement could mean the HRM (Hullum) did not give the specific instructions about what she wanted until after Mathew did a time study, and later Hullum gave Mathew specifics on how to do a different time study for a subsequent week.

3

It would require an inference in Defendant's favor to conclude that the words "the next time" is an admission that Plaintiff's supervisor told her to do the same time study a second time because it lacked specifics. Because there is not an inherent conflict here, this objection should be denied.

**C.     Objections to Statements as Conclusory and Not Based on Personal Knowledge.**

Plaintiff has no issue with the legal standards stated in the cases cited by Defendant. However, the facts do not support the application of those rules as a reason for striking her statements.

As Defendant states in its motion, a conclusory assertion is one that is not supported by underlying facts. Def's Motion, p. 5. Each of the three statements Defendant seeks to strike as conclusory are supported with the facts and context needed to rise above the level of conclusory.

Regarding the alleged lack of personal knowledge (applicable to only the second and third statements discussed in this part of Defendant's motion), Plaintiff's Declaration shows her personal knowledge regarding the use of PIPs at Santander.

**D.     Response to Defendant's Conclusory/Personal Knowledge Objections**

   **1.     *Even Elad did not see a problem with the fact that I did it the next day.***

This objection refers to a statement Stephanie Elad made in an email. Elad and Adriano are discussing how much time passed between two events: (a) an executive's request for information, and (b) Mathew's email asking HRIS for the information needed. Elad's email states: "How long did she [Mathew] wait from the time Tony requested it until she asked HRIS for the info? Sounds like about 24 hours, but maybe I'm missing something." *See* Doc. 46, App 57.

The statement Defendant now seeks to strike is a reasonable inference about what Elad was thinking when she asked her question about how much time passed.  Mathew's Declaration interprets Elad's words as an indication that Elad did not have a problem with the fact that she did not ask HRIS for the information on the same day that Tony requested it.

Defendant's objection to this statement is: "Mathew does not lay foundation that she has personal knowledge that Ms. Elad did not see a problem with the timing."  Def's Motion, p. 5.  Mathew cannot have known what Elad was thinking, so there is now way Plaintiff could have personal knowledge of Elad's thoughts; personal knowledge is therefore not the issue here.  Rather, the statement Defendant now seeks to strike is a reasonable inference that can be drawn from Elad's email.  When deciding a motion for summary judgment, all reasonable inferences must be drawn in favor of the nonmovant, so even if the statement in the Declaration were stuck from the record, the inference can still be drawn from the evidence, that Elad did not see a problem.

> 2.  **The first PIP was unprecedented.**
> 3.  **The second PIP was unwarranted and contrary to company policy.**

These statements are not conclusory because Plaintiff explains the facts supporting her statements.  Plaintiff's Declaration shows she has personal knowledge of the company's policies and use of PIPs, so the personal knowledge objection should be overruled.

In her Declaration, Plaintiff states that she has personal knowledge of the facts stated therein.  Doc. 36 at p. 4, ¶ 1.  Plaintiff states that she worked for Santander in Human Resources for more than five years, from February 1, 2011 until April 19, 2016.  *Id.*, ¶ 2.  Plaintiff describes the company's consistent use of its Progressive Disciplinary Policy, and how the company's HR employees "consistently preached to the business managers the need to follow this policy."  *Id.*

5

at p. 4, ¶ 11.  Plaintiff states that she never received documented coachings or warnings.  Id., ¶ 12.

Regarding the need for documentation before putting an employee on a PIP, Plaintiff checked with a manager, Chris Mays, who confirmed what Plaintiff already knew from her years of HR experience: that "just like any other disciplinary action, you need documentation to validate the PIP."  Id. at p. 7, ¶ 23.  Mays also stated he had "never worked on a PIP without prior documentation."  *Id.*

With these facts as background, Plaintiff states it was unprecedented and against company policy for her to be placed on PIPs without any prior documented performance issues.  *Id.* at ¶¶ 25 and 31.  A court may reasonably infer personal knowledge from a person's employment position and "'sphere of responsibility.'"  DIRECTV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005), citing *Hodges v. Exxon Corp.*, 563 F. Supp. 667, 669-70 (M.D. La. 1983), and *Ondis v. Barrows*, 538 F.2d 904, 907 n.3 (1st Cir. 1976).

Because these sworn allegations are not conclusory, and because they are based on a foundation of personal knowledge, Defendants objections to these statements should be overruled.

        Respectfully submitted,

        /s/ Donald E. Uloth
        Donald E. Uloth
        Texas Bar No. 20374200
        Law Office of Donald E. Uloth
        18208 Preston Road, Suite D-9 # 261
        Dallas, Texas 75252
        Phone: (214) 989-4396
        Fax: (972) 777-6951
        Email: don.uloth@uloth.pro
        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I certify that on November 1, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                                             /s/ Donald E. Uloth
                                             Donald E. Uloth