IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW,<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC.,<br>    Defendant | §<br>§<br>§ | |

**RESPONSE TO DEFENDANT'S MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL EVIDENCE
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Reena S. Mathew opposes the motion in part because some of the documents in question do not support the proposition for which they are cited as evidence. These documents, therefore, do not meet the legal standards justifying the addition of the documents to the summary judgment record.

**1.    Mathew's 2012 Annual Objectives (Supp. App. 286-289)**

This document gives Mathew an overall performance assessment stating: "In line with the performance of the group and/or Unit." Supp. App. 288. It shows that Mathew was meeting expectations with respect to four out of five objectives, and meeting or exceeding expectations with respect to 13 skills. Supp. App. 286-287.

Plaintiff has no objection to this document because it supports her contention that her reviews were always positive.

**2.    Mathew Deposition, page 109 (Supp. App. 282)**

In her Declaration, Mathew stated that her relationship with Elad changed soon after October 30, 2015 when Mathew disclosed that she was pregnant. In her deposition, Mathew

1

testified that she started having problems with Elad after the first PIP (which she received on December 1, 2016). Suppl. App. 282.

These statements do not conflict. They show that Mathew noticed a change at one point, but it did not become a problem until later. Because the deposition testimony now being offered does not rebut the Declaration or bolster arguments made in Defendant's initial brief, it adds nothing of benefit that the Court should consider.

**3.      July 30, 2015 email from Mathew to Hullum re "Spreadsheet" (Supp. App. 290)**

In her Declaration, Mathew stated that Hullum did not ask her to do a time study a second time, nor did Hullum state that what Mathew submitted was vague. The email now being offered does not rebut Plaintiff's statement. Because the email does not rebut Plaintiff's statement or bolster Defendant's initial brief, leave to add this document should be denied.

**4.      The Shara Lane termination request (Supp. App. 293-296)**

Santander offers two emails from Mathew to Adriano asking for approval to terminate an employee, and based on this alone, it asks the Court to infer that Mathew was asked to revise and resend the first termination request. Doc. 48, p. 6. However, the fact that there are two emails on consecutive days does not prove Adriano asked Mathew to revise and resend the termination request, there could be other possible explanations. This additional evidence neither rebuts nor bolsters, so leave to add these pages should be denied.

**5.      August 24, 2015 email re "HR Org Change Announcement" (Suppl. App. 291-292)**

This email does not support the proposition for which it is cited; it does not show that Andres's supervisor (Hullum) reported to Elad. However, because Plaintiff included this same email in the Appendix filed in support of her response, (Doc. 36 at 081-082) it makes no difference whether the court grants leave to add another copy of this document.

**6.      January 11, 2016 emails re "Headcount" (Supp. App. 297-299)**

Plaintiff's evidence shows she had a much heavier workload than most other HRBPs. *See, e.g.*, Doc. 36 at p. 4 ¶ 13 ("In 2015 and 2016, I had a much heavier workload than most other HRBPs."). Plaintiff's Declaration states that her headcount, the number of employees she was responsible for, was the biggest factor affecting her workload. *Id.* Plaintiff submitted weekly spreadsheets that show total headcount for her and seven other HR employees. They show that from September 16, 2015 through April 11, 2016, Plaintiff consistently had the highest or second-highest headcount of any other HRBP – it was always Whitney Andres or Plaintiff who was highest. Plaintiff's headcount varied from a low of 646 to a high of 904, and Andres's headcount shows a low 666 and a high of 706. The next-highest HRBPs had under 415 employees. Doc. 36 at pp 310-385.

Santander does not dispute these facts.

In Santander's position statement to the EEOC, the company claimed Mathew "had one of the lightest, if not *the* lightest, workload of any of Santander's HR Business Partners." Doc. 36 at 293. This statement to the EEOC was incorrect, and the document now being offered by Defendant does not show otherwise.

Pages 297-299 of the proposed supplemental evidence is an email chain discussing the January 11, 2016 headcount spreadsheet. This is the same document that Plaintiff submitted in her Appendix (Doc. 36 at 141-142), but Defendant's version has three additional emails added at the end. Santander argues these last three emails show two things: (1) that the headcount numbers shown in the spreadsheet are inaccurate, and (2) that headcount is not the only factor affecting each HRBPs workload.

Regarding the first point, nothing in the last three emails shows the headcount numbers to be inaccurate. To the contrary, Hullum sent an email claiming the numbers were wrong, but six minutes later she states "I stand corrected" and adds that Mathew's headcount is in fact 904, not the 680 she previously stated.

Defendant's second point is based on a statement in the last email, that "Kristen does other special projects." Suppl. App. 297. This is consistent with Plaintiff's statement where she says headcount is the biggest factor; the statement acknowledges that there are other factors as well. This alone, however, does not prove Mathew had one of the lightest workloads, because Mathew also did special projects such as the investigation checklist and the perfect attendance proposal. See Doc. 38 at 15 (¶ 45) and 25 (¶ 76).

Making all reasonable inferences in favor of the non-movant, the evidence as a whole leaves an unanswered question of material fact: whether Santander made an erroneous statement to the EEOC about Mathew's workload. Because the document now being offered does not rebut Plaintiff's position or bolster Defendant's arguments, the motion for leave should be denied with respect to this document.

**7.     April 8, 2016 email re "Investigation Summary--Brittany Brodie (Suppl. App. 305-305)**

This email is already part of the summary judgment record. *See* Doc. 36 at 257-258. It makes no difference whether the Court grants or denies Defendant's motion for leave on this point.

**8.     Instant Message Exchange (Supp. App. 300-303)**

Plaintiff does not oppose leave for Defendant to add this document to the summary judgment record.

4

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on November 1, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth