IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S DECLARATION AND BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE U.S. DISTRICT JUDGE DAVID C. GODBEY:**

Pursuant to Local Rule 7.1, Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Reply in Support of Its Motion to Strike Plaintiff's Declaration and Brief in Support Thereof.

## I.
## INTRODUCTION

Santander objected to and moved to strike portions of the Declaration of Reena S. Mathew ("Declaration")[1] because they are not admissible and should thus not be considered by the Court. *See* Motion to Strike Plaintiff's Declaration and Brief in Support Thereof, ECF No. 45 ("Motion").

Plaintiff Reena S. Mathew ("Mathew") concedes that her statement "I was the only HRBP that was pregnant during this period," conflicts with her deposition testimony. *See* Response to Defendant's Motion to Strike Plaintiff's Declaration ("Response"), § B(1), ECF No. 54; *see also*

---

[1] Mathew's Declaration comprises pages 2–36 in Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36.

Declaration of Reena S. Mathew ("Mathew Decl."), ¶ 105, ECF No. 36.[2]  Accordingly, the Court should strike and disregard that statement.

Although Mathew denies that the other statements in the Motion are so blatantly inconsistent with her deposition testimony that they warrant the Court's application of the sham affidavit doctrine, she fails to demonstrate that her statements do not conflict or can be reconciled.[3]

Additionally, Mathew fails to show that statements Santander moved to strike as conclusory were based on Mathew's personal knowledge.  Santander requests that the Court sustain its objections to the subject statements in Mathew's Declaration, strike the objectionable statements, enter an order striking the objectionable statements, and disregard the statements and any references to the statements.

## II.
## ARGUMENT & AUTHORITIES

### A.     The "Sham-Affidavit" Doctrine

Mathew concedes that the Court can apply the sham-affidavit doctrine and strike evidence when there is "affidavit testimony that is 'inherently inconsistent' with prior testimony."  Response at § A, ECF No. 54 (quoting *Seigler v. Wal-Mart Stores Tex.*, 30 F.4th 472, 277 (5th Cir. 2022) (citations omitted)).  Mathew argues that the below statements in her Declaration which Santander has moved to strike fall outside the sham affidavit doctrine because they do not conflict or can be reconciled:

---

[2] Mathew's Declaration does not include appendix page numbers.
[3] Santander withdraws its request that the Court strike Mathew's statement "My relationship with [Perez] and Elad changed right after I told [Perez] that I was pregnant.  Before, we would usually say hello in the morning and exchange greetings, but that stopped.  Their attitudes changed from being friendly to being cold and distant."  Mathew Decl., ¶ 16, ECF No. 36.  Santander accepts Mathew's concession that she "did not say the change posed any problems at first."  Response at § B(2), ECF No. 54.

> 1. *Mathew's statement that Ms. Perez did not say that any of the DAs needed to be done ASAP*

| **Mathew's Declaration Statement** | **Mathew's Contradictory Testimony** |
|---|---|
| "Later that day, in an instant message conversation with [Perez], I updated [Perez] on the status of the DAs.  App. 88.  She did not say that any of the DAs needed to be done ASAP."  Mathew Decl., ¶ 46, ECF No. 36. | This statement is contradicted by the following IM to Mathew from Ms. Perez: "Hi Reena, Brad just came into the office, he said they have like 10 pending DAs . . . He stated he needs them ASAP."  IM from Ms. Perez to Mathew (Oct. 29, 2015), MTS APP044. |

Mathew argues that Santander misstates the IM as having been written by Mathew. Response at § B(3), ECF No. 54.  Although the IM thread includes messages from Mathew to Perez, Santander moves to strike Mathew's Declaration statement that "[Perez] did not say that any of the DAs needed to be done ASAP," Mathew Decl., ¶ 46, ECF No. 36, as inconsistent with the IM which Mathew incorporates into her testimony by citation *from Ms. Perez to Mathew* in which Ms. Perez tells Mathew that the DAs were needed ASAP.  IM between Mathew and Ms. Perez (Oct. 29, 2015), MTS APP044.  *See Matter of Highland Cap. Mgmt., L.P.*, 116 F.4th 422, 431 (5th Cir. 2024) (excluding portions of a declaration that were inconsistent with documents incorporated into the declaration by reference).  The statement in Mathew's Declaration is inherently inconsistent with the IM on which Mathew bases her testimony and should be struck pursuant to the sham-affidavit doctrine.

      2.    *Mathew's statement that even Ms. Elad did not see a problem with the fact that Mathew did it the next day*

| Mathew's Declaration Statement | Mathew's Contradictory Testimony |
|---|---|
| "[E]ven Elad did not see a problem with the fact that I did it the next day. App. 249." Mathew Decl., ¶ 93, ECF No. 36. | This statement is contradicted by the e-mail exchange to which Mathew cites. In this e-mail exchange, Ms. Perez and Ms. Elad discuss how long it took Mathew to request specific information from the HRIS team after she was tasked with getting the information. Ms. Elad does not come to a conclusion that Mathew's having taken two business days to request the information was not a "problem," as Mathew claims. *See* MTS APP057. |

Mathew argues that because she was not a part of the email exchange between Ms. Perez and Ms. Elad, the statement does not conflict with Mathew's own statement. *See* Response at § B(4), ECF No. 54. Mathew ignores the fact that the statement she makes in her Declaration is based on and incorporates by reference "App. 249," the very e-mail message that contradicts Mathew's testimony. Mathew Decl., ¶ 93, ECF No. 36; MTS APP057. *See Matter of Highland Cap. Mgmt., L.P.*, 116 F.4th at 431. The statement in Mathew's Declaration is inherently inconsistent with the e-mail message on which Mathew bases her testimony and should be stricken pursuant to the sham-affidavit doctrine.

