IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | § § § | |
| Defendant. | § | |

# DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

TO THE UNITED STATES DISTRICT CHIEF JUDGE DAVID C. GODBEY:

Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Reply in support of Its Motion for Leave to Submit Supplemental Evidence in Support of Its Motion for Summary Judgment.

## I.
## ARGUMENT & AUTHORITIES

Plaintiff Reena Mathew ("Mathew") is amenable to the Court adding to the summary judgment record most of the pieces of evidence for which Santander sought leave.[1] Mathew now only objects to the following items:[2]

---

[1] Mathew does not oppose Santander's request for leave to submit (1) Declaration of Sabrina Boyd (Oct. 11, 2024), APP 279–APP280, ECF 47-1; (2) certain excerpts from Mathew's Deposition, APP281 and APP283–APP285, ECF 47-1; (3) R. Mathew's 2012 Annual Objectives, APP286–APP289, ECF 47-1; (4) HR Org. Change Announcement from S. Elad (Aug. 24, 2015), APP291–APP292, ECF 47-1; (5) E-mail message from R. Mathew to Y. Perez (Apr. 8, 2016), APP304–APP305, ECF 47-1; or (6) Instant Message Exchange Between R. Mathew and S. Boyd (Mar. 8, 2016), APP300–APP303, ECF 47-1.  *See* Response to Defendant's Motion for Leave to Submit Supplemental Evidence in Support of its Motion for Summary Judgment ("Response"), ECF 55.

[2] Santander withdraws its request for leave to supplement the summary judgment evidence with an excerpt from the Deposition of Reena Mathew (Aug. 8, 2024), APP282, ECF 47-1.

| Document | Page(s) |
|---|---|
| E-mail message from R. Mathew to A. Hullum (July 30, 2015) | APP290, ECF 47-1 |
| E-mail message from R. Mathew to Y. Perez[3] (Nov. 23, 2015) | APP293–APP294, ECF 47-1 |
| E-mail message from R. Mathew to Y. Perez (Nov. 24, 2015) | APP295–APP296, ECF 47-1 |
| E-mail message exchange between S. Elad, S. Shaffer, A. Hullum, and Y. Perez (Jan. 11, 2016) | APP297–APP299, ECF 47-1 |

**A.   E-mail message from R. Mathew to A. Hullum (July 30, 2015), APP290, ECF 47-1**

Mathew incorrectly assumes that Santander is solely arguing that the last sentence in Paragraph 43(a) of her Declaration contradicts Mathew's prior statement in her e-mail message to Angelina Hullum on July 30, 2015. *See* Response at § 4; *see also* Declaration of Reena S. Mathew ("Mathew Decl."), ¶ 43(a), ECF No. 36. In actuality, Santander is arguing that another sentence in paragraph 43(a) also contradicts Mathew's prior statement in her e-mail message to Angelina Hullum on July 30, 2015.

Specifically, Mathew testified in her Declaration that "Hullum said she thought it might help if I kept track of my daily activities in 15-minute increments, *which I did*." *See* Mathew Decl., ¶ 43(a), ECF No. 36 (emphasis added). In her e-mail to Ms. Hullum, Mathew stated "Sorry = *didn't have the 15 min increments on this one*." E-mail message from R. Mathew to A. Hullum (July 30, 2015), APP293–APP294, ECF 47-1 (emphasis added). Mathew also testified in her Declaration that "Hullum did not ask me to do the study a second time." *See* Mathew Decl., ¶ 43(a), ECF No. 36. In her e-mail to Ms. Hullum, Mathew asks Ms. Hullum to send her the time study spreadsheet and states "I will be sure to do it the week I come back. Sorry = didn't have the 15 min increments on this one…..," demonstrating that Ms. Hullum had asked Mathew to do the

---

[3] Yessica Perez previously went by the name Yessica Adriano. Throughout this Reply, Santander refers to Ms. Perez by her current last name, Perez, and, to prevent confusion, replaces Mathew's references to "Adriano" with "Perez."

study a second time. *See* E-mail message from R. Mathew to A. Hullum (July 30, 2015), APP293–APP294, ECF 47-1.

Because the e-mail message rebuts Mathew's testimony that (1) Mathew did track her daily activity in 15-minute increments, and (2) Hullum did not ask Mathew to do the time study a second time, leave should be granted permitting Santander to supplement the summary judgment record with the e-mail message from R. Mathew to A. Hullum (July 30, 2015), APP293–APP294, ECF 47-1. *See Banda v. Owens Corning Corp.*, No. 3:17-CV- 1787-B, 2018 WL 6726542, at *4 (N.D. Tex. Dec. 21, 2018) (Boyle, J.); *Lynch v. Union Pac. R.R. Co.*, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (Lindsay, S.); *Lawson v. Parker Hannifin Corp.*, 2014 WL 1158880, at *5–6 (N.D. Tex. Mar. 20, 2014) (O'Connor, R.); *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (Solis, J.).

**B.   E-mail messages from R. Mathew to Y. Perez (Nov. 23, 2015, Nov. 24, 2015), APP293-296, ECF 47-1**

Mathew raises an argument in her MSJ Response and then asks the Court to disallow Santander from presenting the evidence that disproves the argument.

