IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA, INC., | § | |
| | § | |
|   Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Reena Mathew's motion to compel [40] and motion to consider the untimely filed motion to compel [42].  As an initial matter, the Court grants Mathew's motion to consider the untimely filed motion to compel.[1]  Next, because Defendant Santander Consumer USA, Inc.'s ("Santander") corporate representatives did not adequately address the topics of the missing performance review scores and preservation of evidence, the Court grants Mathew's motion to compel.  Further, the Court grants Mathew's request for an award of reasonable expenses under Rule 37(a)(5)(A).

**I. ORIGINS OF THE DISCOVERY DISPUTE**

This is an employment discrimination case.  Mathew alleges that her former employer, Santander, discriminated against her because of her sex and pregnancy, and then retaliated against her after she opposed the discrimination, in violation of Title VII of the

---

[1] Good cause exists to consider Mathew's untimely motion to compel because the deposition at issue took place after the deadline to file motions had passed.

MEMORANDUM OPINION AND ORDER – PAGE 1

Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. Pl.'s Compl. 1 [1]. She served a request for production on Santander for her and her comparators' performance reviews for the three-year period preceding her termination. Pl.'s App. 10 [41]. Santander produced some, but not all, of the reviews. Pl.'s Mot. Compel 3–4 [40]. Mathew next filed a motion to compel production of the missing performance reviews, which the Court granted. Order [20]. Santander did not produce additional performance reviews but amended its response to the request for production to state that it had "produced all responsive documents in its possession, custody, or control." Pl.'s App. 63.

Then, Mathew coordinated a Rule 30(b)(6) deposition for a corporate representative to testify on the scores of the missing performance reviews and Santander's efforts to preserve relevant evidence, including the missing performance reviews. Pl.'s Mot. Compel 5; Pl.'s App. 110. At the deposition, the corporate representative designated to testify on the missing performance review scores testified that Santander used human resources information systems for maintaining employee information. Pl.'s App. 119. But she stated that she reviewed only "the performance reviews that were given in discovery" and not the missing reviews. *Id.* at 118. She was unable to answer questions on the contents of the missing performance reviews. *See id.* at 120–24. Similarly, the representative designated to testify on Santander's efforts to preserve evidence did not know whether Santander collected or preserved documents related to Mathew's employment, including the performance reviews. *See id.* at 135–36.

After the depositions, Mathew's counsel emailed Santander's counsel twice to ask if Santander knows the missing performance review scores, but Santander's counsel did

MEMORANDUM OPINION AND ORDER – PAGE 2

not reply. Pl.'s App. 97–98. Mathew now moves to compel a supplemental witness to testify in more detail on the contents of the missing performance reviews and Santander's preservation of evidence. Pl.'s Mot. Compel 12–13.

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

MEMORANDUM OPINION AND ORDER – PAGE 3

### III. THE COURT GRANTS MATHEW'S MOTION TO COMPEL

Mathew argues that Santander's corporate representatives did not adequately testify on the topics of Mathew's and her comparators' performance review scores and Santander's efforts to preserve evidence, including the missing performance reviews. Pl.'s Mot. Compel 1. She moves to compel a supplemental witness to testify on whether Santander ever made the missing performance reviews, and if so, what the employees' scores were, and if Santander does not have the information from the missing performance reviews, to "state on the record that the company does not have this information." *Id.* at 12. Further, she moves to compel the supplemental witness to testify on "what (if anything) was done to collect and preserve" any missing performance reviews that once existed; whether "the reviews or any part thereof (such as the review scores) [were] once in the form of ESI" (electronically stored information); and why the missing reviews and ESI are no longer available. *Id.* at 12–13.

The Court determines that the information regarding the contents of Mathew's and her comparators' performance reviews from the three-year period Mathew requests is relevant to Mathew's claims. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (Relevancy "has been construed broadly to encompass any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in this case."). Santander's corporate representatives did not affirmatively state whether the missing performance reviews ever existed, and if they did exist, why Santander no longer has access to them. If Santander did possess the missing performance reviews at some point, it is relevant why Santander no longer possesses them. Accordingly, the Court grants

MEMORANDUM OPINION AND ORDER – PAGE 4

Mathew's motion to compel Santander to produce a supplemental witness to address the missing performance review scores and preservation of evidence.

### IV. THE COURT GRANTS MATHEW'S REQUEST FOR ATTORNEY'S FEES

Mathew also requests Santander pay her reasonable expenses incurred in making the motion to compel. Pl.'s Mot. Compel 13. Under Rule 37(a), if a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). A "finding of bad faith is not a prerequisite for the award of reasonable expenses" under this Rule. *Arch. Granite & Marble, LLC v. Pental*, 2023 WL 121996, at *3 (N.D. Tex. 2023). However, a court should not award expenses if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii)–(iii). Santander argues that the corporate representative's preparation for the deposition by reviewing the already-produced performance reviews excuses her inability to answer questions about the missing performance reviews. Def.'s Resp. 7–8 [49]. Santander misses the point; Mathew sought information at the deposition about the missing reviews, not the already-produced reviews. Further, Santander does not address its failure to present a witness who could adequately testify regarding its preservation of evidence. Accordingly, the Court finds that Santander's nondisclosure was not substantially justified and orders Santander to pay Mathew's reasonable expenses incurred in making the motion to compel, including attorney's fees.

MEMORANDUM OPINION AND ORDER – PAGE 5

## CONCLUSION

Because Santander has not adequately disclosed information regarding the missing performance reviews and preservation of evidence, the Court grants Mathew's motion to compel Santander to produce a supplemental witness to address these issues. Further, the Court grants Mathew's request for Santander to pay her reasonable expenses incurred in making the motion to compel. The Court directs Mathew to file a request for an award of reasonable expenses within fourteen (14) days of this Order and Santander to file any objections within seven (7) days of Mathew's filing of her request.

Signed December 5, 2024.

David C. Godbey
Chief United States District Judge