**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:23-cv-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**<u>DEFENDANT'S PROPOSED JURY CHARGE</u>**

**TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:**

Pursuant to this Court's Order Resetting Trial [Doc. No. 31], Defendant Santander Consumer USA Inc. ("Defendant" or "Santander") submits the following proposed jury instructions and questions. Defendant requests and reserves the right to amend this Proposed Jury Charge or request additional questions, instructions, and definitions prior to the time the charge is presented to the jury.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922-4142


By:    *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Kirsten A. Brumbalow
       State Bar No. 24076499
       KBrumbalow@hallettperrin.com

       Clayton S. Carter
       State Bar No. 24120750
       CCarter@hallettperrin.com

       *Counsel for Defendant*
       *Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE


On December 6, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro


*Monte K. Hurst*
Monte K. Hurst

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1: INSTRUCTIONS FOR BEGINNING OF TRIAL**[1]

MEMBERS OF THE JURY PANEL:

If you have a cell phone, PDA, smart phone, iPhone, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends, and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, TikTok, or X (formerly known as Twitter), or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on the evidence they know about and that has been presented here in court. If you do any research, investigation, or experiment that we do not know about, or gain any information through improper

---

[1] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 1.1 (2020).

communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country, and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
David C. Godbey
United States District Judge

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2: PRELIMINARY INSTRUCTIONS TO JURY**[2]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone, and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, TikTok, or X (formerly known as Twitter), or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to or watch any radio or television newscast about it. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide, and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at

---

[2] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 1.2 (2020).

the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.**

**It is now time for opening statements.**

GIVEN:               _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:           _____


                                    _____
                                    David C. Godbey
                                    United States District Judge

**D**EFENDANT'S **P**ROPOSED **I**NSTRUCTION **N**O. 3: **G**ENERAL **I**NSTRUCTIONS FOR **C**HARGE[3]

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
David C. Godbey
United States District Judge

---

[3] **F**IFTH **C**IRCUIT **P**ATTERN **J**URY **I**NSTRUCTIONS: **C**IVIL 3.1 (2020).

**D‌EFENDANT'S PROPOSED INSTRUCTION NO. 4: BIAS – CORPORATE PARTY INVOLVED**[4]

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

_____
David C. Godbey
United States District Judge

---

[4] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 2.16 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5: EVIDENCE**[5]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
David C. Godbey
United States District Judge

---

[5] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.3 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6: WITNESSES**[6]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in the outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
David C. Godbey
United States District Judge

---

[6] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.4 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7: IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS**[7]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____


_____
David C. Godbey
United States District Judge

---

[7] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 2.11 (2020).

**<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 8: BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE</u>**[8]

Plaintiff Reena S. Mathew has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Reena S. Mathew has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

_____
David C. Godbey
United States District Judge

---

[8] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.2 (2020).

**D**EFENDANT'S **P**ROPOSED **I**NSTRUCTION **N**O. 9: **C**ONSIDER **D**AMAGES **O**NLY IF **N**ECESSARY[9]

If Plaintiff Reena S. Mathew has proved her claim against Defendant Santander Consumer USA, Inc. by a preponderance of the evidence, you must determine the damages to which Plaintiff Reena S. Mathew is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Reena S. Mathew's damages as an indication in any way that I believe that Plaintiff Reena S. Mathew should, or should not, win this case. It is your task first to decide whether Defendant Santander Consumer USA, Inc. is liable. I am instructing you on damages only so that you will have guidance in the event that you decide that Defendant Santander Consumer USA, Inc. is liable and that Plaintiff Reena S. Mathew is entitled to recover money from Defendant Santander Consumer USA, Inc.

GIVEN:                _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:       _____


_____
David C. Godbey
United States District Judge

---

[9] F**IFTH** C**IRCUIT** P**ATTERN** J**URY** I**NSTRUCTIONS**: C**IVIL** 3.2 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 10: DUTY TO DELIBERATE; NOTES**[10]

It is now your duty to deliberate and consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember, at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence, and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk to anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
David C. Godbey
United States District Judge

---

[10] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 3.7 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11: DEFINITIONS**

"Plaintiff" or "Mathew" refers to Plaintiff Reena S. Mathew.

"Defendant" or "Santander" refers to Defendant Santander Consumer USA, Inc.

GIVEN:                  _____

REFUSED:                _____

MODIFIED:               _____

WITHDRAWN:              _____


                                    _____
                                    David C. Godbey
                                    United States District Judge

**DEFENDANT'S PROPOSED INSTRUCTION NO. 12: STIPULATIONS OF FACT**[11]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have stipulated that the facts listed below are true.

1.  Mathew is a resident of Dallas County, Texas.

2.  Mathew is a female.

3.  Santander is an Illinois corporation headquartered in Dallas, Texas.

4.  Santander is a consumer finance company focused on vehicle finance and third-party servicing that employs more than 500 employees.

5.  This Court has jurisdiction of the claims asserted by Mathew pursuant to 28 U.S.C. § 1331.

6.  This Court has personal jurisdiction in this matter over the Parties.

7.  Venue is proper in this Court.

8.  Plaintiff has exhausted administrative remedies and complied with all procedural prerequisites to filing this lawsuit by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and obtaining notice of her right to sue from the EEOC less than 90 days before the filing of her Complaint.

9.  Mathew came to work at Santander in January 2011, as a Human Resources Business Partner ("HRBP").

10. As an HRBP, Mathew was responsible for, among other things, managing employee relations issues, processing employee disciplinary actions, and conducting investigations into employee conduct as necessary.

11. From October 2012 through August 2015, Mathew's immediate supervisor was HR Manager Angelina Hullum.

12. Santander paid for the training required for Mathew to obtain her Professional in Human Resources ("PHR") certification.

13. In 2015, Mathew became pregnant while employed by Santander.

---

[11] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 2.3 (2020).

14.     In July of 2015, Mathew was temporarily assigned to work at Santander's location in Dallas every other Friday, primarily to support the Credit Card Department.

15.     On September 1, 2015, Yessica Perez replaced Hullum as the HR Manager over the office where Mathew worked, and Perez became Mathew's immediate supervisor.

16.     Santander had a points-based rewards program, Mathew received points through this program, and on one occasion, she received 2,500 points in lump sum.

17.     On December 1, 2015, Perez met with Mathew to inform Mathew she was being placed on a 30-day performance improvement plan (a "PIP").

18.     On December 9, 2015, Mathew met with a Vice President in Human Resources named Stephen Shaffer, who was over Perez in the chain of command.  Mathew told Shaffer about her concerns, and he said he would speak to the HR Managers and get back to her.

19.     On January 15, 2016, Mathew was placed on a 90-day PIP.

20.     On January 18, 2016, Mathew emailed Stephen Shaffer seeking to have another meeting. They met on January 20, 2016, and Mathew explained her most recent concerns about this new 90-day PIP.

21.     On January 19, 2016, an attorney representing Mathew sent a letter to Santander, alleging pregnancy discrimination and demanding that Santander prevent any further instance of discrimination.

22.     On April 19, 2016, Mathew was called into Perez's office and terminated. When she left the office, she was met by a security guard. He had a box containing Mathew's personal items from her desk, and he walked Mathew all the way to her car.

23.     Boyd was also supervised by Perez during the same time period as Mathew.

24.     On May 4, 2016, Mathew filed a Charge of Discrimination with the EEOC. In her Charge, Mathew claims that she was discriminated against because of her gender and pregnancy, and that she was wrongfully retaliated against.

25.     On April 10, 2023, the EEOC issued a notice to Mathew, a Conciliation Failure and Notice of Rights.

26.     On July 7, 2023, Mathew filed this lawsuit.   Mathew asserts that Santander discriminated against her because of her sex and pregnancy by: (1) placing her on two PIP's; (2) denying her payment of her 2015 year-end bonus and merit pay increase; and (3) terminating her employment.  Mathew also asserts that Santander retaliated against her by: (1) placing her on a second PIP; (2) "assigning her busy-work tasks and extra duties;" (3) "subjecting her to daily (or nearly daily) unwarranted

criticisms;" and (4) terminating her employment.

27.    Mathew has disclaimed any request for back pay and front pay.


GIVEN:                _____

REFUSED:              _____

MODIFIED:             _____

WITHDRAWN:            _____



                    _____
                    David C. Godbey
                    United States District Judge

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13: DISCRIMINATION**[12]

Mathew claims that she would not have been terminated but for her pregnancy.

Santander denies Mathew's claims and contends that Mathew's employment was terminated due her poor job performance

It is unlawful for an employer to discriminate against an employee because of the employee's pregnancy. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Mathew must prove by a preponderance of the evidence that:

1.  Santander terminated Mathew; and

2.  Santander would not have terminated Mathew in the absence of—in other words, but for—her pregnancy.

Mathew does not have to prove that unlawful discrimination was the only reason Santander terminated her. But Mathew must prove that Santander's decision to terminate her would not have occurred in the absence of such discrimination.

If you find that the reason Santander has given for terminating Mathew is unworthy of belief, you may, but are not required to, infer that Santander was motivated by Mathew's pregnancy. However, the temporal proximity between Mathew's disclosing her pregnancy to Santander and her termination is not sufficient by itself to allow you to infer that Santander's decision to terminate Mathew was motivated by Mathew's pregnancy.[13]

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

_____
David C. Godbey
United States District Judge

---

[12] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

[13] *See Harris v. FedEx Corp. Servs., Inc.*, 92 F.4th 286, 297 (5th Cir.) ("And while temporal proximity between a protected activity and an adverse employment action is not sufficient by itself to demonstrate pretext, other evidence, in combination with temporal proximity, is sufficient for a reasonable jury to find but-for causation." (internal quotation marks and ellipses omitted)), *cert. denied*, 2024 WL 4426667 (U.S. Oct. 7, 2024); *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 579 (5th Cir. 2020) ("The temporal proximity between Brown's protected activity and her termination is relevant, but not alone sufficient to demonstrate, pretext.").

**<u>DEFENDANT'S PROPOSED QUESTION NO. 1: DISCRIMINATION</u>**[14]

Has Mathew proved that she would not have been terminated in the absence of—in other words, but for—her pregnancy?

Answer "Yes" or "No."

_____

GIVEN:                _____

REFUSED:             _____

MODIFIED:            _____

WITHDRAWN:        _____

                                    _____
                                    David C. Godbey
                                    United States District Judge

---

[14] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.1 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14: DISCRIMINATION DAMAGES**[15]

If you found that Santander terminated Mathew because of her pregnancy, then you must determine whether it has caused Mathew damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Mathew has proved liability.

Mathew must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Mathew need not prove the amount of her losses with mathematical precision, but only with as much definitiveness as the circumstances permit.

You should not award damages for speculative injuries, but only for those injuries that Mathew has actually suffered or that Mathew is reasonably likely to suffer in the future.[16]

You should consider the following elements of actual damages, and no others: pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

There is no exact standard for determining actual damages. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.[17] You are to determine an amount that will fairly compensate Mathew for the harm she has sustained.

You should not presume that Mathew suffered emotional harm simply because she experienced discrimination.[18] Further, hurt feelings, anger, and frustration are a part of life, so it is Mathew's burden to prove some specific discernable injury to her emotional state that was caused by Santander's discrimination.[19]

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:      _____

_____
David C. Godbey
United States District Judge

---

[15] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).
[16] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 15.2 (2020).
[17] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 15.2 (2020).
[18] *See Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 939 (5th Cir. 1996) (quoting EEOC Policy Guidance No. 915.002 § II(A)(2), at 10-12 (July 14, 1992)).
[19] *See id.* at 940.

-21-

**DEFENDANT'S PROPOSED QUESTION NO. 2: DISCRIMINATION DAMAGES**[20]

If you answered "Yes" to Question No. 1, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Mathew for the damages, if any, you have found Santander caused her?

Answer in dollars and cents for the following items and none other:

1.  Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

2.  Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____


GIVEN:                  _____

REFUSED:                _____

MODIFIED:               _____

WITHDRAWN:              _____


                              _____
                              David C. Godbey
                              United States District Judge

---

[20] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 15: RETALIATION**[21]

Mathew claims that she was retaliated against by Santander for engaging in activity protected by Title VII. Mathew claims that she complained to Santander that she believed she was being discriminated against because of her pregnancy. Mathew claims that Santander retaliated against her by terminating her.

Santander denies Mathew's claims and contends that Mathew was terminated for her poor job performance.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Mathew must prove by a preponderance of evidence that:

1. Mathew engaged in protected activity when she complained to Santander that she believed she was being discriminated against because of her pregnancy;

2. Santander terminated Mathew; and

3. Santander's decision to terminate Mathew was on account of her protected activity.

For the first element, action is "protected activity" if it was based on Mathew's good-faith, reasonable belief that Santander discriminated against her because of her pregnancy. To show a good-faith belief, Mathew must show that she honestly believed that Santander discriminated against her because of her pregnancy. To show a reasonable belief, Mathew must show that a reasonable person would, under the circumstances, believe that Santander discriminated against her because of her pregnancy. Mathew does not have to prove that Santander actually discriminated against her because of her pregnancy, but she must prove that she had a good-faith, reasonable belief that Santander did so.

For the third element, you need not find that the only reason for Santander's decision was Mathew's protected activity, but you must find that Santander's decision to terminate Mathew would not have occurred in the absence of—but for—her protected activity.

If you find that Mathew engaged in protected activity and you disbelieve the reason Santander has given for its decision, you may, but are not required to, infer that Santander would not have decided to terminate Plaintiff but for her engaging in the protected activity. However, the temporal proximity between Mathew's protected activity and her termination is not sufficient by itself to allow you to infer that Santander's decision to terminate Mathew was motivated by

---

[21] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.15 (2020).

Mathew's protected activity.[22]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____


_____
David C. Godbey
United States District Judge

---

[22] *See Harris v. FedEx Corp. Servs., Inc.*, 92 F.4th 286, 297 (5th Cir.) ("And while temporal proximity between a protected activity and an adverse employment action is not sufficient by itself to demonstrate pretext, other evidence, in combination with temporal proximity, is sufficient for a reasonable jury to find but-for causation." (internal quotation marks and ellipses omitted)), *cert. denied*, 2024 WL 4426667 (U.S. Oct. 7, 2024); *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 579 (5th Cir. 2020) ("The temporal proximity between Brown's protected activity and her termination is relevant, but not alone sufficient to demonstrate, pretext.").

**DEFENDANT'S PROPOSED QUESTION NO. 3: RETALIATION**[23]

Do you find that Mathew would not have been terminated but for her complaints to Santander that she believed she was being discriminated against because of her pregnancy?

Answer "Yes" or "No."

_____

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

                              _____
                              David C. Godbey
                              United States District Judge

---

[23]FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.5 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 16: RETALIATION DAMAGES**[24]

If you found that Santander terminated Mathew because of her protected activity, then you must determine whether it has caused Mathew damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Mathew has proved liability.

Mathew must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Mathew need not prove the amount of her losses with mathematical precision, but only with as much definitiveness as the circumstances permit.

You should not award damages for speculative injuries, but only for those injuries that Mathew has actually suffered or that Mathew is reasonably likely to suffer in the future.[25]

You should consider the following elements of actual damages, and no others: pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

There is no exact standard for determining actual damages. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.[26] You are to determine an amount that will fairly compensate Mathew for the harm she has sustained.

You should not presume that Mathew suffered emotional harm simply because she experienced retaliation.[27] Further, hurt feelings, anger, and frustration are a part of life, so it is Mathew's burden to prove some specific discernable injury to her emotional state that was caused by Santander's retaliation.[28]

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
David C. Godbey
United States District Judge

---

[24] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).
[25] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 15.2 (2020).
[26] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 15.2 (2020).
[27] *See Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 939 (5th Cir. 1996) (quoting EEOC Policy Guidance No. 915.002 § II(A)(2), at 10-12 (July 14, 1992)).
[28] *See id.* at 940.

**DEFENDANT'S PROPOSED QUESTION NO. 4: RETALIATION DAMAGES**[29]

If you answered "Yes" to Question No. 3, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Mathew for the damages, if any, you have found Santander caused her?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

                              _____
                              David C. Godbey
                              United States District Judge

---

[29] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17: PUNITIVE DAMAGES**[30]

If you answered "Yes" to Question No. 1 and/or Question No. 3, then you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Mathew proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory and/or retaliatory act or practice was acting in a managerial capacity; (2) **[he/she]** engaged in the discriminatory and/or retaliatory act or practice while acting in the scope of **[his/her]** employment; and (3) **[he/she]** acted with malice or reckless indifference to Mathew's federally protected right to be free from discrimination and/or retaliation.

If Mathew has proved these facts, then you may award punitive damages, unless Santander proves by a preponderance of the evidence that the individual who engaged in the discriminatory and/or retaliatory act was contrary to its good-faith efforts to prevent discrimination and/or retaliation in the workplace.

In determining whether the individual who engaged in the discriminatory and/or retaliatory act was a supervisor or manager for Santander, you should consider the type of authority **[he/she]** had over Mathew and the type of authority for employment decisions Santander authorized **[him/her]** to make.

An action is in "reckless indifference" to Mathew's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Mathew is not required to show egregious or outrageous discrimination or retaliation to recover punitive damages. Proof that Santander engaged in intentional discrimination or retaliation, however, is not enough in itself to justify an award of punitive damages.

In determining whether Santander made good-faith efforts to prevent discrimination and/or retaliation in the workplace, you may consider whether it adopted antidiscrimination and/or anti-retaliation policies, whether it educated its employees on the federal antidiscrimination and antiretaliation laws, how it responded to Mathew's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Santander acted with malice or reckless indifference to Mathew's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Mathew is entitled to receive, you may, but are not required to, award Mathew an additional amount as punitive damages for the purposes of punishing Santander for engaging in such wrongful conduct and deterring Santander and others from engaging in such conduct in the future. You should presume that Mathew has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

---

[30] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

1. How reprehensible Santander's conduct was. You may consider whether the harm Mathew suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Santander's conduct that harmed Mathew also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Mathew.

2. How much harm Santander's wrongful conduct caused Mathew.

3. What amount of punitive damages, in addition to the other damages already awarded, if any, is needed, considering Santander's financial condition, to punish Santander for its conduct toward Mathew and to deter Santander and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Mathew.

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:         _____

_____
David C. Godbey
United States District Judge

**DEFENDANT'S PROPOSED QUESTION NO. 5: LIABILITY FOR PUNITIVE DAMAGES** [31]

If you answered "Yes" to Question No. 1 and/or Question No. 3, then answer the following question. Otherwise, do not answer the following question.

Do you find that Mathew should be awarded punitive damages?

        Answer "Yes" or "No."

        Answer: _____

GIVEN:           _____

REFUSED:       _____

MODIFIED:      _____

WITHDRAWN:    _____

 

                        _____
                        David C. Godbey
                        United States District Judge

---

[31] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

**DEFENDANT'S PROPOSED QUESTION NO. 6: AMOUNT OF PUNITIVE DAMAGES** [32]

If you answered "Yes" to Question No. 5, then answer the following question. Otherwise, do not answer the following question.

What sum of money should be assessed against Santander as punitive damages?

       Answer in dollars and cents:

       $_____

GIVEN:           _____

REFUSED:      _____

MODIFIED:     _____

WITHDRAWN:    _____

_____
David C. Godbey
United States District Judge

---

[32] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).