IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| Defendant | § | |

**PLAINTIFF'S WITNESS LIST**

Plaintiff Reena S. Mathew submits the following list of witnesses she may call to testify during her case-in-chief:

**1.   Reena Mathew**

Mathew is expected to testify about her background and qualifications for her position, company policies and practices, her good performance of her duties during her employment, and as follows. Mathew was never coached or given a disciplinary action before December 1, 2015. On October 30, 2015, she told her supervisor, Yessica Adriano, that she was pregnant, and after that both Adriano and Elad grew colder and more distant. Mathew was then placed on an unwarranted PIP, which she protested up the chain of command and opposed on the basis that the decision to place her on a PIP was contrary to company practices and was motivated by pregnancy discrimination. She was later placed Mathew on a second PIP which was contrary to company practices and motivated by discrimination and retaliation, which she also opposed. Mathew met the only measurable criteria stated in the PIP and the action plan, but Adriano and Elad falsely claimed her performance was poor, and Santander terminated her employment. The decision to terminate her was motivated by pregnancy discrimination and retaliation. Mathew

will testify that Santander's conduct caused her to experience suffering, mental anguish, inconvenience, loss of personal status and dignity, and loss of enjoyment of life.

   2.   **Phillip Mathew**

Phillip Mathew will testify about the effect his wife's job had on her, especially from December 1, 2015 going forward, and how it cause her suffering, mental anguish, inconvenience, loss of personal status and dignity, and loss of enjoyment of life.

   3.   **Yessica Perez**

Yessica Perez is expected to testify that after she became Mathew's supervisor, Mathew disclosed her pregnancy. She and other Santander employees decided to document alleged performance problems and put Mathew on a 30-day performance improvement plan that would disqualify her from getting her annual bonus. Perez later supported the company's decision to put Mathew on a second performance improvement plan with few objective and measurable criteria. During the second PIP, Perez documented alleged performance issues that were then used as a pretextual justification for the company's decision to terminate Mathew's employment.

                                                Respectfully submitted,


                                                /s/ Donald E. Uloth
                                                Donald E. Uloth
                                                Texas Bar No. 20374200
                                                Donald E. Uloth, P.C.
                                                18208 Preston Road, Suite D-9 # 261
                                                Dallas, Texas 75252
                                                Phone: (214) 989-4396
                                                Email: don.uloth@uloth.pro
                                                Counsel for Plaintiff

CERTIFICATE OF SERVICE

      I certify that on December 7, 2024 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                                                /s/ Donald E. Uloth
                                                Donald E. Uloth