IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

## PLAINTIFF'S PROPOSED JURY CHARGE

Plaintiff Reena S. Mathew proposes that the following instructions and questions should be submitted to the jury, after the close of evidence and before final jury arguments:

[proposed instructions start here]

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

1

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

Plaintiff Reena Mathew has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Reena Mathew has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.[2]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact

---

[1] Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.1.
[2] Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.2.

exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[3]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[4]

### Instructions Regarding Pregnancy Discrimination

Plaintiff Reena Mathew claims that Santander Consumer USA Inc. took adverse actions against her that affected the terms, conditions, or privileges of her employment, including: (a)

---

[3] Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.3.
[4] Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.4.  The italicized language is suggested as additions.

3

placing her on performance improvement plans, including its actions related to those performance improvement plans, and (b) terminating her employment. Plaintiff Reena Mathew claims Santander Consumer USA Inc. took these actions because of her pregnancy.

The employer, Defendant Santander Consumer USA Inc., denies Plaintiff Reena Mathew's claims, and contends it took these actions for other reasons.

It is unlawful for an employer to discriminate against an employee because of the employee's pregnancy. An employer may, however, impose performance improvement plans and terminate an employee for other reasons, good or bad, fair or unfair.

An adverse action is not a material adverse action if it lacks any significance or importance.[5]

To prove unlawful discrimination, Plaintiff Reena Mathew Reena Mathew must prove by a preponderance of the evidence that:

1. Defendant Santander Consumer USA Inc. took one or more material adverse actions against Mathew that affected terms, conditions, or privileges of her employment; and

2. Defendant Santander Consumer USA Inc. would not have taken an adverse action against her in the absence of—in other words, but for—her pregnancy.

Plaintiff Reena Mathew does not have to prove that unlawful discrimination was the only reason Defendant Santander Consumer USA Inc. took adverse actions against her. But Plaintiff Reena Mathew must prove that Defendant Santander Consumer USA Inc.'s adverse actions would not have occurred in the absence of such discrimination.

---

[5] *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 431 (5th Cir. 2023)(discussing the *de minimis* requirement for actionable adverse employment actions).

If you find that the reasons Defendant Santander Consumer USA Inc. has given for the adverse actions, if any, are unworthy of belief, you may, but are not required to, infer that Defendant Santander Consumer USA Inc. was motivated by Plaintiff's pregnancy.[6]

**Question No. 1:**

Has Plaintiff Reena Mathew proved that prior to her termination, she was subjected to one or more material adverse actions that would not have occurred in the absence of—in other words, but for her pregnancy?

Answer "Yes" or "No."

Answer: _____[7]

**Question No. 2:**

Has Plaintiff Reena Mathew proved that she would not have been terminated in the absence of—in other words, but for her pregnancy?

Answer "Yes" or "No."

Answer: _____[8]

## Instructions Regarding Retaliation

Plaintiff Reena Mathew claims Defendant Santander Consumer USA Inc. retaliated against her for engaging in activity protected by Title VII.  *Opposing unlawful pregnancy discrimination is an example of an activity that is protected by Title VII.*[9]  Plaintiff Reena Mathew claims that she engaged in a protected activity when she opposed what she reasonably believed to be unlawful pregnancy discrimination.  Plaintiff Reena Mathew claims that

---

[6] Fifth Circuit Pattern Jury Instructions (Civil Cases) 11.1 (Charge Instructions).
[7] Fifth Circuit Pattern Jury Instructions (Civil Cases) 11.1 (Pattern Jury Question)
[8] Fifth Circuit Pattern Jury Instructions (Civil Cases) 11.1 (Pattern Jury Question)
[9] This italicized language is not part of the pattern jury charge, but it should be added.  The pattern charge is insufficient because it does not specify what activities are protected by Title VII.  Without adding the italicized language (or something equivalent), the jury cannot know whether the alleged protected activity violates Title VII and it could inadvertently give an incorrect answer to this question.

5

Defendant Santander Consumer USA Inc. retaliated against her by putting her on a second performance improvement plan, and by terminating her.

Defendant Santander Consumer USA Inc. denies Plaintiff Reena Mathew's claims and contends that it put Plaintiff Reena Mathew on a second performance improvement plan and terminated her for other reasons.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII.  To prove unlawful retaliation, Plaintiff Reena Mathew must prove by a preponderance of the evidence that:

1. Plaintiff Reena Mathew engaged in a protected activity by opposing what she reasonably believed to be unlawful pregnancy discrimination;

2. Defendant Santander Consumer USA Inc. took one or more adverse actions against Mathew that materially affected that terms, conditions, or privileges of her employment; and

3. Defendant Santander Consumer USA Inc.'s adverse actions, if any, were on account of her protected activity.

You need not find that the only reason for Defendant Santander Consumer USA Inc.'s adverse actions, if any, was Plaintiff Reena Mathew's opposition to pregnancy discrimination. But you must find that Defendant Santander Consumer USA Inc.'s adverse action, if any, would not have occurred in the absence of – but for – her protected activity.

If you disbelieve the reasons Defendant Santander Consumer USA Inc. has given for its decisions, you may, but are not required to, infer that Defendant Santander Consumer USA Inc. would not have decided to put Plaintiff Reena Mathew on a second performance improvement plan and/or its decision to terminate her but for her engaging in the protected activity.

**Question No. 3:**

Do you find that Plaintiff Reena Mathew was subjected to one or more material adverse actions prior to her termination that she would not have been subjected to but for her opposing pregnancy discrimination?

Answer "Yes" or "No."

Answer: _____

**Question No. 4:**

Do you find that Plaintiff Reena Mathew would not have been terminated but for her opposing pregnancy discrimination?

Answer "Yes" or "No."

Answer: _____

**Instructions Regarding Damages**

If you found that Defendant Santander Consumer USA Inc. violated Title VII, then you must determine whether it has caused Plaintiff Reena Mathew damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Reena Mathew has proved liability.

Plaintiff Reena Mathew must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Reena Mathew need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amount of damages sustained by Plaintiff Reena Mathew, such as pain, suffering, inconvenience,

mental anguish, loss of personal status and dignity, loss of enjoyment of life, and other noneconomic losses.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Reena Mathew for the harm she has sustained.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Reena Mathew proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he or she engaged in the discriminatory act or practice while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Plaintiff Reena Mathew's federally-protected right to be free from discrimination.

If Plaintiff Reena Mathew has proved these facts, then you may award punitive damages, unless Defendant Santander Consumer USA Inc. proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether an individual was a supervisor or manager for Defendant Santander Consumer USA Inc., you should consider the type of authority the individual had over Plaintiff Reena Mathew, and the type of authority for employment decisions Defendant Santander Consumer USA Inc. authorized the individual to make.

An action is in "reckless indifference" to Plaintiff Reena Mathew 's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Reena Mathew is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Santander Consumer USA Inc. engaged in

intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant Santander Consumer USA Inc. made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employee on the federal anti-discrimination laws, how it responded to Plaintiff Reena Mathew 's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Santander Consumer USA Inc. acted with malice or reckless indifference to Plaintiff Reena Mathew's rights, then in addition to any other damages you find Plaintiff Reena Mathew is entitled to receive, you may, but are not required to, award Plaintiff Reena Mathew an additional amount as punitive damages for the purposes of punishing Santander Consumer USA Inc. for engaging in such wrongful conduct and deterring Santander Consumer USA Inc. and others from engaging in such conduct in the future. You should presume that Mathew has been made whole for her injuries by any actual damages you have awarded. If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant Santander Consumer USA Inc.'s conduct was. You may consider whether the harm Plaintiff Reena Mathew suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's Santander Consumer USA Inc.'s conduct that harmed Plaintiff Reena Mathew also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Reena Mathew.

2. How much harm Defendant Santander Consumer USA Inc.'s wrongful conduct caused Plaintiff Reena Mathew.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant Santander Consumer USA Inc.'s financial condition, to punish Defendant Santander Consumer USA Inc. for its

      conduct toward Plaintiff Reena Mathew and to deter Defendant Santander Consumer USA Inc. and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Reena Mathew.

**Question No. 5:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Reena Mathew for the damages, if any, you have found Defendant Santander Consumer USA Inc. caused Plaintiff Reena Mathew?

Answer in dollars and cents for the following items and none other:

1. Past pain, suffering, inconvenience, mental anguish, loss of personal status and dignity, loss of enjoyment of life.

   Answer: $_____

2. Future pain, suffering, inconvenience, mental anguish, loss of personal status and dignity, loss of enjoyment of life.

   Answer: $_____

**Question No. 6:**

Do you find that Plaintiff Reena Mathew should be awarded punitive damages?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 4, then answer Question No. 5:

**Question No. 7:**

What sum of money should be assessed against Defendant Santander Consumer USA Inc. as punitive damages?

Answer in dollars and cents:

Answer: $_____

## Instructions Regarding Jury Deliberations

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.[10]

[this is the end of the proposed instructions]

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on December 7, 2024 I am filing this document electronically using the Court's ECF filing system, which will email a file-marked copy of this document to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth

---

[10] Fifth Circuit Pattern Jury Instructions (Civil Cases) 3.7.

12