IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW,  Plaintiff | § § § | |
| v. | § § | Civil Action No. 3:23-cv-01494-N |
| SANTANDER CONSUMER USA INC.,  Defendant | § § § | |

### PLAINTIFF'S REQUEST FOR AN
### AWARD OF REASONABLE EXPENSES

Pursuant to this Court's Order dated December 5, 2024 (Doc. 58), Plaintiff submits this request for an award of reasonable expenses in the amount of $12,545.00.

### Applicable Law

The Court's order grants relief pursuant to Fed. R. Civ. P. 37(a)(5)(A), which authorizes an order requiring a party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The amount awarded can include the time spent to prepare and file the request for attorney fees. *See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019); *Jorge v. Atl. Hous. Found.*, No. 3:20-cv-2782-N, 2022 U.S. Dist. LEXIS 183916, at *9-10 (N.D. Tex. Oct 07, 2022).

To determine the amount of attorney fees to be awarded under Rule 37, courts in the Fifth Circuit use the lodestar method. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (reviewing a district court's award of Rule 37 sanctions).

The lodestar method is a two-step process in which the court first calculates the number of hours reasonably worked, and then multiplies by the prevailing hourly rate in the community for similar work. *See, e.g., Combs v. City of Huntington*, 829 F.3d 388, 391-392 (5th Cir. 2016).

There is a strong presumption that the resulting number, the lodestar, is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

A court may then enhance or decrease the lodestar if warranted by the twelve *Johnson* factors. *Combs* at 392, referring to *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (listing twelve factors to evaluate a fee award). Plaintiff is not seeking enhancement of the lodestar on this matter, so the *Johnson* factors are not discussed herein.

### The Number of Hours Reasonably Worked

A detailed description of the work can be found in the supporting appendix being filed along with this Request. More specifically, the undersigned counsel is providing a declaration and a chart showing his contemporaneous time entries for the work directly related to the motion and this application for fees. App. 3-11. These time entries describe each task performed, and the amount of time spent on each task. The chart also includes, if applicable, an adjustment of the time to account for any work that, even though performed, was excessive, duplicative, or unnecessary.

The undersigned attorney spent a total of 19.3 hours (after deductions) preparing the motion to compel, the reply brief in support of the motion to compel, and this application. The work performed was reasonable and necessary.

### The Prevailing Hourly Rate in the Community

Plaintiff is seeking $650 per hour for the work performed on this matter, which is reasonable for a 35-year trial attorney in Dallas with expertise in labor and employment law matters. In support of this hourly rate, Plaintiff is submitting a declaration from her attorney, Donald E. Uloth (App. 3-5), plus declarations from two other experienced employment law attorneys located in Dallas, Texas (Kyla Gail Cole, *see* App. 250-255, and Barry S. Hersh, *see*

App. 256-259). Plaintiff is also providing a survey prepared by the Texas Employment Lawyers Association (TELA). This is a collection of court-awarded attorney fees, and other court filings that show rates actually being billed by lawyers handling employment lawsuits.

The survey and declarations show that $650 is within the range charged by and/or awarded to attorneys whose skills, expertise, experience, and reputation are comparable to those of Plaintiff's attorney in this case.

As Cole opines, $650 is "reasonable and comparable to rates charged by attorneys with similar experience and expertise practicing in Dallas/Fort Worth for employment discrimination matters." App. 254. Hersh, who does both contingent-fee work and hourly billable work, opines that $650 per hour "is within (and perhaps even a bit below) the range of reasonable hourly rates for labor and employment lawyers in this community" whose experience, skill, reputation and ability compared to that of the undersigned attorney. App. 257. The undersigned concurs that "an attorney fee of $650 per hour is a reasonable and customary fee in the counties within the Northern District of Texas, Dallas Division for the performance of similar legal services by an attorney whose skills, expertise, experience, and reputation are comparable to mine." App. 4-5.

WHEREFORE, Plaintiff requests an award of 19.3 hours at the rate of $650 per hour for a total of $12,545.00.

                                                 Respectfully submitted,

                                                 /s/ Donald E. Uloth
                                                 Donald E. Uloth
                                                 Texas Bar No. 20374200
                                                 Law Office of Donald E. Uloth
                                                 18208 Preston Road, Suite D-9 # 261
                                                 Dallas, Texas 75252
                                                 Phone: (214) 989-4396
                                                 Fax: (972) 777-6951
                                                 Email: don.uloth@uloth.pro
                                                 Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I certify that on December 23, 2024, I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

      /s/ Donald E. Uloth
      Donald E. Uloth