**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REENA S. MATHEW,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:23-CV-01494-N** |
| | § | |
| **SANTANDER CONSUMER USA INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
## REQUEST FOR AN AWARD OF REASONABLE EXPENSES

TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:

Defendant Santander Consumer USA, Inc. ("Santander") hereby files its Objections to Plaintiff's Request for an Award of Reasonable Expenses (the "Request").

## I.
### SUMMARY

Plaintiff Reena Mathew's ("Mathew") Request seeks $12,545 (19.3 hours at $650/hour) for a simple motion to compel. However, much of the time for which fees are requested is excessive or duplicative warranting reduction of the fees sought. Additionally, the *Johnson* factors, which must be analyzed to determine further reductions of the lodestar, either fall in favor of reduction, or are under the knowledge of Mathew and her counsel and unaddressed by same. Lastly, equitable circumstances make an award of expenses in the amount sought unjust, namely, Mathew's discovery abuses that resulted in delay of trial and significant expenses incurred by Santander. Accordingly, the fees sought in Mathew's request should be reduced by a minimum of twenty-five percent (25%).

## II.
### ARGUMENTS & AUTHORITIES

**A.**     **Legal Standard**

In determining what constitutes reasonable attorneys' fees, the federal courts follow a two-step approach. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). First, a court must calculate the "lodestar," which is the number of hours reasonably expended multiplied by an appropriate hourly rate in the community for such work. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003). While this time can be used as a benchmark, courts should exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Berkley Reg'l Ins. Co. v. Weir Bros.*, No. 3:14-MC-9-B, 2014 WL 2572798, at *3 (N.D. Tex. June 9, 2014) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

After excluding such time, the court should proceed to the second step and determine whether to decrease the lodestar figure based on the *Johnson* factors. *Weir Bros.*, 2014 WL 2572798, at *3 (citing *Johnson v. Ga. Highway Express. Inc.* 488 F.2d 714, 717–19 (5th Cir. 1974)). The factors provided by the Fifth Circuit in *Johnson* are as follows:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017) (citing *Johnson*, 488 F.2d at 717–19).

**B.**     **Time should be excluded as excessive and duplicative.**

Mathew requests for attorneys' fees includes time that is excessive and duplicative and warrants decreasing the lodestar. *See Weir Bros.*, 2014 WL 2572798, at *3 (citing *Fordice*, 7 F.3d at 457). The below chart highlights some of the entries that warrant reduction:

| Time Entry | Hours | Reason Reduction is Warranted |
|---|---|---|
| 9/23/24 - Legal research concerning a corporation's duty to prepare a 30(b)(6) witness with information readily available to the corporation; and read the cases that are most directly on point.<br>&<br>9/26/24 - Further legal research concerning the corporation's obligations when it does not have the information. | 2.3 + 0.5 | Excessive.  A senior attorney should not spend 2.8 hours on basic legal research. |
| 9/26/24 - Research the sanctions and remedies a court can award for a failure to comply with Rule 30(b)(6); evaluate what is appropriate in this case | 0.7 | Excessive.  It should not take 0.7 hours to review Rule 37 of the Federal Rules of Civil Procedure. |
| 9/27/24 - Rewrite the motion to compel, check all citations, and draft the prayer for relief. | 0.9 | Duplicative.  This time entry is duplicative on its face because it involves rewriting a motion. |
| 10/23/24 - Read Defendant's response to the motion to compel and outline points to make in a reply brief to rebut.<br>&<br>10/24/24 - Draft, edit, and revise the reply in support of plaintiff's motion to compel. | 0.5 + 1.4 | Excessive.  Mathew's reply is one and one-half pages long.  That is not 1.9 hours of work. |
| 12/18/24 - Draft the request for an award of reasonable expenses.<br>&<br>12/23/24 - Revise and edit the request for reasonable fees. | 1.8 + 0.4 | Excessive.  Mathew's request is two and one-half pages long.  That is not 2.2 hours of work |

*See* Pl.'s App. [Doc. No. 77] 010–011.  As the time above is either excessive or duplicative, the

lodestar should be decreased.

**C.      The *Johnson* factors warrant reduction of the lodestar.**

Step two of the process, analysis of the *Johnson* factors, warrants a further reduction of the

lodestar.  *See Weir Bros*., 2014 WL 2572798, at *3 (citing *Johnson,* 488 F.2d at 717–19).  For

example, factor two (novelty and difficulty of the issues) and factor three (skill required) do not

support 19.3 hours of work at a rate of $650/hour.  Mathew's motion is a simple Motion to Compel

based on Mathew's allegation that Santander's Rule 30(b)(6) witness was unprepared.  The issues

are not novel or difficult nor does it require a high level of skill warranting 19.3 hours of work at

$650/hour.  Much of the work contained in the Request either could have been performed by

someone at a much lower hourly rate or performed more efficiently.

There are many other *Johnson* factors that may support reduction of the lodestar and are

unaddressed by Mathew who admittedly does not discuss the *Johnson* factors.  *See* Request [Doc.

No. 76] at 2.  Namely, Mathew does not discuss any of the following: loss of other employment in

taking the case; customary fee; whether the fee is fixed or contingent; time limitations imposed by

client or circumstances; amount involved and results obtained; case undesirability; nature and

length of relationship with the client; and awards in similar cases.  While only Mathew knows the

answer to these factors, a reduction is warranted as Mathew refused to discuss factors to which

only she and her counsel know the answers.

**D.      Other circumstances make an award of expenses unjust.**

Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, courts are given to

discretion regarding awarding attorneys' fees relating to a motion to compel.  *See* Fed. R. Civ. P.

37(a)(5).  Specifically, the court must not order fees if "other circumstances make an award of

expenses unjust."  *Id.*  Here, an award of attorney's fees, and certainly an award in the amount

sought by Mathew, would be unjust in light of Mathew's previous discovery abuse that has caused

significant expense to Santander and resulted in delay in this case.

Specifically, as the Court is aware, Mathew failed to identify two doctors whom she saw for treatment of the mental anguish she claims to have suffered at the hands of Santander until her deposition on August 8, 2024, less than two months before the initial trial setting. Mathew was required to provide this information on September 11, 2023, as part of the Initial Discovery Protocols for Employment Cases, nearly a year before they were actually disclosed in her deposition, and again in January 2024 in response to Santander's written discovery requests.

This nearly year-long delay in receiving basic information regarding Mathew's alleged damages resulted in Santander being forced to seek a continuance on the eve of trial and to incur expenses related to the continuance and repreparing for trial. Santander will also incur expenses resuming Mathew's deposition for her discovery failure. The fees incurred by Mathew's prior discovery abuse, which would actually exceed the fees sought by Mathew related to her Motion to Compel, is the very type of "other circumstances" that the Court should consider in support of Santander's argument that Mathew's requested fees are unjust.

## PRAYER

For all the foregoing reasons, Santander respectfully requests that the Court reduce Mathew's requested fee award by a minimum of twenty-five percent (25%) and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By:  *Monte K. Hurst*
      Monte K. Hurst
      State Bar No. 00796802
      Monte.Hurst@hallettperrin.com

      Kristen A. Brumbalow
      State Bar No. 24076499
      KBrumbalow@hallettperrin.com

      Clayton S. Carter
      State Bar No. 24120750
      CCarter@hallettperrin.com

      *Counsel for Defendant*
      *Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

On January 3, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

      *Monte K. Hurst*
      Monte K. Hurst