IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**REPLY IN SUPPORT OF PLAINTIFF'S REQUEST
FOR AN AWARD OF REASONABLE EXPENSES**

Plaintiff submits the following in support of Doc. 76, Plaintiff's Request for an Award of Reasonable Expenses, addressing the points made in Doc. 78, Defendant's response to the request.

**A.   The evidence shows the work performed was reasonable and necessary.**

Counsel for Plaintiff has gone on record and under oath stating that the time spent working on this matter was both reasonable and necessary. Doc. 76 pp. 3-5. Defendant offers no such sworn testimony, only the say-so of counsel for Defendant, who understandably seeks to minimize the amount awarded against his client.

To be thorough, legal research can take time. To be clear in one's legal writing, it helps to be concise and as brief as possible. The length of the documents filed is therefore not a proper measure of the time reasonably and necessarily spent. Clarity often requires rewrites and edits. Furthermore, the time entry for 9/27/24 includes additional tasks beyond editing, so the accusation this is duplicative is not correct.

Plaintiff therefore opposes the reductions sought based on Defendant's criticisms of the time entries.

B.      **The *Johnson* factors do not warrant a reduction.**

Plaintiff would have preferred to depose prepared witnesses and move on to other tasks, but Defendant's conduct necessitated the motion to compel. Defendant's response to the motion and baseless denial concerning the preparedness of its witness compounded the amount of work needed to seek basic information that should have been provided. Questions regarding a corporation's obligations under Rule 30(b)(6) require proper research and analysis, and 19.3 hours for such work is not excessive.

Furthermore, Defendant cites no case law supporting a reduction of the lodestar based on a lack of information concerning the *Johnson* factors. The Court should therefore deny the request for a reduction.

C.      **The "other circumstances" Defendant refers to are not relevant.**

This motion is about Defendant's conduct, not Plaintiff's conduct. Defendant cites no case suggesting a party found to have abused the discovery process gets an offset based on the opposing party's conduct concerning unrelated matters. There are no "other circumstances" in play that warrant a reduction of the fees requested.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

    I certify that on January 17, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                                                /s/ Donald E. Uloth
                                                Donald E. Uloth