IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | § § § | |
| *Defendant.* | § | |

# DEFENDANT'S MOTION IN LIMINE
# AND BRIEF IN SUPPORT THEREOF

**TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:**

Pursuant to the Court's Order Resetting Trial [Doc. No. 31], Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Motion in Limine and Brief in Support Thereof:

## I.
## REQUESTED EXCLUSION INSTRUCTIONS

Santander requests that it and Plaintiff Reena Mathew ("Mathew"), the parties' respective attorneys, and all witnesses, be instructed not to mention or refer to, in the presence of the jury, either directly or indirectly, upon voir dire, opening statement, interrogation of witnesses, argument, objections before the jury, or by any other means or manner inform the jury, or bring to the jury's attention, any of the matters set forth in Section II below, unless and until such matters have first been called to the Court's attention outside the jury's presence and the Court has made a ruling as to the admissibility of such matters.

That each attorney for each party be specifically instructed to inform all of that party's witnesses not to volunteer, inject, disclose, state, or mention in the presence of the jury any of the

matters enumerated below, unless specifically questioned thereon after prior ruling by the Court.

That the matters described below are not admissible in evidence for any purpose and have no bearing on the issues or rights of the parties in this case. Permitting interrogation of witnesses, comments to jurors, or prospective jurors, or offers of evidence concerning any of these matters will prejudice the jury and sustaining objections to such questions, statements, or evidence will not prevent prejudice but may enforce the development of questionable evidence.

That the violation of any, or all, of these instructions will constitute harm to Santander, deprive Santander of a fair and impartial trial, and that the Court should instruct all counsel that failure to abide by such Order of the Court may constitute contempt and result in a mistrial.

## II.
## MOTION IN LIMINE

Pursuant to the above requested exclusion instructions, Santander specifically requests the Court enter an Order in Limine on the following issues:

**1.     EEOC Conciliation of Failure and Notice of Rights Letter**

Any reference to, testimony about, or evidence related to the Equal Employment Opportunity Commission's ("EEOC") Conciliation of Failure and Notice of Rights Letter in which the EEOC *ipse dixit* determined reasonable cause existed (the "EEOC Letter"). The Fifth Circuit has regularly upheld trial court decisions to exclude such documents pursuant to Rule 403 of the Federal Rule of Civil Procedure due to the high likelihood of unfair prejudice to the defendant. *See Weathersby v. One Source Mfg. Tech., L.L.C.,* 378 F. App'x 463, 465 (5th Cir. 2010); *see also Harris v. Mississippi Transp. Com'n,* 329 Fed. Appx. 550, 554–55 (5th Cir. 2009). For example, in affirming the district Court, the Fifth Circuit in *Weatherby* stated:

> [T]he letter had very little probative value as it "merely lists the Plaintiff's allegations and the Defendant's responses . . . without making any factual findings, repeats hearsay . . . without bothering to identify the source of the statements and

> whether they were made under oath or subject to perjury, and reaches the legal conclusion that the Defendant violated Title VII . . . ." . . . this court's precedents recognize the high likelihood of unfair prejudice of an EEOC letter containing a legal conclusion, potentially leading the jury to give the EEOC's decision improper weight "rather than make an independent decision based on all the evidence presented at trial."

*Weathersby,* 378 F. App'x at 465. This reasoning is not exclusively applied to prevent prejudice to employers. Rather, applying this same rationale, the Fifth Circuit has similarly upheld trial court decisions in favor of employees to exclude EEOC determination letters in which the EEOC found that there was no reasonable cause that a violation occurred. *See Cortes v. Maxus Exploration Co.,* 977 F.2d 195, 201–02 (5th Cir.1992).

In comparing this case to *Weatherby,* here, the EEOC Letter does not even include the parties' allegation information contained in the excluded *Weatherby* letter. The EEOC Letter in this matter merely states that "[t]he EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge." Unlike the *Weatherby* letter (which was still determined to be overly prejudicial), the EEOC Letter here does not list a single allegation—much less make any factual findings. Accordingly, allowing reference to, testimony about, or evidence related to the EEOC Letter, which provides only a conclusory statement, would greatly prejudice Santander to an extent that far outweighs any probative value of the EEOC Letter. *See* FED. R. EVID. 403.

Granted: \_\_\_\_    Denied: \_\_\_\_

### 2.   Financial Condition or Relative Wealth of the Parties

Any reference to, testimony about, or evidence related to Santander's net worth for the purposes of prejudicing the jury against Santander. Santander produced documents indicating its

net worth to Mathew. Such evidence or testimony should be excluded for the reason that such facts are completely immaterial to the issues involved, and at the same time the mere making of such references would create unfair prejudice to Santander. FED. R. EVID. 403. All parties are entitled to be treated equally before the Court without regard to relative wealth or corporate status. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493 (5th Cir. 1982).

Granted: ____    Denied: ____

### 3. Santander's Legal Representation and the Date Santander Retained Legal Representation

Any reference to, testimony about, or evidence related to Santander's legal representation, including both its in-house legal department and outside counsel, the number of attorneys representing Santander, the size of the law firm representing Santander, or any other similar matters. Such references would create unfair prejudice to Santander. *See* FED. R. EVID. 403. Similarly, any reference to, testimony about, or evidence related to the date that Santander chose to hire counsel and using same as an attempt to evidence pretext. Such references would be highly prejudicial to Santander as it is essentially an attempt to argue that a party has admitted wrongdoing simply by choosing to defend itself against claims of discrimination. *See* FED. R. EVID. 403. Mathew previously made such an argument in her Response to Santander's Motion for Summary Judgment by arguing that Santander's hiring of outside counsel on or before January 29, 2016, in response to Mathew's complaints of discrimination and demand letter, evidences Santander was posturing the case for litigation amounting to pretext. [*See* Doc. No. 31, p. 46]. Mathew cites zero authority in support of this argument and permitting such arguments would render employers like

Santander with no ability to hire legal representation, as mounting a defense would be evidence of pretext.

Granted: \_\_\_\_        Denied: \_\_\_\_

## **PRAYER**

For all these reasons, Defendant Santander Consumer USA, Inc. respectfully requests the Court to instruct all parties and their attorneys and witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly, indirectly or by innuendo, any of the above mentioned matters, without first obtaining permission of the Court outside the presence and hearing of the jury, and to further instruct all parties and counsel for all parties to warn and caution each and every one of their witnesses to strictly follow the same instructions.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## CERTIFICATE OF CONFERENCE

On December 6, 2024, Donald E. Uloth, Plaintiff's counsel, and I conferred on the contents of this Motion. Mr. Uloth advised me that he opposes Santander's Motion in Limine.

*Monte K. Hurst*
Monte K. Hurst

## CERTIFICATE OF SERVICE

On January 31, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served Plaintiff's counsel as follows electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst