IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S RENEWED MOTION IN LIMINE**

Plaintiff hereby resubmits her Motion in Limine. Plaintiff requests that the Court enter an order before the start of jury selection in this case providing that Defendant, its attorneys, and all witnesses called by Defendant, may not mention, or offer evidence, concerning the matters described below, without first approaching the bench, out of the presence of the jury and potential jurors, to seek permission to mention such matters.

The matters described below are not admissible in evidence for any purpose, having no bearing on the issues in this case. Allowing the interrogation of witnesses, comments audible to jurors or prospective jurors, or offering evidence on any of the following matters would only prejudice and confuse the jury. Furthermore, sustaining an objection to any such questions, statements, or evidence, and/or giving a limiting instruction, would not prevent or undo the prejudice, but merely would reinforce the weight of the inadmissible evidence.

The matters which are the subject of this motion are:

**1.    How other Santander employees were treated during their pregnancies, especially employees who did not report to the same manager as Plaintiff.**

This case is about the Defendant's treatment of Reena Mathew. How Defendant treated other employees is not relevant, and it would be unduly prejudicial to let Defendant present evidence that other pregnant employees were treated well.

1

As the Fifth Circuit explained:

> There "is no token exception to anti-discrimination law." *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 588 (7th Cir. 2011); *see also Walther v. Lone Star Gas Co.*, 952 F.2d 119, 123 (5th Cir. 1992). Title VII focuses on "the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal,* 457 U.S. 440, 453–54 (1982). It does not "give an employer license to discriminate against some employees on the basis of race or sex merely because he favorably treats other members of the employees' group." *Id.* at 455; *see also City of Los Angeles, Dep't of Water and Power v. Manhart,* 435 U.S. 702, 708–09 (1978); *Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir. 2001). Indeed, Title VII "would have little force if an employer could defeat a claim of discrimination by treating a single member of the protected class in accordance with the law." *Diaz*, 653 F.3d at 587. Evidence that Defendants favorably treated another female faculty member might be relevant for a jury to consider on the ultimate question of discrimination, but it is not dispositive at the summary judgment stage to warrant judgment for the employer as a matter of law. *See id.*

*Heath v. Bd. of Supervisors for the S. Univ. & Agric. & Mech. College*, 850 F.3d 731, 741 (5th Cir. 2017).

The experiences of other Santander employees during pregnancies may have been different, but such evidence would be irrelevant in this case, which only concerns how Plaintiff was treated. Even if the Court were to believe such evidence has some probative value, it is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The evidence is therefore inadmissible under Fed. R. Evid. 403.

### Instruction to Witnesses

In the Court's order, Plaintiff asks the Court to require Defendant's attorneys to personally inform each witness to be called by Defendant of the existence and contents of the Court's order.

WHEREFORE, Plaintiff requests entry of an appropriate order.

                Respectfully submitted,

                /s/ Donald E. Uloth
                Donald E. Uloth
                Texas Bar No. 20374200
                Donald E. Uloth, P.C.
                18208 Preston Road, Suite D-9 # 261
                Dallas, Texas 75252
                Phone: (214) 989-4396
                Email: don.uloth@uloth.pro
                Counsel for Plaintiff

## CERTIFICATE OF CONFERENCE

On December 7, 2024, and again on January 30, 2025, I conferred with Clayton Carter regarding the relief being requested in this motion. The motion is opposed.

                /s/ Donald E. Uloth
                Donald E. Uloth

## CERTIFICATE OF SERVICE

I certify that on January 31, 2025, I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                /s/ Donald E. Uloth
                Donald E. Uloth