IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW,<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC.,<br>    Defendant | §<br>§<br>§ | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION IN LIMINE**

Because the evidence in question is relevant and admissible, Defendant's motion in limine should be denied as to all points.

**1.    The EEOC Conciliation Failure and Notice of Rights.**

Plaintiff has not designated this document as a trial exhibit, and Plaintiff does not intend to present evidence regarding the contents of this document. However, Plaintiff has designated as Exhibit 155 the EEOC's February 14, 2022 Determination, in which the EEOC found "reasonable cause to believe that Charging Party was discriminated against because of her sex (pregnancy) when Respondent discharged her from her position." A copy of this Determination is included in a supporting appendix at pages 3-4 (App. 3-4). Plaintiff does intend to present evidence concerning this letter, and its finding of reasonable cause.

Fifth Circuit case law on the admissibility of EEOC determination letters distinguishes between (a) letters finding reasonable cause to believe a violation occurred, and (b) letters asserting as fact that a violation of the law occurred. The first type of letter is highly probative on the question whether discrimination occurred, and is generally admissible. "The fact that an investigator, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice

1

has occurred, is highly probative of the ultimate issue involved in such cases." *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972).

The second type of letter is generally excluded because its probative value is often outweighed by the danger of unfair prejudice to the employer-defendant. *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1095 (5th Cir. 1994). As explained in *Manville Sales*, "a letter of reasonable cause is more tentative in its conclusions whereas a letter of violation states the categorical legal conclusion that a violation has taken place." *Id.*

A letter finding reasonable cause is also considered to be admissible as a public record under Fed. R. Evid. 803(8). *Smith* 454 F.2d at 157-158 (applying the statutory predecessor to Rule 803); *McClure v. Mexia Independent School Dist.*, 750 F.2d 396, 399 (5th Cir. 1985) (an EEOC determination falls under the 803(8) exception to the hearsay rule).

Defendant argues the Conciliation Failure and Notice of Rights is conclusory and fails to include "the parties' allegation information," and that it "does not list a single allegation." These statements are not applicable to the Determination because the third paragraph describes the allegations, and the fourth paragraph describes the underlying evidence.

For these reasons, the motion in limine on this point should be denied.

### 2.     Net Worth is Relevant to Plaintiff's Punitive Damages Claim.

Defendant's assertion that net worth evidence is "completely immaterial" is wrong because Plaintiff is seeking punitive damages. When punitive damages are an issue in the case, evidence concerning the defendant's financial condition is relevant and admissible. *See, e.g., Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, No. 18-8177, 2020 U.S. Dist. LEXIS 152514, at *3 (E.D. La. Jan. 17, 2020) (rejecting Defendant's Fed. R. Evid. 403 argument and denying a motion in limine seeking to exclude net worth evidence).

For this reason, district courts have denied motions in limine seeking to exclude net worth and financial status evidence.  *See, e.g., Crompton v. Graphic Packaging Int'l, LLC*, No. 5:20-CV-00095-RWS, 2022 U.S. Dist. LEXIS 253349 (E.D. Tex. Jan. 6, 2022) (denying motion in limine because net worth is a factor to be considered when assessing punitive damages); *Madison v. Courtney*, No. 4:18-cv-00671-O, 2019 U.S. Dist. LEXIS 183485 (N.D. Tex. Jan. 27, 2019) (denying motion in limine because net worth and financial status "are relevant to determining punitive damages, if any").

In support of its motion, Plaintiff cites *Loose v. Offshore Navigation, Inc.*, 670 F.2d 473 (5th Cir. 1982).  However, *Loose* does not address the admissibility of net worth evidence, nor does it include any language supporting the proposition for which it is cited.

For these reasons, the motion in limine on this point should be denied.

### 3.     The Legal Team's Involvement is Relevant.

The motion in limine on this point begs the question whether Santander's in-house counsel and outside attorneys were performing legal services only, or were they providing business advice and participating in managerial employment decisions.  Because there is no known answer to this question, the motion in limine should be denied.

Documents produced in discovery show that a legal team of in-house and outside counsel, whose names are all unknown, participated in the administration of the second performance improvement plan.  Mathew's immediate supervisor, Yessica Adriano, and the next-higher person in the chain of command, Stephanie Elad, provided drafts of PIP-related communications for review by the legal team before sharing with Mathew their observations about her performance, and there were conference calls with the legal team to discuss the feedback Mathew's supervisors were providing.  App. 4-8.

It is possible that the members of this legal team acted solely in legal capacities. However, it is also possible that they offered business advice and participated in making managerial employment decisions. The former would be privileged, but the latter would not. *See, e.g. Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 474 (N.D. Tex. 2004) (distinguishing between an attorney's privileged and non-privileged actions and communications). Without knowing who was involved and what they did, there is no way for this Court to know if the evidence Santander now seeks to exclude pertains to purely confidential and privileged legal services. Santander has therefore failed to meet the high burden required to obtain a pretrial order excluding evidence without first approaching the Court for permission, and its motion in limine on this point should be denied.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on February 7, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth