IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW,<br>　　Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC.,<br>　　Defendant | §<br>§<br>§ | |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S PROPOSED JURY CHARGE**

　　Plaintiff submits the following objections (and some comments) to Defendant's Proposed Jury Charge, Doc. 62.

　　*Instructions to jurors about taking notes*. Two of Defendant's proposed instructions are based on pattern jury charges that provide options, depending on whether the Court allows jurors to take notes. *See* Proposed Instructions 2 and 10. Plaintiff agrees that the jurors should be allowed to take notes and have their notes with them during deliberations, and Plaintiff has no objections to Proposed Instructions 2 and 10.

　　*Proposed Instruction Number 12*. Plaintiff objects to including stipulations of fact in the jury charge because it makes these facts appear to be more important than all other evidence introduced at trial. Including these facts in the charge, but not others, could be construed as a message from the Court to the jury that the stipulations warrant extra attention and consideration.

　　*Proposed Instruction No. 13*. In the last paragraph of this instruction, Defendant added a sentence about temporal proximity that is not in the pattern jury charge on which this proposed instruction is based. The pattern charge is intended to be a fair and balanced instruction, and the addition of this sentence disrupts that balance by adding an unnecessary comment about temporal proximity. Plaintiff therefore objects to this variation from the pattern charge.

1

*Proposed Instruction No. 14*.  The third, fifth, and sixth paragraphs of this proposed instruction are deviations from the pattern jury charge on which this proposed instruction is based.  The third paragraph cautions the jury not to speculate when awarding damages, which is unnecessary because that is covered in the preceding paragraph.  The fifth paragraph is likewise redundant because paragraph two advises the jury not to award damages based on guesswork.  The sixth paragraph is unnecessary because, in paragraph four, the jury is cautioned to limit its award of damages to certain specific elements.  Telling the jury a second time not to speculate, to avoid guesswork, and to limit its award of damages to certain categories is not only unnecessary, it could be construed by jurors as a signal that there must be some remedy Plaintiff is seeking that the Judge does not want them to award.  Plaintiff therefore objects to these portions of the proposed instruction.

*Proposed Instruction No. 15*.  Plaintiff objects to this proposed instruction for two reasons.

First, the proposed instruction does not inform the jury what the term "protected activity" means.  Defendant's proposed charge is based on section 11.5 in the Fifth Circuit civil pattern jury instructions,[1] which suffers from the same defect.  The pattern charge is inadequate because it does not tell the jury what the term "protected activity" means, it just asks if the plaintiff was terminated for engaging in one.[2]

Second, Plaintiff objects to the last paragraph of proposed instruction 15 for the same reason argued above concerning proposed instruction 13.  Defendant added the same sentence

---

[1] Plaintiff inadvertently failed to include a footnote citing the source for her proposed instruction, which is on pages 5-6 of Plaintiff's proposed charge (Doc. 67).  In Defendant's proposed charge, the citation in footnote 21 appears to be incorrect.  The footnote cites section 11.15, which concerns ADEA cases.  Furthermore, Defendant's proposed instruction includes the language suggested by section 11.5, footnote 5.

[2] Plaintiff has proposed adding a sentence stating: "Opposing unlawful pregnancy discrimination is an example of an activity that is protected by Title VII."  *See* Doc. 67, p. 5 (in italics).

about temporal proximity, which disrupts the intended neutrality of the pattern charge by adding an unnecessary comment. Plaintiff therefore objects to this variation from the pattern charge.

*Proposed Instruction No. 16*. In this proposed instruction, Plaintiff added a sentence that is not part of the pattern jury charge on which this instruction is based. It appears in the fifth paragraph, and begins: "Computing damages …"

This sentence is redundant because, in the second paragraph, the jury is instructed not to award damages based on guesswork, but on proof. Plaintiff therefore objects to this sentence because instructing the jury twice to avoid guesswork is unnecessary and could be taken by some jurors as a signal from the Judge to avoid awarding compensatory damages.

Plaintiff also objects to the last paragraph of the proposed instruction. This paragraph is not in the pattern charge on which this requested instruction is based, and for good reason. Instructing the jury that "hurt feelings, anger, and frustration are a part of life" could be taken to mean the jury cannot award damages for these things, which is not a correct statement of law. A jury can award damages for these things if they are supported by sufficient evidence, and if the jury decides the hurt feelings, anger, and/or frustration were caused by Defendant's unlawful retaliation.

*Proposed question no. 4*. The question seems to be missing something telling the jury what they are being asked to award damages for. Plaintiff therefore objects that as worded, the question is too vague, and Plaintiff requests modification of the question to better inform the jury what wrong the damages are meant to compensate for.

        Respectfully submitted,

        /s/ Donald E. Uloth
        Donald E. Uloth
        Texas Bar No. 20374200
        Law Office of Donald E. Uloth
        18208 Preston Road, Suite D-9 # 261
        Dallas, Texas 75252
        Phone: (214) 989-4396
        Fax: (972) 777-6951
        Email: don.uloth@uloth.pro
        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

     I certify that on February 7, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

        /s/ Donald E. Uloth
        Donald E. Uloth