IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW,<br>　　Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC.,<br>　　Defendant | §<br>§<br>§ | |

**PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT, AND REQUEST FOR EXPEDITED CONSIDERATION**

The Court recently granted summary judgment for Defendant on Plaintiff's retaliation claim. *See* Memorandum Opinion and Order, Doc. 86. In doing so, the Court raised *sua sponte* grounds that were not raised in Defendant's motion for summary judgment. Furthermore, the Court did not give Plaintiff notice and an opportunity to respond, as required by Fed. R. Civ. P. 56(f). For this reason, as well as others discussed herein, Plaintiff moves for reconsideration of the Court's ruling.

Also, because this case is set for trial three weeks from today (March 3, 2025), Plaintiff requests expedited consideration of this motion.

**Background**

The brief supporting Defendant's motion for summary judgment did not argue that being placed on a performance improvement plan was not an adverse employment action. *See* Doc. 24. Defendant did challenge two other things, and argued those things did not rise to the level of adverse actions (section IV.A.1 on pages 26-28, and section IV.B.1 on page 49), but Defendant did not make this argument about either the first or the second PIP.

1

Plaintiff pointed this out in her response to the motion, stating:

> Santander does not dispute that being placed on PIPs and being terminated are adverse actions. Furthermore, after the Fifth Circuit's decision in *Hamilton v. Dallas County,* 79 F.4th 494 (5th Cir. 2023), the proper inquiry is whether the facts as a whole show discrimination affected a plaintiff's "terms, conditions, or privileges" of employment. *Hamilton* at 502-3.

*See* Brief in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, Doc. 35 at p. 16.

Defendant did not dispute this statement in its reply brief, Doc. 48. On this record, it is clear that Santander had not raised, as grounds for summary judgment, that the second PIP did not adversely affect the terms, conditions, or privileges of Mathew's employment.

The Court later raised this on its own, and then granted summary judgment based on it without prior notice to Mathew. Doc. 86, pp. 18-19.

## Argument

**A.     This Court has the authority to reverse its prior ruling.**

Fed. R. Civ. P. 54(b) states that a district court may revise an earlier order at any time before entry of a final judgment. The Court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam).

**B.     This Court should reverse and allow Plaintiff to respond, as required by Fed. R. Civ. P. 56(f).**

Before this Court's partial summary judgment order, Plaintiff had no notice that she needed to present evidence showing that the second PIP caused her to sustain compensable injuries for which Title VII provides a remedy (more than *de minimus*). If the Court had notified Plaintiff it was considering this as grounds for summary judgment, Plaintiff could have

2

responded with evidence showing how the second PIP and actions taken during the second PIP adversely affected Mathew's employment.

      For example, Plaintiff could have submitted a declaration explaining the following. At the time Mathew was put on a second PIP, she was 39 years old and pregnant. Because of her age, her pregnancy was considered to be high risk. Being placed on a second PIP added to the stress and anxiety Mathew already had concerning the health of her unborn child. Mathew knew it was not healthy for her, or for the baby, to be stressed and anxious, but she was stressed and anxious about losing her job for every minute of every day for over three months. Mathew had trouble eating, and she had stomach aches. Mathew had trouble sleeping, and she would lie awake thinking about work and how, in her mind, she was being treated cruelly and unfairly. Her hands and feet swelled up, which had not happened in her two prior pregnancies. Mathew had frequent headaches, including some more severe than any she had ever experienced before. Several times at work, Mathew became so angry at what was going on that her body trembled and shook, but she had to maintain her composure, so she had no way to vent or release her anger. Mathew often cried in her office because of the hopelessness of the situation, and the fear of what this was all doing to her unborn child. At some point during the PIP, a friend told Mathew about a pregnant lady who had been harassed at work by her boss who later died during childbirth, which terrified Mathew and made her think – that could be me. Santander's actions had lasting impacts beyond the date of Mathew's termination, and she became severely depressed for several months (roughly October 2016 through January 2017) and she had to take prescription medications to manage her symptoms. Even now, something can trigger memories about her last few months at Santander that cause her to feel the same way she felt then, as if she was living it over again.

Because Mathew was never put on notice of the need to prove Defendant's actions in connection with the second PIP caused compensable harm and adversely affected the terms, conditions, or privileges of her employment, this Court should vacate its prior ruling and allow Plaintiff to present such evidence, either in writing, or at trial.

**C.     The existing summary judgment record raises a question of fact on retaliation.**

In the alternative, the Court should vacate its partial summary judgment because the evidence already before the Court shows the existence of a question of fact on retaliation. Deciding whether an adverse action is retaliatory is almost never as simple as counting the days or months in between the plaintiff's protected activity and the defendant's adverse action. Rather, "the existence of a causal link between protected activity and an adverse employment action is a 'highly fact specific' and difficult question." *Smith v. Xerox Corp.*, 371 Fed. Appx. 514, 520 (5th Cir. 2010), quoting *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994).

In its opinion, this Court invoked the "very close" temporal proximity standard mentioned in *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001), and did not address the underlying evidence.  However, the *very close* standard applies only in cases where temporal proximity is the only evidence in the record concerning a possible causal link between the protected activity and the adverse action(s).  In cases that include other evidence, such as *Smith v. Xerox Corp.*, 371 Fed.Appx. 514 (5th Cir. 2010), the analysis is more nuanced.  *Smith* at 520 (noting that plaintiff "has not presented evidence only of temporal proximity," and discussing the evidence as a whole).

In the present case, Mathew presented evidence supporting an inference that Santander began planning retaliatory actions short of termination, but ultimately including termination, far

4

sooner than April 19, 2016 when Mathew was informed of her termination. For example, as Plaintiff argued in her brief, there are facts suggesting Adriano and Elad may have decided in early January 2016 that the second PIP would end in termination. Although Shaffer and Blackburn recommended, or outright ordered, that the second PIP should have weekly check-ins and include specific measures, Adriano and Elad did not follow these instructions. Instead, they drafted a PIP with biweekly check-ins (a schedule they failed to adhere to) and no specific measures aimed at improving performance in the areas where Mathew was supposedly falling short. Response Brief (Doc 35) at pp. 10-12. A jury could reasonably infer that Adriano and Elad administered a 90-day PIP only because their boss told them to, and they never intended for Mathew to come through it with her job still intact.

For this reason, this Court should vacate its prior ruling and allow Plaintiff's retaliation claim to proceed to trial.

**D.    Plaintiff requests expedited consideration of this motion.**

The Local Rules for the Northern District of Texas do not address requests for expedited consideration of motions other than requests for a preliminary injunction. Counsel for Plaintiff will therefore contact the Court to make someone aware that this request is being filed and to seek guidance on how to proceed.

WHEREFORE, Plaintiff respectfully asks the Court to reconsider its order granting summary judgment on the retaliation claim, and Plaintiff requests expedited consideration of this motion so the retaliation claim can proceed to trial on March 3, 2025.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF CONFERENCE

On February 10, 2025 I conferred with Monte K. Hurst regarding the relief being requested in this motion. Defendant is unopposed to the relief requested herein.

/s/ Donald E. Uloth
Donald E. Uloth

CERTIFICATE OF SERVICE

I certify that on February 10, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth

6