IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | § § § § | |
| *Defendant.* | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT

TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:

Defendant Santander Consumer USA, Inc. ("Santander") hereby files its Response to Plaintiff Reena Mathew's ("Mathew") Emergency Motion for Reconsideration of Partial Summary Judgment ("Reconsideration Motion").

## I.
### SUMMARY

On February 4, 2025, this Court properly dismissed Mathew's baseless claim that Santander retaliated against her. As established by the summary judgment record, Santander's decision to terminate Mathew's employment was due to her repeatedly deficient job performance and her unwillingness to accept responsibility when her supervisor discussed her shortcomings with her—not for discriminatory or retaliatory reasons. Mathew, through her Reconsideration Motion, now asks the Court for another bite at the apple, arguing that she was precluded from adequately responding and, even without the additional response she now asks the Court to consider, the Court manifestly erred in dismissing her retaliation claim based on the existing summary judgment record. Both arguments are meritless.

Mathew's argument that the Court should have notified her that it was considering a finding that the second Performance Improvement Plan ("PIP") was not an adverse employment action, is betrayed by the fact that Mathew did in fact argue that the second PIP was an adverse employment action in her Response to Santander's Motion for Summary Judgment ("MSJ Response").

Mathew's attempt to blame Santander for not highlighting that the second PIP was not an adverse employment action in its Motion for Summary Judgment ("MSJ") is especially disingenuous, because Mathew does not even allege in her complaint that that the second PIP was an adverse employment action in her retaliation claim. Even if the Court were to entertain Mathew's additional argument, the evidence she now claims she would have included in her MSJ Response still fails to create a fact issue.

The Court made the correct decision to dismiss Mathew's retaliation claim based on the summary judgment record, and Mathew fails to meet her burden that the Court's Memorandum Opinion and Order ("Order") constitutes a manifest error of law or fact. Based on the foregoing, Mathew's Reconsideration Motion should be denied and her claim for retaliation should remain dismissed with prejudice.

## II.
## ARGUMENTS & AUTHORITIES

**A.     Rule 54(b) Legal Standard**

Rule 54(b) provides courts with discretion to revise an order prior to entry of a final judgment adjudicating all claims between the parties. Fed. R. Civ. P. 54(b). The precise standard for evaluating a Rule 54(b) motion is unclear, however, courts engage in considerations similar to those under Rules 59 and 60 to inform its analysis. *Dos Santos v. Bell Helicopter Textron, Inc*. Dist., 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). Critically, motions for reconsideration "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have

been presented earlier." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov.21, 2005) (internal quotation marks omitted). Rather, "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct a manifest error of law or fact or to present newly discovered evidence." *Dallas Cty. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014), *aff'd sub nom. Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015) (analyzing Rule 54(b) in denying a motion to reconsider the court's granting of a motion for summary judgment).

Following this framework, this Court recently denied a motion for reconsideration where the movant failed to show a "'plain and indisputable' error that 'amounts to a complete disregard of the controlling law.'" *Regal Ctr. LLC v. Fid. Nat'l Title Ins. Co.*, No. 3:21-CV-02837-N (N.D. Tex. June 25, 2024) ECF No. 110 (Westlaw, Litigation Analytics: Motions & Orders) (citing *Burch v. Aurzada*, 2019 WL 10092444, at *1 (N.D. Tex. 2019)). This Court noted that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Regal Ctr. LLC*, No. 3:21-CV-02837-N at *4, ECF No. 110 (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

**B.      Mathew had adequate notice to respond to Santander's MSJ.**

Mathew's Reconsideration Motion first contends, without any support, that Mathew did not have adequate notice that she needed to present evidence showing the second PIP caused her to sustain compensable injuries. *See* Pl.'s Recons. Mot. at 2–3, ECF No. 91. While this Court's Order is based on the premise that the second PIP is not an adverse employment action (and not about damages for her retaliation claim), assuming arguendo Mathew meant that she was not afforded notice to present evidence that the second PIP was an adverse employment action, her argument would still fall flat.

Rule 56(f) provides the following: "After giving notice and a reasonable time to respond, the court may: . . . grant summary judgment on grounds not raised by a party." Fed. R. Civ. P. 56(f). The Fifth Circuit and Supreme Court have confirmed such: "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

Courts analyzing Rule 56(f) have applied it to require the party alleging lack of notice to show that it had no notice that a certain theory of the case could arise in consideration of the motion for summary judgment. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 228 (5th Cir. 1994). For example, in *John Deere v. American National Bank*, 809 F.2d 1190, 1191–92 (5th Cir. 1987), the Fifth Circuit reversed the district court's granting of summary judgment in favor of the defendant that was based on no evidence of damages, when the defendant had only moved for summary judgment on the affirmative defense of *res judicata*. As subsequently explained by the Fifth Circuit, the summary judgment in *John Deere* could not be upheld because the district court's decision was based on "a tangential theory that neither party asserted." *Houston Pipeline Co.*, 37 F.3d at 228 (citing *John Deere*, 809 F.2d at 1191–92).

Conversely, the Fifth Circuit in *Houston Pipeline* upheld the district court's granting of summary judgment in favor of the defendant based on the court's having distinguished the case from a key case on which the plaintiff relied, even though the defendant had moved for summary judgment arguing that the key case was distinguishable for other reasons. *Houston Pipeline Co.*, 37 F.3d at 227. In upholding the trial court's decision, the Fifth Circuit reasoned that "[t]he law allows a district judge to grant summary judgment on the basis of facts shown by competent evidence in the record, even if those facts are not highlighted in the motion for summary

judgment." *Id.* The Fifth Circuit further held that, despite the defendant's lack of inclusion of the facts that the court determined made the key case distinguishable, the plaintiff's claim was premised on the case and "plaintiff knew that it needed to introduce sufficient evidence to bring it within the holding of the case," and thus, had adequate notice. *Id.* at 228.

This case is comparable to *Houston Pipeline*, not *John Deere*. The Court's Order is not based on an affirmative defense that Santander did not move on or "a tangential theory that neither party asserted." Rather, Santander specifically challenged the retaliation elements of adverse employment action and causation. *See* Def.'s MSJ Br. at 49, ECF No. 24. Indeed, regarding temporal proximity, Santander argued, "[h]ere, Mathew complained of race and pregnancy discrimination on December 1, 2015. Mathew was terminated over four months later on April 19, 2016." Def.'s MSJ Br. at 49, ECF No. 24. Santander clearly contended in its MSJ that the second PIP was not an adverse employment action, otherwise Santander would have argued lack of temporal proximity between the protected activity and the second PIP, which occurred before Mathew's termination. *See* Def.'s MSJ Br. at 49, ECF No. 24. Mathew knew this, as evidenced by her having argued in her Response that the second PIP was an adverse employment action (which was correctly deemed insufficient by the Court). *See* Pl.'s Resp. Br. at 18, ECF No. 35. Mathew cannot now claim she was not afforded notice to make an argument that she actually made, and which was required in her attempt to raise a fact issue as to elements challenged in Santander's MSJ. Mathew did have notice and her retaliation claim should remain dismissed with prejudice.

**C.      Mathew did not allege the second PIP (or the first) as a basis of her retaliation claim and should not be rewarded for her attempt to blame Santander for not highlighting an allegation that does not exist.**

Mathew's attempt to blame Santander for not challenging the second PIP as an adverse employment action in its MSJ is especially disingenuous, because Mathew does not even allege in her complaint that that the second PIP was an adverse employment action in her retaliation claim.

Critically, in Mathew's live complaint, Mathew states the following as the basis for her retaliation claim:

> Santander retaliated against Mathew because she engaged in protected activity by ***assigning her busy-work tasks and extra duties, subjecting her to daily (or near daily) unwarranted criticisms, and by terminating her employment***. These actions were things that would dissuade a reasonable person from making or supporting a charge of discrimination.

Pl.'s Compl. at 11, ECF No. 1 (emphasis added).

That is the entire list. Full stop. Nowhere in the complaint does Mathew allege that the second PIP (or either PIP, for that matter) was an adverse employment action through which Santander retaliated against her. *See* Pl.'s Complaint at 11, ECF No. 1. Santander filed its MSJ based on the allegations lodged against it. As admitted by Mathew, Santander put forth evidence as to why "assigning her busy-work tasks and extra duties" and "subjecting her to daily (or near daily) unwarranted criticisms" did not constitute adverse employment actions. *See* Pl.'s Recons. Mot. at 1, ECF No. 91. Santander could not have been expected to highlight allegations that Mathew did not even make. Mathew should not be permitted to undo dismissal of her retaliation claim on the basis that Santander did not focus on an allegation absent from Mathew's Complaint.

**D.      The arguments Mathew claims she was prevented from making do not raise a fact issue that the second PIP was not an adverse employment action.**

Even if the Court were to entertain Mathew's additional argument, the evidence she now claims she would have included in her MSJ Response still fails to create a fact issue.

The Court correctly explains in its Order that placement on "a PIP does not constitute an adverse employment action unless it affects job, title, grade, hours, salary, or benefits or causes a diminution in prestige or change in standing among coworkers." Order at 18, ECF No. 86 (quoting *Lemonia v. Westlake Mgmt. Servs., Inc.*, 2023 WL 6878915, at *7 (5th Cir. 2023) (unpub.) (cleaned up)). Yet, the only evidence Mathew claims she would have included is a litany of damages allegations, none of which has any bearing on whether the second PIP would constitute an adverse employment action.[1] *See* Pl.'s Recons. Mot. at 3, ECF No. 91. Because Mathew's proposed litany of damages allegations would not have created a fact issue anyway, the Court would achieve no benefit in considering such purported evidence that Mathew failed to include the first time around.

E.   **Mathew's alternate argument that the existing summary judgment record raises a question of fact is insufficient and merely a disguised attempt to make new arguments.**

In inexplicable irony, Mathew lastly argues that the summary judgment record already creates a fact issue while simultaneously presenting argument that Mathew failed to present to the Court in the first place. *See* Pl.'s Recons. Mot. at 4–5, ECF No. 91. Regardless of whether the Court considered a case and argument with which it had not even been asked to consider by

---

[1] The allegations Mathew seeks to have the Court consider are as follows: "[b]eing placed on a second PIP added to the stress and anxiety Mathew already had concerning the health of her unborn child. Mathew knew it was not healthy for her, or for the baby, to be stressed and anxious, but she was stressed and anxious about losing her job for every minute of every day for over three months. Mathew had trouble eating, and she had stomach aches. Mathew had trouble sleeping, and she would lie awake thinking about work and how, in her mind, she was being treated cruelly and unfairly. Her hands and feet swelled up, which had not happened in her two prior pregnancies. Mathew had frequent headaches, including some more severe than any she had ever experienced before. Several times at work, Mathew became so angry at what was going on that her body trembled and shook, but she had to maintain her composure, so she had no way to vent or release her anger. Mathew often cried in her office because of the hopelessness of the situation, and the fear of what this was all doing to her unborn child. At some point during the PIP, a friend told Mathew about a pregnant lady who had been harassed at work by her boss who later died during childbirth, which terrified Mathew and made her think – that could be me. Santander's actions had lasting impacts beyond the date of Mathew's termination, and she became severely depressed for several months (roughly October 2016 through January 2017) and she had to take prescription medications to manage her symptoms. Even now, something can trigger memories about her last few months at Santander that cause her to feel the same way she felt then, as if she was living it over again." Pl.'s Recons. Mot. at 3, ECF No. 91.

Mathew, the Court's dismissal of Mathew's retaliation claim is soundly based on applicable authority and, by no means, a manifest error of law or fact.

Mathew relies on *Smith v. Xerox Corp.*, 371 F. App'x 514, 520 (5th Cir. 2010), in arguing that the summary judgment record here includes evidence beyond temporal proximity that created a fact issue. *See* Pl.'s Recons. Mot. at 4–5, ECF No. 91. In *Smith*, the Fifth Circuit found evidence supporting causation of the plaintiff's retaliation claim in addition to that of temporal proximity. *Smith*, 371 F. App'x at 520.

For starters, Mathew did not even argue in her MSJ Response that there was any evidence of causation besides temporal proximity. *See* Pl.'s Resp. Br. at 18, ECF No. 35. Additionally, Mathew's argument here presumes that the Court did not know about *Smith*, had it known of the case, then it would have somehow found evidence of causation, and that the Court did not determine that there was no other evidence raising a fact issue as to causation. Regardless, it is improper, and quite ironic, for Mathew to claim that the summary judgment record, as is, creates a fact issue, while simultaneously pushing forth arguments and case law that are not included in the summary judgment record.

The Court's Order is based on sound authority. The Supreme Court has held that three months between the protected activity and adverse employment action was insufficient to establish causation as a matter of law. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 268 (2001). Here, more than four months passed between the protected activity and the adverse employment action. Additionally, Mathew did not put forth any argument or evidence that may relate to causation beyond temporal proximity. Accordingly, instead of reconsideration being warranted to prevent a manifest error of law, the reversal being sought by Mathew would clearly conflict with the United States Supreme Court such that reversal would actually create a manifest error of law. Mathew's

attempts to trojan horse new arguments and ignore Supreme Court precedent are meritless and her Reconsideration Motion should be denied.

## **PRAYER**

For all the foregoing reasons, Santander respectfully request that the Court deny Mathew's Emergency Motion for Reconsideration of Partial Summary Judgment in its entirety and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Brumbalow
State Bar No. 24076499
KBrumbalow@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

On February 13, 2025, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst