IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S MATHEW, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:23-CV-1494-N | |
| § | | |
| SANTANDER CONSUMER § | | |
| USA INC, § | | |
| Defendant. § | | |

## ORDER SETTING SETTLEMENT CONFERENCE

Under the Court's February 14, 2025, Order of Reference (Dkt. No. 99), this matter has been referred to the undersigned United States magistrate judge for settlement conference. This Order will control all proceedings relating to the settlement conference in this case.

### I. SCHEDULING OF CONFERENCE

A settlement conference, using a mediation-style format, will be held on **February 25, 2025, at 9:30 a.m.** in **Judge Kinkeade's Courtroom**, **Courtroom No. 1627**, 1100 Commerce Street, Dallas, Texas. The Court has blocked off its schedule until **4:30 p.m.** and will allow the participants a break to leave the courthouse to get lunch at an appropriate time. Counsel are reminded to advise their client(s) or client representative(s) of the date, time, and location of this settlement conference.

All parties must contact Angelica Aguilar at (214) 753-2183 at least two business days prior to the conference to confirm their attendance. Failure to comply

with this Order or to attend the conference without obtaining the Court's permission will subject a non-complying party or counsel to appropriate sanctions.

## II.  SETTLEMENT CONFERENCE PREPARATION AND CONDUCT

Because the vast majority of all civil suits settle prior to trial, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared often obtains the best result.  The Court has found that the following steps are essential to a successful settlement conference.

**A.     Format**

**1.     The parties must exchange pre-settlement conference offers.**

A settlement conference is more likely to be productive if, before the conference, the parties have exchanged written settlement proposals.  Accordingly, **no later than 4:00 p.m. on Tuesday, February 18, 2025,** Plaintiff's counsel must submit a written itemization of damages and settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement and a list of the names and titles of the persons who will be present at the settlement conference.

**No later than 4:00 p.m. on Thursday, February 20, 2025**, Defendant's counsel must submit a written counter-offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate as well as a proposed settlement agreement and a list of the names and titles of the persons who will be present at the settlement conference.

Copies of these letters and proposed settlement agreements must—in addition to being sent directly to the opposing party or that party's counsel—be emailed to Judge McKay's chambers at McKay_Orders@txnd.uscourts.gov when the offer or counter-offer is submitted to the opposing party.

Copies of these letters and agreements <u>should not</u> be filed with the Clerk's office or through the Electronic Case Files ("ECF") system.

2. **The parties must submit confidential position papers.**

The parties must provide to the Court a confidential position paper detailing any facts or issues they believe will be helpful to the Court in conducting the settlement conference but that they choose not to reveal to the opposing side. This may include a party's interests and concerns beyond any monetary demand, the existence and status of prior negotiations (formal or otherwise), and anything else that might be helpful for a mediator to know in advance. *Position papers should not merely incorporate or attach pending motions for summary judgment or motions to dismiss*.

The position paper must be sent to McKay_Orders@txnd.uscourts.gov by **4:00 p.m. on Friday, February 21, 2025**. Copies of these position papers <u>should not</u> be filed with the Clerk's office or through the Electronic Case Files ("ECF") system.

3. **Attendance of parties is required.**

Parties with ultimate settlement authority must be personally present at the conference. Counsel, whether in-house or outside, will not be deemed to be the proper party representative for settlement purposes unless a party obtains the Court's

prior approval, by filing a motion by no later than **1:00 p.m. on Thursday, February 20, 2025**, to appear through an attorney.

An insured party must appear by representative(s) of the insurer who is (are) fully authorized to negotiate and provide final approval of all terms of settlement, whether monetary or non-monetary. An uninsured or self-insured corporate party or a governmental entity must appear by representative(s) who is (are) fully authorized to negotiate and provide final approval of all terms of settlement, whether non-monetary or monetary. This includes, but is not limited to, the authority to provide final approval for a settlement up to the limits of the opposing party's most recent settlement demand. In the case of a governmental entity that will require a governing body's final approval of any settlement, the person with responsibility for making the recommendation to accept or reject a settlement offer or proposal to the governing body must attend the settlement conference. Further, having a client with this authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances, and requires prior approval by the Court.

Any party requesting approval to appear through an attorney must confer with all other parties in advance of seeking the Court's approval and, at the time of the request, inform the Court of the other parties' position on the request. Failure to comply with any of these requirements for attendance of an appropriate party representative with proper settlement authority may result in the cancelation of the settlement conference, which might not be able to be rescheduled prior to the trial date set in this case.

### 4. Mediation format

The Court will generally use a mediation format, with a joint discussion and then private caucusing by the Court with each side. The Court expects both the attorneys and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

### 5. Confidentiality

Parties are encouraged to be frank and open in their discussions. Unless otherwise agreed by the parties, all conversations and materials produced during the settlement conference are confidential and will not be admissible at trial. No recording of any kind may be made of any of the proceedings unless otherwise ordered by the Court. Unless otherwise agreed by the parties or ordered by a court, the parties will not introduce as evidence in any judicial or arbitration proceeding (1) any view expressed or suggestion made by a party with respect to possible settlement; (2) any admission made by a party during the settlement conference; (3) any proposal made or view expressed by the judge; or (4) the fact that a party did or did not indicate willingness to accept any proposal for settlement made at the settlement conference.

## B. Issues to be discussed

Parties should be prepared to discuss the following at the settlement conference:

(1) What are your objectives in the litigation?

 (2) What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

 (3) Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

 (4) What are the points of agreement and disagreement between the parties, whether factual or legal?

 (5) What are the impediments to settlement?

 (6) What remedies are available through litigation or otherwise?

 (7) Are there possibilities for a creative resolution of the dispute?

 (8) Do you have adequate information to discuss settlement? If not, what information do you need? How will this information make a meaningful settlement discussion possible?

 (9) Are there outstanding liens? Does a representative of the lienholder need to be included?

**C. Involvement of clients**

For many clients, this will be the first time that they have participated in a court-supervised settlement conference. Therefore, counsel must provide a copy of this Order to the client and must discuss the points contained herein with the client prior to the settlement conference.

**D. Settlement documents**

In the event of settlement, the Court requires that the parties execute an agreement or term sheet memorializing the terms of settlement before the settlement conference is formally adjourned. To facilitate this process, the parties are required to submit proposed documents with their pre-conference settlement proposals, and attorneys for both parties and any parties proceeding pro se are encouraged and

permitted to bring the proposed settlement documents on a laptop computer, tablet, or storage device. The parties are also encouraged to agree on as many specific terms of the settlement agreements as possible before the conference.

Internet access is available, and the attorneys and parties are each permitted to have their phones, tablets, and computers with them during the settlement conference.

Failure to comply with all aspects of this Order without obtaining the Court's permission will subject a non-complying party or counsel to appropriate sanctions. Any questions concerning the requirements of this Order may be directed to Ms. Aguilar at (214) 753-2183.

**SO ORDERED** on February 14, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE