IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REENA S. MATHEW,                          §
     Plaintiff                        §
                                      §
v.                                        §          Civil Action No. 3:23-cv-01494-N
                                      §
SANTANDER CONSUMER USA INC.,              §
     Defendant                        §

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD CONCERNING HER
MOTION FOR RECONSIDERATION**

Plaintiff moves for leave to submit a few pages of testimony from her deposition for the Court to consider in connection with her motion for reconsideration (the "Motion," Doc. 91). These pages are being submitted in a separate appendix to be filed immediately after the submission of this motion.

In Defendant's response to the Motion, Defendant argues that Mathew did not allege in her complaint that the second PIP was an example of retaliation. Plaintiff responds to this contention elsewhere, in the reply brief filed today.

The deposition testimony now being offered shows Defendant knew Plaintiff is claiming that the second PIP was retaliatory; she told them in her deposition. Counsel for Defendant asked Mathew to list each instance in which she believed she had been retaliated against. In her answer, Mathew identified being placed on a second PIP as an example of retaliation.

Due to the way counsel worded his question, one must look at more than one page to see this clearly. On pages 160-161 and 166-168 (App. 4-8), counsel for Defendant asks Mathew to list each instance pregnancy discrimination, and one of the examples she gave was the second

1

PIP.  Later in the deposition, counsel for Defendant mentioned retaliation, and the discussion

went as follows:

> 13         Q:  I have in my outline to ask you about each
> 14    instance in which you thought you believe you were retaliated
> 15    against.  I think we can streamline this process by
> 16    saying, ever since you complained about your not liking
> 17    being discriminated against based on your pregnancy,
> 18    every one of those things that you named before, that
> 19    happened subsequent to the complaint.
> 20         A:  Uh-huh.
> 21         Q:  Fair?
> 22         A:  Yes.
> 23         Q:  And those would be each and every instance of
> 24    retaliation, up to and including the termination.
> 25         A:  Yes.

App. 9.

Plaintiff's testimony shows she is alleging that being placed on a second PIP was both

discriminatory and retaliatory.  Plaintiff submits that this is relevant information that the Court

should consider in connection with Plaintiff's motion for reconsideration.

WHEREFORE, Plaintiff requests an order granting her leave to submit the deposition

testimony and accepting the supplemental pages to be considered in connection with the motion

for reconsideration.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF CONFERENCE

On February 14, 2025 I conferred with Monte K. Hurst regarding the relief being requested in this motion. Defendant is opposed to the relief requested herein.

/s/ Donald E. Uloth
Donald E. Uloth

CERTIFICATE OF SERVICE

I certify that on February 14, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth