IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**APPENDIX OF SUPPLEMENTAL PAGES IN SUPPORT OF
PLAINTIFF'S MOTION TO RECONSIDER PARTIAL SUMMARY JUDGMENT**

<u>Pages</u>   <u>Description</u>

2-13    Excerpts from the deposition of Reena S. Mathew

                                      Respectfully submitted,

                                      <u>/s/ Donald E. Uloth</u>
                                      Donald E. Uloth
                                      Texas Bar No. 20374200
                                      Law Office of Donald E. Uloth
                                      18208 Preston Road, Suite D-9 # 261
                                      Dallas, Texas 75252
                                      Phone: (214) 989-4396
                                      Fax: (972) 777-6951
                                      Email: <u>don.uloth@uloth.pro</u>
                                      Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

      I certify that on February 14, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

                                        <u>/s/ Donald E. Uloth</u>
                                        Donald E. Uloth

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REENA S. MATHEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CIVIL ACTION |
| | ) |
| SANTANDER CONSUMER USA | ) NO. 3:23-CV-01494-N |
| INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

-----------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF

REENA S. MATHEW

AUGUST 8, 2024

-----------------------------------

**ORIGINAL**

ORAL AND VIDEOTAPED DEPOSITION OF REENA S. MATHER produced as a witness at the instance of the Defendant, and duly sworn, was taken in the above-styled and numbered cause on August 8, 2024, from 9:36 a.m. to 5:48 p.m., before Nita G. Cullen, CSR in and for the State of Texas, reported by machine shorthand, at the law offices of Hallett & Perrin, P.C., 1445 Ross Avenue, Suite 2400, in the City of Dallas, County of Dallas, State of Texas, pursuant to the Federal Rules of Civil Procedure.

Page 5

1                P R O C E E D I N G S
2              VIDEOGRAPHER: All right.  We are now on
3  the record.  Today's date is August the 8th, 2024, and
4  the time on the video monitor is 9:36 a.m.  This is the
5  videotaped deposition of Reena Mathew in the action
6  titled Reena Mathew versus Santander Consumer USA Inc.
7  for the U.S. District Court for the Northern District of
8  Texas, Dallas Division.
9              Counsel may identify themselves at this
10 time; afterwards, the Court Reporter will swear in the
11 witness.
12             MR. HURST:  Monte Hurst for Defendant,
13 Santander Consumer USA.
14             MR. ULOTH:  Don Uloth for the Plaintiff,
15 Reena Mathew.
16                   REENA S. MATHEW,
17 having been first duly sworn, testified as follows:
18                      EXAMINATION
19 BY MR. HURST:
20      Q.   Can you please state your full name?
21      A.   Reena Sara Mathew.
22      Q.   Is that "Sara" with an "H"?
23      A.   No "H".  S-A-R-A.
24      Q.   Thank you.
25      A.   Yes.

ORAL AND VIDEOTAPED DEPOSITION OF REENA MATHEW

Page 160

```
 1   which you're aware in this lawsuit.
 2        A.   Can you say those one more time, please?
 3        Q.   Sure.  Pregnancy discrimination.
 4        A.   Yes.
 5        Q.   And retaliation based on your engaging in
 6   protected activity of opposing practices discriminating
 7   against you.
 8        A.   Yes.
 9        Q.   Based on your pregnancy.
10        A.   Correct, yes.
11        Q.   Those are the only legal claims that you're
12   asserting in this case, correct?
13        A.   Protected-wise, yes.
14        Q.   I didn't understand your answer.
15        A.   Well, I do believe it was a wrongful
16   termination, but protected-wise, yes, that's not
17   protected.
18        Q.   Okay.  I am sure that we have talked about some
19   or most of this in some form or fashion, but I'm giving
20   you an opportunity to tell me each instance you believe
21   you were discriminated against based on your pregnancy.
22             MR. ULOTH:  Objection to the form.
23        Q.   (By Mr. Hurst)  For example, if I may, one
24   instance or item is that you believe that Yessica Perez
25   wrote you up and made up all these things that you were
```

Page 161

1    doing wrong only after she learned that you were
2    pregnant.
3        A.   Yes.
4        Q.   That is, would you agree with me, one way that
5    you believe that you were discriminated against because
6    of your pregnancy.
7        A.   Yes.
8        Q.   And we'll call it the PIP, and you believe that
9    she did this PIP, issued on December 1st, 2015, for no
10   reason other than learning that you were pregnant.
11       A.   Correct.  And, again, I think I've mentioned it
12   before, and I don't even think in my career, I've never
13   had any disciplinary action, not even a coaching.  So,
14   yes, I do believe it.
15       Q.   Well, let's talk about your career.  You worked
16   at Neiman's before Santander.
17       A.   Uh-huh.
18       Q.   Right?
19       A.   Yes.
20       Q.   You remember when?
21       A.   2003 to 2009.
22       Q.   Okay.  And then, where did you work before
23   Neiman's?
24       A.   Before Neiman's?  College and grad school, and
25   so after that, I did an internship.  I had one year of

Page 166

1      A.  Major mistakes?  No.  Mistake?  I can't think
2 of any now, I'm sure there were plenty of small ones
3 along the way, but nothing to warrant coaching or
4 disciplinary action.
5      Q.  Nothing that you can even think of at this time
6 regardless of how big or small, right?
7      A.  That's not what I'm saying.
8      Q.  What are you saying?
9      A.  What I'm saying is, if it's something that
10 warrants coaching, I've never made that kind of mistake.
11      Q.  I'm not even using the word "coaching", because
12 you wanted to split hairs about that.  What I'm trying
13 to say is, can you remember any instance where you've
14 made a mistake, a big one or a small one, in your work
15 history?
16      A.  Not that I can remember.  I'm very particular
17 about the way I work.  No.
18      Q.  Thank you.  So, we've talked about the first
19 instance or one of the instances where you believe you
20 were subjected to pregnancy discrimination is when
21 Yessica made up all these things to put in a Performance
22 Improvement Plan that was issued to you on December 1st.
23      A.  Yes.
24      Q.  That was as a result of pregnancy
25 discrimination.

1    A.  Yes.

2    Q.  What else do you believe is evidence or is an instance of your being discriminated against because of your pregnancy?

5         MR. ULOTH:  I'll object to the part of the question that calls for evidence, but the way it was asked, I think you can go ahead and answer it, to the extent you can.

9         MR. HURST:  Well, that's all right.  I don't want you to not like my question.

11    Q.  (By Mr. Hurst) Name me, please, another instance in which you believe you were subjected to pregnancy discrimination.

14    A.  The second PIP.  That's not the process of Santander.

16    Q.  Okay.

17    A.  We've never had back to back PIPs, and that is why I say, when I go a whole month without any coaching for a 30-day PIP, and then you turn around and put me on another one, that's discriminatory to me because that is not the process there.

22    Q.  Okay.  So you're on your first PIP, December 1.

23    A.  Uh-huh.

24    Q.  And it's supposed to go for how long?

25    A.  December 30th, end of the month.

Page 168

1  Q. And when was your second PIP issued?
2  A. January 16th -- or 15th. 15th or 16th.
3  Q. Now, wasn't the first PIP issued, and you
4 complained that 30 days wasn't enough?
5  A. Absolutely not. Made up.
6  Q. Okay. But you did see that written somewhere,
7 it was just something that Yessica or somebody else made
8 up.
9  A. Say that one more time.
10  Q. You did see it was written that 30 days wasn't
11 going to be enough.
12  A. I -- who would want a longer PIP? Why would
13 anyone complain about that? That's ridiculous.
14  Q. To give you more time to --
15  A. No. People are trying to get off of PIP, not
16 stay on one.
17  Q. You did not ask for more time, then.
18  A. Absolutely, categorically, no.
19  Q. Is it your understanding that you finished out
20 the first PIP without any incident?
21  A. Yes. Because we had no coachings.
22  Q. Okay.
23  A. And there's no documentation.
24  Q. So, you finish out your first PIP, then Yessica
25 writes you up on a second PIP.

Bradford Court Reporting, LLC    972.931.2799    www.bradfordreporting.com

App. 08

1  Q.  You remember the name of the person?
2  A.  It was a guy.  Started with a "D".  I can see
3  his face.
4  Q.  Don.  No, I'm just kidding.
5  A.  No.  No.  Not -- there was so much turnover,
6  that's my point, it was hard to keep up.
7  Q.  Do you know what the paperwork was like on that
8  particular case?
9  A.  No, it was at NRH, no.
10  Q.  So you have never handled a termination or a
11  disciplinary action with regard to an HRBP at Santander?
12  A.  No.
13  Q.  I have in my outline to ask you about each
14  instance in which you believe you were retaliated
15  against.  I think we can streamline this process by
16  saying, ever since you complained about your not liking
17  being discriminated against based on your pregnancy,
18  every one of those things that you named before, that
19  happened subsequent to the complaint.
20  A.  Uh-huh.
21  Q.  Fair?
22  A.  Yes.
23  Q.  And those would be each and every instance of
24  retaliation, up to and including the termination.
25  A.  Yes.

1    Q.  When is it that you complained that you thought
2  you were being picked on because you were pregnant?
3    A.  I believe it was January.  Well, I take that
4  back.  After the PIP.  So, right after the PIP, I -- you
5  know, that's when I escalated it to Stephanie and, yeah,
6  I would say -- I guess early December.
7    Q.  You said, hey, is this because I'm pregnant?
8    A.  Yes.
9    Q.  Or hey, I think this is because I'm pregnant.
10    A.  Yes.
11    Q.  And everything from that point forward --
12    A.  That's what I truly believe, because when I say
13  I was blind-sided, I couldn't have been more blind-
14  sided.  And when I say I've never had a DA disciplinary
15  action, coaching, none of that, never had it, nothing in
16  my file, nothing.  So when -- a person is truly
17  blind-sided without any of that.
18    Q.  When did you communicate your opposition to
19  this?
20    A.  Opposition -- I'm sorry.  To the PIP?
21    Q.  Yes.  Under -- when did you say, hey, I think
22  this is because of my pregnancy?
23    A.  Days after.  So if she did that December 1st,
24  December 2nd or the 3rd.
25    Q.  Who did you say it to?

Page 221

```
 1        A.   Stephanie.  I sent her an e-mail.
 2        Q.   And did Stephanie dignify it?  Did she say,
 3   hey, no, it's not because of that?
 4        A.   She responded, and then, you know, again spoke
 5   to Yessica, and I think, based on what Yessica said, you
 6   know, I'm not sure -- I can't speak for her of if she
 7   looked into it or not, but she certainly went by
 8   Yessica's word.
 9        Q.   Okay.  Have you told me as best as you could
10   about all of the reasons why you believe you were
11   discriminated against because of your pregnancy and
12   retaliated against?
13        A.   Yes.  I'm trying to make sure I didn't forget
14   anything, but I believe so, yes.
15        Q.   Do you believe that any other Santander
16   employee was discriminated against because of her
17   pregnancy?
18        A.   Not that I know of.
19        Q.   Do you believe that there is anyone at
20   Santander who feels that she was mistreated because of
21   her pregnancy, other than you?
22        A.   No.  Not that I'm aware of, no.
23        Q.   The people, person who you feel discriminated
24   against you because of your pregnancy is Yessica.
25        A.   Ultimately, yes.
```

Bradford Court Reporting, LLC    972.931.2799    www.bradfordreporting.com

```
                                                          Page 301
 1               IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
 2                         DALLAS DIVISION

 3   REENA S. MATHEW,              )
                                   )
 4        Plaintiff,               )
                                   )
 5   VS.                           ) CIVIL ACTION
                                   )
 6   SANTANDER CONSUMER USA        ) NO. 3:23-CV-01494-N
     INC.,                         )
 7                                 )
          Defendant.               )
 8                                 )

 9

10   ------------------------------------

11              DEPOSITION CERTIFICATE

12                REENA S. MATHEW

13                AUGUST 8, 2024

14   ------------------------------------

15

16        I, Nita G. Cullen, Certified Shorthand

17   Reporter in and for the State of Texas, hereby certify

18   to the following:

19             That the witness, REENA S. MATHEW, was

20   duly sworn by the officer and that the transcript of the

21   oral deposition is a true record of the testimony given

22   by the witness;

23             I further certify that pursuant to FRCP

24   Rule 30(f)(1) that the signature of the deponent:

25             ___ was requested by the deponent or a
```

Page 302

1  party before the completion of the deposition and is to
2  be returned within 30 days from date of receipt of the
3  transcript.  If returned, the attached Changes and
4  Signature Page contains any changes and the reasons
5  therefor;
6              ___ was not requested by the deponent or a
7  party before the completion of the deposition.
8              I further certify that I am neither
9  attorney or counsel for, nor related to or employed by,
10 any of the parties or attorneys to the action in which
11 this deposition was taken.  Further, I am not a relative
12 or employee of any attorney of record in this case, nor
13 am I financially interested in the outcome of the
14 action.
15             Subscribed and sworn to on this 12th day of
16 August, 2024.
17
18
19            *Nita G. Cullen*
              _____
              NITA G. CULLEN, Texas CSR #1563
20            Expiration Date:  08-31-2024
              BRADFORD COURT REPORTING, L.L.C.
21            Firm Registration No. 38
              7015 Mumford Street
22            Dallas, Texas   75252
              (214) 931-2799
23
24
25

Bradford Court Reporting, LLC     972.931.2799     www.bradfordreporting.com

App. 13