IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION
FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT**

Plaintiff submits this reply, addressing Doc. 97, Defendant's Response to Plaintiff's Emergency Motion for Reconsideration of Partial Summary Judgment (the "Response").

**1.   Santander's MSJ did not argue the second PIP was not an adverse employment action, or notify Plaintiff she needed to argue or prove it was.**

In Section II.B of the Response, Santander argues two things as fact: (1) that its motion for summary judgment "clearly" argued that the second PIP was *not* an adverse employment action, and (2) Plaintiff's response shows Plaintiff knew Santander was making this argument. Neither contention aligns with the facts.

On the first point, Santander stated: "Santander clearly contended in its MSJ that the second PIP was not an adverse action." Response, p. 5. If this were true, then Santander could cite to the language in its summary judgment brief where they presented this contention, but they cannot, because it's not there.

On the second point, Santander points to something Plaintiff said in her in MSJ response, and Santander argues that it shows the opposite of what it actually says. Plaintiff said: "Santander's partial attack on aspects of the first element (arguing that two underlying facts, considered alone, are not adverse actions) implicitly concedes that being placed on a second PIP

1

and then terminated **are** sufficiently adverse actions under *Burlington N. & S. F. R. Co. v. White,* 548 U. S. 53 (2006)." Doc. 35, p. 18 (emphasis added). Santander insists that this proves Mathew knew Santander was arguing, it its MSJ, that the second PIP was **not** an adverse action. Response, p. 5 ("Mathew knew this …").

Santander's argument on these two facts is not credible. The court filings show Santander did not challenge whether the second PIP was an adverse employment action, so there was no reason for Plaintiff to argue that it was or present evidence on the issue.

*United States v. Houston Pipeline Co.,* 37 F.3d 224 (5th Cir. 1994) is distinguishable from the facts of the present case. In *Houston Pipeline*, the question being debated by the parties concerned the legal effect of an earlier Fifth Circuit opinion. Both parties addressed the opinion in their briefs, but they disagreed on the outcome it supported. Each party had a chance to argue that the opinion applied and supported their positions. Thus, the district court was not raising new grounds when it analyzed the opinion and found it did not control, as the parties believed.

In this case, however, neither side presented argument on the merits of whether the second PIP was an adverse action. Because they did not, Houston Pipeline is distinguishable on the facts.

Santander seems to argue that in Rule 56(f), the term "grounds not raised" is limited to wholly separate legal theories, but new facts not raised by a movant can also constitute grounds not raised, as in the present case. If Santander is correct, then it means parties will sometimes have to respond to issues not raised by a movant. For example, in a case where a plaintiff claims the defendant breach a contract in three ways, but the plaintiff moves for summary judgment on only one, the defendant will have to raise and argue the other two just because plaintiff is seeking

summary judgment based on a breach of contract legal theory. This would be time consuming and wasteful for litigants, and also a drain on judicial resources.

In short, to avoid an unfair outcome, Plaintiff requests the opportunity to present her evidence showing the second PIP was an adverse employment action.

**2.     Santander knew Plaintiff was alleging the second PIP was retaliatory.**

In section II.C. of the Response, Santander argues that Plaintiff never alleged that the second PIP was retaliatory, but Santander bases this solely on a quote from one paragraph in the Complaint.  The Complaint as a whole includes more.  In the Relevant Facts section of the Complaint (paragraphs 7-43) Plaintiff describes the facts in chronological order.  Starting with paragraph 24, Mathew describes her opposition to what she believed to be pregnancy discrimination, and in paragraph 27 she describes being placed on a second performance improvement plan.

Mathew also testified in her deposition that she was alleging that the second PIP was an example of Santander's retaliation.  *See* Doc. 101 (summarizing this testimony) and Doc. 102 (an appendix containing the relevant pages of Mathew's deposition).  It is therefore not plausible for Santander to claim, as it does on page 6 of the Response, that it did not know Plaintiff claimed the second PIP was retaliatory.

**3.     The evidence Plaintiff would have submitted shows that the harm inflicted by the imposition of the second PIP was more than *de minimus*, and thus the second PIP was an adverse employment action.**

Plaintiff next argues that the evidence Plaintiff would have submitted as proof that the second PIP was an adverse employment action would not have created a fact question.  While true this section of Plaintiff's motion for consideration did not use the term adverse employment action, the evidence described shows one.

When an employer retaliates and causes an employee to experience mental anguish or other harm that qualifies as an injury for which compensatory damages are warranted (*i.e.* injuries that are more than *de minimus*), there is an adverse employment action that affects the terms, conditions, or privileges of employment. *See Hamilton v. Dallas County*, 79 F.4th 494, 502 (5th Cir. 2023) ("to plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the "terms, conditions, or privileges" of his or her employment."); *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 431-2 (5th Cir. 2023) (adopting the *de minimus* standard).

**4.    The existing summary judgment record includes causation evidence besides mere temporal proximity.**

In *Smith v. Xerox Corp.*, 371 Fed. Appx. 514 (5th Cir. 2010), the Court described the following as the kind of facts that are relevant in a retaliation case and go beyond temporal proximity: "Smith was a long-tenured employee with no disciplinary history prior to 2005 who was subjected not only to termination shortly following the EEOC complaint but also to suspicious new charges of wrongdoing for arguably minor incidents following that complaint." Id. at 520.

Santander claims that Plaintiff's response to the motion for summary judgment did not include any evidence concerning retaliation other than temporal proximity, but she included the same kind of evidence as that described in *Smith*. Like the plaintiff in *Smith*, Mathew was a long-tenured employee with no disciplinary history who, after she opposed discrimination, was then subjected to a surge of spurious allegations, and accusations of wrongdoing, and falsely accused of performance deficiencies.

Plaintiff therefore requests that she be given a chance to submit supplemental evidence to show that the second PIP was an adverse and retaliatory employment action.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

    I certify that on February 14, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth

5