IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY CHARGE

To the Chief United States District Judge David C. Godbey:

Pursuant to this Court's Second Order Resetting Trial [ECF No. 72], Defendant Santander Consumer USA Inc. ("Santander") submits the following Objections to Plaintiff Reena Mathew's ("Mathew") Proposed Jury Charge [ECF No. 67] and would respectfully show the Court as follows:

## I.
## PRELIMINARY STATEMENT

Santander has previously submitted its own Proposed Jury Charge [ECF No. 62], which deviates in a number of ways from Mathew's Proposed Jury Charge in both form and substance.[1] Santander is not addressing herein each and every deviation between the parties' Proposed Jury Charges by way of objecting to Mathew's Proposed Jury Charge. Rather, Santander requests that the Court adopt Santander's Proposed Jury Charge rather than Mathew's Proposed Jury Charge.

---

[1] For example, the form of Mathew's Proposed Jury Charge groups together instructions regarding damages and punitive damages, whereas the form of Santander's Proposed Jury Charge separates the instructions regarding each type of damages under its own heading. Examples of substantive differences include the fact that Santander's Proposed Jury Charge includes a number of proposed Instructions that are not included in Mathew's Proposed Jury Charge. *See, e.g.*, Defendant's Proposed Jury Charge [ECF No. 62] Instruction Nos. 1 and 2.

Santander's Objections herein address only those aspects of Mathew's Proposed Jury Charge that are incorrect or improper independent of their being different from Santander's Proposed Jury Charge.

Further, since the parties submitted their respective Proposed Jury Charges, the Court has granted summary judgment dismissing one of Mathew's claims, specifically Mathew's claim for retaliation. *See* Memorandum Order and Opinion dated February 4, 2025 [ECF No. 86]. Accordingly, any objections related to Instructions or Questions in Mathew's Proposed Jury Charge related to Mathew's claim for retaliation are now moot and any Instructions or Questions in either Santander or Mathew's jury charge related to retaliation should not be included in the final charge.

## II.
## OBJECTIONS

1.  *Proposed Instructions Regarding Pregnancy Discrimination at 3-4*: Mathew's Proposed Jury Charge references "adverse actions . . . including: (a) placing her on performance improvement plans, including its actions related to those performance improvement plans, and (b) terminating her employment." Santander objects to any use by Mathew of the phrase "adverse action[s]" as well as reference to any "adverse actions" other than Mathew's termination. The Court has already determined that "Mathew has not presented evidence that Mathew's placement on a second PIP affected her in a way that would constitute an adverse employment action." Memorandum Order and Opinion dated February 4, 2025 [ECF No. 86] at 18. Thus, reference to any "performance improvement plans" in the instructions regarding pregnancy discrimination is improper.[2] Moreover, by using the word "including" not once, but twice, Mathew is attempting

---

[2] Similarly, Defendant objects to the reference to "impos[ing] performance improvement plans" in the sentence starting: "An employer may, however . . . ." The sentence should *only* refer to "terminat[ing] an employee for other reasons, good or bad, fair or unfair."

to imply that other, unspecified "adverse actions" are also at issue in the case, making the instruction vague on its face. The Jury Charge should simply refer to Mathew's termination, which is easily understood and requires no further definition or explanation.

2.  *Proposed Instructions Regarding Pregnancy Discrimination at 4*: Mathew's Proposed Jury Charge includes the vague instruction that: "An adverse action is not a material adverse action if it lacks any significance or importance." This instruction is unnecessary because Mathew is limited to the specifically definite, and unquestionably "adverse," action of termination of her employment. If the Court were to allow Mathew to refer to any "adverse action" other than termination of her employment, the instruction lacks the requisite specificity to allow the jury to understand what qualifies as an actionable "adverse action." As the Court noted in its Memorandum Order and Opinion dated February 4, 2025, an adverse employment action must "affect[] job, title, grade, hours, salary, or benefits or cause[] a diminution in prestige or change in standing among coworkers." Memorandum Order and Opinion dated February 4, 2025 [ECF 86] at 18 (citing *Lemonia v. Westlake Mgmt. Servs., Inc.*, 2023 WL 6878915, at *7 (5th Cir. 2023) (unpub.)).

3.  *Proposed Question No. 1*: Mathew's proposed Question No. 1 asks whether Mathew has "proved that prior to her termination, she was subjected to one or more material adverse actions that would not have occurred in the absence of—in other words, but for her pregnancy." As set forth above, the only adverse employment action at issue in this case is Mathew's termination. Accordingly, there is no basis for asking Mathew's proposed Question No. 1. Santander objects to the inclusion of Mathew's proposed Question No. 1.

4.  *Proposed Instructions Regarding Damages at 7*: In the first sentence of Mathew's proposed "Instructions Regarding Damages," Mathew states: "If you found that Defendant

Santander Consumer USA Inc. violated Title VII, then you must determine whether it has caused Plaintiff Reena Mathew damages . . . ." The reference to "violat[ing] Title VII" in this sentence is vague and confusing. As noted above, the sole issue for the jury is whether Santander terminated Mathew because of her pregnancy, and the instructions on damages should so reflect.

   5. *Proposed Instructions Regarding Damages at 7-8*: Mathew's proposed "Instructions Regarding Damages" includes the following: "You should consider the following elements of actual damages, and no others: the amount of damages sustained by Mathew Reena Mathew, such as pain, suffering, inconvenience, mental anguish, loss of personal status and dignity, loss of enjoyment of life, and other noneconomic losses." Santander objects to this instruction because it is both inconsistent and vague. First, it purports to be identifying specific elements of actual damages "and no others," but then it goes on to use the phrase "such as," which implies that there could be other, unnamed "elements" of "actual damages." It further makes no attempt to explain what "other noneconomic losses" might be other than the types of damages already listed. Santander also objects to the inclusion of the reference to "loss of personal status and dignity" as an "element" of damages. There is no reference to such element in the relevant section of the Fifth Circuit Pattern Jury Instructions: Civil, and Mathew cites no authority for such "element" of available damages.[3]

   6. *Proposed Question No. 5*: Santander objects to Mathew's proposed Question No. 5 because it is not predicated on an affirmative answer to any question finding liability. Santander also objects to Mathew's proposed Question No. 5's inclusion of "loss of personal status and dignity" as an "element" of potential damages in both Part 1 and Part 2 of proposed Question No.5.

---

[3] *Compare* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL 11.14 (2020).

7. *Proposed Question No. 6*: Santander objects to Mathew's proposed Question No. 6 because it is not predicated on an affirmative answer to any question finding liability.

Respectfully submitted,
HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant*
*Santander Consumer USA Inc.*

### CERTIFICATE OF SERVICE

On February 14, 2025, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst