IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S OBJECTIONS TO**
**DEFENDANT'S PROPOSED TRIAL EXHIBITS**

Pursuant to Fed. R. Civ. P. 26(a)(3), Plaintiff submits the following objections to some of Defendant's proposed trial exhibits. Copies of the exhibits being objected to are being filed in a separate Appendix.

**Sworn Declarations,**
**Exhibits 1-8, and Exhibit 72**

Defendant's exhibit list includes nine sworn declarations from its employees and former employees. *See* Doc. 69, exhibits 1-8 and 72. Plaintiff objects to these exhibits.

Fed. R. Civ. P. 43(a) provides that witness testimony must come from the witness live in open court. Sworn declarations are not a substitute for live testimony. As the comments to Rule 43 state: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43, Notes on the 1996 amendments.

Sworn declarations are also not subject to cross examination, and they are inadmissible under the Federal Rules of Evidence because they are hearsay.

Plaintiff also objects to proposed exhibits 4-8 (App. 31-44) because they are not relevant. These are declarations from employees who were pregnant at some point during their

1

employment with Santander. Each declaration says basically the same thing: (a) I was treated well during my pregnancy, and (b) I never witnessed a pregnant employee being mistreated because of her pregnancy.

None of this is relevant. As discussed in Plaintiff's Motion in Limine (Doc. 85), which seeks to exclude this irrelevant testimony about the experiences of other pregnant employees, this case is about the plaintiff and how she was treated during her pregnancy. How other pregnant employees were treated by their supervisors during their pregnancies is not probative on the question whether Reena Mathew experienced discrimination at the hands of her supervisor. To the extent that there might be some probative value, it is outweighed by the risk of prejudice to Plaintiff.

None of these five ladies reported to Yessica Adriano during their pregnancies. One of the five (Nicole Prior, Ex. 6, App. 36-38) describes pregnancies that she learned of in late 2016 and late 2018. which would be irrelevant to the jury's assessment concerning events in late 2015 and early 2016.

Plaintiff also objects to proposed exhibit 72 (App. 45-46) because it is irrelevant and would not be helpful to the jury. This is a business records affidavit that simply says certain pages are true and correct copies of Santander's business records. Defendant has designated some (if not all) of those pages as trial exhibits, and Plaintiff is not asserting an objection to any of those exhibits. It is therefore unnecessary to prove the documents are business records, and even if it was, Santander would have to do so with live testimony.

### "No Records" Affidavits from Health-Care Providers
### Exhibits 106 and 107

Defendant's Exhibit list describes these two documents as no records affidavits, but they are not affidavits. Each is a variety of documents obtained pursuant to subpoenas served on

Plaintiff's health care providers. The two health care providers these exhibits relate to both answered a deposition on written questions stating they have no responsive records to produce.

Plaintiff objects to these exhibits because there is nothing relevant in them. *See* App. 45-69.

**Facebook Messages**
**Exhibits 109-111**

Plaintiff objects to these proposed exhibits based on relevance; there does not appear to be anything relevant in any of the messages. App. 70-78.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Fax: (972) 777-6951
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I certify that on February 14, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth

3