IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
|    *Defendant*. | § | |

# DEFENDANT'S UNOPPOSED MOTION FOR BIFURCATED TRIAL

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Defendant Santander Consumer USA Inc. ("Santander") hereby files this Unopposed Motion for Bifurcated Trial.

## I.

Plaintiff Reena S. Mathew ("Mathew") asserts against Santander pregnancy discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] Mathew seeks recovery of compensatory damages in the form of nonpecuniary losses. *See* 42 U.S.C.A. § 1981a(b)(3). Mathew also seeks recovery of punitive damages.[2] *See id.* Santander would respectfully request the Court to bifurcate the trial of this matter, so that the first phase of trial would involve the introduction of evidence and the jury's deliberation on the issues of liability and compensatory damages, and the second phase of trial (if any) would involve the introduction of evidence and the jury's deliberation on punitive damages.

If Santander's net worth is relevant in this case at all, which Santander contends it is not, it would only be relevant to Mathew's punitive damages claim. The introduction of Santander's net worth prior to a jury determination that there is a legal basis for an award of exemplary

---

[1] The Court granted Santander's motion for summary judgment as to Mathew's retaliation claim.
[2] Any damages awarded to Mathew would be subject to Title VII's damages cap. *See* 42 U.S.C.A. § 1981a(b)(3).

damages against Santander would severely prejudice Santander.

**II.**

Rule 42 of the Federal Rules of Civil Procedure provides the Court with broad discretionary authority to order separate trials in appropriate cases. Fed. R. Civ. P. 42(b); *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). Specifically, Rule 42 provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Accordingly, Rule 42 sets forth the framework for bifurcating the amount of punitive damages from the remaining issues to be tried.

The Texas Supreme Court's opinion in *Transportation Insurance Company v. Moriel*, although not binding, is instructive to the reasoning supporting bifurcation in this case. *See Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). In *Moriel*, the court recognized that evidence of net worth is generally only relevant to the amount of punitive damages and "by highlighting the relative wealth of a defendant, [the net worth evidence] has a very real potential for prejudicing the jury's determination of other disputed issues." *Id.*

Many federal courts in this District have applied *Moriel* when determining the issue of bifurcation in federal court. *United Healthcare Services Inc. v. Synergen Health LLC*, No. 3:20-CV-0301-X, 2023 WL 6471701, at *2 (N.D. Tex. Oct. 4, 2023). In *In re Voluntary Purchasing Groups, Inc. Litigation*, No. CIV. 3:96-CV-1929-H, 2004 WL 86292, at *2 (N.D. Tex. Jan. 15, 2004), the court found *Moriel* instructive and adopted its bifurcated scheme. In *United Healthcare Services Inc*, 2023 WL 6471701, at *2, the court found *Moriel* persuasive and ordered bifurcation of the punitive damages portion of the trial. U.S. District Judge Brantley Starr explained that bifurcation strikes a balance between avoiding unfair prejudice and

promoting judicial economy:

> Judicial economy is a further factor in favor of bifurcation. If the Court did not bifurcate, the jury would hear punitive damage evidence even if the jury finds no liability for actual damages or punitive damages. But with bifurcation, the jury will only hear punitive damage evidence if it needs to assess an amount of punitive damages. On balance, avoiding prejudice to [the defendant] and judicial economy both favor bifurcation.

*Id.*; *see also Thomas v. Eatzi's*, No. 3:10-cv-00452-N, Electronic Minute Entry for Proceedings Held Before Judge David C. Godbey (Feb. 17, 2012) (ordering bifurcation of the punitive damages portion of the trial in discrimination case).

### III.

Santander is a full-service, technology-driven consumer finance company whose company wealth far exceeds that of Mathew. If Santander's net worth were relevant at all, it would only be relevant to the amount of punitive damages. Allowing Mathew to introduce evidence of Santander's net worth, without a determination in a first phase of the trial that there is even a legal basis for an award of punitive damages against Santander, would severely prejudice Santander by improperly influencing the jury's determinations on the liability issues and of actual damages.

Further, a bifurcated trial would not cause any prejudice or delay to Mathew. Should the jury return findings in favor of Mathew on liability and compensatory damages, then Mathew may, in the second phase of trial, without delay, present evidence of Santander's net worth if appropriate at that time.

## PRAYER

Wherefore, premises considered, Santander respectfully requests that this Court bifurcate the trial of this action so that the determination, if necessary, of the amount of any punitive damages can be held in a second phase of trial, and only after the Court determines that there is a legal basis for an award of punitive damages against Santander based on the findings of the jury in the first phase of trial.

      Respectfully submitted,

      HALLETT & PERRIN, P.C.
      1445 Ross Avenue, Suite 2400
      Dallas, Texas 75202
      214.953.0053
      (f) 214.922.4142

      By: *Monte K. Hurst*
           Monte K. Hurst
           State Bar No. 00796802
           Monte.Hurst@hallettperrin.com

           Clayton S. Carter
           State Bar No. 24120750
           CCarter@hallettperrin.com

      *Counsel for Defendant*
      *Santander Consumer USA Inc.*

## CERTIFICATE OF CONFERENCE

On February 20, 2025, I conferred with Donald Uloth, Plaintiff's counsel, regarding the relief sought in this Motion. Mr. Uloth communicated that he is not opposed to the relief sought herein.

*Monte K. Hurst*
Monte K. Hurst

## CERTIFICATE OF SERVICE

On February 21, 2025, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst