IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § § | CIVIL ACTION NO. 3:23-CV-01494-N |
| SANTANDER CONSUMER USA INC., | | |
| Defendant. | | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LIMINE

To the Chief United States District Judge David C. Godbey:

Defendant Santander Consumer USA, Inc. ("Santander") hereby files this Reply ("Reply") to Plaintiff Reena Mathew's ("Mathew") Response ("Response") to Santander's Motion for Limine and Brief in Support Thereof ("Motion").

### I.

In arguing that evidence of the EEOC's determination, Santander's net worth, and Santander's hiring of counsel should be admissible at trial, Mathew's Response seemingly asks the Court to stop its inquiry at relevance. However, the Court must also consider Rule 403 of the Federal Rules of Evidence, which provides grounds for excluding relevant evidence when its probative value is substantially outweighed by a number of concerns, including prejudice. *See* Fed. R. Evid. 403. The law is clear that even if evidence is relevant, "courts ***must*** balance the prejudicial effect of the evidence against its likely probative value." *Eason v. Fleming*, No. 92-1390, 1993 WL 13015208, at *4 (5th Cir. 1993) (citations omitted) (emphasis added). Because the Rule 403 scales weigh heavily in favor of excluding the below evidence, the Court should grant Santander's Motion in full.

1. **Evidence or references to the EEOC's reasonable cause finding is highly prejudicial as it may influence the jury based on limited information, in place of the jury making its own decision based on the complete admissible evidence.**

Mathew first argues in her Response that she did not designate the EEOC Conciliation of Failure and Notice of Rights Letter as an exhibit. That is false. *See* Pl.'s Am. Ex. List at Ex. 156, ECF No. 84. Regardless, as shown by Santander's objections to Mathew's trial exhibits, Santander's Motion intends to apply to both the EEOC Conciliation of Failure and Notice of Rights Letter (Ex. 156) and the EEOC Determination (Ex. 155). Indeed, *Weathersby v. One Source Mfg. Tech., L.L.C.*, the case on which Santander relies, is related to the exclusion of the EEOC's determination letter. *See Weathersby v. One Source Mfg. Tech., L.L.C.,* 378 F. App'x 463, 463 (5th Cir. 2010).

Critically, Mathew's Response does not mention Rule 403, nor does it attempt to argue that permitting evidence relating to the EEOC's reasonable cause finding would be severely prejudicial to Santander. Instead, Mathew argues only relevance and hearsay. However, admission of the EEOC Conciliation of Failure and Notice of Rights Letter and the EEOC Determination, and testimony or references to these documents, would severely prejudice Santander and such prejudice would far outweigh any relevance. The EEOC Conciliation of Failure and Notice of Rights Letter makes no findings of fact and the EEOC Determination Letter only contains one paragraph of fact that is limited to performance reviews and timing. *See* Pl.'s App. at 3–4, ECF No. 88. The EEOC letter does not mention the mountains of other evidence provided by Santander throughout the six-year long EEOC process. *See* Pl.'s App. at 3–4, ECF No. 88.

As in *Weathersby*, in which the Fifth Circuit affirmed exclusion of the EEOC determination letter, permitting evidence of the EEOC's decision at this trial would "lead[] the jury to give the EEOC's decision improper weight 'rather than make an independent decision based on all the

evidence presented at trial.'" *Weathersby*, 378 F. App'x at 465. There is no good reason to replace a trial and the complete admissible evidence with a decision that was based on a few limited points.

    **2.    Evidence or references to Santander's financial condition would greatly prejudice Santander.**

Mathew's Response again does not address the likely prejudice to Santander of permitting evidence of its net worth and instead merely argues that because Mathew has alleged punitive damages, evidence of, and references to, Santander's net worth, are relevant. However, relevance is not the end of the inquiry and Santander's Motion is based on the Court's power to exclude evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Indeed, the Texas Supreme Court has recognized that "by highlighting the relative wealth of a defendant, [the net worth evidence] has a very real potential for prejudicing the jury's determination of other disputed issues." *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). Mathew does nothing to rebut this argument or to provide the Court with a reason why it should end its analysis at relevance and turn a blind eye to Rule 403. Accordingly, the Court should grant Santander's Motion in Limine.

Alternatively, Santander requests the Court to bifurcate trial so that the first phase of trial would involve the introduction of evidence and the jury's deliberation on the issues of liability and compensatory damages, and the second phase of trial (if any) would involve the introduction of evidence and the jury's deliberation on punitive damages. Such bifurcation is permitted by Rule 42 of the Federal Rules of Civil Procedure, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Santander has filed an

Unopposed Motion to Bifurcate. [Doc. No. 110].

### 3. Mathew's Response as to Santander's involvement of legal counsel again asks the Court to ignore Rule 403 and would chill future potential defendants from exercising a right to counsel.

Mathew's Response similarly makes no attempt to refute Santander's argument that evidence regarding when Santander hired legal representation is highly prejudicial. Instead, Mathew argues relevance and privilege (neither of which is the ground on which Santander moved to limit this type of evidence) and asks the Court to ignore the Rule 403 balancing test. In doing so, Mathew asks the Court to set extremely dangerous precedent which would chill parties from obtaining representation, as doing so, according to Mathew, is evidence of pretext.

Again, Mathew argued in her Response to Santander's Motion for Summary Judgment that Santander's hiring of outside counsel on or before January 29, 2016, in response to Mathew's complaints of discrimination and demand letter, evidences Santander was posturing the case for litigation amounting to pretext. *See* ECF No. 31 at 46. Allowing this type of argument would present companies like Santander with a lose-lose situation in all potential litigation matters, faced with the options of either (1) being unrepresented; or (2) admitting to liability by choosing to hire representation. This is a preposterous argument that would instill fear in parties merely wanting to exercise their right to representation and would fly in the face of Rule 403.

## PRAYER

For all these reasons, Santander respectfully requests the Court to grant its Motion in Limine, instruct the parties and their attorneys and witnesses not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly, indirectly or by innuendo, any of the above mentioned matters, without first obtaining permission of the Court outside the presence and hearing of the jury, and to further instruct all parties and counsel for all

parties to warn and caution each witness to strictly follow the same instructions.

            Respectfully submitted,

            HALLETT & PERRIN, P.C.
            1445 Ross Avenue, Suite 2400
            Dallas, Texas 75202
            214.953.0053
            (f) 214.922.4142

By: *Monte K. Hurst*
            Monte K. Hurst
            State Bar No. 00796802
            Monte.Hurst@hallettperrin.com

            Clayton S. Carter
            State Bar No. 24120750
            CCarter@hallettperrin.com

            *Counsel for Defendant*
            *Santander Consumer USA Inc.*

### CERTIFICATE OF SERVICE

  On February 21, 2025, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

 Mr. Donald E. Uloth
 DONALD E. ULOTH, P.C.
 18208 Preston Road, Suite D-9 #261
 Dallas, Texas 75248
 Don.Uloth@uloth.pro

            *Monte K. Hurst*
            Monte K. Hurst