IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S RENEWED MOTION IN LIMINE

Defendant Santander Consumer USA Inc. ("Santander") submits the following Response to Plaintiff Reena Mathew's ("Mathew") Renewed Motion in Limine ("Motion").

## I.

Mathew's Motion raises a single issue—whether Santander may present evidence at trial regarding "[h]ow other Santander employees were treated during their pregnancies." According to Mathew, such evidence "is not relevant, and it would be unduly prejudicial." Pl.'s Mot. at 1. Mathew is wrong.

Mathew relies on a single Fifth Circuit case in support of her Motion, *Heath v. Board of Supervisors for the Southern University and Agricultural and Mechanical College*. *See* Pl.'s Mot. at 2. However, Mathew inexplicably ignores both language from that case that she, herself, quotes in her Motion and the specific context in which the Fifth Circuit was considering the significance of evidence about an employer's treatment of other employees. In *Heath*, the Fifth Circuit stated:

> Evidence that Defendants favorably treated another female faculty member ***might be relevant for a jury to consider*** on the ultimate question of discrimination, but it is not dispositive ***at the summary judgment stage*** to warrant judgment for the employer as a matter of law.

*Heath*, 850 F.3d 731, 741 (5th Cir. 2017) (emphasis added).

Similarly, the Seventh Circuit case on which the Fifth Circuit relied in *Heath*, *Diaz v. Kraft Foods Global, Inc.*, was also a summary judgment case in which the court recognized that "the fact that Michalec treated another Hispanic worker well at most might be a piece of evidence tending to negate discrimination with respect to Diaz and Peña," expressly noting "that is the precise question of intent that a jury must resolve." *Diaz*, 653 F.3d 582, 588 (7th Cir. 2011).

Santander is not suggesting that evidence about how it treated pregnant employees other than Mathew should be considered *conclusive* evidence as to whether it discriminated against Mathew on the basis of her pregnancy. But, just because evidence is not conclusive does not mean that it is not relevant. And the testimony of other pregnant Santander HR employees who were under the supervision of Stephen Shaffer and Pamela Blackburn, who were decision-makers regarding Mathew's termination, is certainly relevant.

The Supreme Court has acknowledged that employers "must be allowed some latitude to introduce evidence which bears on [their] motive." *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 580 (1978) (considering the import of evidence that a "work force was racially balanced" or "contained a disproportionately high percentage of minority employees" and concluding that such evidence "could not have been sufficient to *conclusively* demonstrate" an absence of a discriminatory motive, but that it would not be "wholly irrelevant on the issue of intent when that issue is yet to be decided") (emphasis in original).

Clearly, the fact that other pregnant employees under the same leadership will provide testimony that they did not experience any discrimination is relevant to whether Santander was motivated by discriminatory intent in its specific treatment of Mathew.[1] If Santander had no

---

[1] *See, e.g.*, *Vichio v. US Foods, Inc.*, 88 F.4th 687, 694 (7th Cir. 2023) ("A jury could weigh the company's fair

problem whatsoever with its other pregnant employees, then the jury must be allowed to consider the question of what made *Mathew's* pregnancy problematic for Santander.[2]  This evidence, in conjunction with other evidence, could lead the jury to conclude that it must have been something other than Mathew's pregnancy that led Santander to terminate her.  Without such evidence, the jury will be left with an incomplete picture, and Santander's ability to establish its true motivation in terminating Mathew will be significantly—and improperly—hampered.

Mathew also asserts that the probative value of Santander's evidence of how it treated its other pregnant employees "is outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pl.'s Mot. at 2 (citing Fed. R. Evid. 403).  However, Mathew offers absolutely no analysis to explain how there could be "unfair prejudice" or "confusi[on]" or how the jury could possibly be "misle[d]" by such evidence.  In the absence of any specific analysis, the Court should reject Mathew's conclusory reliance on Rule 403.

---

treatment of other employees in the same class . . . ."); *Godwin v. George Washington, LP*, No. 22-1066, 2023 WL 5432358, at *7 (W.D. Pa. Aug. 23, 2023); Shokri *v. Boeing Co.*, 311 F. Supp. 3d 1204, 1220 (W.D. Wash. 2018) ("Plaintiff correctly argues that Plaintiff's wife and brother [who were also from Iran and of Persian and Middle Eastern ethnicity] weren't similarly situated and that these facts do not 'immunize' Defendant. But Plaintiff is not correct that the evidence [of the defendant's treatment of Plaintiff's wife and brother] is 'simply irrelevant.' Defendant may also present evidence disproving pretext.") (internal citations omitted), *aff'd*, 777 F. App'x 886 (9th Cir. 2019); *see also Wilson v. Ford Motor Co.*, 513 F. App'x 585, 591 (6th Cir. 2013) ("[Plaintiff] also has no response to the reality that Ford pre-qualified six African-Americans who were elected and promoted as team leaders, an undisputed fact that critically diminishes her pretext claim."); *Benton v. Ortho Clinical Diagnostics, Inc.*, No. 21 C 3922, 2023 WL 1100440, at *6 (N.D. Ill. Jan. 30, 2023) ("The proposition that Ortho did not discriminate against a different candidate based on her age . . . *may be a point in Ortho's favor*, but it does not entitle Ortho to summary judgment in Benton's case.") (emphasis added); *Deuso v. Shelburne Limestone Corp.*, No. 2:18-cv-131, 2020 WL 13718844, at *7 n.8 (D. Vt. Apr. 2, 2020) (identifying "other evidence in the record which includes SLC's average age of employment" as "evidence weigh[ing] in Defendant's favor"); *Bhanusali v. Orange Regional Med. Ctr.*, No. 10-cv-6694(cs) 2017 WL 11898583, at *2 n.2 (S.D.N.Y. Aug. 31, 2017); *Hensley v. General Motors Corp.*, No. 399CV2370-P, 2003 WL 298902, at *17 (N.D. Tex. Feb. 11, 2003) (discussing the Supreme Court's analysis in *Furnco* and noting that "[s]tatistical evidence of a racially balanced workforce may constitute independent evidence that no discrimination has occurred") (internal quotation marks omitted), *appeal dism'd*, 78 F. App'x 364 (5th Cir. 2003).

[2] The heading in Plaintiff's Renewed Motion in Limine includes the phrase "especially employees who did not report to the same manager as Plaintiff." Pl.'s Mot. at 1.  However, the Motion itself includes no discussion of this requested limitation on Santander's evidence.  Regardless, the individuals Santander seeks to present at trial were under the same management as Mathew.

The evidence Mathew seeks to exclude is relevant to Santander's defense, and Mathew has shown no basis for excluding such evidence.  Accordingly, Santander requests that the Court deny Mathew's Motion.

## **PRAYER**

For all the foregoing reasons, Santander respectfully request that the Court deny Mathew's Renewed Motion in Limine in its entirety and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant
Santander Consumer USA Inc.*

## CERTIFICATE OF SERVICE

On February 21, 2025, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
DONALD E. ULOTH, P.C.
18208 Preston Road, Suite D-9 #261
Dallas, Texas 75248
Don.Uloth@uloth.pro

*Monte K. Hurst*
Monte K. Hurst