IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE RECORD CONCERNING HER MOTION FOR RECONSIDERATION

**TO THE CHIEF UNITED STATES DISTRICT JUDGE DAVID C. GODBEY:**

Defendant Santander Consumer USA, Inc. ("Santander") hereby files its Response to Plaintiff Reena Mathew's ("Mathew") Motion for Leave to Supplement the Record Concerning Her Emergency Motion for Reconsideration ("Motion").

**I.**

The leave sought by Mathew in her Motion is futile. Namely, Mathew seeks to add deposition testimony to her Emergency Motion for Reconsideration in which she testified the PIP was a retaliatory action. However, Mathew's deposition testimony is not a pleading, and the statements contained in the deposition do not constitute live allegations against Santander.

Under Rule 15 of the Federal Rules of Civil Procedure, a party is under strict timing requirements to amend its pleading as a matter of course, otherwise, it must do so through leave of court. *See* Fed. R, Civ P. 15(a). Mathew has not ever amended her pleading or sought leave to do so, and Rule 15 does not allow a party to amend its complaint through deposition testimony. *See id*. Accordingly, Mathew's testimony regarding the PIP constituting a retaliatory tactic by

Santander is irrelevant and does not change what has been pled which is merely that "Santander retaliated against Mathew because she engaged in protected activity by assigning her busy-work tasks and extra duties, subjecting her to daily (or near daily) unwarranted criticisms, and by terminating her employment." *See* Pl.'s Compl. at 11, ECF No. 1. As Mathew's deposition testimony does not change her Complaint, supplementing the Emergency Motion for Reconsideration record is futile.

Additionally, separate from Mathew's failure to plead the PIP was a retaliatory action, Santander presents in its Response to Mathew's Emergency Motion for Reconsideration three other independent grounds on which the Court should deny Mathew's Motion for Reconsideration:

- Mathew had adequate notice to respond to Santander's Motion for Summary Judgment, and did in fact, argue what she claims she had not notice to argue;

- The arguments Mathew claims she was prevented from making do not raise a fact issue that the second PIP was not an adverse employment action; and

- Mathew's alternate argument that the existing summary judgment record raises a question of fact is insufficient and merely a disguised attempt to make new arguments.

## PRAYER

For all the foregoing reasons, Santander respectfully request that the Court deny Mathew's Motion in its entirety and grant Santander all other relief to which it may show itself justly entitled, in law and in equity.

Respectfully submitted,

Hallett & Perrin, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By: *Monte K. Hurst*
Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Clayton S. Carter
State Bar No. 24120750
CCarter@hallettperrin.com

*Counsel for Defendant
Santander Consumer USA Inc.*


## CERTIFICATE OF SERVICE

On February 24, 2025, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Donald E. Uloth
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Don.Uloth@uloth.pro


*Monte K. Hurst*
Monte K. Hurst