IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REENA S. MATHEW, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-01494-N |
| | § | |
| SANTANDER CONSUMER USA INC., | § | |
|     Defendant | § | |

**PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE**

Plaintiff requests that the Court enter an order before the start of jury selection in this case providing that Defendant, its attorneys, and all witnesses called by Defendant, may not mention, or offer evidence, concerning the matters described below, without first approaching the bench, out of the presence of the jury and potential jurors, to seek permission to mention such matters.

The matters described below are not admissible in evidence for any purpose, having no bearing on the issues in this case. Allowing the interrogation of witnesses, comments audible to jurors or prospective jurors, or offering evidence on any of the following matters would only prejudice and confuse the jury. Furthermore, sustaining an objection to any such questions, statements, or evidence, and/or giving a limiting instruction, would not prevent or undo the prejudice, but merely would reinforce the weight of the inadmissible evidence.

The matters which are the subject of this motion are:

**2.      That by sending emails from her work email address to her personal email address, Plaintiff engaged in conduct warranting termination.**

After she was placed on a performance improvement plan on December 1, 2015, Plaintiff sent several emails from her work email address to her personal email address to preserve a

1

record of things that were going on at work.  Both parties have designated some of these emails as trial exhibits.

Defendant is barred from claiming the emails are after-acquired evidence that would justify termination because it did not disclose any facts supporting this argument in discovery. Plaintiff took a 30(b)(6) deposition of Defendant, and one of matters on which testimony was requested was: "The facts supporting affirmative defenses 5, 9, and 10 on pages 11-12 of Defendant's Original Answer."  Affirmative defense number 10 is: "Mathew's recovery of damages, if any, are limited by after-acquired evidence."  Doc. 7, p. 12.

In the deposition, when what after-acquired evidence supported this affirmative defense, Defendant's 30(b)(6) representative did not say anything about these emails Plaintiff sent to her personal email address.  The representative did not testify that Plaintiff violated a policy or put confidential information at risk; she did not say that one or more employee has been terminated for similar conduct.  Defendant, therefore, may not spring for the first time at trial argument or evidence claiming that Plaintiff violated some rule or policy that would have justified termination.  *See* Fed. R. Civ. P. 37(c).

## Instruction to Witnesses

In the Court's order, Plaintiff asks the Court to require Defendant's attorneys to personally inform each witness to be called by Defendant of the existence and contents of the Court's order.

WHEREFORE, Plaintiff requests entry of an appropriate order.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

CERTIFICATE OF CONFERENCE

On February 24, 2025, I conferred with Monte Hurst on the relief requested in this motion. The motion is opposed.

/s/ Donald E. Uloth
Donald E. Uloth

CERTIFICATE OF SERVICE

I certify that on February 24, 2025, I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth

3