3.  *Mathew's statement that she was not asked to do the study a second time*

| Mathew's Declaration Statement | Mathew's Contradictory Testimony |
|---|---|
| "Hullum did not ask me to do the time study a second time, and she never told me the time study I submitted was vague." Mathew Decl., ¶ 43(a), ECF No. 36. | This statement is contradicted by the e-mail exchange to which Mathew cites in Paragraph 34 of her Declaration. In this e-mail message, Mathew sends to Stephen Shaffer her comments (in red) responding to Santander's timeline of events that led to her PIP. *See* E-mail exchange between Mathew and Mr. Shaffer (Jan. 18, 2016), MTS APP045–52. Under the entry labeled "July-August 2015," Mathew demonstrates that she had been asked to do the time study twice by commenting that she had been given no direction the first time that she was asked to do the time study but was given specific direction "the next time." *See id.* |

Mathew mischaracterizes Santander's argument as "the phrase 'the next time' proves . . . that [Mathew] was asked to **redo** a time study." Response at § B(5), ECF No. 54 (emphasis added). This play on words fails. Mathew's Declaration statement that "Hullum did not ask me to do the time study a second time," is contradicted by the e-mail exchange to which Mathew cites in Paragraph 34 of her Declaration, which demonstrates that Mathew had in fact been asked to do the time study a second time. *See* Mathew Decl., ¶ 43(a), ECF No. 36; *see also* E-mail exchange between Mathew and Mr. Shaffer (Jan. 18, 2016), MTS APP045–52. Mathew's argument that the e-mail exchange is not a prior statement should be rejected because Mathew incorporated the e-mail exchange in her Declaration testimony. *See* Mathew Decl., ¶ 34, ECF No. 36; *see also Matter of Highland Cap. Mgmt., L.P.*, 116 F.4th at 431.

Mathew concedes that her statement "I was the only HRBP that was pregnant during this period," conflicts with her deposition testimony. *See* Mathew Decl., ¶ 105, ECF No. 36; *see also* Response, § B(1), ECF No. 54. Accordingly, the Court should strike and disregard that statement.

Mathew's statements set forth above in sections 2-4 directly contradict her prior deposition testimony and/or the record she incorporates in her statements. Accordingly, Santander requests that the Court strike and disregard these statements.

### B.     Conclusory Statements

Mathew argues that each of the three statements Santander moved to strike as conclusory "are supported with the facts and context needed to rise above the level of conclusory." *See* Response at § C, ECF No. 54. That simply is not true.

*1.     Mathew's statement that even Ms. Elad did not see a problem with the fact that I did it the next day*

Mathew argues that her statement that "even Elad did not see a problem with the fact that I did it the next day. App. 249," is a "reasonable inference about what Elad was thinking," but Mathew admits "there is no way Plaintiff could have personal knowledge of Elad's thoughts." *See* Mathew Decl., ¶ 93, ECF No. 36; *see also* Response at § D(1), ECF No. 54. That is precisely the reason why Mathew's statement should be stricken and disregarded.

Rule 56(C)(4) requires that declarations used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(C)(4). Personal knowledge "can include inferences and opinions *so long as they are grounded in personal observation and experience*." *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999) (citing *United States v. Neal*, 36 F.3d 1190, 1206 (1st Cir. 1994) (citation and quotation omitted), *cert. denied*, 519 U.S. 1012 (1996). It is not enough for Mathew to infer what Ms. Elad was thinking. Mathew must assert that she has personal knowledge of what Ms. Elad was thinking based on Mathew's personal observation and experience—but Mathew's Declaration is void of any testimony laying such foundation. *See Knox v. Brundidge Shirt Corp.*, 942 F. Supp. 522, 533

(M.D. Ala. 1996), *aff'd*, 116 F.3d 1493 (11th Cir. 1997) (sustaining objection to portion of affidavit that failed to assert that the affiant has personal knowledge of what her doctor might have been thinking). Accordingly, Mathew's statement should be stricken and disregarded.

> 2. *Mathew's statements that the first PIP was unprecedented and the second PIP was unwarranted and contrary to company policy*

Citing *DIRECTV v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005), Mathew argues that a court may reasonably infer personal knowledge from a person's employment position "sphere of responsibility." *See* Response at § D(3), ECF No. 54. Yet, Mathew's Declaration demonstrates that she did not have personal knowledge from her "sphere of responsibility"—Mathew testifies that she had to ask Christopher Mays about Santander's PIP policy. *See* Mathew Decl., ¶ 23, ECF No. 36. And while Mathew argues in her Response that Mr. Mays "confirmed what Plaintiff already knew from her years of HR experience," Mathew's Declaration is void of any testimony that Mr. Mays confirmed what Mathew already knew. *See* Response at § D(3), ECF No. 54. Accordingly, Mathew's statement is not based on personal knowledge and should be stricken and disregarded.

Mathew's statements set forth above are speculative, conclusory, and unsupported by specific facts, demonstrating her lack of required personal knowledge. Accordingly, Santander requests that the Court strike and disregard those statements.

## PRAYER

For all these reasons, Defendant Santander Consumer USA, Inc. respectfully requests that the Court sustain its objections to Mathew's Declaration, enter an order striking the objectionable statements, and disregard the statements and any references to the statements.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:  */Monte K. Hurst/*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

### CERTIFICATE OF SERVICE

On November 15, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served Plaintiff's counsel as follows electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*/Monte K. Hurst/*
Monte K. Hurst