In its Motion for Summary Judgment ("MSJ"), Santander highlighted numerous deficiencies in Mathew's work performance. Due to space constraints, Santander did not address each and every one of them. In her MSJ Response, Mathew hand-picked one of these deficiencies which Santander had not addressed in its MSJ and argued:

> Defendant claims that on November 23, 2015, Mathew submitted a termination that was vague. App. 151. *The best evidence of this would be the termination request itself*, but Defendant has not included the termination request in the summary judgment evidence. Defendant does not explain how the termination request was vague. Conclusory statements such as this are not proper summary judgment evidence.

> Defendant's contention is also disputed. Mathew recalls this was a termination for falsification of time, and her termination request clearly stated that this was the basis for termination. It was not vague.

*See* MSJ Response at § III(C)(2)(q), ECF 35 (emphasis added).

After Mathew had challenged the accuracy of this particular performance deficiency (that Santander did not even highlight in its MSJ), Santander sought leave to supplement the summary judgment record to include the very evidence that Mathew stated would be the "best evidence" of this performance deficiency. Yet, Mathew asks the Court to deny leave to include this important evidence. *See* MSJ Response at § III(C)(2)(q). Judicial efficiency dictates otherwise, as this is an occasion "when additional supporting materials should be presented to the court" in support of a motion for summary judgment. *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (quoting *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, J.).

Mathew also argues "the fact that there are two emails on consecutive days does not prove [Ms. Perez] asked Mathew to revise and resend the termination request, there could be other explanations." *See* Response at § 4, ECF 55. Mathew does not, however, offer another explanation. Logic dictates that Mathew submitted the revised termination request on November 24, 2015, either because Ms. Perez asked Mathew to resubmit the request or because Mathew herself recognized that the termination request Mathew submitted on November 23, 2015, was insufficient and of her own accord, revised and resubmitted the termination request on November 24, 2015. Either way, the fact that Mathew submitted a revised termination request on November 24, 2015, supports Santander's position that the termination request Mathew submitted on November 23, 2015, was insufficient.

Leave should be granted to permit Santander to supplement the summary judgment record with the e-mail messages from R. Mathew to Y. Perez (Nov. 23, 2015, Nov. 24, 2015), APP293-296, ECF 47-1, because the e-mail messages are, as Mathew states, the "best evidence" of Santander's claim that the termination request that Mathew submitted on November 23, 2015, was vague, and they do not raise new issues, legal arguments, or theories. *See Banda*, No. 3:17-CV-1787-B, 2018 WL 6726542, at *4; *Lynch*, 2015 WL 6807716, at *1; *Lawson*, 2014 WL 1158880, at *5–6; *Murray*, 2005 WL 1313412, at *4.

**C.  E-mail messages exchange between S. Elad, S. Shaffer, A. Hullum, and Y. Perez (Jan. 11, 2016), APP297–APP299, ECF 47-1**

Mathew testified in her Declaration that "[i]n 2015 and 2016, I had a much heavier workload than most other HRBPs. The factor that most affected my workload was employee headcount, the number of employees for whom I had primary HR responsibilities." *See* Mathew Decl., ¶ 13, ECF No. 36. Mathew's MSJ Response Appendix included e-mail messages discussing the January 11, 2016, headcount spreadsheet. *See* APP141-142, ECF 36. Mathew failed to include the remainder of that e-mail message chain, which Santander seeks leave to add to the summary judgment record. *See* E-mail messages exchange between S. Elad, S. Shaffer, A. Hullum, and Y. Perez (Jan. 11, 2016), APP297–APP299, ECF 47-1.

Mathew argues leave should not be granted because the e-mail messages exchange between S. Elad, S. Shaffer, A. Hullum, and Y. Perez (Jan. 11, 2016), APP297–APP299, ECF 47-1, do not rebut Mathew's position or bolster Santander's arguments.

Leave to include the remainder of the e-mail messages should be granted under the Rule of Completeness. *See* Fed. R. Evid. 106 ("If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time."). In *Reed v. Marshall*, No. CV H-21-3942, 2024

WL 1468702, at *5 (S.D. Tex. Apr. 4, 2024), the court considered whether to grant leave to supplement the summary judgment record with a complete e-mail exchange and held "because Defendants have not argued that allowing the record to be supplemented with the complete email exchange will prejudice them, and because Rule 106 allows a party to introduce statements that in fairness should be considered together with statements introduced by an opponent, Plaintiff's Motion for Leave to Supplement will be granted." *Id*. at *5. Because Mathew does not argue that granting Santander leave to supplement the summary judgment record with these e-mail messages would cause prejudice to Mathew, leave should be granted under the Rule of Completeness.

## PRAYER

For the reasons set forth above, Santander respectfully requests the Court grant it leave to submit Defendant's Supplemental Appendix in Support of Its Motion for Summary Judgment, and grant Santander all other relief to which it may be justly entitled.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: */s/ Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

  On November 15, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served Plaintiff's counsel as follows electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

 Mr. Donald E. Uloth
 DONALD E. ULOTH, P.C.
 18208 Preston Road, Suite D-9 #261
 Dallas, Texas 75248
 Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst